1  **GLANCY PRONGAY & MURRAY LLP**
   LIONEL Z. GLANCY (#134180)
2  ROBERT V. PRONGAY (#270796)
   LESLEY F. PORTNOY (#304851)
3  CHARLES H. LINEHAN (#307439 )
4  1925 Century Park East, Suite 2100
   Los Angeles, CA 90067
5  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
6  Email: rprongay@glancylaw.com

7  *Proposed Counsel for Movant and the Class*

8  **UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| FAN YUAN, Individually and On Behalf of All Others Similarly Situated, | Case No.: 5:18-cv-01725-EJD |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF MICHAEL P. CARFAGNA FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| FACEBOOK, INC., MARK E. ZUCKERBERG and DAVID M. WEHNER, | |
| Defendants. | CLASS ACTION |
| | Judge: Hon. Edward J. Davila
Hearing Date: August 30, 2018
Time: 9:00 a.m.
Ctrm: 4-5th Floor (San Jose) |
| BENNETT ERNESTINE, on behalf of himself and all others similarly situated, | Case No.: 5:18-cv-01868-EJD |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER and SHERYL K. SANDBERG, | |
| Defendants. | |

NOT. OF MTN. AND MTN. OF MICHAEL P. CARFAGNA FOR CONSOLIDATION OF RELATED ACTIONS,
APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
Case No.: 5:18-cv-01725-EJD

# NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 30, 2018 at 9:00 a.m. before the Honorable Edward J. Davila in Courtroom 4-5th Floor, 280 South 1st Street, San Jose, CA 95113, Michael P. Carfagna ("Movant") by and through his counsel, will and does move this Court for an order granting the Motion: (a) consolidating the above captioned related actions, (b) appointing Movant as lead plaintiff; and (c) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds (1) that the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) that Movant should be appointed Lead Plaintiff for the class of securities purchasers of Facebook, Inc. ("Facebook" or the "Company") as Movant has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Movant file herewith a memorandum of points and authorities, the Declaration of Robert V. Prongay, and a proposed order.

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)   consolidating the above-captioned related actions;

(2)   appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Facebook between February 3, 2017 and March 19, 2018, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal

securities laws (the "Class"); and

(3) appointing Glancy Prongay & Murray LLP as Lead Counsel for Movant and the Class.

## I. STATEMENT OF FACTS

This action was commenced on March 20, 2018 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, counsel for Plaintiff issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in the action and the 60 day deadline for class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit A to the Declaration of Robert V. Prongay filed herewith ("Prongay Decl." or "Prongay Declaration"). The "Related Actions" styled as *Yuan v. Facebook, Inc. et al,* No. 5:18-cv-01725-EJD (N.D. Cal. March 20, 2018) and *Ernestine v. Facebook, Inc. et al*, No. 5:18-cv-01868-EJD (N.D. Cal. March 27, 2018) were subsequently filed with this Court against Defendants asserting the same facts and claims as the instant action.

Facebook operates a social networking website and has developed technology to allow people to share their photographs, videos, and other information. Facebook had about 2.2 billion active users by the end of 2017.

The complaints filed in the Related Actions allege that throughout the Class Period defendants misled investors by failing to disclose that this new and improved method in fact was not operating efficiently, and issued false and misleading statements to investors and/or failed to disclose that: (i) Facebook violated its own purported data privacy policies by allowing third parties to access the personal data of millions of Facebook users without the users' consent; (ii) discovery of the foregoing conduct would foreseeably subject the Company to heightened regulatory scrutiny; and (iii) as a result, Facebook's public statements were materially false and misleading at all relevant times.

# ARGUMENT

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of the Related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiffs filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

1  (bb) in the determination of the Court, has the largest financial interest in the relief sought
2 by the class; and
3  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
4 Procedure.
5  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).
6  As set forth below, Movant satisfies the above criteria, has the largest financial interest of
7 any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed
8 as Lead Plaintiff.

9 **A.     Movant Is Willing to Serve as Class Representative**

10  Movant has timely filed the instant motion in response to a PSLRA early notice, and has
11 filed herewith a PSLRA certification attesting to his willingness to serve as representative of the
12 class and is willing to provide testimony at deposition and trial, if necessary. *See* Prongay Decl.,
13 Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

14 **B.     Movant Has the Largest Financial Interest in the Action**

15  The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate
16 plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought
17 by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA
18 does not specify precisely how to calculate the "largest financial interest," the movant's
19 approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007
20 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).
21  Movant suffered a substantial financial loss, about $126.046.00, in connection with his
22 purchases of Facebook stock.  *See* Prongay Decl., Ex. C (Movant's Loss Chart). Movant is not
23 aware of any other movant that has suffered greater losses in Facebook securities during the Class
24 Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as
25 Lead Plaintiff for the class.

26
27
28

**C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at *4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and Movant's claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Facebook and its business. Movant, as did all of the members of the class, purchased Facebook securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, and

Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Glancy Prongay & Murray LLP as Lead Counsel. The firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of Glancy Prongay & Murray LLP is attached as Exhibit D to the Prongay Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute

NOT. OF MTN. AND MTN. OF MICHAEL P. CARFAGNA FOR CONSOLIDATION OF RELATED ACTIONS, APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF
Case No.: 5:18-cv-01725-EJD
6

1  this action effectively and expeditiously. Thus, the Court may be assured that by approving
2  Movant's selection of counsel, the members of the class will receive the best legal representation
3  available.

4  **V.     CONCLUSION**

5        For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1)
6  consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the class; (3)
7  approving Glancy Prongay & Murray LLP as Lead Counsel; and (4) granting such other relief as
8  the Court may deem to be just and proper.

10  Dated:  May 21, 2018                      **GLANCY PRONGAY & MURRAY LLP**

12                                         By:  *s/ Robert V. Prongay*
                                        Lionel Z. Glancy
13                                         Robert V. Prongay
                                        Lesley F. Portnoy
14                                         Charles H. Linehan
                                        1925 Century Park East, Suite 2100
15                                         Los Angeles, CA 90067
                                        Telephone: (310) 201-9150
16                                         Facsimile: (310) 201-9160
17                                         Email:  rprongay@glancylaw.com

18                                         *Proposed Counsel for Movant and the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On May 21, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 21, 2018, at Los Angeles, California.

*/s/ Robert V. Prongay*
Robert V. Prongay

**Mailing Information for a Case 5:18-cv-01725-EJD Ynag v. Facebook, Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Paul J. Collins**
  pcollins@gibsondunn.com,atumanova@gibsondunn.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,ptiffith@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Kristin A. Linsley , Esq**
  KLinsley@gibsondunn.com,lchiou@gibsondunn.com

- **Joshua Seth Lipshutz**
  jlipshutz@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com,gholman@gibsondunn.com,shinrick@gibsondunn.com,gbok@gibsondunn.com,cschmidt@gibsondunn.com,cleach@gibsondunn.com,ATumanova@gibsondunn.com

- **Brian Michael Lutz**
  BLutz@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,shernandez@cpmlegal.com,kma@cpmlegal.com,kchen@cpmlegal.com,jacosta@cpmlegal.com,emartinez@cpmlegal.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Orin Snyder**
  osnyder@gibsondunn.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)