ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com
    – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAN YUAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>FACEBOOK, INC., et al.,<br><br>                    Defendants. | Case No. 5:18-cv-01725-EJD<br><br>CLASS ACTION<br><br>AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:     August 30, 2018<br>TIME:      9:00 a.m.<br>CTRM:    4, 5th Floor<br>JUDGE:   Hon. Edward J. Davila |

1435827_1

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 30, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 on the 5th Floor of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA, 95113 before the Honorable Edward J. Davila, class member Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated Bank"), will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Amalgamated Bank as lead plaintiff; and (3) approving Amalgamated Bank's selection of Robbins Geller Rudman & Dowd LLP as lead counsel. This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and Amalgamated Bank is the most adequate plaintiff to serve as lead plaintiff in the consolidated action. In support of this Motion, Amalgamated Bank submits herewith a Memorandum of Points and Authorities and the Declaration of Danielle S. Myers ("Myers Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Presently pending in this Court are two related securities class action lawsuits on behalf of purchasers of Facebook, Inc. common stock: (1) *Yuan v. Facebook, Inc.*, No. 5:18-cv-01725-EJD; and (2) *Ernestine v. Facebook, Inc.*, 5:18-cv-01868-EJD (the "Related Actions")[1]. These Related Actions are brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the

---

[1] As this Court is aware, another case with similar allegations was filed, but it has since been voluntarily dismissed. *See Casey v. Facebook, Inc.*, No. 5:18-cv-01780-EJD, ECF No. 13 (April 13, 2018) (Order granting Notice of Voluntary Dismissal Without Prejudice).

1435827_1

AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 5:18-cv-01725-EJD  - 1 -

putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Amalgamated Bank should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Amalgamated Bank's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Amalgamated Bank as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve Amalgamated Bank's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.   STATEMENT OF FACTS

Facebook is the world's largest social networking company. The Company offers a number of products and platforms that enable users to connect, share, discover, and communicate with each other, by far the biggest and most important of which is the Facebook platform itself.

The complaints are filed on behalf of purchasers of Facebook common stock during the Class Period against defendants for alleged violations of the Exchange Act.[2] The complaints allege that

---

[2]    The *Yuan* Action alleges a class period that begins on February 3, 2017 and ends on March 19, 2018. The *Ernestine* Action alleges a class period that begins on July 6, 2017 and ends on March 23, 2018. The slight differences in the class periods will be resolved upon the filing of a consolidated complaint.

throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose material information to investors regarding Facebook's sharing of its users' data and compliance with its consent decree with the Federal Trade Commission ("FTC"). Specifically, the complaints allege that defendants failed to notify users that their data was improperly shared with Cambridge Analytica and entities affiliated with Cambridge Analytica; that Facebook user data was shared and used for purposes and in ways that violated Facebook's terms of use; that Facebook user data was not maintained in accordance with Facebook's terms of use and that Facebook had not taken steps to adequately ensure that the improperly shared data was destroyed; and that Facebook may have been in violation of its consent decree with the FTC, including by sharing the data of 50 million or more users with Cambridge Analytica and affiliated entities, and by making misrepresentations or omissions concerning the fact that Facebook had shared the data and defendants' efforts to verify the privacy and security of users' data. As a result of defendants' false statements and/or omissions, the price of Facebook stock was artificially inflated to as high as $193 per share during the Class Period.

Beginning on Friday, March 16, 2018, a series of media reports about Facebook and Cambridge Analytica were published, based in part on a whistleblower's account and a "dossier of evidence." *Ernestine* ECF No. 1 at ¶17. On March 17, 2018, *The Observer* and *The New York Times* each published articles on Cambridge Analytica's use of Facebook data. The articles revealed, among other things, that 50 million or more Facebook accounts had their data shared with Cambridge Analytica for improper political purposes without their explicit permission, far more than previously thought; that the data had not been destroyed, or even protected with encryption; and that Facebook knew this and had not acted. Indeed, the one action Facebook claimed to have taken – asking the parties involved to certify destruction of the data – did not happen until August 2016, long after Facebook was alerted by *The Guardian* in 2015 to the improper sharing of users' data. On March 18, 2018, *The New York Times* reported that U.S. Senator Mark Warner and U.S. Representative Adam Schiff were calling for an investigation of the Facebook data leak, while U.S. Senator Amy Klobuchar had pressed defendant Zuckerberg to appear before the Senate Judiciary

Committee to explain what the social network knew about the misuse of its data "'to target political advertising and manipulate voters.'" *Ernestine* ECF No. 1 at ¶18. On March 19, 2018, a *WCCFTech* article reported that Facebook faced billions or even trillions of dollars in liability for violating a previous consent decree with the FTC, and that "[t]he FTC consent decree required Facebook to notify users and explicitly receive their permission before data is shared beyond their privacy settings. In this case, the developer only received permission from those who took the test, not their friends. Facebook first learned of this incident back in 2015, however, [it] chose not to inform the agency or the affected users." *Ernestine* ECF No. 1 at ¶21. On this news, the price of Facebook common stock fell more than $12 per share, or nearly 7%, to close at $172.56 per share on March 19, 2018.

On March 20, 2018, media sources confirmed that the FTC was investigating whether Facebook had violated the consent decree. On March 21, 2018, defendant Zuckerberg finally issued a statement and gave a number of interviews, admitting that the reporting on the data sharing was "credible," and that Facebook needed to do a "full forensic audit" of every developer on the platform in 2014, which would necessarily include "investigating and reviewing tens of thousands of apps" and would cost "millions of dollars." *Ernestine* ECF No. 1 at ¶28.

Then, on March 26, 2018, the FTC issued a press release confirming that it was investigating Facebook's privacy practices and compliance with the consent decree. In reaction to this news, Facebook's stock price fell as much as 6.5% to $149.02 per share before closing at $160.06 per share.

## IV.  ARGUMENT

### A.  This Court Should Consolidate the Related Actions to Promote Efficiency

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Solutions,*

1435827_1

AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 5:18-cv-01725-EJD    - 4 -

*Inc.*, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted). Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against similar defendants. Indeed, the Court already found the two securities actions to be related. *See* ECF No. 23. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. Thus, consolidation is appropriate here. *See, e.g., Russo v. Finisar Corp.*, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (Davila, J.) (consolidating related securities class actions when "these actions present virtually identical factual and legal issues").

### B. Amalgamated Bank Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Amalgamated Bank meets each of these requirements and should be appointed Lead Plaintiff.

#### 1. This Motion Is Timely

The statutory notice of this action was published on March 20, 2018, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and

(4) the right to move the Court to be appointed as lead plaintiff by May 21, 2018.  *See* Myers Decl., Ex. A.  In addition, counsel for plaintiff Ernestine Bennett also caused a notice to be published.  *See Ernestine* ECF No. 7.  Because this Motion is being filed on May 21, it is timely and Amalgamated Bank is entitled to be considered for appointment as lead plaintiff.

### 2. Amalgamated Bank Has A Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, Amalgamated Bank expended more than $13.6 million purchasing 76,996 shares of Facebook common stock, suffering over $621,000 in losses as a result of defendants' alleged misconduct.  *See* Myers Decl., Exs. B, C.  Therefore, Amalgamated Bank has a substantial financial interest in the relief sought by the class.

### 3. Amalgamated Bank Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Finisar,* 2011 WL 5117560, at *3 (same).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class.  *See* Fed. R. Civ. P. 23(a)(4).

Here, Amalgamated Bank purchased Facebook common stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Myers Decl., Exs. B-C.  In addition,

1435827_1

AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 5:18-cv-01725-EJD - 6 -

Amalgamated Bank's substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously represent the class's claims. Moreover, Amalgamated Bank is not aware of any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, as discussed below, Amalgamated Bank has selected qualified counsel experienced in securities litigation.

Amalgamated Bank's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

### C. The Court Should Approve Amalgamated Bank's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35; *Finisar,* 2011 WL 5117560, at *4. Amalgamated Bank has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* Myers Decl., Ex. D. District courts throughout the country have recognized Robbins Geller's experience in litigating complex securities class actions, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., Bodri v. Gopro, Inc*., 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (finding that Robbins Geller "has extensive experience in litigating complex securities class actions" and that "the Court is satisfied that the lead plaintiff has made a reasonable choice of lead counsel"); Myers Decl., Ex. D. Accordingly, Amalgamated Bank's selection of counsel is reasonable and should be approved.

## V.  CONCLUSION

The Related Actions are substantially similar in facts and legal issues, and should be consolidated for all purposes. Additionally, Amalgamated Bank has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Amalgamated Bank respectfully requests

1435827_1

AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 5:18-cv-01725-EJD  - 7 -

| | |
|---|---|
| 1 | that the Court consolidate the Related Actions, appoint Amalgamated Bank as Lead Plaintiff, and |
| 2 | approve its selection of counsel. |
| 3 | DATED: May 21, 2018                                  Respectfully submitted, |

                                                    ROBBINS GELLER RUDMAN
                                                          &DOWD LLP
                                                    DANIELLE S. MYERS
                                                    MICHAEL ALBERT

                                                                  s/ Danielle S. Myers
                                                               DANIELLE S. MYERS

                                                  655 West Broadway, Suite 1900
                                                  San Diego, CA  92101
                                                  Telephone:  619/231-1058
                                                  619/231-7423 (fax)

                                                  ROBBINS GELLER RUDMAN
                                                           &DOWD LLP
                                                  JASON C. DAVIS
                                                  KENNETH J. BLACK
                                                  One Montgomery Street, Suite 1800
                                                  San Francisco, CA  94104
                                                  Telephone:  415/288-4545
                                                  415/288-4534 (fax)

                                                  [Proposed] Lead Counsel for Plaintiff

1435827_1

AMALGAMATED BANK'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION
OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 5:18-cv-01725-EJD          - 8 -

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2018.

  s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1435827_1

## Mailing Information for a Case 5:18-cv-01725-EJD Yuan v. Facebook, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Paul J. Collins**
  pcollins@gibsondunn.com,atumanova@gibsondunn.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,ptiffith@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Kristin A. Linsley , Esq**
  KLinsley@gibsondunn.com,lchiou@gibsondunn.com

- **Joshua Seth Lipshutz**
  jlipshutz@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com,gholman@gibsondunn.com,shinrick@gibsondunn.com,gbok@gibsondunn.com,cschm

- **Brian Michael Lutz**
  BLutz@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,shernandez@cpmlegal.com,kma@cpmlegal.com,kchen@cpmlegal.com,jacosta@cpmlegal.com,emartinez@cpm

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com,bmurray@glancylaw.com

- **Orin Snyder**
  osnyder@gibsondunn.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`