**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
DAVID R. STICKNEY (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323

        -and-

AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Proposed Lead Plaintiff
Public Employees' Retirement System of
Mississippi, and Proposed Lead Counsel
for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAN YUAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK E. ZUCKERBERG and DAVID M. WEHNER,<br><br>Defendants. | Case No. 5:18-cv-01725-EJD<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 30, 2018<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**Caption continued on next page.**

| | |
|---|---|
| ERNESTINE BENNETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, and SHERYL K. SANDBERG,<br><br>Defendants. | Case No. 5:18-cv-01868-EJD<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................................. 1

STATEMENT OF ISSUES ................................................................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 2

I. PRELIMINARY STATEMENT ............................................................................................. 2

II. SUMMARY OF THE PENDING ACTIONS ........................................................................ 3

III. ARGUMENT ........................................................................................................................... 6

    A. Mississippi Is The Most Adequate Plaintiff ................................................................ 6

        1. Mississippi's Motion Is Timely ........................................................................ 6

        2. Mississippi Has The Largest Financial Interest In The Relief Sought By The Class ................................................. 7

        3. Mississippi Otherwise Satisfies The Requirements Of Rule 23 ........................................................................ 7

    B. Mississippi Selected Well-Qualified Lead Counsel To Represent The Class ............................................................................. 9

    C. Consolidation Of The Related Actions Is Warranted ............................................. 10

CONCLUSION ................................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................................................6

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ............................7, 8

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
   No. C 04-04362 MJJ, 2005 WL 318813 (N.D. Cal. Feb. 7, 2005)........................................10

*Cohen v. United States Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ..................................................................................................9

*Krieger v. Atheros Commc'ns, Inc.*,
   No. 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) ...............................7

*Lloyd v. CVB Fin. Corp.*,
   No. CV 10-06256 MMM, 2011 WL 13128303 (C.D. Cal. Jan. 21, 2011)...........................10

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(A) ...........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) .....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..........................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)..................................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 9:00 a.m. on August 30, 2018, or on a date and at a time set by the Court, before the Honorable Edward J. Davila, at the United States District Court for the Northern District of California, located at the San Jose Courthouse, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California, the Public Employees' Retirement System of Mississippi ("Mississippi") will respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Mississippi as Lead Plaintiff in the above-captioned actions; (2) approving Mississippi's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; (3) consolidating all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) for any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Mississippi believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Mississippi believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the significant losses that Mississippi suffered on its investments in the common stock of Facebook, Inc. ("Facebook" or the "Company"). Mississippi also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of David R. Stickney filed herewith (the "Stickney Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Mississippi respectfully requests that the Court: (1) appoint Mississippi as Lead Plaintiff in the above-captioned actions pursuant to the PSLRA; (2) approve Mississippi's selection of Bernstein Litowitz to serve as Lead Counsel for the Class; (3) consolidate all related

securities class actions pursuant to Rule 42(a); and (4) grant such further relief as the Court may deem just and proper.

## STATEMENT OF ISSUES

1. Whether Mississippi is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Mississippi's selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

3. Whether to consolidate the two related federal securities class actions pending against Defendants (defined below), which involve common questions of law and fact, pursuant to Rule 42(a).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Currently pending in this District are two securities class actions (the "Actions") against Facebook and certain of its senior executives (collectively, "Defendants") arising from Defendants' misrepresentations to investors concerning the Company's purported commitment to user privacy and compliance with Facebook's policies and its other legal obligations concerning user data.[1] Facebook investors, including Mississippi, incurred significant losses when it was revealed that the Company had allowed a political consulting firm named Cambridge Analytica to improperly exploit the personal data of over 50 million Facebook users—one of the largest data leaks in history.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate class representative under Rule 23. 15

---

[1] The complaints filed against Facebook assert different class periods. The complaint in *Yaun v. Facebook, Inc.*, No. 5:18-cv-01725 ("*Yuan*"), asserts a class period of February 3, 2017 through March 19, 2018, while the complaint in *Bennett v. Facebook, Inc.*, No. 5:18-cv-01868 ("*Bennett*") asserts a class period of July 6, 2017 through March 23, 2018.

U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Mississippi is the "most adequate plaintiff" by virtue of the significant losses that it incurred on its investments in Facebook common stock during the relevant period.[2]

In addition to asserting the largest financial interest, Mississippi readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Indeed, Mississippi is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation, and has experience serving as Lead Plaintiff in other complex securities class actions and supervising the work of outside counsel. Further, Mississippi fully understands the Lead Plaintiff's obligations to the Class under the PSLRA given its past involvement serving as Lead Plaintiff, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. Accordingly, Mississippi has both the incentive and ability to supervise and monitor counsel.

Mississippi believes that the effective prosecution of this action will be ensured by its selection of Bernstein Litowitz, a preeminent securities class action law firm, as Lead Counsel for the Class. Mississippi selected Bernstein Litowitz, in substantial part, based on its prior experience with the firm and the firm's established track record of achieving substantial recoveries for the benefit of investors. Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on Mississippi's financial interest in the outcome of this action, its commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Mississippi respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

## II.     SUMMARY OF THE PENDING ACTIONS

Based in California, Facebook is the world's largest social networking company. Facebook generates the majority of its revenue from selling advertising placements to

---

[2] Mississippi's PSLRA-required Certification is provided as Exhibit A to the Stickney Decl.

marketers who wish to target the Company's users.  As part of Facebook's strategy to generate revenue and increase its user base and level of engagement (which would make Facebook's platform more attractive to advertisers), Facebook partnered with and enabled third-party developers to build applications on the Facebook platform.

The Actions allege that, from 2013-2015, a third-party developer used a survey application named "thisisyourdigitallife" purportedly to analyze the personalities of Facebook users.  In truth, the developer was secretly being funded by Cambridge Analytica to develop psychological profiles of Facebook users in the U.S. in order to deduce information regarding the U.S. electorate.  On December 11, 2015, *The Guardian* published an article explaining how Cambridge Analytica was paying researchers at Cambridge University to gather detailed personal data from a massive pool of unwitting Facebook users in order to create psychological profiles of U.S. voters.  At the time, Facebook immediately assured investors that it was investigating the situation and that misusing user data would be met with strict consequences.

Despite being aware that Cambridge Analytica had amassed data from millions of users, the Actions allege that, during the relevant period, Facebook did virtually nothing in response.  Still, the Company consistently represented to users and investors that it had a comprehensive privacy program in place, that it notified users if their information had been compromised, and that it required third-party developers to adhere to strict confidentiality provisions.  Facebook also represented that it provided limited user information to third-party developers, and that the Company was in compliance with its legal obligations, which included the Company's agreement to adhere to strict user data protection measures as part of a consent decree that the Company entered into with the Federal Trade Commission ("FTC") in 2011.  Moreover, during the class period, Facebook purported to warn investors about the potential that user data might, in the future, be misused, which obfuscated the fact that Facebook was already aware of a massive theft of user data by Cambridge Analytica.

On Saturday, March 17, 2018, *The Guardian* published a report describing how Facebook allowed Cambridge Analytica to misappropriate and retain the personal data of 50 million users in order to target them with personalized political advertisements.  Critically, *The Guardian*'s new

article was based on documents provided by a whistleblower named Christopher Wylie, a data analytics expert that formerly worked at Cambridge Analytica.

On Sunday, March 18, *The New York Times* reported that U.S. Senator Mark Warner and U.S. Representative Adam Schiff were calling for an investigation of the Facebook data leak, while U.S. Senator Amy Klobuchar of Minnesota had pressed Zuckerberg to appear before the Senate Judiciary Committee to explain what the social network knew about the misuse of its data "'to target political advertising and manipulate voters.'" Massachusetts Attorney General Maura Healey also announced that Massachusetts had launched an investigation, while California Attorney General Xavier Becerra expressed his concern (while refusing to confirm or deny the existence of an investigation, per California Department of Justice policy). And on March 19, 2018, *WCCFTech* reported that Facebook faced billions or even trillions of dollars in liability for violating its consent decree with the FTC. As a result of these disclosures, the price of Facebook stock declined from $185.09 per share on March 16, to close at $172.56 per share on March 19, 2018, or nearly 7%.

On March 20, 2018, *The Guardian* published an update to its previous story based on whistleblower evidence of a former Facebook employee. According to this whistleblower, Facebook routinely shared user data without consent, had "'no idea what developers were doing with the data,'" "did not use its enforcement mechanisms" to remedy known violations, and that the whistleblower had "warned senior executives at the company," but that "'Facebook was in a stronger legal position if it didn't know about the abuse that was happening. . . . They felt that it was better not to know.'" Media sources also stated that the FTC was investigating whether Facebook had violated the consent decree. On this news, the price of Facebook stock declined from $172.56 per share on March 19 to $168.15 per share on March, 20, or nearly 5%.

After the close of the relevant periods alleged in the Actions, on March 26, 2018, the FTC issued a press release confirming that it was investigating Facebook's privacy practices and compliance with the 2011 consent decree. As a result of this disclosure, the price of Facebook stock declined by as much as 6.5% before closing at $160.06 per share, on unusually high volume of more than 122 million shares.

### III. ARGUMENT

#### A. Mississippi Is The Most Adequate Plaintiff

Mississippi respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant who has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria"). As set forth below, Mississippi believes it is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

##### 1. Mississippi's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On March 20, 2018, the first of the two pending, related securities class actions, *Yuan*, was filed in this District and asserts a class period of February 3, 2017 through March 19, 2018. That same day, a notice of the pendency of *Yuan* was published on *Globe Newswire*, which set the deadline for investors to seek Lead Plaintiff status by May 21, 2018. *See* Stickney Decl., Ex. B. On March 27, 2018, a related action, *Bennett*, was filed in this District asserting a class period of July 6, 2017 through March 23, 2018. That same day, a notice of the pendency of *Bennett* was published on *Business Wire*, alerting investors to the expanded class period. *See Bennett*, ECF No. 7-1. Mississippi's Motion is properly filed within 60 days of the publication of the notice of the pendency of the first-filed action.[3]

---

[3] On March 22, 2018, Plaintiff Robert Casey filed a substantially similar securities class action against Defendants. That case was voluntarily dismissed on April 13, 2018. *See Casey v. Facebook, Inc.*, No. 18-cv-1780 (N.D. Cal.).

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:18-cv-1725-EJD                                                                 6

### 2. Mississippi Has The Largest Financial Interest In The Relief Sought By The Class

Mississippi is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Mississippi sustained significant losses on its purchases of Facebook common stock. *See* Stickney Decl., Ex. A. To the best of Mississippi's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Mississippi has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Mississippi Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mississippi otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant need only make a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule] 23." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011) (citation omitted). Here, Mississippi indisputably satisfies the typicality and adequacy requirements.

Mississippi's claims are typical of the claims of other purchasers of Facebook common stock. "In determining whether typicality is satisfied, a Court inquires 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (citation omitted). Here, Mississippi's claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove Defendants' liability are nearly identical. Indeed, like all other Class members, Mississippi (1) purchased Facebook common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:18-cv-1725-EJD                                                                                 7

statements and/or omissions, and (3) was harmed when the truth was revealed. *See id.* (finding typicality requirement met when proposed Lead Plaintiff "purchased [the defendant's] common stock during the class period, allegedly in reliance upon [the d]efendants' purported false and misleading statements" and incurred harm as a result). As such, Mississippi is a typical Class representative.

Mississippi similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy asks whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Align*, 2013 WL 2368059, at *4 (citation omitted). Mississippi satisfies these elements because its substantial financial stake in the litigation provides the incentive to vigorously represent the Class' claims. Mississippi's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mississippi and other Class members.

Further, based on its past experience serving as Lead Plaintiff, Mississippi is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. For example, Mississippi served as Lead Plaintiff in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), in which over $1 billion was recovered for investors. Mississippi also served as Lead Plaintiff in *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, No. 08-cv-8093 (S.D.N.Y.), resulting in a recovery of $500 million for investors.

Moreover, Mississippi—a large, sophisticated institutional investor responsible for overseeing over $28 billion in assets—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Finally, Mississippi has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Mississippi is a paradigmatic Lead Plaintiff contemplated by the PSLRA.

**B.     Mississippi Selected Well-Qualified Lead Counsel To Represent The Class**

Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and that selection is to be honored unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. United States Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Biography, Stickney Decl., Ex. C. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), in which Mississippi served as Lead Plaintiff, and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.).

Significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest ever recovery in a securities class action in this District); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-0832 (N.D. Cal.) (recovering $173

million for investors with Mississippi as Lead Plaintiff); and *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376-LHK (N.D. Cal.) (recovering $125 million for investors). Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

C.  **Consolidation Of The Related Actions Is Warranted**

There are at least two Related Actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Yuan v. Facebook, Inc.* | 5:18-cv-01725 | March 20, 2018 |
| *Bennett v. Facebook, Inc.* | 5:18-cv-01868 | March 27, 2018 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act against overlapping Defendants, and are premised upon substantially similar misstatements regarding Facebook's commitment to protecting user privacy and compliance with the Company's 2011 consent decree with the FTC.[4] Rule 42(a) of the Federal Rules of Civil Procedure grants broad discretion to consolidate cases that involve common questions of law or fact.  *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").  Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the reasons discussed above, Mississippi respectfully requests that the Court appoint it Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class,

---

[4] While both Actions assert the same Exchange Act claims against overlapping Defendants, as noted above, the *Yuan* and *Bennett* actions assert different class periods.  This minor difference does not render consolidation inappropriate, however, because the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.  *See Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011) ("Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated.").

consolidate all related actions pursuant to Rule 42(a), and grant such other relief as the Court may deem just and proper.

Dated: May 21, 2018                     Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*

DAVID R. STICKNEY
David R. Stickney (Bar No. 188574)
davids@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 720-3182
Facsimile: (858) 793-0323

-and-

AVI JOSEFSON
avi@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1493
Facsimile: (212) 554-1444

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*

DAVID R. STICKNEY
David R. Stickney (Bar No. 188574)
davids@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 720-3182
Facsimile: (858) 793-0323

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*