**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
DAVID R. STICKNEY (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

        -and-

AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Proposed Lead Plaintiff
Public Employees' Retirement System of
Mississippi, and Proposed Lead Counsel
for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAN YUAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK E. ZUCKERBERG and DAVID M. WEHNER,<br><br>Defendants. | Case No. 5:18-cv-01725-EJD<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS, AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date:  August 30, 2018<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**Caption continued on next page.**

| | |
|---|---|
| ERNESTINE BENNETT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, DAVID M. WEHNER, and SHERYL K. SANDBERG,<br><br>Defendants. | Case No. 5:18-cv-01868-EJD<br><br><u>CLASS ACTION</u> |

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:18-cv-01725-EJD

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

    A.    Mississippi Is The Most Adequate Plaintiff..............................................................2

         1.    Mississippi Has The Largest Financial Interest In The Relief Sought By The Class ...................................................................................................3

         2.    Mississippi Otherwise Satisfies The Requirements Of Rule 23 ..................4

    B.    Mississippi Selected Well-Qualified Lead Counsel To Represent The Class .........6

CONCLUSION......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                 **Page(s)**

*Abrams v. Intuitive Surgical, Inc.*,
  No. 5:13-CV-01920-EJD, 2013 WL 6070031 (N.D. Cal. Nov. 18, 2013) .................3

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................2, 3

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)........................................................................................2

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) .................4

*Deering v. Galena Biopharma, Inc.*,
  No. 3:14-cv-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014) ............................4

*Deora v. NantHealth, Inc.*,
  No. CV 17-01825 BRO, 2017 WL 3084161 (C.D. Cal. May 31, 2017) ..................3

*In re Diamond Foods, Inc. Sec. Litig.*,
  281 F.R.D. 405 (N.D. Cal. 2012).................................................................................5

*In re Extreme Networks Inc. Sec. Litig.*,
  No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) ....................5

*Krieger v. Atheros Commc'ns, Inc.*,
  No. 11-CV-00640-LHK, 2011 WL 6153154 (N.D. Cal. Dec. 12, 2011) .................2

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .................3

*Middlesex Cnty. Ret. Sys. v. Semtech Corp.*,
  No. CV 07-7114 CAS, 2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) .................5

*Monachelli v. Hortonworks, Inc.*,
  No. 16-cv-00980-SI, 2016 WL 3078867 (N.D. Cal. June 1, 2016)...........................3

*Query v. Maxim Integrated Prods., Inc.*,
  558 F. Supp. 2d 969 (N.D. Cal. 2008) .......................................................................5

*In re SiRF Tech. Holdings, Inc. Sec. Litig.*,
  No. C 08-0856 MMC, 2008 WL 2220601 (N.D. Cal. May 27, 2008) .....................5

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
  MDL No. 2672 CRB (JSC), 2016 WL 5930844 (N.D. Cal. Oct. 11, 2016)............3

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ....................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .....................................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .....................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ...........................................................................................................4

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...............................2, 5

Mississippi respectfully submits this memorandum of points and authorities in further support of its motion to be appointed Lead Plaintiff, for approval of its selection of Lead Counsel, and for consolidation of the related Actions (*see* ECF No. 39), and in opposition to the competing motions. *See* ECF Nos. 25, 28, 35.[1]

## PRELIMINARY STATEMENT

Mississippi is entitled to be appointed Lead Plaintiff because it has the "largest financial interest" in the Facebook securities litigation and satisfies the typicality and adequacy requirements of Rule 23 and the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Three other movants filed motions seeking Lead Plaintiff appointment: (1) Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated"); (2) Phoenix Insurance Company Ltd., Bilkish Patel, and Engin Taner ("Facebook Investor Group"); and (3) Michael P. Carfagna ("Carfagna"). As demonstrated by the chart below, Mississippi's financial interest is multiples larger than any other movant—and is larger than all other movants combined.[2]



|  | Mississippi | Amalgamated | Facebook Investor Group | Carfagna |
|---|---|---|---|---|
| LIFO Loss | $1,548,943 | $583,555 | $150,302 | $126,046 |
| FIFO Loss | $1,205,389 | $621,752 | $149,745 | $126,046 |

---

[1] All capitalized terms are defined in Mississippi's initial brief, unless otherwise indicated. *See* ECF No. 39. All references to "ECF No." are to the *Yuan* docket, unless otherwise indicated.

[2] On June 4, 2018, Carfagna filed a notice of non-opposition to the competing motions. *See* ECF No. 43 at 1.

In accordance with the PSLRA, Mississippi is entitled to a strong presumption that it is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Mississippi is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Mississippi is somehow unfit to represent the Class.

To the contrary, Mississippi is the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Mississippi has achieved outstanding results for investors when serving as lead plaintiff in other securities class actions—including in this District—and has recovered billions for investors in such cases. *See* ECF No. 39 at 8-9. Accordingly, Mississippi is entitled to be appointed Lead Plaintiff and have its choice of counsel approved.

## ARGUMENT

### A. Mississippi Is The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011). Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (presumption triggered even if the district court believes another movant may be "more typical, [] more adequate . . . [or] would do a better job"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("Once the court has identified the movant with 'the largest financial

interest in the relief sought by the class,' it should then turn to the question [of] whether that movant 'otherwise satisfies the requirements of Rule 23.'") (citation omitted).

### 1. Mississippi Has The Largest Financial Interest In The Relief Sought By The Class

Mississippi is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class by a wide margin. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Consistent with Ninth Circuit precedent, this Court, as well as others in this District and Circuit, equate financial interest with financial loss. *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status."); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 WL 6070031, at *2 (N.D. Cal. Nov. 18, 2013) (Davila, J.) (appointing lead plaintiff movant based on size of loss); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 5930844, at *3 (N.D. Cal. Oct. 11, 2016) ("The plaintiff with the greatest losses that also satisfies Rule 23's typicality and adequacy requirements is entitled to lead plaintiff status."); *Monachelli v. Hortonworks, Inc.*, No. 16-cv-00980-SI, 2016 WL 3078867, at *2 (N.D. Cal. June 1, 2016) (appointing investor as lead plaintiff based on size of investor's loss); *Deora v. NantHealth, Inc.*, No. CV 17-01825 BRO (MRWx), 2017 WL 3084161, at *3 (C.D. Cal. May 31, 2017) (same).

As set forth in the table above, Mississippi's loss is multiples larger than the loss claimed by every other lead plaintiff movant. In fact, Mississippi's loss is larger than all of the other movants' losses combined. As such, Mississippi has the "largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).[3]

---

[3] Mississippi has provided its financial interest under the longest potential class period alleged in the filed complaints, from February 3, 2017 through March 23, 2018 (the "Class Period"), as the broadest potential class period customarily governs the financial interest calculation at this stage of the litigation. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014); *Ali v. Intel Corp.*, No. 18-cv-507-YGR, ECF No. 43 at 4 n.6 (N.D. Cal. May 29, 2018) (attached as Exhibit A to the Declaration of David R. Stickney filed herewith ("Stickney Decl.")). A chart reflecting the calculation of

### 2. Mississippi Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Mississippi also satisfies the typicality and adequacy requirements of Rule 23. To overcome the strong presumption entitling Mississippi to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and there can be no credible arguments to the contrary.

As demonstrated in its opening brief, Mississippi is a typical class representative. *See* ECF No. 39 at 7-8. Here, like all other Class members, Mississippi: (1) purchased Facebook securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was harmed when the truth was revealed. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,* No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [the defendant's] common stock during the class period, allegedly in reliance upon [the d]efendants' purported false and misleading statements" and incurred harm as a result). As such, Mississippi is a typical Class representative.

Mississippi similarly satisfies the adequacy requirement of Rule 23 because it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Mississippi has a substantial financial stake in the litigation as well as the incentive and ability to vigorously represent the Class' claims. Further, Mississippi's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mississippi and other Class members.

---

Mississippi's loss under this Class Period is attached as Exhibit B to the Stickney Decl. Mississippi also has the largest financial interest under the class periods asserted in both *Yuan* (February 3, 2017 through March 19, 2018) and *Bennett* (July 6, 2017 through March 23, 2018), further confirming its superior financial interest. Upon appointment, the Lead Plaintiff will determine the operative class period that will govern the action. *See Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) ("appointed lead plaintiffs can decide how to frame their amended complaint in terms of an appropriate class period in their best judgment") (citation omitted).

Moreover, Mississippi is precisely the type of lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Numerous courts, including those in this District, have recognized that the PSLRA favors appointing institutional investors like Mississippi as Lead Plaintiff. *See e.g.*, *In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) ("by enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions"). In fact, numerous courts in this District and Circuit have recognized Mississippi's qualifications and appointed Mississippi to serve as a lead plaintiff and class representative in PSRLA cases.[4]

The results that Mississippi has achieved in other complex securities class actions leave no doubt as to its adequacy to represent the Class here. *See Diamond Foods*, 281 F.R.D. at 412 (finding Mississippi was a typical and adequate lead plaintiff as "[t]he record shows that Mississippi [] has extensive experience in serving as lead plaintiff in securities class actions"); *In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *4 (N.D. Cal. June 28, 2016) (institutional investor's adequacy evidenced by "excellent record of in the past bringing and resolving other securities class actions on behalf of its beneficiaries and the class members in those cases"). Mississippi's prosecution of securities class actions as Lead Plaintiff under the PSLRA has resulted in billions in recoveries. For example, Mississippi served as Lead Plaintiff in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), in which over $1 billion was recovered for investors. Mississippi also served as Lead

---

[4] *See In re Diamond Foods, Inc. Sec. Litig.*, 281 F.R.D. 405, 412 (N.D. Cal. 2012) (appointing Mississippi as lead plaintiff and noting that it has "the resources of its Attorney General's Office at its disposal"); *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. CV 07-7114 CAS (FMOx), 2010 WL 11507255, at *8 (C.D. Cal. Aug. 27, 2010) (certifying Mississippi as class representative); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 975 (N.D. Cal. 2008) (appointing Mississippi as lead plaintiff).

Plaintiff in *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, No. 08-cv-8093 (S.D.N.Y.), resulting in a recovery of $500 million for the benefit of the class.

Mississippi has further demonstrated its adequacy through its selection of Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities class actions and managing complex litigation efficiently—to serve as Lead Counsel for the Class. *See* ECF No. 39 at 9-10. Accordingly, because Mississippi has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, it is entitled to be appointed Lead Plaintiff.

**B.    Mississippi Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $31 billion for investors in securities class actions, including the over $6 billion recovered in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.). *See* ECF No. 40-3. More recently, Bernstein Litowitz secured a recovery of over $2.42 billion on behalf of the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), in which Mississippi served as Lead Plaintiff. *See* ECF No. 39 at 9. Bernstein Litowitz also recovered $1.05 billion for investors in *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.), which represents the largest securities class action settlement ever achieved in the Ninth Circuit. *See* ECF No. 39 at 9. Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the reasons discussed above, Mississippi respectfully requests that the Court appoint it Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, consolidate all related actions pursuant to Rule 42(a), and grant such other relief as the Court may deem just and proper.

Dated: June 4, 2018                                         Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

*/s/ David R. Stickney*
DAVID R. STICKNEY
David R. Stickney (Bar No. 188574)
davids@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

                    -and-

AVI JOSEFSON
avi@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1493
Facsimile: (212) 554-1444

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ David R. Stickney*
DAVID R. STICKNEY
David R. Stickney (Bar No. 188574)
davids@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*