# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEERAIN ALI,**<br><br>   Plaintiff,<br><br> vs.<br><br>**INTEL CORPORATION, ET AL.,**<br><br>   Defendants**.** | CASE NO. 18-cv-00507-YGR<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF, AND APPROVING SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. No. 10<br><br>CASE NO. 18-cv-01460-YGR |
| **LOUISIANA SHERIFFS' PENSION & RELIEF FUND,**<br><br>   Plaintiff,<br><br> vs.<br><br>**INTEL CORPORATION, ET AL.,**<br><br>   Defendants**.** | |

  Now before the Court is movant Louisiana Sheriffs' Pension & Relief Fund's ("Louisiana Sheriffs") motion to consolidate related cases *Meerain Ali v. Intel Corporation, et al.*, 18-cv-00507-YGR ("*Ali*"), and *Louisiana Sheriffs' Pension & Relief Fund v. Intel Corporation, et al.*, 18-cv-01460-YGR ("*Louisiana Sheriffs*") (together, the "Related Actions"), for appointment of lead plaintiff, and for approval of selection of lead counsel.[1] (Dkt. No. 10 ("Motion").) Intel Corporation ("Intel") investors Meerain Ali and Daniel E. Tavares (together, the "Individual Investor Group") oppose the motion with respect to appointment of lead plaintiff and approval of lead counsel, but do not dispute that consolidation is warranted.[2] For the reasons set forth below,

---

[1] Louisiana Sheriffs' motion is styled as a motion for consolidation but includes additional requests for appointment of lead plaintiff and approval of Louisiana Sheriffs' selection of lead counsel. Accordingly, the Court treats its motion as one to consolidate cases *and* to appoint lead plaintiff and approve Louisiana Sheriffs' selection of lead counsel.

[2] While the Individual Investor Group did not file a competing motion in either of the

Louisiana Sheriffs' motion is **GRANTED**.[3]

## I. CONSOLIDATION

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court must decide whether to consolidate the Related Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Federal courts have "broad discretion . . . to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see also* Fed. R. Civ. P. 42(a)(2) (noting that a district court "may" consolidate actions if they "involve a common question of law or fact"). Further, the PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims . . . has been filed . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The Court concludes that consolidation is warranted here. *Ali* and *Louisiana Sheriffs* bring claims against substantially similar defendants, and both allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, based upon the same types of misstatements by Intel and certain of its senior officers regarding the security and performance of Intel's processors. (*Compare Ali* Compl., Dkt. No. 1, *with Louisiana Sheriffs* Compl., Dkt. No. 1.) Though the class period in the two actions have different start dates—July 27, 2017 for *Ali* and October 27, 2017 for *Louisiana Sheriffs*—both class periods end on January

---

Related Actions, it filed a motion for appointment as lead plaintiff and approval of counsel in a similar securities class action against Intel in the Central District of California. (*See Elvis Alvira v. Intel Corporation, et al.*, 18-cv-00223-FMO-RAO (C.D. Cal.) ("*Alvira*"), Dkt. No. 11.) The Individual Investor Group subsequently filed a notice of filing of said motion in the dockets of the Related Actions (*see Ali*, Dkt. No. 14; *Louisiana Sheriffs*, Dkt. No. 8), and both it and Louisiana Sheriffs appear to be treating the Individual Investor Group's motion filed in the *Alvira* action as a competing motion in the instant action. (*See, e.g.*, Memorandum of Points and Authorities in Further Support of Motion of Daniel E. Tavares and Meerain Ali for Appointment as Lead Plaintiffs and Approval of Counsel, And in Opposition to Competing Motion ("Opposition") at 4, Dkt. No. 16 ("Tavares and Ali respectfully submit that their motion should be granted in its entirety, and that the competing motion of [Louisiana Sheriffs] should be denied.").) The Court proceeds with its analysis accordingly.

For ease of reference, all docket citations contained in this Order refer to the *Ali* docket unless otherwise noted.

[3] The Court has considered Louisiana Sheriffs' and the Individual Investor Group's various filings, including Louisiana Sheriffs' proposed response (Dkt. No. 42-2) to the Individual Investor Group's sur-reply (Dkt. No. 41), in ruling on the instant motion. Accordingly, Louisiana Sheriffs' motion for leave to file a response to the Individual Investor Group's sur-reply (Dkt. No. 42) is hereby **GRANTED**.

2

4, 2018, and both putative classes involve, at a minimum, all persons who purchased Intel stocks during the relevant class periods. The Related Actions thus present questions of law and fact that overlap almost completely.[4]

Accordingly, the Related Actions should be consolidated.

## II.   APPOINTMENT OF LEAD PLAINTIFF

The PSLRA instructs district courts "to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). And the "most capable" plaintiff is generally "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *Id*. "In other words, the district court must compare the financial stake of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information [it] has provided in [its] pleadings and declarations, whether [it] satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. at 730.

Louisiana Sheriffs and the Individual Investor Group each contends that it is the most appropriate lead plaintiff.[5] To discern whether the different class periods impacted the analysis of

---

[4] *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."); *see also Deering v. Galena Biopharma, Inc.*, No. 3:14–cv–00367–SI, 2014 WL 4954398, at *7 (D. Or. Oct. 3, 2014) (where one lawsuit alleged a class period of November 6, 2013–February 14, 2014 and the other four alleged a class period of May 9, 2013–March 17, 2014, "these differences [were] not so great as to affect the consolidation analysis" because "[t]he five actions assert[ed] essentially identical claims based on essentially identical factual allegations").

[5] The alleged claim that the timing of the filing of Louisiana Sheriffs' motion—*i.e.*, three days after the lead plaintiff deadline in the *Alvira* action—precludes it from consideration by the Court does not persuade. Louisiana Sheriffs acted within the statutory timeframes and provided the statutorily required disclosures with respect to it its own complaint against Intel. *See Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 WL 8154797, at *5 (S.D. Fla. June 16, 2005) ("A careful reading of the PSLRA reveals that the Court may consider either class members who filed motions for lead plaintiff status within the sixty days of the publication of a notice of pendency, . . . or individuals who have filed a complaint[.]") (citations omitted) (emphasis in original); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 790 (D. Mass. 2004) ("[T]he PSLRA does not limit lead plaintiffs to those who have filed motions within 60 days of publication of the notice. Rather, those presumed most adequate to serve as lead plaintiffs include either those who have filed a complaint *or* those who made a motion for appointment within the

3

who should be named lead plaintiff, the Court ordered additional briefing and considers the same here. (*See* Dkt. No. 32.) In that regard, Louisiana Sheriffs' submitted declaration certifies that it suffered losses of approximately $67,658 on its investments in Intel stock during the period of July 27, 2017 through January 4, 2018 on both a last-in, first-out ("LIFO") and a first-in, first-out ("FIFO") basis.[6] (*See* Dkt. No. 37-1 ¶ 3.) The Individual Investor Group's asserted loss is $1,232. (*See* Opposition at 2, 6.) Thus, Louisiana Sheriffs' financial interest in the litigation is multiples greater than that of the Individual Investor Group.[7] The Court also notes that Louisiana Sheriffs maintains that the shorter class period is the appropriate period for the consolidated action. The Court need not resolve that issue at this juncture other than to ensure that it appoints the appropriate lead plaintiff.

Next, for present purposes, Louisiana Sheriffs appears to have made a *prima facie* showing of typicality and adequacy under Rule 23(a). The typicality requirement is readily satisfied as Louisiana Sheriffs' claims arise out of the same events and are based on the same legal theories as

---

60 day period.") (emphasis in original); *see also In re Aratana Therapeutics Inc. Sec. Litig.*, 17 Civ. 880 (PAE), 2017 WL 2491494, at *3 (S.D.N.Y. June 6, 2017) (finding notice requirement was satisfied where each putative lead plaintiff had "either filed a complaint or a timely motion for lead plaintiff status").

[6] "For the purpose of determining lead plaintiff, . . . use of the longer, most inclusive class period of [July 27, 2017 through January 4, 2018] is proper, as it encompasses more potential class members . . . ." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006); *see also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, *2 (N.D. Cal. Aug. 22, 2008) ("Though a shorter class period may simplify the litigation, no benefits accrue by shortening the class period at this stage in the litigation."). The Court, however, notes it is not making a binding determination regarding the proper class period at this point.

[7] The Court has considered the Individual Investor Group's related argument that Louisiana Sheriffs is inadequate and atypical as a class representative because it is a net seller who profited from Intel's alleged fraud. (*See* Dkt. No. 41 at 3–4.) Given the competing arguments, the dispute centers on the proper method for calculating Louisiana Sheriffs' profit from buying and selling its Intel shares. While "[t]he Ninth Circuit has declined to endorse a particular method" to determine which party has the greatest financial stake, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ('LIFO')['] methodology." *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). The Individual Investor Group does not contest that Louisiana Sheriffs suffered losses of $67,658 under the LIFO (and also the FIFO) accounting method. Thus, the Court finds that Louisiana Sheriffs has shown itself to be adequate and typical in this regard.

the claims of other class members. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."). The Court is similarly satisfied that Louisiana Sheriffs will adequately represent the interests of class members because, based on the Firm resume of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") (*see* Dkt. No. 10-7), Louisiana Sheriffs' attorneys appear competent, there is no suggestion of any antagonistic interests or collusive action, and, as the plaintiff with the highest financial interest, Louisiana Sheriffs has a strong incentive to pursue vigorously a substantial recovery for all putative class members.[8] *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.") (citing *in re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Accordingly, the Court finds that Louisiana Sheriffs is the appropriate lead plaintiff.

### III.  APPROVAL OF SELECTION OF LEAD COUNSEL

Section 78u-4(a)(3)(B)(v) provides: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Here, Louisiana Sheriffs has selected Bernstein Litowitz to serve as lead counsel. (Motion at 10.) Louisiana Sheriffs

---

[8] By contrast, the Individual Investor Group's three-page declaration is replete with generalities and says nothing about "the structure of decision-making in their group, or whether the investors are the true movants as opposed to their counsel." *Markette v. XOMA Corp.*, 15-cv-03425-HSG, 2016 WL 2902286, at *9 (N.D. Cal. May 13, 2016); *see also generally* Joint Declaration ISO Meerain Ali and Daniel E. Tavares for Appointment as Lead Plaintiffs and Approval of Selection of Counsel ("Ali & Tavares Decl."), Dkt. No. 17-1. Courts have found such "barebones declarations" insufficient in the past. *Id.*; *see also, e.g., Eichenholtz*, 2008 WL 3925289, at *9 ("[T]he declaration does not . . . clarify how the group will tackle the massive coordination and strategic issues that are certain to arise in this litigation. Simply stated, this conclusory declaration has little or no substance."). Also troubling is the declaration's failure to describe how Tavares and Ali, who reside in New York City and London, respectively, became "aware of each other," which suggests that each was recruited by counsel. (Ali & Tavares Decl. at ¶¶ 2– 4). *See Crihfield v. CytRx Corp.*, CV 16-05519 SJO (SKx), 2016 WL 10587938, at *4 (C.D. Cal. Oct. 26, 2016) ("Perhaps the most troubling aspect of the Joint Declaration . . . is its failure to describe how the six members of the CytRx Investor Group . . . came to know of each others' existence, strengthening the inference that each was recruited by counsel.").

represents that Bernstein Litowitz is "among the preeminent securities class action law firms in the country" and served as lead counsel in a case involving "one of the largest recoveries in securities class action history." (*Id.*) Because Louisiana Sheriffs has made a "reasonable choice of counsel," the Court will "defer to that choice." *See Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

### IV. CONCLUSION

In sum, for the foregoing reasons, the Court **GRANTS** Louisiana Sheriffs' motion to consolidate the *Ali* and *Louisiana Sheriffs* actions, for appointment as lead plaintiff, and for approval of selection of lead counsel, and **DENIES** the Individual Investor Group's competing request. The Court thus **CONSOLIDATES** the two Related Actions for all purposes (the "Consolidated Action"), **APPOINTS** Louisiana Sheriffs as lead plaintiff of the Consolidated Action, and **APPOINTS** Bernstein Litowitz as lead counsel to represent the putative class in the Consolidated Action. A consolidated complaint shall be filed within **21 days** of this Order, and any responsive pleadings shall be filed within **35 days** thereafter.

The Clerk is directed to consolidate *Meerain Ali v. Intel Corporation, et al.*, 18-cv-00507-YGR, and *Louisiana Sheriffs' Pension & Relief Fund v. Intel Corporation, et al.*, 18-cv-01460-YGR, for all purposes. The consolidated action shall be captioned "*In re Intel Corporation Securities Litigation*," 18-cv-00507-YGR. All files shall now be kept in one "lead case" or "master case" file. The Clerk shall also close 18-cv-01460-YGR, and all future filings shall be lodged in 18-cv-00507-YGR. The caption in 18-cv-00507-YGR shall be updated to reflect all the parties who have appeared in both actions. To the extent future cases are filed that may be related, the parties shall follow the procedures outlined in Civil Local Rule 3-12. The parties may also file stipulations or motions to consolidate if appropriate.

This Order terminates Docket Numbers 10 and 42.

**IT IS SO ORDERED.**

Dated: May 29, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6