# EXHIBIT 3

## RETENTION AGREEMENT

**WHEREAS**, the Attorney General of the State of Mississippi has determined that claims (the "Claims") should be brought against Facebook, Inc. ("Facebook" or the "Company") and other corporations, firms, or persons that may be found to be liable as a result of losses sustained by the Mississippi Public Employees' Retirement System ("Mississippi PERS") relating to Facebook securities; and

**WHEREAS**, the Attorney General has authority to bring an action asserting the Claims on his own behalf and/or on behalf of the State's subdivisions, including Mississippi PERS, pursuant to Miss. Code § 7-5-7, *et seq.*, further, acting as a constitutional officer possessing all the power and authority inherited from the common law as well as that specially conferred upon him by statute, the Attorney General has the right to institute, conduct, and maintain an action in order to enforce the U.S. securities laws, including pursuing claims on behalf of Mississippi PERS arising under the Private Securities Litigation Reform Act of 1995, the Securities Act of 1933, and the Securities Exchange Act of 1934; and

**WHEREAS**, the Attorney General has determined that the investigation, research, and litigation of the Claims may require the expenditure of large sums of money and require work over an extended period of time by numerous lawyers, paralegals, and others who are familiar with Facebook and related entities and individuals and their potentially wrongful actions and/or inactions and related issues; and

**WHEREAS**, the Attorney General has further determined that, as discussed in Exhibit A, it is in the best interests of the State and its citizens that the State retain attorneys experienced in investigating and prosecuting securities class actions to pursue the Claims; and

**WHEREAS**, Bernstein Litowitz Berger & Grossmann LLP (the "Law Firm") is experienced in investigating and prosecuting securities class actions, has the resources to vigorously prosecute the Claims, and has consented to represent Mississippi PERS respecting the Claims and pursuant to the terms and conditions hereof,

**IT IS, ACCORDINGLY, AGREED** on May 22nd, 2018 as follows:

1. The Office of the Attorney General hereby retains the Law Firm, and Law Firm Partners Gerald H. Silk and Avi Josefson are hereby designated as Special Assistant Attorneys General, to investigate, research, and file the Claims in any appropriate court or courts. The Attorney General also authorizes the Law Firm to seek the appointment of Mississippi PERS as the lead representative plaintiff in the class action and the appointment of the Law Firm as Lead Class Counsel.

2. The Attorney General does not relinquish his constitutional or statutory authority or responsibility through this Retention Agreement. If appointed as lead plaintiff by the Court, the Attorney General shall have the sole authority to settle this litigation on behalf of the class, and the Law Firm shall apprise the Attorney General of all settlement offers. The Law Firm shall

consult with the Attorney General and obtain his approval on all material matters pertinent to the Claims. The Attorney General and Mississippi PERS shall cooperate with the Law Firm in the prosecution of the Claims, including by providing documents to substantiate Mississippi PERS' alleged loss, and to cooperate in providing discovery information, including deposition testimony, if Mississippi PERS is appointed lead plaintiff. The Attorney General shall use his best efforts to secure the cooperation of other State agencies and subdivisions. Prior to filing the Claims, the Attorney General and the Law Firm will agree upon entities and individuals to be named as defendants and/or Claims to be pursued, and the Law Firm will thereafter be entitled to its reasonable fees and expenses, as provided below, based upon any recovery from such agreed-upon defendants as a consequence of the Law Firm's prosecution of the Claims. The Attorney General is not required, however, to assign any member of his staff to pursue the Claims, but may from time to time afford staff and other support services as the Attorney General deems appropriate.

3. The Attorney General and the Law Firm both recognize that the Claims present numerous factual and legal obstacles and that no assurance of success on the Claims has been or can be made.

4. The Attorney General shall maintain responsibility for the public distribution of information concerning this matter. All press inquiries shall be referred to the Attorney General for comment and response.

5. Notwithstanding the potential difficulties, the Law Firm has agreed to represent the State on a fully contingent basis, and the Attorney General hereby agrees that the Law Firm will be compensated for recoveries by the State of Mississippi and the class on the following basis:

    A. **Recovery of Attorneys' Fees**: The sole contingency upon which the Law Firm shall be compensated is a recovery in this litigation, whether by settlement or judgment. The amount of the Law Firm's compensation shall be determined by the Court. The Law Firm shall seek compensation in the form of a percentage of the recovery achieved for the class, net of expenses, and the Law Firm shall limit the percentage sought to the percentage corresponding to Mississippi PERS' estimated individual recovery set forth in Exhibit B attached hereto, plus reasonable and necessary costs as defined below. Any fee that the Law Firm wishes to request shall be subject to the consent of the Mississippi AG and the approval of the Court. In the event that the Claims are resolved by settlement under terms involving any "in-kind" payment, such as stock, the contingent fee agreement shall apply to such "in-kind" payment.

    B. **Reasonable and Necessary Costs and Expenses**: The Law Firm shall advance all costs and expenses related to the Claims including, but not limited to, any costs and expenses incurred by Mississippi PERS, and the Attorney General related to depositions or any other legal proceedings it is advised by the Law Firm to attend. Mississippi PERS and the Attorney General will not pay any costs and expenses incurred in connection with the investigation and prosecution of the Claims.

Recovery of any costs and expenses by the Law Firm is contingent upon a recovery being obtained. Reasonable and necessary costs and expenses include, but are not limited to, those relating to court fees, travel, depositions, investigators, paralegals, computer research, experts, consultants, accounting, and the retention of additional temporary support counsel, as needed. Such costs and expenses shall be approved by the Attorney General, shall initially be borne entirely by the Law Firm, which may seek reimbursement from the Court from any gross recoveries secured through pursuit of the Claims.

C. The Law Firm shall receive no compensation or reimbursement other than set out above. In the event that no recovery is realized, the Law Firm shall receive no compensation or reimbursement.

6. With the approval of the Attorney General, the Law Firm may associate with other attorneys at its own expense and at no cost to the State of Mississippi. Notwithstanding such association of other attorneys, this Retention Agreement is non-assignable and non-transferable, nor are the Law Firm's commitments delegable without the express, written approval of the Attorney General.

7. The Law Firm and any other attorneys with which it associates shall, from the date hereof until not less than four (4) years after this litigation is terminated, maintain detailed current records, including documentation of all expenses, disbursements, charges, credits, underlying receipts, and invoices, and other financial transactions that concern the provision of attorney services related to the Claims. In addition, the Law Firm shall maintain detailed contemporaneous time records for the attorneys and paralegals working on the matter in increments of no greater than one-tenth (1/10) of an hour, and shall promptly provide these records to the Attorney General upon request.

Dated, this 22nd day of May, 2018.

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI

BY: _____
Jacqueline H. Ray
Special Assistant Attorney General

BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP

BY: _____
Gerald H. Silk, Esq.

## Exhibit A

## DETERMINATION OF NEED FOR CONTINGENCY FEE REPRESENTATION

The Attorney General has determined that use of outside counsel is cost-effective, in the public interest and necessary to investigate and potentially pursue claims against Facebook Inc. and related defendants, which may have engaged in certain unlawful conduct, including, but not limited to, violations of the federal securities laws. Use of outside counsel is necessary because: there does not exist sufficient and appropriate legal and financial resources within the Attorney General's office to handle the matter; the time and labor required necessitates the retention of outside counsel; the novelty, complexity, and difficulty of the questions involved are within the expertise of outside counsel, who in fact possessed the knowledge necessary to discover this issue in the first instance, and the skill requisite to perform the attorney services properly prohibit our office from being able to efficiently do it in-house. The geographic area where the attorney services are to be provided is expansive because of the diverse locations of the defendants, their operations, and the potential witnesses. Outside counsel has the amount and type of experience needed, having worked on a number of complex federal securities class actions on behalf of state and local government pension plans.

OFFICE OF THE ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI

BY: *Jacqueline H. Ray*
Jacqueline H. Ray
Special Assistant Attorney General

## Exhibit B

Twenty-five percent (25%) of any recovery up to Ten Million Dollars ($10,000,000.00); plus

Twenty percent (20%) of any portion of such recovery between Ten Million Dollars ($10,000,000.00) and Fifteen Million Dollars ($15,000,000.00); plus

Fifteen percent (15%) of any portion of such recovery between Fifteen Million Dollars ($15,000,000.00) and Twenty Million Dollars ($20,000,000.00); plus

Ten percent (10%) of any portion of such recovery between Twenty Million Dollars ($20,000,000.00) and Twenty-Five Million Dollars ($25,000,000.00); plus

Five percent (5%) of any portion of such recovery exceeding Twenty-five Million Dollars ($25,000,000.00).

In this schedule, "recovery" refers to the estimated recovery that Mississippi PERS is awarded as its share of the recovery achieved for the class.