ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com
     – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAN YUAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FACEBOOK, INC., et al., <br><br> Defendants. | Case No. 5:18-cv-01725-EJD <br><br> <u>CLASS ACTION</u> <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMALGAMATED BANK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <br><br> DATE: August 30, 2018 <br> TIME: 9:00 a.m. <br> CTRM: 4, 5th Floor <br> JUDGE: Hon. Edward J. Davila |

1442576_1

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMALGAMATED BANK'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF- 5:18-cv-01725-EJD   - i -

## I. INTRODUCTION

Of the two remaining movants, only Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated Bank") satisfies the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Other than arguing that Amalgamated Bank does not claim the largest loss, Mississippi Public Employees' Retirement System ("MPERS") has not asserted any reason why Amalgamated Bank should not be appointed as lead plaintiff pursuant to the PSLRA.  *See* ECF No. 45 at 1.  In contrast, MPERS cannot be appointed lead plaintiff because it has triggered the PSLRA's "Five-in-Three" presumptive bar on frequent litigants, obscured its financial interest, and cannot make the *prima facie* showing of typicality or adequacy under Rule 23 due to insurmountable conflicts of interest.

Amalgamated Bank's motion for appointment as lead plaintiff should be granted.

## II. ARGUMENT

Amalgamated Bank is a qualified institutional investor that filed a timely motion, suffered a substantial loss, is typical and adequate, selected qualified counsel, and is not subject to any unique defenses or the PSLRA's Five-in-Three provision.  *See* 15 U.S.C. §78u-4(a)(3)(B). None of the competing movants have raised any issues regarding Amalgamated Bank's ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that Amalgamated Bank is the "most adequate plaintiff" to lead this litigation.  *See* ECF No. 45 at 1.[2]

The only challenge to Amalgamated Bank's appointment is based on MPERS' claim that, while obscured in its motion, its purported financial interest is greater than Amalgamated Bank's financial interest.  ECF No. 45 at 1.  Yet, that fact is inconsequential as a "movant's financial

---

[1]  Movant Michael P. Carfagna filed a notice of non-opposition on June 4, 2018.  ECF No. 43. The Facebook Investor Group withdrew its lead plaintiff motion on June 4, 2018. ECF No. 44.

[2]  Any attempt by MPERS to challenge Amalgamated Bank's qualifications for the first time in MPERS' reply brief should be deemed untimely and the arguments waived.  *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (courts should "decline to consider new issues raised for the first time in a reply brief"); *Dias v. JP Morgan Chase, N.A.*, 2015 WL 1263558, at *3 n.2(N.D. Cal. Mar. 19, 2015) (declining to consider argument because "it was raised for the first time in the reply brief").

1442576_1

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMALGAMATED BANK'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF- 5:18-cv-01725-EJD      - 1 -

1  interest is just a beginning point, and courts acknowledge that they must also consider the
2  movant's ability and willingness to adequately represent the class." *In re Cable & Wireless,*
3  *PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *In re Cavanaugh*, 306 F.3d 726, 731 (9th
4  Cir. 2002) (finding that if a movant with the largest financial interest does not satisfy the
5  typicality and adequacy requirements, the court must look to other movants).  And, unlike
6  Amalgamated Bank – which MPERS concedes is entirely typical and adequate of the putative
7  class – MPERS does not satisfy the PSLRA's other requirements for appointment as lead
8  plaintiff. *See* ECF No. 47.

9  First, MPERS is presumptively barred from serving as lead plaintiff because its
10 appointment would contravene the statutory presumptive bar on serving as lead plaintiff in
11 "more than 5 securities class actions . . . during any 3-year period."  15 U.S.C. §78u-
12 4(a)(3)(B)(vi); *see generally* ECF No. 47 at 4-7. Indeed, MPERS has already served as lead
13 plaintiff in 16 PSLRA class actions over the past 3 years, and is seeking to serve in 4 more,
14 including this one. *See* ECF No. 47 at 4-7; *Aronson v. McKesson HBOC, Inc*., 79 F. Supp. 2d
15 1146, 1156 (N.D. Cal. 1999)  (barring institution that served as lead plaintiff in six cases).  In
16 both submissions to the Court, MPERS failed to even mention this statutory provision, let alone
17 identify any circumstances that would warrant lifting the presumptive bar for MPERS. *See* ECF
18 No. 47 at 9-12 (discussing why circumstances that warrant lifting the presumptive bar do not
19 apply to MPERS in this case).[3]  For this reason alone, MPERS cannot be appointed lead plaintiff.

20 Second, MPERS has also failed to trigger the PSLRA rebuttable presumption as it did not
21 "provide[] information that satisfies the[] requirements," *i.e.*, "information . . . in [its] pleadings
22 and declarations" sufficient to demonstrate it possesses "the largest financial stake" and satisfies

---

[3]  Not only are there no circumstances warranting lifting the presumptive bar for MPERS under the facts and circumstances here, there are several reasons ***not*** to lift the bar, including MPERS' failure to ensure compliance with several Local Rules, its opacity regarding its financial interest, obvious conflicts of interest based on the Attorney General's anomalous singular role as counsel and client and ongoing civil and criminal investigation into the same underlying misconduct at issue in this case, as well as the full extent of the relationship between the Attorney General and the special attorneys general retained in this case. *See* ECF No. 47.  Such inattention to MPERS' apparent shortcomings is strong indicia of MPERS' overextension due to the sheer volume of litigation the Attorney General is directing.

"the Rule 23(a) criteria." *Cavanaugh*, 306 F.3d at 730. In a peculiar departure from its own practice (and, indeed, well-accepted practice by movants in PSLRA lead plaintiff applications, including all the other movants in this case), MPERS declined to quantify its financial interest for the Court, presumably so it would not have to commit to a loss calculation methodology that might be less advantageous to MPERS in further briefing. *See* ECF No. 47 at 12-13. This tactic "bespeaks a less than full commitment to transparency in providing the court with information that it ultimately would require to make its decision." *In re Atl. Power Corp. Sec. Litig.*, 2014 WL 12628589, at *1 n.1. (D. Mass. Mar. 31, 2014).[4]

More troubling is that MPERS continues to claim that its "interests are perfectly aligned with those of other Class members and not antagonistic in any way," and that "[t]here are no facts to suggest any actual or potential conflict of interest or other antagonism between Mississippi and other Class members." ECF 46 at 4. That is simply not true because MPERS suffers from unmistakably debilitating – and incurable – conflicts of interest stemming from: (1) Attorney General Hood's avowedly idiosyncratic statutory role as both client and counsel in all securities cases in which MPERS is appointed lead plaintiff; and (2) Attorney General Hood's simultaneous civil and criminal investigation into Facebook pertaining to the exact same subject matter underlying the allegations in this case. ECF No. 47 at 14-20; *see Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (class representation is inadequate if the representative "has an

---

[4] Similarly, MPERS (and its proposed lead counsel) failed to promptly remedy non-compliance with several Local Rules and was not forthright about the nature of the relationship between MPERS and its proposed lead counsel, further undermining its conclusory assertion of adequacy. *See* ECF No. 47 at 3, 13, 17-19, n.8. In an analogous situation, the Arkansas Teacher Retirement System ("ATRS") – another public pension fund that is a similarly prolific securities class action litigant – was recently ordered to testify in response to a court's inquiry into whether ATRS properly discharged its duties as Lead Plaintiff, whether ATRS should be replaced as Lead Plaintiff, whether there is now a conflict between the interests of class counsel and the class, and whether new class counsel should be appointed to provide independent advice to the class whether or not ATRS continues as Lead Plaintiff after a Special Master appointed by the court alleged lawyer misconduct. *See* Declaration of Danielle S. Myers in Support of Reply Memorandum of Law in Further Support of Amalgamated Bank's Motion for Appointment as Lead Plaintiff ("Myers Reply Decl."), Ex. A. MPERS' unwillingness to even mention the allegations the Second Circuit deemed "naturally" of "legitimate interest" to federal courts "considering whether to name BLB & G as lead class counsel or find MPERS to be an adequate class representative in future class actions" precludes a finding of adequacy here. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016).

1 insurmountable conflict of interest with other class members").[5]  As such, MPERS is *per se*
2 inadequate.  *See In re California Micro Devices Sec. Litig.*, 168 F.R.D. 257, 260 (N.D. Cal.
3 1996) ("[C]ourt supervision of class actions has over time created a rich jurisprudence which
4 contains several per se rules whether a given class representative adequately represents the class.
5 ***One of the most fundamental of these rules addresses the situation discussed above:*** "***an***
6 ***attorney may not serve both as class representative and as class counsel***.") (emphasis added);
7 7A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE §1769.1 (3d ed. 2005)
8 ("[S]everal courts have ruled that the class attorney cannot be the named representative or even a
9 member of the class.").

10 MPERS' inability to be appointed lead plaintiff and sole fiduciary for the class is
11 amplified by Attorney General Hood's concurrent investigation into the very conduct by
12 defendants at issue in this securities class action, the result of which "could be civil or criminal
13 litigation arising under state law."  ECF No. 48-1; ECF No. 47 at 14-19.  The conflicts of interest
14 that can arise from such parallel proceedings will prejudice the class if MPERS is appointed the
15 sole lead plaintiff in this case, particularly since the State of Mississippi (*i.e.*, Attorney General
16 Hood) likely has far less at stake in this litigation than it does in the claims arising from Attorney
17 General Hood's investigation, which disparity skews the alignment of incentives between the
18 lead plaintiff and the class envisioned by Rule 23 and the PSLRA.[6]  ECF No. 47 at 16-18, n.28

---

[5] Attorney General Hood's peculiar role as both lawyer and client has been definitively established by General Hood himself in numerous federal court filings.  *See, e.g.,* ECF No. 48-2; *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 1:14-cv-06867-VEC, ECF No. 30-6 at 2 (S.D.N.Y. Mar. 18, 2016) (Attorney General Hood's office emphasizing that "[b]y virtue of the powers bestowed upon the Attorney General by the State's Constitution, statutes, and common law, 'the role of the Attorney General apropos of a State agency' is ***not*** 'precisely akin to the traditional role of private counsel apropos of a client,'" but rather "the Attorney General serves ***not only as counsel to the State, but is the State for purposes of litigation***," that "the Attorney General has complete authority over litigation" and therefore "does not require the Mississippi Public Employees' Retirement System ('MPERS') and other state agencies to make decisions regarding the prosecution of [securities] cases") (emphasis added).

[6] *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1165-66 (9th Cir. 2013) ("We are concerned about the destruction of the 'shar[ed] . . . interests between the representatives and absentee[]' class members . . . ."); *Owen v. Modern Diversified Indus., Inc.*, 643 F.2d 441, 443 (6th Cir. 1981) (affirming district court's decision declining to allow shareholder action to

1  (collecting cases). These deficiencies go well beyond the mere appearance of a conflict (which

2  is disqualifying in and of itself). *See Mazur v. eBay Inc.*, 257 F.R.D. 563, 569 (N.D. Cal. 2009)

3  ("The fact that the court may have to spend time at some future date assessing Mazur's roles and

4  actions makes her an inadequate representative.").

## III.  CONCLUSION

Amalgamated Bank is the presumptive lead plaintiff. No movant, including MPERS, has even attempted to rebut the presumption in Amalgamated Bank's favor. Amalgamated Bank should be appointed Lead Plaintiff.

DATED: June 11, 2018

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
KENNETH J. BLACK
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiff

---

proceed based on "strong probability" that plaintiff's derivative action based on small stock holdings was a "weapon" in plaintiff's "arsenal" that "would be used merely as a device to obtain leverage in negotiations with [defendants]"); *Wilson v. Conair Corp.*, 2016 WL 7742772, at *4 (E.D. Cal. June 3, 2016) (finding proposed representative inadequate based on potential conflict of interest because she was "not only seeking injunctive relief on behalf of the class but also individual personal injury damages" and recognizing the "substantial risk that plaintiff will therefore have different priorities and litigation incentives than the class members"); *duPont v. Wyly*, 61 F.R.D. 615, 622-24 (D. Del. 1973) (discussion of various ways a proposed class representative in a securities class action "could be influenced by considerations foreign to the interests of the class" as a result of his other pending legal proceedings against the same defendants).

1442576_1

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMALGAMATED BANK'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF- 5:18-cv-01725-EJD          - 5 -

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 11, 2018.

   s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

1442576_1

**Mailing Information for a Case 5:18-cv-01725-EJD Yuan v. Facebook, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,7223240420@filings.docketbird.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com

- **Francis A. Bottini , Jr**
  fbottini@bottinilaw.com,sammirati@bottinilaw.com

- **Paul J. Collins**
  pcollins@gibsondunn.com,atumanova@gibsondunn.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,ptiffith@rgrdlaw.com,KennyB@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Kristin A. Linsley , Esq**
  KLinsley@gibsondunn.com,lchiou@gibsondunn.com,cbusch@gibsondunn.com,RWong@gibsondunn.com

- **Joshua Seth Lipshutz**
  jlipshutz@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com,gholman@gibsondunn.com,shinrick@gibsondunn.com,gbok@gibsondunn.com,cschm

- **Brian Michael Lutz**
  BLutz@gibsondunn.com,rwong@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,zagudelo@cpmlegal.com,shernandez@cpmlegal.com,kma@cpmlegal.com,kchen@cpmlegal.com,jacosta@cpmlegal.com,emartinez@cpm

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Orin Snyder**
  osnyder@gibsondunn.com,pkaul@gibsondunn.com,kwarren@gibsondunn.com,gholman@gibsondunn.com,shenrick@gibsondunn.com,gbok@gibsondunn.com,cschm

- **David Ronald Stickney**
  davids@blbglaw.com,avi@blbglaw.com,lisa.napoleon@blbglaw.com,ashley.lee@blbglaw.com,kayem@blbglaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`