# EXHIBIT A



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## Plaintiff Linked To $75M Attys' Fees Flap Wants To Stay On

By **Chris Villani**

Law360, Boston (June 7, 2018, 4:52 PM EDT) -- The lead plaintiff in a class action settlement at the heart of a $75 million attorneys' fees dispute involving allegations of lawyer misconduct defiantly told a Massachusetts federal judge on Wednesday that he wants to stay on as class representative, a week after the judge grilled him on whether stepping aside was the right move.

In an affidavit filed on Wednesday evening, George Hopkins, the executive director of the Arkansas Teachers Retirement System, or ATRS, said he spoke with a lawyer not involved in the suit and decided that remaining class representative was the best course of action. ATRS led a $300 million settlement against State Street Corp., but the law firms that led the class — Labaton Sucharow LLP, Thornton Law Firm LLP and Lieff Cabraser Heimann & Bernstein LLP — stand accused of overbilling for their services.

A special master has since alleged "misconduct" and said a "significant" chunk of the $75 million fee should be returned, according to Senior U.S. District Judge Mark L. Wolf, but Hopkins said he and ATRS are still best suited to continue to lead the class amid the messy fees kerfuffle.

"Armed with legal advice from counsel 'whose conduct is not at issue' and with the extensive knowledge of the posture of this case," Hopkins wrote in an affidavit, "I feel ATRS is uniquely positioned to represent the customer class and to knowingly and actively assist in moving this matter to a proper conclusion and confirm ATRS wants to continue as class representative for customer class."

In a statement to Law360 on Thursday, Labaton Sucharow extolled ATRS, saying that the organization played "a critical role" in formulating strategy for the lawsuit and helping to secure the $300 million settlement.

"George Hopkins personally did an outstanding job as class representative throughout the six-year entirety of the case," Labaton Sucharow said. "At the direction of ATRS, the legal team achieved an excellent result on behalf of the class. We support ATRS' continued role as class representative in this successfully settled case."

Hopkins gave the court his answer within the one-week time frame established by Judge Wolf after a hearing in Boston's federal courthouse last Wednesday. Although the report of the special master, retired Judge Gerald Rosen, is still under seal, the hearing **revealed numerous details** about his findings.

Before reaching his decision, Hopkins said he carefully reviewed the transcript of the hearing and appreciated "the court's instruction and admonition as to the process I should take."

Judge Rosen found misconduct on the part of the firms, apparently at least in part related to a fee paid to another otherwise uninvolved attorney, who helped bring ATRS and the class' firms together before the suit was filed in 2011. Judge Wolf acknowledged the findings as he grilled Hopkins about whether staying on was the best idea.

"You picked Labaton to represent the class. Have you thought about whether it would injure the reputation of [ATRS] and perhaps its opportunity to serve as lead plaintiff in future cases if the court finds Labaton engaged in misconduct?" Judge Wolf asked.

"Any time you are in a case that blows up, it impacts everyone in the case," Hopkins replied, "but I don't think you can impute any kind of misconduct you can find to me, and I wouldn't be worried about ATRS."

ATRS is involved in a number of other suits around the country and, since Hopkins took over as executive director in 2008, has recouped $2.1 billion as a class representative for around 30 cases, Hopkins' affidavit says.

In this case, Wolf questioned Hopkins about his relationship with a former Arkansas legislator apparently also involved in starting the relationship between Labaton Sucharow and ATRS and whether the relationship between those two entities best serves the rest of the class.

"I have a concern that there may be a conflict between the interests of Labaton and the other lawyers who want

to vindicate the propriety of everything they did and keep the money and the class that would benefit if I ordered some of that money paid back," Judge Wolf said to Hopkins.

"I am totally aware of that," Hopkins said from the witness stand, repeatedly promising to act selflessly in the best interests of the class. "Whatever you do about the attorneys' fees, I am not going to argue with. I always have tried to leave it up to the federal judge to say what is fair and reasonable."

In his affidavit, Hopkins said "the ATRS board of trustees has authorized me to exercise my best judgment as to whether to seek to stay or go as class representative," but the board voted on Monday to recommend he withdraw as class representative, according to a report in the Arkansas Democrat-Gazette.

According to the newspaper's report, Hopkins told the system's trustees in an email that after the hard-fought settlement was won, "the class attorneys lost some focus at the end and had inadvertent errors in a fee petition." Hopkins said he regretted the lawyer's mistake and it had "tarnished the outstanding result the attorneys got for the class," the newspaper said.

Labaton Sucharow has defended the previously undisclosed fee to the still-unnamed attorney, calling it a "referral fee" and saying it is legal under Massachusetts law. William F. Sinnott of Barrett & Singal PC, serving as counsel for Judge Rosen, said it was actually a finder's fee and painted as problematic the lack of disclosure to the class or the court.

Judge Rosen's report will remain sealed until the attorneys work through what reactions will be made. Labaton Sucharow has asked for the findings to stay under wraps until Judge Wolf rules on objections the firms may have to Judge Rosen's conclusions, but the presiding judge has suggested that the request is not likely to be granted.

The billing discrepancies were initially revealed in a 2016 Boston Globe report, which showed that the firms double-billed for services and may have overvalued the hourly fees for work done by lower level lawyers by several times their normal hourly rate. The firms have admitted to **"a mistake" in billing**, saying they overvalued the cost of their work by $4 million.

Labaton Sucharow, Thornton and Lieff Cabraser initially asked that the court leave their fees and costs award untouched, saying it was still reasonable. Judge Wolf refused, **appointing the special master** to investigate. The job was supposed to take six months and cost $2 million, but the cost — paid by the attorneys — **nearly doubled, to $3.8 million**, as the investigation stretched to 15 months.

The original suit, filed in 2011, alleged that State Street swindled millions of dollars a year from its clients on their indirect foreign exchange trades over the course of a decade. State Street misled its clients about the exchange rates that were charged on the trades and applied hidden markups that had no basis in market rates, the suit claimed. State Street eventually settled the case **for $300 million**.

In its statement to Law360, Labaton Sucharow stressed that it "strongly disagrees" with any assertion of misconduct in the State Street case.

"The initial focus of the special master's inquiry was an allegation of double counting of attorney hours," the firm said. "This error was inadvertent, immediately disclosed to the court and had no impact on the legal fees, which were pre-established as a percentage of the overall award in the case. There was no 'double billing' in this case."

Labaton Sucharow LLP is represented by Joan Lukey and Justin J. Wolosz of Choate Hall & Stewart LLP.

Thornton Law Firm LLP is represented by Brian T. Kelly of Nixon Peabody LLP.

Lieff Cabraser Heimann & Bernstein LLP is represented by its own Richard M. Heimann.

Hopkins is represented by Thomas M. Hoopes of LibbyHoopes PC.

Judge Rosen is represented by William F. Sinnott of Barrett & Singal PC.

The case is Arkansas Teacher Retirement System v. State Street Corp. et al., case number 1:11-cv-10230, in the U.S. District Court for the District of Massachusetts.

--Editing by Stephen Berg.

All Content © 2003-2018, Portfolio Media, Inc.