# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SUSAN DUBE,

                        Plaintiff,

          -v-

SIGNET JEWELERS LIMITED, et al.,

                  Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/27/2017

16-CV-6728 (JMF)

<u>ORDER</u>

JESSE M. FURMAN, United States District Judge:

On October 24, 2016, the Court entered an order, pursuant to Section 21D(a)(3)(B) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA

("Section 78u-4(a)(3)(B)"), appointing Lyubomir Spasov and Susan Dube (the "Original Lead

Plaintiffs") lead plaintiffs and Glancy Prongay & Murray LLP and Pomerantz LLP (the

"Original Co-Lead Counsels") co-lead counsel pursuant to the Private Securities Litigation

Reform Act ("PSLRA").  (Docket No. 23).  Thereafter, the Original Lead Plaintiffs filed an

Amended Complaint and a Second Amended Complaint.  (Docket Nos. 28, 33).

In a Memorandum Opinion and Order entered on April 14, 2017, the Court concluded

that the claims and class period in the Second Amended Complaint were sufficiently different

from those asserted in the original Complaint and the First Amended Complaint that the Original

Lead Plaintiffs were required to republish notice under the PSLRA, after which the Court would

revisit the question of who should be appointed as lead plaintiff and lead counsel under the

PSLRA.  (Docket No. 46).

On July 5, 2017, following republication of the notice, the Court received three motions

for appointment as lead plaintiff: from Heather Salway (Docket No. 63), from the Public

Employees Retirement System of Mississippi ("MissPERS") (Docket No. 65), and from the

Norfolk County Council as Administering Authority of the Norfolk Pension Fund (the "Norfolk

Pension Fund") (Docket No. 66).  On July 18, 2017, Salway withdrew her application (Docket

No. 71), leaving only the applications of MissPERS and the Norfolk Pension Fund.

Upon review of the parties' submissions in support of, and opposition to, the two

remaining motions, and consideration of the factors set forth in Section 78u-4(a)(3)(B) of the

PSLRA, the motion of MissPERS is GRANTED, and MissPERS is appointed Lead Plaintiff in

this matter.  There is no dispute that MissPERS has "the largest financial interest in the relief

sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  And substantially for the reasons

set forth in MissPERS reply memorandum of law (Docket No. 79), the Court is unpersuaded by

the Norfolk Pension Fund's arguments that MissPERS is not adequate to serve as lead plaintiff

and is barred by Section 78u-4(a)(3)(B)(vi) from serving as lead plaintiff.  (Docket No. 79).

Among other things, the Court finds that there is no evidentiary basis to conclude that MissPERS

is not adequate to serve as lead plaintiff.  *See Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763

(JMF), 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016) ("[T]o rebut the presumption in favor

of the movant with the greatest financial loss, there must be 'proof' of a non-speculative risk that

the movant will not be adequate.").  And the weight of authority provides that the "professional

plaintiff" prohibition does not apply — or, at a minimum, does not apply as strongly — "in the

case of qualified institutional investors."  *Iron Workers Local No. 25 Pension Fund v. Credit-*

*Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 & n.2 (S.D.N.Y. 2009)

(citing cases).

Accordingly, the Court hereby ORDERS that:

2

1. The Court's order of October 24, 2016 (Docket No. 23), is vacated. Accordingly, the Original Lead Plaintiffs and the Original Co-Lead Counsels are no longer lead plaintiff and lead counsel in this matter.

2. MissPERS is appointed as Lead Plaintiff. The Court finds that its satisfies the requirements for Lead Plaintiff set forth in Section 78u-4(a)(3)(B).

3. MissPERS selection of Lead Counsel is approved, and Bernstein Litowitz Berger & Grossmann LLP is appointed as Lead Counsel for the Class.

4. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

    c. to coordinate the examination of witnesses in depositions;

    d. to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlements negotiations with counsel for defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    h. to supervise any other matters concerning the prosecution, resolution or settlement of the action.

5. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

6. Counsel in any related action that is consolidated with this action shall be bound by this organization of plaintiffs' counsel.

7. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

8. Lead Counsel shall be the contact among plaintiffs' counsels, and shall direct and coordinate the activities of plaintiffs' counsel.

9. Defendants shall affect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic, or hand delivery. Plaintiffs shall affect service of papers on defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic, or hand delivery.

10. Lead Plaintiff shall confer with counsel for Defendants and, no later than **August 3, 2017**, agree to a stipulation, subject to Court approval, putting in place a schedule setting forth Lead Plaintiff's time to file a third amended complaint or designate the existing complaint as the operative complaint and Defendants' time to answer or otherwise respond to the existing complaint in this action. (Docket No. 33).

11. In light of the foregoing, the hearing scheduled for August 1, 2017, is CANCELLED.

12. The Clerk of Court is directed to change the caption in this action to "In re Signet Jewelers Limited Securities Litigation." The file shall be maintained under Master File No. 1:16-CV-06728 (JMF).

13. The Clerk of Court is directed to terminate Docket Nos. 63, 65, and 66.

SO ORDERED.

Dated: July 27, 2017
      New York, New York

                              JESSE M. FURMAN
                         United States District Judge