# EXHIBIT I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIHAD A. HACHEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>Defendants. | LEAD CASE: No. 17-CV-08457 (JMF)<br>Hon. Jesse M. Furman<br><br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTIONS OF ARKANSAS TEACHER RETIREMENT SYSTEM AND PENSION TRUST FUND FOR OPERATING ENGINEERS FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

## **ATRS AND THE PENSION FUND ARE THE PRESUMPTIVE LEAD PLAINTIFF**

There is no dispute that ATRS and the Pension Fund have the largest financial interest in this case.[1] ATRS suffered losses **over twenty five times greater** than Boca Raton, while the Pension Fund suffered losses more than **eleven times greater**. *See* ECF No. 44 at 5. ATRS' and the Pension Fund's fiduciary capacity to undertake PSLRA leadership has led to historic investor recoveries throughout the country, exceeding **$1 billion** in this District alone. *See* ECF No. 44-2 ¶¶ 3, 5. ATRS and the Pension Fund are therefore entitled to the strong presumption that they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff absent exacting "proof" of atypicality or inadequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Boca Raton wrongly contends that both funds are precluded from serving as Lead Plaintiff under the "professional plaintiff" bar, while offering secondhand allegations concerning campaign contributions and pension liability in an effort to cloud the record. However, to rebut the presumption in favor of ATRS and the Pension Fund, Boca Raton must provide proof of a non-speculative risk that ATRS and the Pension Fund will not be adequate. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 39 (S.D.N.Y. 2012) (presumption only rebutted upon "***exacting proof***"). Boca Raton fails to meet this burden.

### A.   ATRS And The Pension Fund Are Not Professional Plaintiffs

Boca Raton claims ATRS and the Pension Fund are barred from serving as Lead Plaintiff under the "professional plaintiff" provision of the PSLRA. ECF No. 42 at 2-5 (ATRS), 7-9 (the Pension Fund). As an initial matter, the Pension Fund is serving as Lead Plaintiff in only one

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as those found in ATRS' opening (ECF No. 29) and ATRS' and the Pension Fund's opposition memoranda (ECF No. 44), unless otherwise indicated. All references to "Ex." are to exhibits attached to the Declaration of Christopher J. Keller filed herewith. All emphasis is added and internal citation omitted.

case that was brought during the prior three years. Moreover, every single court in the Second Circuit to address Boca Raton's argument, including this Court, has refused to apply the "professional plaintiff" provision to institutional investors. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-JMF, slip op. at 2 (S.D.N.Y. July 27, 2017) (Furman, J.) (appointing movant despite service in more than five cases in three year period) (Ex. A).[2]

Boca Raton has not identified a single instance where ATRS or the Pension Fund were unable to fully meet their fiduciary obligations as Lead Plaintiff, instead speculating that the funds' respective caseloads render them incapable of adequately prosecuting this case.[3] Not so. ATRS' and the Pension Fund's zealous dedication to investor advocacy has resulted in excellent recoveries for investors, and demonstrates that both funds will be able to efficiently control the litigation on behalf of the Class. *See Aaron's, Inc.*, slip op. at 7 (noting ATRS' experience and expertise as lead plaintiff); *Extreme Networks*, 2016 WL 3519283, at *8-9 (same). As

---

[2] *See also Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) (finding professional plaintiff bar "largely directed at private individuals, and courts have routinely waived the restriction in the case of qualified institutional investors"); *Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008) ("as an institutional investor, [movant] is not subject to the PLSRA's strict ban on 'professional plaintiffs'"). Courts across the country are in accord. *See, e.g.*, *In re Aaron's, Inc. Sec. Litig.*, No. 1:17-cv-02270-SCJ, slip op. at 7 (N.D. Ga. Sept. 18, 2017) (Ex. B); *Ollila v. Babcock & Wilcox Enters., Inc.*, 253 F. Supp. 3d 827, 830-31 (W.D.N.C. 2017); *Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health, Inc.*, 2017 WL 3780164, at *7-8 (E.D. Tex. Aug. 31, 2017); *In re Extreme Networks Inc. Sec. Litig.*, 2016 WL 3519283, at *4-9 (N.D. Cal. June 28, 2016).

[3] Boca Raton also overstates relevant caseloads. ATRS is currently serving as lead plaintiff in ***nine*** active PSLRA cases filed during the prior three years (*see* Ex. C), while the Pension Fund is serving in ***only one*** filed during that same period. *See* Ex D (Pension Fund's corrected Certification removing *Bray v. Frontier Communications Corp.*, No. 3:17-cv-01617 (D. Conn.), which was inadvertently included in its initial Certification and *In re Rayonier, Inc. Securities Litigation*, No. 3:14-cv-1395 (M.D. Fla), wherein the Pension Fund currently serves as Lead Plaintiff but which falls outside the PSLRA's five-in-three provision). *See Extreme Networks*, 2016 WL 3519283, at *4 (limiting professional plaintiff analysis to cases "brought" during prior three year period which are not in settlement or pending appeal). Regardless, courts do not hesitate to appoint institutional investors with similar or heavier caseloads. *See, e.g.*, *Extreme Networks*, 2016 WL 3519283, at *8 (12 cases); *Naiditch v. Applied Micro Circuits Corp.*, 2001 WL 1659115, at *3 (S.D. Cal. Nov. 5, 2001) (11 cases); *Iron Workers*, 616 F. Supp. 2d at 466 (15 cases).

2

established through the funds' unparalleled records of success, and confirmed by the accompanying declaration of George Hopkins (*see* Ex. E ¶¶ 7-8, 10), ATRS and the Pension Fund have more than adequate resources to actively and effectively manage this complex litigation. In short, ATRS' and the Pension Fund's prior experience can only benefit the Class.

Boca Raton relies primarily on *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653 (E.D. Va. 2016), an out-of-Circuit outlier which has not been followed by a single court. In fact, each of the federal district courts to address the professional plaintiff provision since *Orbital*—including one in the same Circuit as *Orbital*—have appointed an institutional investor over professional plaintiff objections.[4] *Orbital*'s analysis fails to address how mechanically barring institutional investors could be "consistent with the purposes of the PSLRA", is at odds with the established law in this Circuit and across the country, and should not change the analysis in this litigation.[5]

**B.     Boca Raton's "Pay-To-Play" Contention Is Meritless**

Boca Raton's thinly-veiled attack on ATRS' counsel, Labaton Sucharow (*see* ECF No. 42 at 5-7), should be similarly rejected. Not only did Judge Ellis summarily dismiss defendants' baseless assertions on the record in *Orbital* (*see* Ex. F), but Boca Raton's recycled accusation is without merit and refuted by the only evidence in the record: the sworn declaration of George

---

[4] *See Babcock & Wilcox*, 2017 WL 2304752, at *4 (rejecting *Orbital*); *Adeptus Health*, 2017 WL 3780164, at *7 (same); *see also Aaron's, Inc.*; *Signet Jewelers*. Critically, both movants "incurred large losses due to defendants' alleged fraud" in the *Orbital* case, as ATRS' loss was less than $300,000 larger than the other movant. *Orbital*, 220 F. Supp. 3d at 658. Here, ATRS suffered losses **over twenty five times greater** than Boca Raton.

[5] Other than *Orbital*, Boca Raton cites opinions that are decades old and have been either rejected or are distinguishable. For example, the reasoning of *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999), was later rejected by the court in *In re Diamond Foods, Inc. Securities Litigation*, noting that "the text of the statute clearly provides courts with the authority to lift the bar, even for those who may be considered 'professional plaintiffs.'" 281 F.R.D. 405, 411 (N.D. Cal. 2012); *see also City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, 2010 WL 2000040, at *7, *8 (D. Idaho May 19, 2010) (rejecting the reasoning in *Cunha v. Hansen Nat. Corp.*, 2009 WL 2029797 (C.D. Cal. July 13, 2009), and noting that the competing movant offered no more than "mere speculation" that the presumptive lead plaintiff "cannot 'fairly and adequately protect the interests of the class'").

3

Hopkins confirming that the decision to be involved in the litigation had nothing to do with political donations made nine years ago. *See* Ex. E ¶¶ 5-6; *see also* Reply Brief in Further Support of ATRS' Motion in *Orbital* at 16-19 (Ex. G). Boca Raton's meritless attack falls well short of the "proof" required by the PSLRA. *See Woburn Ret. Sys. v. Salix Pharm., Ltd.*, 2015 WL 1311073, at *9 (S.D.N.Y. Mar. 23, 2015) ("mere allegations of wrongdoing, without a finding established on the record, are insufficient to rebut [movant's] presumption"); *see also Signet Jewelers*, slip op. at 2 (identical pay-to-play arguments rejected by this Court).

### C. The Pension Fund's Finances Are Not In Jeopardy And Do Not Impact Its Ability To Serve As Lead Plaintiff

Boca Raton further speculates the financial situation of the Pension Fund evidences an inability to "fairly and adequately protect the interests of the class." ECF No. 42 at 9-11. As a threshold matter, underfunded pension plans are common and have not impacted the ability of other plans to successfully supervise class action litigation. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg. Sales Practices, & Prods. Liab. Litig.*, 2016 WL 5930844, at *3-5 (N.D. Cal. Oct. 11. 2016) (appointing the Puerto Rico Government Employees and Judiciary Retirement Systems Administration lead plaintiff); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 2017 WL 3608298, at *10-11, *13 (S.D.N.Y. Aug. 22, 2017) *endorsed* Sept. 22, 2017 (Kaplan, J.) (certifying fund class representative despite impending financial insolvency).

Boca Raton's reliance on *Schaffer v. Horizon Pharma PLC*, 2016 WL 3566238 (S.D.N.Y. June 27, 2016), is misplaced. Unlike the fund in *Schaffer*, the Pension Fund is not under an imminent threat of default.[6] In fact, according to the "Notice of Critical Status," as

---

[6] Notwithstanding, courts have appointed pension plans approaching insolvency as Lead Plaintiff. *See, e.g.*, *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-209-BRM-LHG ECF No. 42 (D.N.J. June 1, 2017) (appointing Central States, Southeast and Southwest Areas Pension Funds, which is facing insolvency).

4

cited in Boca Raton's opposition, any speculative funding shortfall will be fixed "over the next nine years," eliminating any concern that its financial condition would have any impact on its ability to represent the Class. *See Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2012 WL 1071281, at *38 (M.D. Tenn. Mar. 29, 2012) (rejecting challenges to a fund's adequacy to represent the class based on "financial woes" that are "ten to fifteen years hence"). Further, any concern that the "critical status" designation somehow renders the Pension Fund unable to adequately represent the Class is easily dispelled by the fact that it has continued to actively litigate and supervise counsel in the ongoing securities actions in which it serves as Lead Plaintiff, despite the "critical status" designation.[7]

### D. ATRS And The Pension Fund Are A Proper Lead Plaintiff Group

There is no doubt prevailing PSLRA jurisprudence permits groups to serve as Lead Plaintiff, provided the group was not formed by counsel to satisfy the financial loss requirement. *See* ECF No. 44 at 6-8. ATRS and the Pension Fund independently retained counsel, but jointly sought appointment in order to ensure capable Class leadership. *See* ECF No. 44-2. Such motivated institutional investors undoubtedly "meet[] the standards outlined by the case law for demonstrating cohesiveness" even though "it is apparent that the group was formed with the assistance [of counsel]." *Peters v. Jinkosolar Holding Co.*, 2012 WL 946875, at *8 (S.D.N.Y. Mar. 19, 2012) (appointing group "not formed in order to manufacture" financial interest).

### CONCLUSION

ATRS and the Pension Fund respectfully request that the Court grant their motion.

---

[7] *See Kuriakose*, 2008 WL 4974839, at *7 (noting lead plaintiff movant's activity in other securities class actions as support for rejecting attack on lead plaintiff movant due to funding deficiencies); *see also Garden City*, 2012 WL 1071281, at *38 (noting the number of cases in which the challenged fund had been found to be an adequate class representative).

5

DATED: January 18, 2018  Respectfully submitted,

 /s/ Christopher J. Keller 

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Attorneys for Arkansas Teacher Retirement System and Proposed Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Samuel H. Rudman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Douglas Wilens
Sabrina E. Tirabassi
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
dwilens@rgrdlaw.com
stirabassi@rgrdlaw.com

*Attorneys for Pension Trust Fund for Operating Engineers and Proposed Lead Counsel for the Class*