**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
DAVID R. STICKNEY (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323

     -and-

AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:   (212) 554-1400
Fax:  (212) 554-1444

*Counsel for Proposed Lead Plaintiff*
*Public Employees' Retirement System of*
*Mississippi, and Proposed Lead Counsel*
*for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAN YUAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:18-cv-01725-EJD |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | **DECLARATION OF GEORGE W. NEVILLE IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS, AND IN OPPOSITION TO COMPETING MOTIONS** |
| FACEBOOK, INC., MARK E. ZUCKERBERG and DAVID M. WEHNER, | |
| Defendants. | |
| | Date: August 30, 2018 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 4, 5th Floor |
| | Judge: Hon. Edward J. Davila |

*Caption continued on next page.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERNESTINE BENNETT, Individually and
on Behalf of All Others Similarly Situated,

Plaintiff,

v.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID M. WEHNER, and SHERYL K.
SANDBERG,

Defendants.

Case No. 5:18-cv-01868-EJD

CLASS ACTION

I, George W. Neville, declare as follows:

1. I respectfully submit this Declaration in support of the Motion of the Public Employees' Retirement System of Mississippi ("MissPERS") for appointment as lead plaintiff, approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as lead counsel, and for consolidation of the above-captioned securities class actions concerning Facebook, Inc. ("Facebook").

2. I serve as a Special Assistant Attorney General in the Office of the Attorney General for the State of Mississippi ("OAG"), and legal counsel to MissPERS. MissPERS is a public pension fund with nearly $28 billion in assets that provides benefits to Mississippi public employees working for state agencies, universities, community/junior colleges, and public schools, as well as counties, cities, and other participating political subdivisions. MissPERS has a devoted Board of Trustees, which includes the Mississippi State Treasurer and Executive Staff responsible for overseeing MissPERS' prosecution of actions in which it is serving as lead plaintiff. I am authorized to make this Declaration on behalf of the OAG and MissPERS, and have personal knowledge about the information in this Declaration.

3. As part of my responsibilities as a Special Assistant Attorney General, I personally oversee all outside counsel retained by or on behalf of MissPERS in the securities litigation context. I am involved in the prosecution from the outset along with a team of several other attorneys who work with me on these matters, including Jacqueline H. Ray, Special Assistant Attorney General in the OAG, who signed the Certification on behalf of MissPERS in this case, and S. Martin Millette, III, Special Assistant Attorney General, who is specifically assigned as counsel to MissPERS. We are the attorneys that will be making the routine day-to-day decisions in this matter for MissPERS and the OAG and will be overseeing outside counsel, Bernstein Litowitz. We are supervised by and report directly on a daily basis to the OAG Executive Division Chief of Staff, Special Assistant Attorney General, Donald L. Kilgore, and are directed by the Attorney General.

4. I have reviewed the June 4, 2018 brief submitted by Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and

1  LongView Quant LargeCap Equity VEBA Fund ("Amalgamated") in opposition to MissPERS'
2  motion for appointment as lead plaintiff in this case.  I have also reviewed a complaint filed in this
3  case, adopt its allegations for purposes of the lead plaintiff motion, and have been actively involved
4  with supervising counsel and the litigation since its inception.

5  　　　5.　　　MissPERS has achieved significant success on behalf of investors when serving as
6  a lead plaintiff in securities class actions prosecuted under the Private Securities Litigation Reform
7  Act of 1995 ("PSLRA"), and has recovered over $3.5 billion for investors in that role.  These
8  achievements include the over $1 billion recovery and the investor-friendly U.S. Supreme Court
9  ruling concerning the statute of limitations in Section 10(b) claims in *In re Merck & Co., Inc., Sec.,*
10 *Derivative & "ERISA" Litig.*, No. 05-cv-1151 (D.N.J.), as well as the over $280 million in
11 recoveries that MissPERS obtained as lead plaintiff in securities class actions prosecuted in this
12 District.  *See In re Diamond Foods, Inc. Sec. Litig.*, No. 11-cv-05386 (N.D. Cal.) ($110 million
13 recovery); *In re Maxim Integrated Prods., Inc. Sec. Litig.*, No. 08-cv-0832 (N.D. Cal.) ($173
14 million recovery).  I was personally involved in prosecuting these cases and overseeing the work
15 of outside counsel, and can attest to the commitment, integrity and seriousness that MissPERS and
16 the OAG bring to bear on behalf of investors in these and all cases in which MissPERS has been
17 appointed to serve as lead plaintiff.

18 　　　6.　　　Any suggestion that MissPERS and the OAG do not have sufficient resources,
19 ability, or commitment to oversee this matter, whether due to MissPERS' or the OAG's
20 involvement in other litigation or for any other reason, is wrong.  Based on MissPERS' experience
21 serving as lead plaintiff in prior securities class actions, MissPERS and the OAG have developed
22 the necessary methods and practices needed to effectively oversee the work of lead counsel and to
23 ensure that each case in which MissPERS serves as lead plaintiff is prosecuted vigorously,
24 efficiently, and in a cost-effective manner.  The OAG has adopted a policy of aggressively
25 pursuing meritorious securities claims and has an entire section of attorneys devoted to this effort.

26 　　　7.　　　As part of our supervision and active participation in matters in which MissPERS
27 is appointed lead plaintiff, I, along with Mr. Kilgore and Ms. Ray, review and edit pleadings,
28 consult with outside counsel, attend hearings, provide deposition testimony, attend mediations,

1  and trial, as necessary and appropriate, during which we take on an active role. With respect to

2  the mediation of class actions in which MissPERS serves as lead plaintiff, I take an active role and

3  have worked with the leading securities class action mediators in the United States numerous

4  times. These mediators recognize my full engagement in the decision-making process. My

5  colleagues at the OAG with day-to-day responsibilities for securities matters and I are actively

6  involved in all discussions regarding case strategy, trial strategy and settlement. We are well-

7  aware of the factual allegations underlying this case and have communicated on a regular basis

8  with Bernstein Litowitz with regard to the process of this litigation.

9        8.     In addition to my involvement—as well that of other attorneys at the OAG—the

10  members of MissPERS' Executive Staff assist the OAG in overseeing these actions. MissPERS

11  and the OAG are committed to devoting the necessary resources, personnel, and attention to the

12  cases MissPERS prosecutes in order to maximize the recovery for the benefit of MissPERS'

13  beneficiaries and all members of the class. As noted, MissPERS' expertise in and commitment to

14  effectively prosecuting PSLRA litigation is evident in the more than $3.5 billion that MissPERS

15  has recovered on behalf of injured investors as lead plaintiff.

16        9.     If MissPERS is appointed as lead plaintiff in this action, MissPERS and the OAG

17  will devote the same resources, personnel, and attention to this matter that it does in every case

18  MissPERS prosecutes in order to obtain the maximum possible recovery for the class. Any

19  suggestion that MissPERS may not be able to adequately monitor numerous cases and counsel

20  simultaneously is wrong and has been conclusively disproved by MissPERS' success in

21  prosecuting multiple securities cases at the same time in the past. MissPERS has obtained this

22  level of success while the OAG contemporaneously manages a substantial and complex docket of

23  approximately 3,000 civil cases—among the tens of thousands of other civil and criminal

24  investigations and matters at any given time—on behalf of the people of Mississippi, numerous

25  state entities, and involving multiple OAG divisions. The addition of one securities class action,

26  however significant or complex, simply will not have a material impact on the caseload of the

27  OAG.

28

1        10.     Amalgamated's contention that the OAG is conflicted from representing the class

2 in this case because the OAG is currently conducting its own investigation into Facebook is wrong.

3 On March 22, 2018, the OAG sent a document preservation letter to Facebook.  This document

4 preservation letter did not trigger a formal investigation by the OAG or require Facebook to

5 produce any documents, but simply reminded Facebook of its obligation to preserve evidence in

6 light of revelations of its apparent misconduct.  On March 26, 2018, the OAG signed on to a letter

7 submitted by 36 other Attorneys General announcing their concern regarding Facebook's

8 exploitation of user privacy.  The OAG has not received any non-public documents or information

9 in response to this letter.  Other than MissPERS seeking appointment as lead plaintiff in this case,

10 these two letters comprise the entirety of the OAG's interactions with Facebook with regard to its

11 misuse of customer data.  The OAG has not initiated any action, has not served any civil

12 investigative demands, document requests, subpoenas, interrogatories, or requests for interviews

13 (formal or informal), and has no information relating to the subject matter of this action other than

14 what is publicly available.  The OAG has not commenced any non-public formal investigation into

15 Facebook.

16        11.     Should the OAG commence a formal investigation or state action concerning

17 Facebook, it would of course follow all legal and ethical rules, including with regard to protecting

18 confidential information and complying with any applicable limitations imposed by the PSLRA

19 discovery stay, and would respect the division between any investigation, state action, and this

20 case in order to prevent even the appearance of any conflict.

21        12.     The OAG has established practices and procedures that it follows when it litigates

22 a securities class action concurrently with an investigation or state action against the same

23 defendant—an approach informed by decades of experience in handling countless matters where

24 potential wrongdoing impacts Mississippi citizens and one or more of the 22 Mississippi state

25 entities that the OAG represents by statute. *See* Miss. Code § 7-5-1 (2017).  The OAG employs

26 over 100 attorneys staffed among 16 separate divisions.  The attorneys staffed to these divisions

27 are primarily career OAG lawyers that have at least 10 years of experience prosecuting and

28

1     investigating matters pursuant to OAG policy, protecting confidential information in accordance

2     with OAG protocols, and otherwise maintaining the integrity of separate matters.

3           13.      In this case, the attorneys assigned to oversee the securities class action would be

4     entirely distinct from those investigating or prosecuting any criminal matter. Moreover, any

5     materials received in any criminal or civil investigation or state action would be subject to a

6     confidentiality agreement, as would any materials received during discovery in the securities class

7     action. The OAG requires its attorneys to act in accordance with their obligations under any

8     applicable confidentiality agreements, any applicable discovery stay, and OAG protocols designed

9     to protect the integrity of separate matters as well as the confidentiality of information.

10          14.      The procedure that would be followed here, were such a formal investigation to be

11     initiated, would be informed by the OAG's experience in prior matters. Of particular relevance

12     here, the OAG oversaw the prosecution of *In re Merck & Co., Inc. Securities, Derivative &*

13     *"ERISA" Litigation*, No. 05-cv-1151 (D.N.J.)—a securities class action against Merck in which

14     MissPERS served as lead plaintiff and recovered $1 billion for the class—while simultaneously

15     recovering $13.25 million for the State of Mississippi in a concurrently litigated state consumer

16     action against Merck captioned *Jim Hood, Attorney General ex rel., State of Mississippi v. Merck*

17     *& Co., Inc.*, No. G2005-1742 (Hinds County Chancery Court). In *Merck*, the underlying subject

18     matter at issue in both actions was substantially the same, and the cases involved similar evidence,

19     witnesses, and discovery. In each case, the OAG followed procedures to protect the integrity of

20     each matter, and at no time did the defendants or the court in either action raise issues of conflicts.

21     The OAG follows similar practices in each matter in which the OAG is investigating or otherwise

22     pursuing claims against the same defendant or defendants on behalf of different constituencies,

23     state agencies or involving subject matter impacting one or more of the OAG's 16 divisions.

24          15.      Finally, based on my knowledge of the allegations in the complaint filed in

25     *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, as they relate to any purportedly

26     improper conduct therein pertaining to MissPERS or the OAG, those allegations are without

27     factual support or merit. My knowledge is consistent with the statement made by the plaintiff in

28     that employment dispute, Mr. Bernstein, who stated that the true facts seriously challenge his

1 claims and present insurmountable factual and legal hurdles and, as a result, those claims were

2 appropriately withdrawn.

3      16.     I take the fiduciary obligations owed by a lead plaintiff to the class seriously and

4 hereby reaffirm my, MissPERS', and the OAG's commitment to maximizing the potential

5 recovery for the class, actively monitoring counsel, and otherwise fulfilling the duties that

6 MissPERS will assume if appointed as lead plaintiff.

1       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

2 and correct to the best of my knowledge.

3

4

5

_____

6 George W. Neville
Special Assistant Attorney General

7 *On behalf of MissPERS and the OAG*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## E-FILING ATTESTATION

I, David R. Stickney, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that George W. Neville has concurred in this filing.

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

*/s/ David R. Stickney*
DAVID R. STICKNEY

DAVID R. STICKNEY (Bar No. 188574)
(davids@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 720-3182
Facsimile: (858) 793-0323

*Counsel for Proposed Lead Plaintiff Public*
*Employees' Retirement System of Mississippi,*
*and Proposed Lead Counsel for the Class*

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on June 11, 2018, I caused the foregoing to be electronically filed with

3  the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4  email addresses denoted on the Electronic Mail Notice List.

5

6                     **BERNSTEIN LITOWITZ BERGER**
                     **& GROSSMANN LLP**
7
                     */s/ David R. Stickney*
8                    DAVID R. STICKNEY
                     David R. Stickney (Bar No. 188574)
9                    davids@blbglaw.com
                     12481 High Bluff Drive, Suite 300
10                   San Diego, California 92130
                     Telephone: (858) 793-0070
11                   Facsimile: (858) 793-0323

12                   *Counsel for Proposed Lead Plaintiff the Public*
                     *Employees' Retirement System of Mississippi and*
13                   *Proposed Lead Counsel for the Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28