Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,
Mark E. Zuckerberg, Sheryl K. Sandberg, and
David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl S. Sandberg, and David M. Wehner (collectively, "Defendants") respectfully request that the Court take notice of Exhibits 1 through 34 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Facebook's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.  DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.  The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, publicly available news articles, *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**A.**   **Facebook SEC Filings**

Exhibits 1 through 6 are documents referenced and necessarily relied on in the Complaint, and thus, the Court may consider them in ruling on Defendants' Motion to Dismiss under the incorporation by reference doctrine.  Specifically:

- Exhibit 1, Facebook's December 1, 2015 Current Report on Form 8-K, is referenced and relied on in paragraphs 319 and 320 of the Complaint;

- Exhibit 2, Facebook's First Quarter 2017 Form 10-Q, is referenced and relied on in paragraphs 292, 297, and 306 of the Complaint;

- Exhibit 3, Facebook's Second Quarter 2017 Form 10-Q, is referenced and relied on in paragraphs 292, 297, and 306 of the Complaint;

- Exhibit 4, Facebook's Third Quarter 2017 Form 10-Q, is referenced and relied on in paragraphs 292, 297, and 306 of the Complaint;

- Exhibit 5, Facebook's 2017 Form 10-K, is referenced and relied on in paragraphs 27, 37, 39, 43, 47, 48, 50, 292, 297, and 305 of the Complaint; and

- Exhibit 6, Facebook's 2018 Proxy Statement, is referenced and relied on in paragraphs 20 and 192 of the Complaint.

Judicial notice of these Exhibits also is appropriate because they are public filings made by Facebook with the U.S. Securities and Exchange Commission ("SEC"), and are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (Davila, J.) (taking judicial notice of SEC filings); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same).  The same is true for Exhibit 7, Facebook's September 4, 2012 Current Report on Form 8-K, and Exhibits 8 through 10, which are compilations of Forms 4 filed by Facebook with the SEC. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan.").  Accordingly, the Court should take judicial notice of Exhibits 1 through 10, and further, the Court should consider Exhibits 1 through 6 under the incorporation by reference doctrine.

B.      **Facebook Quarterly Earnings Call Transcripts**

Exhibit 11 is Facebook's First Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 20, 186, 187, 273, 274, and 275 of the Complaint.  Exhibit 12 is Facebook's Second Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 22, 216, 217, and 278 of the Complaint.  Because they are both referenced and relied on in the Complaint, the Court may consider Exhibits 11 and 12 under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038.

Judicial notice of Exhibits 11 and 12 is also appropriate because they are publicly available documents and are thus matters of public record not subject to reasonable dispute. *See* Fed. R. Evid.

201(b); see *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record."); *Fadia v. FireEye, Inc.*, 2016 WL 6679806, at *3 (N.D. Cal. Nov. 14, 2016) (Davila, J.) (taking judicial notice of "transcripts from earnings calls"). Accordingly, the Court should take judicial notice of Exhibits 11 and 12, portions of which are referenced in Facebook's Motion to Dismiss.

### C. News Articles

Exhibits 13 through 19 are documents referenced and necessarily relied on in the Complaint, and they are thus properly incorporated by reference. Specifically:

- Exhibit 13, a December 11, 2015 article published in *The Guardian*, is referenced and relied on in paragraphs 80, 85, 87, 88, and 90 of the Complaint;

- Exhibit 14, a November 19, 2016 article published by *The New York Times*, available at https://www.nytimes.com/2016/11/20/opinion/cambridge-analytica-facebook-quiz.html;

- Exhibit 15, a March 20, 2018 transcript of a radio show aired by *NPR*, is referenced and relied on in paragraphs 102 and 103 of the Complaint;

- Exhibit 16, a March 20, 2018 article published in *The Guardian*, is referenced and relied on in paragraphs 46, 78, and 337 of the Complaint;

- Exhibit 17, an April 19, 2018 article published by *Sciendo*, is referenced and relied on in paragraphs 145 and 146 of the Complaint;

- Exhibit 18, an April 2018 article published by *New York Magazine*, is referenced and relied on in paragraphs 67 and 75 of the Complaint; and

- Exhibit 19, a July 25, 2018 article published by *Bloomberg*, is referenced and relied on in paragraph 349 of the Complaint.

These news articles are appropriate for incorporation by reference because Plaintiffs cite to and quote from these documents in their Complaint. *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking notice of documents that "Plaintiffs expressly cite and quote from … in the [complaint]"). Additionally, Exhibits 20 through 23 are publicly available news articles, the authenticity of which cannot reasonably be questioned. Specifically:

- Exhibit 20, a March 30, 2017 article published on *The Intercept*, available at https://theintercept.com/2017/03/30/facebook-failed-to-protect-30-million-users-from-having-their-data-harvested-by-trump-campaign-affiliate;

- Exhibit 21, an October 26, 2017 article published by *The Guardian*, available at https://www.theguardian.com/technology/2017/oct/26/cambridge-analytica-used-data-from-facebook-and-politico-to-help-trump;

- Exhibit 22, a November 19, 2017 article published by *The New York Times*, is referenced and relied on in paragraphs 66 and 78 of the Complaint; and

- Exhibit 23, a March 23, 2018 article published by *MarketWatch*, available at https://www.marketwatch.com/story/historic-jump-in-wall-streets-fear-index-in-february-offers-a-warning-about-stock-market-liquidity-says-goldman-2018-03-20.

Judicial notice of these news articles, as well as the news articles incorporated by reference in the Complaint, is appropriate to show that the market was aware of the information contained in the articles. *See In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (Davila, J.) (granting judicial notice of four news articles). Accordingly, the Court should consider Exhibits 13 through 19 under the incorporation by reference doctrine, and also take judicial notice of Exhibits 13 through 23.

### D. Facebook's Data Policy

Exhibits 24 and 25, two versions of Facebook's Data Policy (previously referred to as the "Data Use Policy" and the "Privacy Policy") in effect during the time period covered by Plaintiffs' allegations in the Complaint, are referenced and necessarily relied on in the Complaint, and they are thus properly incorporated by reference. *See, e.g.*, ¶¶ 3, 4, 61, 79, 176, 183, 200, 203, 238, 251, 258, 264, 266, 268, 280, 288, 301-302 & ns.49, 310-311, 316-317, 319; *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference proper where "the plaintiff refers extensively to the document"). Plaintiffs' claims rely on Facebook's Data Policy in place at the time Cambridge Analytica harvested the Facebook data at issue (Exhibit 24), which allowed users to consent to share certain data about their friends with app developers. *See, e.g.*, ¶¶ 3, 79, 176, 203, 238, 251, 258, 264, 266, 268, 280, 288, 301-02; *see also e.g.*, ¶ 46 (before 2015, "a user could consent to app developers gaining access to the personal data of his or her *friends* … it was because of this feature that Cambridge Analytica was able to harvest data from over 87 million users"). Plaintiffs also extensively reference the changes that Facebook made to its Data Policy in 2014 and 2015 (as reflected in Exhibit 25), which modified the policy in place in 2013 (Exhibit 24) by "turning off users' ability to provide access to their friends' personal data." *See, e.g.*, ¶¶ 79, 176, 183, 203, 238, 251, 258, 264, 266, 268, 280,

288, 301, 302 & ns.310-311, 316-317, 319; *Coto*, 593 F.3d at 1038 (9th Cir. 2010) (documents are incorporated by reference where "the contents of the document are alleged").

Plaintiffs also claim that Facebook's Data Policy itself was misleading, as well as statements concerning modifications to the 2013 Policy. *See, e.g.*, ¶¶ 301-304 (claiming that quoted excerpts of the Data Policy were "deliberately confusing to users, especially with respect to how a user's Facebook 'friends' could override the user's privacy settings and share the user's data with third parties without their consent"); ¶¶ 252-254, 256 (claiming that statements concerning policy changes in 2014, and statements concerning the policy permitting users to share friends' data with Kogan's app, were materially misleading). These documents "form[] the basis of the [plaintiffs'] claim[s]," and incorporation by reference thus is proper. *Ritchie*, 342 F.3d at 907.

The Data Policy also is subject to judicial notice because it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). It is common for courts to take judicial notice of a company's historical privacy policies. *See, e.g.*, *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (taking judicial notice of multiple versions of Google's privacy policy, including archived versions); *Oracle Am., Inc. v. CedarCrestone, Inc.*, 938 F. Supp. 2d 895, 901 (N.D. Cal. 2013) (similar); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (sua sponte taking judicial notice of Yahoo's privacy policy and terms of use). Here, Exhibits 24 and 25 were obtained from the "Internet Archive's Wayback Machine," from which "district courts in this circuit [] routinely take[] judicial notice." *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd sub nom. United States ex rel. Juan Hong v. Newport Sensors, Inc*, 713 F. App'x 724 (9th Cir. 2018), *and aff'd sub nom. United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660 (9th Cir. 2018). Plaintiffs themselves, for example, quote from and cite to Facebook's Data Policy as it appeared on March 4, 2015, via the Wayback Machine. ¶ 60 n.49.[1] Accordingly, the Court should take judicial notice of Exhibits 24 and 25, portions of which are referenced in Defendants' Motion to Dismiss.

---

[1] Facebook's Data Policy also appears in identical form in numerous court filings and on governmental websites, which similarly carry the imprimatur of reliability. *See Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008). In *Campbell et al v.*

### E. Facebook's White Paper, Press Room Release, And Letter To U.S. House Of Representatives

Exhibit 26 is an April 27, 2017 Facebook white paper by Jen Weedon, William Nuland, and Alex Stamos, which is referenced and relied on in paragraphs 5, 120, 122, 230, 301, and 302 of the Complaint. Exhibit 27 is a May 15, 2018 Facebook press release by Guy Rosen, which is referenced and relied on in paragraph 250 of the Complaint. Exhibit 28 is a June 29, 2018 Facebook letter providing written answers to questions from the Energy and Commerce Committee of the U.S. House of Representatives, which is referenced and relied on in paragraph 206 of the Complaint. Because they all are referenced and relied on in the Complaint, the Court may consider Exhibits 26 through 28 under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038. And since Exhibits 26 through 28 are all publicly available documents, which are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, they also are subject to judicial notice. Fed. R. Evid. 201(b).

### F. Stock Prices And Stock Price Indices

Exhibits 29 through 33 are Bloomberg tables showing the historical stock prices of Facebook, Amazon.com, Inc., Apple Inc., Alphabet Inc. (Google), and Netflix, Inc. from January 2, 2018, through December 11, 2018. Exhibit 34 is a chart showing the historical prices of the CBOE Volatility Index for the same time period. The Court may take judicial notice of Facebook's and other companies' stock prices, and also stock price indices. *See, e.g.*, *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan 12, 2012) (collecting cases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies

---

*Facebook Inc.*, No. 4:13-cv-05996-PJH (N.D. Cal. Oct. 9, 2014) (Dkt. 42), for example, the parties stipulated that three attached versions of Facebook's Data Policy, including Ex. 24 here, were judicially noticeable. *See id.*, Dkt. 43 at n.2 (granting request); *see also, e.g.*, Will Castleberry, Re: Facebook Response to National Association of Attorneys General (NAAG) (May 7, 2018), *available at* https://consumer.sd.gov/docs/facebookResponse_05-09-2018letter.pdf (Facebook's November 15, 2013 Data Policy, Ex. 24, appended to letter to association of attorneys general).

[is] the proper subject of judicial notice."). Accordingly, the Court should take judicial notice of Exhibits 29 through 34.

## II.  CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court take judicial notice of Exhibits 1 through 34 to the Lutz Declaration to the extent they are relied on in Facebook's Motion to Dismiss, and consider Exhibits 1-6, 11-19, and 24-28 under the incorporation by reference doctrine.

Dated: December 14, 2018                     GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel:  202.955.8500
Fax:  202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian M. Lutz
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

Paul J. Collins
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel:  650.849.5300
Fax:  650.849.5333
pcollins@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*