ROBBINS GELLER RUDMAN
    & DOWD LLP
DENNIS J. HERMAN (220163)
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP
JOHN C. BROWNE
JEREMY P. ROBINSON
KATE W. AUFSES
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212/554-1400
212/554-1444 (fax)
johnb@blbglaw.com
jeremy@blbglaw.com
kate.aufses@blbglaw.com

Co-Lead Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | Master File No. 5:18-cv-01725-EJD |
| | CLASS ACTION |
| This Document Relates To: | **LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| ALL ACTIONS. | |
| | Date: April 25, 2019 |
| | Time: 9:00 A.M. |
| | Location: Courtroom 4, 5th Floor |
| | Judge: Hon. Edward J. Davila |
| | Date First Action Filed: March 28, 2018 |

1   Public Employees' Retirement System of Mississippi ("Mississippi") and Amalgamated

2   Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative

3   LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund, ("Amalgamated," and

4   together with Mississippi, "Lead Plaintiffs") respectfully request that the Court deny Defendants

5   Facebook Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner's

6   ("Defendants") Request for Judicial Notice (the "Request," ECF No. 94) for Exhibits 1, 6-10,

7   24, and 30-34, attached to the Declaration of Brian M. Lutz (the "Lutz Declaration," ECF No.

8   95) in Support of Facebook's Motion to Dismiss the Consolidated Class Action Complaint (the

9   "Motion to Dismiss" or "Mot.," ECF No. 93).

10   Lead Plaintiffs do not object to the vast majority of the relief sought in Defendants'

11   Request for Judicial Notice.  Further, with respect to Exhibits 1 and 6-10, Lead Plaintiffs do not

12   object to the Court's taking judicial notice of the existence of the documents but do object to the

13   Court judicially noticing Exhibit 1 and Exhibits 6-10 for the truth of the facts contained within

14   them.  As for Exhibit 24 and Exhibits 30-34, Lead Plaintiffs respectfully request that the Court

15   deny Defendants' Request in its entirety.

16   **RELIEF REQUESTED**

17   Lead Plaintiffs partially object to Defendants' request that the Court take judicial notice

18   of Exhibits 1 and 6-10.  Specifically, Lead Plaintiffs do not object to the extent the Court takes

19   judicial notice of the existence of these documents—but not of the facts contained therein.  Lead

20   Plaintiffs respectfully request that the Court decline to take judicial notice of Exhibit 24 and

21   Exhibits 30-34, attached to the Lutz Declaration.

22   **BACKGROUND**

23   On October 15, 2018, Lead Plaintiffs filed the Consolidated Class Action Complaint (the

24   "Complaint," ECF No. 86).  On December 14, 2018, Defendants filed the Motion to Dismiss,

25   attached to which was Defendants' Request, the Lutz Declaration, and 34 exhibits.  For the most

26   part, Lead Plaintiffs take no issue with the exhibits over which Defendants are requesting that

27   the Court take judicial notice.  Lead Plaintiffs, however, oppose Defendants' Request with

28   respect to the following twelve exhibits:

- **Exhibit 1:** Facebook's Current Report on Form 8-K, dated December 1, 2015;

- **Exhibit 6:** Facebook's 2018 Proxy Statement, dated April 13, 2018;

- **Exhibit 7:** Facebook's Current Report on Form 8-K, dated September 4, 2012;

- **Exhibit 8:** Mark Zuckerberg's SEC Form 4, reflecting sales dated between February 27 and July 20, 2018;

- **Exhibit 9:** Sheryl K. Sandberg's SEC Form 4, reflecting sales dated between January 20 and July 19, 2018;

- **Exhibit 10:** David M. Wehner's SEC Form 4, reflecting sales dated between February 21, 2017 and June 20, 2018;

- **Exhibit 24:** Facebook's Data Policy, last revised November 15, 2013;

- **Exhibit 30:** Bloomberg table showing the historical stock prices of Amazon.com, Inc. from January 2, 2018 through December 11, 2018;

- **Exhibit 31:** Bloomberg table showing the historical stock prices of Apple, Inc. from January 2, 2018 through December 11, 2018;

- **Exhibit 32:** Bloomberg table showing the historical stock prices of Alphabet, Inc. (Google) from January 2, 2018 through December 11, 2018;

- **Exhibit 33:** Bloomberg table showing the historical stock prices of Netflix, Inc. from January 2, 2018 through December 11, 2018; and

- **Exhibit 34:** Chart showing the historical process of the CBOE Volatility Index from January 2, 2018 through December 11, 2018.

## ARGUMENT

As the Ninth Circuit recently observed in *Khoja v. Orexigen Therapeutics, Inc.*,

[T]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. . . . [T]he doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

899 F.3d 988, 998, 1003 (9th Cir. 2018).  The *Khoja* court further noted "a concerning pattern in securities cases": the exploitation of the judicial notice and incorporation-by-reference procedures "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  *Id.* at 998.  The Ninth Circuit criticized defendants for using extrinsic

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD

documents to "create[] a defense to the well-pled allegations in the complaint" or to "insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* at 1002. And finally, the Ninth Circuit explained the "perverse added benefit" that accrues to defendants who "[s]ubmit . . . documents not mentioned in the complaint": "unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Id.* at 1003.

Here, with respect to Exhibits 1, 6-10, 24, and 30-34, Defendants' request for judicial notice exemplifies exactly what the Ninth Circuit was concerned about in *Khoja*. With these exhibits, Defendants seek to defend against the Complaint's well-pled allegations by injecting their one-sided version of the facts in at the pleading stage and requesting that the Court accept the facts stated therein as true. These are documents that Lead Plaintiffs have not referenced or identified in the Complaint and on which the Complaint does not rely; documents whose facts are in reasonable dispute; and documents that are entirely irrelevant to the Complaint's well-pled allegations. Under controlling Ninth Circuit precedent, this is inappropriate. Defendants' request should be denied.

## I. Legal Standard

### A. Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing Fed. R. Evid. 201(b)). While courts may include in their review of a Rule 12(b)(6) motion to dismiss matters over which they "may take judicial notice," *In re Rigel Pharms. Inc., Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012), "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

A court may not take judicial notice of a fact that is subject to reasonable dispute without converting the motion to dismiss into a Rule 56 motion for summary judgment and giving "both

-3-

parties . . . the opportunity to present all material that is pertinent to the motion." *Id.* at 998; *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (reversing district court's taking judicial notice over "disputed facts stated in public records" to support its ruling and its failure to "draw all reasonable inferences from plaintiff's allegations").

### B.   Incorporation-By-Reference

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," particularly where those documents "form[] the basis of the plaintiff's claims" or where plaintiffs reference them "extensively" throughout their complaint. *Khoja*, 899 F.3d. at 1002.   The doctrine is intended to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those documents that weaken" their claims. *Id.* That said, the doctrine also exists to prevent *defendants* from arguing that certain documents "form[] the basis of the plaintiff's claims"—despite plaintiff's not referencing or identifying those documents in their complaint—in order to put extrinsic documents before the court and to assert improper defenses to plaintiff's claims at the motion to dismiss stage. *See id.*

### II.   Exhibits 1, 6-10 Are Subject To Reasonable Dispute, Thus The Facts Contained Within Them Are Not Judicially Noticeable

In their Motion to Dismiss, Defendants refer to Exhibit 1 and Exhibits 6-10 as support for their assertion that "none of the [insider stock] trades referenced in the Complaint is 'suspicious' because all of the trades were executed pursuant to Rule 10b5-1 plans." Mot. at 24. Although each of these documents references the existence of the Rule 10b5-1 plans in various ways,[1] the facts contained in these documents are in reasonable dispute for three reasons.

---

[1] Exhibit 1, Facebook's December 1, 2015 Current Report on Form 8-K, includes the announcement of the Chan Zuckerberg Initiative, Zuckerberg and his wife's limited liability company. Zuckerberg retains complete control over Facebook shares he transfers to the LLC pursuant to any 10b5-1 plans.  ¶314.  Exhibit 6, Facebook's 2018 Proxy Statement, notifies Facebook's shareholders that "certain of our directors and executive officers have adopted written plans, known as Rule 10b5-1 plans" under which they conduct their trading of Facebook stock.  Exhibit 7, Facebook's September 4, 2012 Current Report on Form 8-K, contains the Company's insider trading policy and notes specifically that Zuckerberg had, at that time, not yet entered into a Rule 10b5-1 plan.  Exhibits 8, 9, and 10 are SEC Form 4s disclosing,

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD

First, none of the exhibits that Defendants filed with their Motion to Dismiss attaches or reproduces the Rule 10b5-1 plans themselves—or even a single term, provision, or excerpt of the plans. *See Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009) ("SEC regulations require that a 10b5-1 plan specify the amount of securities to be sold, the date and price of the sales, or a formula for determining the amount, date and price, and that the plan was 'entered in good faith'").   Additionally, "courts frequently decline to take judicial notice of filings which are incomplete or truncated." *City of Miami Gen. Emps.' & Sanitation Emps' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 at n.1 (N.D. Cal. 2018).

Second, to Lead Plaintiffs' knowledge, the Rule 10b5-1 plans are not publicly available, despite their being referenced in various publicly available documents filed with the SEC.

Third, the facts contained in Exhibits 1, 6-10 are subject to reasonable dispute because Defendants' (particularly Defendant Zuckerberg's) trading patterns—which Lead Plaintiffs plead in detail in the Complaint (¶¶319-24, 370)—are inconsistent with the existence of a Rule 10b5-1 plan that meaningfully restricts trading activities.  As the Complaint alleges, Zuckerberg engaged in random and sporadic sales of Facebook stock throughout the early months of the Class Period.  Then, beginning in March 2018—suspiciously, just before the alleged corrective disclosures began—Zuckerberg rapidly accelerated his trading and began to sell shares on every single possible trading day until July 25, 2018, the final corrective disclosure and when the bottom fell out on Facebook's stock price.  ¶370.  This highly discretionary pattern, or lack thereof, is incompatible with the purpose of a Rule 10b5-1 trading plan, which is meant to render an insider's sales "automatic," "pre-established," or "nondiscretionary."  *See* U.S. Securities and Exchange Commission Guidance to Sections 101 to 107, Rules of General Application: Rules 0-1 to 0-10, November 7, 2018 ("For a defense to be available under Rule 10b5-1(c), each of the amount, price and date of the transaction must be specified or determined by formula, or all subsequent discretion over purchases and sales must be delegated to a third party who must not be aware of material nonpublic information when exercising that discretion. The person must

respectively, Zuckerberg's, Sandberg's, and Wehner's sales of Facebook stock, and they merely notate which of those sales were made pursuant to their Rule 10b5-1 plans.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD

make this specification or delegation in good faith before becoming aware of material nonpublic information.").

As such, because neither Lead Plaintiffs nor the Court can ascertain the contents of the Rule 10b5-1 plans, the facts contained in Exhibits 1, 6-10 are subject to reasonable dispute, and the Court should not take judicial notice of the facts contained in the documents.  Exhibits 1, 6-10 paint an incomplete, if not entirely misleading, picture of Zuckerberg's insider sales, on the basis of which Defendants are asking the Court to draw improper inferences in their favor.  This is unacceptable at the motion to dismiss stage.  *See In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) ("although evidence of the nondiscretionary nature of Defendants' sales may ultimately provide the basis of an affirmative defense at a later stage of the litigation, it suffices that, at the pleading stage, Plaintiffs have alleged significant and suspiciously timed securities sales").

Indeed, courts in the Ninth Circuit and around the country have declined to take judicial notice of SEC filings—including Forms 4—for the truth of their content and have noted the impropriety of drawing inferences from these documents on the basis of judicial notice.  For example, in *Patel v. Parnes*, the district court took judicial notice of "the content of . . . SEC Forms 4 and the fact that they were filed with the agency," but not the "truth of the content, and the inferences properly drawn from them."  253 F.R.D. 531, 546 (C.D. Cal. 2008) (citing *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi-public documents listed.  To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice.")).  Similarly, in *In re Foundry Networks, Inc.*, where plaintiffs objected to the court's taking judicial notice over "the truth of the contents in the noticed documents"—various SEC filings—the district court granted defendants' request for judicial notice only "to the extent it requests that the Court take judicial notice of the content of such documents."  2003 WL 23211577, at *10 n.11 (N.D. Cal. Feb. 14, 2003).[2]

---

[2] *See also U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ("[W]e can consider the *existence of* the reports . . . since the Complaint expressly refers to and 'necessarily relies on'

1        Here, the Ninth Circuit's concern of premature dismissal on the basis of Defendants' use

2   of extrinsic documents is particularly valid.  The Complaint adequately alleges that Defendants'

3   suspicious stock sales—and Zuckerberg's sales in particular—are evidence supporting the

4   inference of scienter.  ¶¶319-24, 370.  In arguing for dismissal, Defendants contend that, because

5   Defendants made their sales pursuant to Rule 10b5-1 plans, those sales are immune from any

6   suspicious inference.  Mot. at 24-25.  But given the facts that: (1) the Rule 10b5-1 plans are not

7   attached to Defendants' Motion to Dismiss, (2) the Rule 10b5-1 plans are not publicly available,

8   and (3) the Complaint alleges that Zuckerberg's trading pattern is inconsistent with the existence

9   of a Rule 10b5-1 plan, the facts are reasonably in dispute.

10  **III.    The Complaint Does Not Reference Or Identify Exhibit 24 Or Exhibits 30-34,
             Thus They Cannot Be Incorporated-By-Reference Or Judicially Noticed**

11

12          **A.     Exhibit 24**

13       Throughout their Motion to Dismiss, Defendants refer to Exhibit 24, purportedly the Data

14  Policy in effect on the Facebook platform in 2013, to support their argument that Facebook users

15  consented to sharing their data and their friends' data with third party app developers.  *See* Mot.

16  at 6, 7, 13, 15.  And in their Request, Defendants maintain, "Facebook's Data Policy . . . [is]

17  referenced and necessarily relied on in the Complaint . . . Plaintiffs' claims rely on Facebook's

18  Data Policy in place at the time Cambridge Analytica harvested the Facebook data at issue."

19  Request at 4.

20  _____

21  them. Nonetheless, we may not, on the basis of these reports, draw inferences or take notice of
    facts that might be reasonably disputed. . . [including] open questions requiring further factual
22  development."); *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038
    (N.D. Cal. 2017) (granting judicial notice, "but only as to the existence of the documents, the
23  dates they were submitted, and the existence of the contents therein.  The court declines to take
    judicial notice of the contents for the truth of the matters asserted, because those facts are
24  disputed"); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27,
    2016) ("The Court grants Defendants' requests for judicial notice because these documents are
25  SEC filings.  However, notice is taken to establish the existence of the documents, not for the
    truth of the disputed facts."); *Rollins v. Digital Health*, 19 F. Supp. 3d 909, 912 (N.D. Cal. 2013)
26  ("However, a court may take judicial notice of documents only for their existence, not the truth
    of the contents therein.  As Dignity cites to these documents for the truth of the matters asserted
27  within, the Court finds the documents inappropriate for judicial notice and declines to review
    them here on a motion to dismiss.").
28

-7-

This is incorrect.  Lead Plaintiffs neither relied on the 2013 Data Policy nor incorporated it by reference into their Complaint.  *See Khoja*, 899 F.3d at 1007 ("Orexigen claimed that the Complaint 'references' this press release. . . . In fact, the Complaint does not reference or identify this press release at all. The Complaint only alleges facts that the press release happens to report . . . .").  Thus, it would be improper to deem Exhibit 24 incorporated by reference (it plainly is not) and nor should it be judicially noticed given that the truth of its contents is reasonably in dispute.  *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss at § I.C.1 (explaining that the form of consent for which Defendants rely on Exhibit 24 is invalid).

Defendants' request here is analogous to a similar request that Facebook made in *Duguid v. Facebook Inc.*, in which the Company asked the court to take judicial notice of screenshots of three webpages from Facebook, arguing that "Plaintiff's Complaint relies on and attaches Facebook webpages, and alleges facts relating to" the webpages at issue.  2016 WL 1169365, at *2 (N.D. Cal. Mar. 24, 2016).  There, Judge Tigar noted not only that he could not appropriately take judicial notice of the documents merely because they appeared on the defendant company's website—one of Defendants' arguments here as well (Request at 5 ("It is common for courts to take judicial notice of a company's historical privacy policies."))—but also that the plaintiff's complaint had neither relied on the documents nor alleged the documents' contents.  *Duguid*, 2016 WL 1169365, at *2.

Because the Complaint does not reference or identify the 2013 Data Policy, and the document does not form the basis of Lead Plaintiff's claims, the Court should decline to take judicial notice of Exhibit 24 or to incorporate it by reference.  Nevertheless, if the Court agrees to take judicial notice of Exhibit 24, Lead Plaintiffs respectfully request that the Court does so only with respect to the existence of the policy—not to draw inferences from the reasonably disputed facts contained within it.  Analysis of the various Data Policies (and other policies regarding use of the Facebook platform by users and developers) is a subject appropriately left for the discovery stage of this litigation.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD

### B.    Exhibits 30-34

Defendants refer to Exhibits 30 through 34 in their Motion to Dismiss to support the argument—blatantly improper at the pleading stage—that Lead Plaintiffs' claims should be dismissed because they "arise during a period of incredible volatility in U.S. stock markets, and in the technology sector in particular." Mot. at 2.  Defendants attempt to rely on these documents to make what amounts to a loss causation or damages argument: that "the price of Facebook stock—like the price of other technology stocks and U.S. stocks generally—experienced large swings up and down." *Id.*  However, the stock prices of Apple, Google, Netflix, and the overall volatility of the stock market during the period in question are plainly irrelevant to the question that the Court must answer at this stage:  have Plaintiffs adequately stated a claim for securities fraud?

Here, the Complaint adequately alleges all that is required at the motion to dismiss stage—that the precipitous declines in Facebook's stock in March and July 2018 were caused by the disclosure of risk and information that Facebook previously, fraudulently concealed.  *E.g.*, ¶¶14-23, 160-63, 184-85, 188-90, 211-12, 218-20, 332-51.  By inundating the Court with irrelevant documents, Defendants do just what the *Khoja* court warned of: "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint," and attempting to "short-circuit the resolution of a well-pleaded claim." 899 F.3d at 1003; *see also In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (declining to take judicial notice—"not appropriate in this procedural context"—of documents relating to defendants' loss causation arguments about "what information the market reasonably knew"); *In re Washington Mut., Inc. Sec., Deriv. & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (declining to take judicial notice of reports "pertaining to the recent economic downturn and deterioration of the housing market") (citing *In re 2007 Novastar Fin., Inc., Sec. Litig.*, 2008 WL 2354367, at *1 (W.D. Mo. June 4, 2008) (taking judicial notice of the fact of industry reversals but not of the impact of those reversals)).

-9-

1   Because the Complaint does not reference or identify the documents that Defendants

2   submit as Exhibits 30-34, the documents in no way form the basis of Lead Plaintiff's claims, and

3   because Defendants are attempting to assert an inappropriate defense at the motion to dismiss

4   stage, the Court should decline to take judicial notice of Exhibits 30-34 or to incorporate them

5   by reference.  *Khoja*, 899 F.3d at 1002.

6                                          **CONCLUSION**

7       Lead Plaintiffs respectfully request that the Court take judicial notice of the existence of

8   Exhibit 1 and Exhibits 6-10, attached to the Lutz Declaration, but not take judicial notice of the

9   truth of the facts contained within those documents.  Lead Plaintiffs respectfully request that the

10   Court decline to take judicial notice of or to incorporate by reference Exhibit 24 and Exhibits

11   30-34, attached to the Lutz Declaration.

12   DATED:  February 12, 2019                      ROBBINS GELLER RUDMAN
                                                        & DOWD LLP
13                                                   DENNIS J. HERMAN
                                                     JASON C. DAVIS
14                                                   KENNETH J. BLACK

15

16                                                   */s/ Dennis J. Herman*
                                                     DENNIS J. HERMAN
17
                                                     One Montgomery Street, Suite 1800
18                                                   San Francisco, CA  94104
                                                     Telephone:  415/288-4545
19                                                   415/288-4534 (fax)

20                                                   *Counsel for Amalgamated and Co-Lead Counsel*
                                                     *for the Class*
21
                                                     BERNSTEIN LITOWITZ BERGER &
22                                                      GROSSMANN LLP
                                                     JONATHAN D. USLANER
23                                                   12481 High Bluff Drive, Suite 300
                                                     San Diego, CA  92130
24                                                   Telephone:  858/793-0070
                                                     858/793-0323 (fax)
25

26

27

28

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD

1

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
2

JOHN C. BROWNE
3

JEREMY P. ROBINSON
KATE W. AUFSES
4

5

*/s/ John C. Browne*
JOHN C. BROWNE
6

7

1251 Avenue of the Americas
New York, NY  10020
8

Telephone:  212/554-1400
212/554-1444 (fax)
9

10

*Counsel for Mississippi and Co-Lead Counsel
for the Class*
11

PIERCE BAINBRIDGE BECK PRICE
  & HECHT LLP
12

CLAIBORNE R. HANE
20 West 23rd Street, Fifth Floor
13

New York, NY 10010
Telephone:  212/484-9866
14

*Counsel for Helms and Additional Counsel for
the Class*
15

16

POMERANTZ LLP
JEREMEY A. LIEBERMAN
17

J. ALEXANDER HOOD II
600 Third Avenue, 20th Floor
18

New York, NY 10016
Telephone:  212/661-1100
19

212/661-8665 (fax)

20

*Counsel for Kacouris and Additional Counsel
for the Class*
21

22

23

24

25

26

27

28

-11-

1

## CERTIFICATE OF SERVICE

2        I, Jeremy P. Robinson, declare as follows:

3        I am employed in the County of New York, State of New York, I am over the age of

4   eighteen years and am not a party to this action; my business address is 1251 Avenue of the

5   Americas, 44th Floor, New York, NY 10020, in said County and State.

6        I hereby certify that on February 12, 2019, the foregoing **LEAD PLAINTIFFS'**

7   **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR**

8   **JUDICIAL NOTICE** was filed with the Clerk of the Court via CM/ECF. Notice of this filing

9   will be sent electronically to all registered parties by operation of the Court's electronic filing

10  systems.

11  Dated:  February 12, 2019                    /s/   *Jeremy P. Robinson*
                                                 Jeremy P. Robinson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
No. 5:18-CV-01725-EJD