Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,
Mark E. Zuckerberg, Sheryl K. Sandberg, and
David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl S. Sandberg, and David M. Wehner (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits 35 through 37 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Facebook's Reply in support of Facebook's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Reply Brief"), filed concurrently herewith.

## I. DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.

The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, publicly available news articles, *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

### A. House of Commons Testimony (Ex. 35)

Exhibit 35 is a transcript of a March 21, 2018 witness examination of Sandy Parakilas before the Digital, Culture, Media and Sport Committee of the House of Commons of the United Kingdom. Exhibit 35 is referenced, relied on, and repeatedly quoted in paragraphs 76, 77, and 78 of the Complaint.

Because it is referenced and relied on in the Complaint, the Court may consider Exhibit 35 under the incorporation by reference doctrine.  *See Coto*, 593 F.3d at 1038.

Judicial notice of Exhibit 35 is also appropriate because it is a matter of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999; *see, e.g.*, *Oregon State Bar Prof'l Liab. Fund v. U.S. Dep't of Health & Human Servs.*, 2012 WL 1071127, at *3 (D. Or. Mar. 29, 2012) (taking judicial notice of testimony before government body).  Accordingly, the Court should take judicial notice of Exhibit 35, portions of which are referenced in Facebook's Reply Brief.

**B.     Hearing Transcript (Ex. 36)**

Exhibit 36 is an excerpt of a Transcript of Proceedings from a February 1, 2019 hearing before Judge Vince Chhabria in the matter *In Re: Facebook, Inc., Consumer Privacy Profile Litigation*, 18-md-2843-VC, which is a data privacy action also arising out of the Cambridge Analytica events.

Publicly available transcripts of court hearings are "not subject to reasonable dispute," and courts therefore routinely take judicial notice of them.  *See In re: San Jose Airport Hotel, LLC*, 2016 WL 3357175, at *4 n.1 (N.D. Cal. June 17, 2016) (Davila, J.) (taking judicial notice of court hearing transcript and noting that court's statements and impressions from transcript); *Hicks v. Evans*, 2012 WL 12876096, at *1 (N.D. Cal. Nov. 30, 2012); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records, including hearing transcripts, from other court proceedings."); *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.").  Accordingly, the Court should take judicial notice of Exhibit 36.

**C.     Facebook Blog Post (Ex. 37)**

Exhibit 37 is an October 16, 2015 Facebook blog post entitled "Notifications for targeted attacks" by Alex Stamos, available at https://www.facebook.com/notes/facebook-security/notifications-for-targeted-attacks/10153092994615766/.

Because Exhibit 37 is a publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice.  Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at

999; *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (Davila, J.) ("Publically accessible websites and news articles are proper subjects of judicial notice."); *Orshan v. Apple Inc.*, 2018 WL 1510202, at *3 (N.D. Cal. Mar. 27, 2018) (Davila, J.) (taking judicial notice of a number of webpages hosted by defendant). Further, Exhibit 37 is cited and referenced in Exhibit 26 to the Declaration of Brian M. Lutz (another Facebook news post, which Plaintiffs do not contest is subject to judicial notice, and which Plaintiffs reference in their Complaint at paragraphs 5, 120, 122, 230, 301, and 302). *See* RJN at 6. Accordingly, the Court should take judicial notice of Exhibit 37.

## II.  CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court take judicial notice of Exhibits 35 through 37 to the Lutz Declaration, and consider Exhibit 35 incorporated by reference into the Complaint.

Dated: March 25, 2019

GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Orin Snyder_____
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel:  202.955.8500
Fax:  202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian M. Lutz
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

Paul J. Collins
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel:  650.849.5300
Fax:  650.849.5333
pcollins@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*