Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,
Mark E. Zuckerberg, Sheryl K. Sandberg, and
David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl S. Sandberg, and David M. Wehner (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits 1 through 30 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.  DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.

The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, publicly available news articles, *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**A.     Facebook's SEC Filings (Exs. 1-8)**[1]

Exhibit 1 is Facebook's 2018 Proxy Statement, which is referenced and relied on in paragraphs 225 and 226 of Plaintiffs' Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "SAC").  Exhibit 2 is Facebook's September 4, 2012 Current Report on Form 8-K.  Exhibit 3 is Facebook's December 1, 2015 Current Report on Form 8-K, which is referenced and relied on in paragraphs 494 and 495 of the SAC.  Exhibit 4-5 and 7-8 are compilations of Forms 4 filed by Facebook with U.S. Securities and Exchange Commission ("SEC").  And Exhibit 6 is a table created for the Court's convenience that summarizes the Forms 4 contained in Exhibit 5.

Judicial notice of these Exhibits is appropriate because they are public filings made by Facebook with SEC and summaries of such public filings, and therefore are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (Davila, J.) (taking judicial notice of SEC filings); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same); *see also City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan.").

Because they are "publicly available documents," the Court previously took judicial notice of Exhibits 1-4 and 7-8 for the purpose of recognizing that "a Rule 10b5-1 trading plan existed and that stock sales were made pursuant to that plan."  MTD Order at 16.  The Court should take judicial notice of these exhibits again here and also should take judicial notice of Exhibits 5-6 for the same purpose.  The Court also should deem Exhibits 1 and 3 incorporated by reference.

**B.     Facebook's Earnings Call and Shareholder Meeting Transcripts (Exs. 9-11)**

Exhibit 9 is Facebook's First Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 24, 428, and 454 of the SAC.  Exhibit 10 is Facebook's Second

---

[1] As described throughout this Request, the Court previously took judicial notice and deemed incorporated by reference many of these same exhibits in connection with Facebook's prior Motion to Dismiss.  *See* ECF No. 118 at 13-19 [hereinafter "MTD Order"].  The exhibit numbers associated with these exhibits, however, are different than the exhibit numbers used in connection with Facebook's prior Motion to Dismiss.

Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 26, 247, and 248 of the SAC. Exhibit 11 is a May 31, 2018 transcript of Facebook's 2018 Annual Shareholders Meeting, which is referenced and relied on in paragraphs 227, 228, and 437 of the SAC.

Because they are all referenced and relied on in the SAC, the Court may consider Exhibits 9 through 11 under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038. Judicial notice of Exhibits 9 through 11 also is appropriate because they are publicly available documents and thus are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record."); *Fadia v. FireEye, Inc.*, 2016 WL 6679806, at *3 (N.D. Cal. Nov. 14, 2016) (Davila, J.) (taking judicial notice of "transcripts from earnings calls"); *Kuehbeck v. Genesis Microchip Inc.*, 2005 WL 1787426, at *4 (N.D. Cal. July 27, 2005) (taking judicial notice of conference call transcripts).

The Court previously took judicial notice of Exhibits 9 and 10 "because these are relied on extensively by Plaintiffs and are used as evidence to establish a material misstatement or omission," and "are also matters of public record." MTD Order at 14-15. The Court should take judicial notice of these exhibits again here and also should take judicial notice of Exhibit 11 for the same reasons.

## C. Parliamentary Testimony and Parliamentary Report (Exs. 12-13)

Exhibit 12 is a transcript of a November 27, 2018 witness examination before the Digital, Culture, Media and Sport Committee of the House of Commons of the United Kingdom. Exhibit 13 is a February 18, 2019 report from the Information Commissioner's Office of the Parliament of the United Kingdom entitled "Disinformation and 'fake news': Final Report," which is referenced and relied on in paragraphs 115, 270, 312 of the SAC. The Court therefore may consider Exhibit 13 incorporated by reference. *See Coto*, 593 F.3d at 1038.

Judicial notice of Exhibits 12 and 13 also is appropriate because they are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999; *see, e.g.*, *Oregon State Bar Prof'l Liab. Fund v. U.S. Dep't of Health & Human Servs.*, 2012 WL 1071127, at *3 (D. Or. Mar. 29, 2012) (taking judicial notice of testimony before government body); *Mullins v. Wells Fargo Bank, N.A.*, 2013 WL 2318879, at *3 (E.D. Cal. May 28, 2013) (taking judicial notice of

"official documents from government agencies"); *Saldaña v. Occidental Petroleum Corp.*, 2012 WL 12884907, at *1 n.1 (C.D. Cal. Feb. 13, 2012), *aff'd sub nom. Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544 (9th Cir. 2014) (taking judicial notice of report authored by government agency).

Further, the Court previously took judicial notice of a transcript of a witness examination before a government body because it was "a matter of public record not subject to reasonable dispute." MTD Order at 18. The Court should take judicial notice of Exhibits 12 and 13 for the same reason.

**D.     Court Filings (Exs. 14-16)**

Exhibit 14 is a May 31, 2019 Memorandum Opinion issued by Vice Chancellor Slights from the Delaware Court of Chancery in the case *In re Facebook, Inc. Section 220 Litigation*, C.A. No. 2018-0661-JRS (Del. Ch.). Exhibit 14 is referenced and relied on in paragraphs 306 through 310 of the SAC. Exhibit 15 is the Complaint from the case *SEC v. Facebook, Inc.*, No. 3:19-cv-04241 (N.D. Cal.), dated July 24, 2019. Exhibit 15 is referenced and relied on in paragraphs 13 and 270 through 280 of the SAC. Exhibit 16 is a Consent of Defendant Facebook, Inc. to Entry of Final Judgment from the case *SEC v. Facebook, Inc.*, No. 3:19-cv-04241 (N.D. Cal.), dated July 24, 2019.

Judicial notice of Exhibits 14 through 16 is appropriate because they are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). "Materials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records … from other court proceedings."). Accordingly, the Court should take judicial notice of Exhibits 14 through 16, and also should deem Exhibits 14 and 15 incorporated by reference.

**E.     News Articles (Exs. 17-24)**

Exhibits 17 through 24 are documents referenced and necessarily relied on in the SAC, and they are thus properly incorporated by reference. Specifically:

- Exhibit 17, a December 11, 2015 article published by *The Guardian*, is referenced and relied on in paragraphs 5, 86, 93, 100, 137, and 167 of the SAC;

- Exhibit 18, a November 19, 2017 article published by *The New York Times*, is referenced and relied on in paragraphs 256, 261, and 262 of the SAC;

- Exhibit 19, a March 20, 2018 transcript of a radio show aired by *NPR*, is referenced and relied on in paragraphs 106, 147, and 152 of the SAC;

- Exhibit 20, a March 20, 2018 article published by *The Guardian*, is referenced and relied on in paragraphs 260 and 261 of the SAC;

- Exhibit 21, a March 17, 2018 article published by *The Guardian*, is referenced and relied on in paragraphs 20, 512, and 513 of the SAC;

- Exhibit 22, a March 17, 2018 article published by *The New York Times*, is referenced and relied on in paragraphs 20, 189, 512, and 513 of the SAC;

- Exhibit 23, a March 18, 2018 article published by *The Washington Post*, is referenced and relied on in paragraphs 182, 344, and 392 of the SAC; and

- Exhibit 24, a March 30, 2017 article published by *The Intercept*, is referenced and relied on in paragraphs 161 and 363 of the SAC.

These news articles are incorporated by reference because Plaintiffs cite to and quote from these documents in the SAC. *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking notice of documents that "Plaintiffs expressly cite and quote from … in the [complaint]").

Additionally, because Exhibits 17 through 24 are publicly available documents, available on publicly accessible websites, they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and they thus are subject to judicial notice. Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at 999; *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (Davila, J.) ("Publically accessible websites and news articles are proper subjects of judicial notice."). Judicial notice of these news articles is appropriate to show that the market was aware of the information contained in the articles. *See In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (Davila, J.) (granting judicial notice of four news articles).

The Court previously took judicial notice of Exhibits 17 through 20 because they "are publicly available news articles" used "to show that the market was aware of the information contained in the articles." MTD Order at 15 (citing *Kalobios*, 258 F. Supp. 3d at 1003-04). The Court also held that these articles "were reprinted in full or in part in the Complaint and so are also incorporated by reference." *Id.* The Court should hold the same here for Exhibits 17 through 24.

### F. Facebook's Data Policy (Exs. 25-27)

Exhibits 25, 26, and 27 are versions of Facebook's Data Policy (previously referred to as the "Data Use Policy" and the "Privacy Policy") in effect during the time period covered by Plaintiffs' allegations in the SAC. Facebook's Data Policy is referenced and necessarily relied on in the SAC, and Exhibits 25 through 27 thus are properly incorporated by reference. *See, e.g.*, ¶¶ 15-16, 51, 66, 81-85, 87, 89, 101, 105, 111, 121, 139, 167, 170, 186, 232, 234, 262, 301-302, 304, 314, 332, 339, 343, 345, 348, 352, 354, 370-372, 375, 381-384, 387, 396, 400, 434, 449, 462-471, 474-475, 481 & ns. 29, 148, 152, 415, 427-429; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference proper where "the plaintiff refers extensively to the document"). Plaintiffs' claims rely on Facebook's Data Policy in place at the time Cambridge Analytica harvested the Facebook data at issue (Exhibit 25), which allowed users to consent to share certain data about their friends with app developers. And Plaintiffs extensively reference the changes that Facebook made to its Data Policy in 2014 and 2015 (as reflected incrementally in Exhibits 26 and 27), which modified the policy in place in 2013 by limiting the data that apps could access. *See, e.g.*, ¶¶ 15-16, 66, 81-85, 87, 89, 101, 105, 111, 121, 186, 234, 262, 301, 314, 332, 339, 343, 345, 348, 352, 354, 381-384, 387, 396, 400, 434; *Coto*, 593 F.3d at 1038 (9th Cir. 2010) (documents are incorporated by reference where "the contents of the document are alleged").

Plaintiffs also claim that Facebook's Data Policy itself was misleading, as well as statements concerning modifications to the 2013 Policy. *See, e.g.*, ¶¶ 332, 339, 343, 345, 348, 352, 354, 370-372, 375, 381-384, 387, 396, 400, 434 (claiming that quoted excerpts of the Data Policy were "materially misleading"). These documents "form[] the basis of the [plaintiffs'] claim[s]," and incorporation by reference thus is proper. *Ritchie*, 342 F.3d at 907.

The Data Policy also is subject to judicial notice because it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). It is common for courts to take judicial notice of a company's historical privacy policies. *See, e.g.*, *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (taking judicial notice of multiple versions of Google's privacy policy, including archived versions); *Oracle Am., Inc. v. CedarCrestone, Inc.*, 938 F. Supp. 2d 895, 901 (N.D. Cal. 2013) (similar); *In re Yahoo Mail Litig.*, 7

1  F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (sua sponte taking judicial notice of Yahoo's privacy policy
2  and terms of use). Here, Exhibits 24 through 26 were obtained from the "Internet Archive's Wayback
3  Machine," from which "district courts in this circuit [] routinely take[] judicial notice." *United States*
4  *ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd sub*
5  *nom. United States ex rel. Juan Hong v. Newport Sensors, Inc,* 713 F. App'x 724 (9th Cir. 2018), *and*
6  *aff'd sub nom. United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660 (9th Cir. 2018).
7  Plaintiffs themselves, for example, cite to Exhibit 27 via the Wayback Machine. ¶ 51 n.29.[2]
8  Accordingly, the Court should take judicial notice of Exhibits 25 through 27, portions of which are
9  referenced in Defendants' Motion to Dismiss.

10  The Court previously took judicial notice of Exhibit 26 because it was "used throughout
11  Plaintiffs' Complaint to show changes that Facebook made to the policy." MTD Order at 15. And the
12  Court previously took judicial notice of Exhibit 25 because the policy is "implicitly referenced
13  throughout" Plaintiffs' Complaint and it "would be unfair for Plaintiffs to reference this document to
14  show the change in Facebook's Data Policy and suppress the actual policy." *Id.* at 17. Exhibit 27 is a
15  version of Facebook's Data Policy that was in effect between Exhibits 25 and 26, and which is
16  referenced explicitly in the SAC. *See, e.g.*, ¶ 51 n.29. The Court should take judicial notice of Exhibits
17  25 through Exhibit 27, as well as deem them incorporated by reference.

18  **G.   Facebook's White Paper (Ex. 28)**

19  Exhibit 28 is an April 27, 2017 Facebook white paper by Jen Weedon, William Nuland, and
20  Alex Stamos, which is referenced and relied on in paragraphs 405 through 407 of the SAC. Because
21  it is referenced and relied on in the SAC, the Court may consider Exhibit 28 under the incorporation
22  by reference doctrine. *See Coto*, 593 F.3d at 1038. And since Exhibit 28 is a publicly available

---

[2] Facebook's Data Policy also appears in identical form in numerous court filings and on governmental websites, which similarly carry the imprimatur of reliability. *See Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008). In *Campbell et al v. Facebook Inc.*, No. 4:13-cv-05996-PJH (N.D. Cal. Oct. 9, 2014) (Dkt. 42), for example, the parties stipulated that three attached versions of Facebook's Data Policy, including Exhibit 25 here, were judicially noticeable. *See id.*, ECF No. 43 at 14 n.2 (granting request); *see also, e.g.*, Will Castleberry, Re: Facebook Response to National Association of Attorneys General (NAAG) (May 7, 2018), *available at* https://consumer.sd.gov/docs/facebookResponse_05-09-2018letter.pdf (Facebook's November 15, 2013 Data Policy, Exhibit 25, appended to letter to association of attorneys general).

document, which is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, it also is subject to judicial notice. Fed. R. Evid. 201(b).

The Court previously took judicial notice of Exhibit 28 because it is "referenced in the Complaint" and is a "publicly available document[]." MTD Order at 15. The Court should do so again here and also deem the document incorporated by reference.

**H.      Facebook's Stock Price (Ex. 29)**

Exhibits 29 is a Bloomberg stock table showing the historical stock prices of Facebook from January 2, 2018 to December 11, 2018. The Court may take judicial notice of Facebook's stock prices. *See Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan 12, 2012) (collecting cases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice.").

The Court previously took judicial notice of Exhibit 29 for these reasons and should do so again here. MTD Order at 15 (citing *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d at 864).

**I.      Facebook Blog Post (Ex. 30)**

Exhibit 30 is an April 30, 2014 Facebook blog post entitled "Notifications for targeted attacks The New Facebook Login and Graph API 2.0" by Jeffrey Spehar, available at https://developers.facebook.com/blog/post/2014/04/30/the-new-facebook-login. Because Exhibit 30 is a publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice. Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at 999; *Diaz*, 2018 WL 2215790, at *3 (Davila, J.) ("Publically accessible websites and news articles are proper subjects of judicial notice."); *Orshan v. Apple Inc.*, 2018 WL 1510202, at *3 (N.D. Cal. Mar. 27, 2018) (Davila, J.) (taking judicial notice of a number of webpages hosted by defendant). Further, the Court previously took judicial notice of a Facebook blog post because it was a "publicly available document," MTD

Order at 19, as well as a Facebook press release for the same reason, *id.* at 15. Accordingly, the Court should take judicial notice of Exhibit 30.

## II.   CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court take judicial notice of Exhibits 1 through 30 to the Lutz Declaration to the extent they are relied on in Facebook's Motion to Dismiss, and consider Exhibits 1, 3, 9-11, 13-15, and 17-28 as incorporated by reference.

Dated: January 15, 2020                              GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel:  202.955.8500
Fax:  202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian M. Lutz
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

Paul J. Collins
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel:  650.849.5300
Fax:  650.849.5333
pcollins@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

9
REQUEST FOR JUDICIAL NOTICE
CASE NO. 5:18-CV-01725-EJD

Gibson, Dunn & Crutcher LLP