ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
JOHN C. BROWNE
JEREMY P. ROBINSON
KATE AUFSES
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212/554-1400
212/554-1444 (fax)
johnb@blbglaw.com
jeremy@blbglaw.com
kate.aufses@blbglaw.com

Co-Lead Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | Master File No. 5:18-cv-01725-EJD |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| ALL ACTIONS. | |

Cases\4817-0742-9048.v1-3/24/20

## I. INTRODUCTION

Plaintiffs[1] do not oppose Defendants'[2] request ("RJN") (ECF No. 127) that this Court take judicial notice of the 30 documents (over 600 pages long) that Defendants filed in connection with Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint for Violation of the Securities Laws ("Motion") (ECF No. 126) on the grounds that the Complaint[3] incorporates them by reference and/or they are matters of public record not subject to reasonable dispute under this Court's prior orders.  Defendants should not be permitted, however, to cherry pick 30 documents out of the hundreds supporting the Complaint, and then present those 30 documents out of context without permitting Plaintiffs the opportunity to rebut Defendants' submissions, as Plaintiffs further demonstrate in Lead Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss, filed herewith.

For these reasons, Plaintiffs ask the Court to take judicial notice of 11 documents, Exhibits A-K.[4]  The Complaint incorporates them by reference, and/or they are matters of public record not subject to reasonable dispute.  The contents of these documents are also central to Plaintiffs' allegations and further rebut the factual arguments (allegations) that Defendants make.

## II. ARGUMENT

The Court may take judicial notice of documents incorporated by reference in the Complaint "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, ___ U.S. ___, 139 S. Ct. 2615 (2019) (citing *United States v. Ritchie*, 342

---

[1]   Plaintiffs are Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated"), and the Public Employees' Retirement System of Mississippi ("Mississippi," and together with Amalgamated, "Lead Plaintiffs"),

[2]   Defendants are Facebook Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner ("Defendants").

[3]   All references to the "Complaint" are to the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 123); All "¶__" and "¶¶__" references are to the Complaint.

[4]   The exhibits are attached to the Declaration of Jason C. Davis in Support of Lead Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant' Motion to Dismiss.

F.3d 903, 907 (9th Cir. 2003)).  "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims," which the Ninth Circuit described as a "concerning pattern in securities cases."  *Id.*  Under the Federal Rules of Evidence, Rule 201, the Court may also take judicial notice of facts that are "'not subject to reasonable dispute'" and that "'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Id.* at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

The Court has previously taken notice of a number of these and similar documents (MTD Order[5] at 13-19) and should exercise the same discretion with respect to Exhibits A-K:

- **Exhibit A** is a March 4, 2017 article appearing in *The Guardian*, titled "*Watchdog to launch inquiry into misuse of data in politics*," available at https://www.theguardian.com/technology/2017/mar/04/cambridge-analytics-data-brexit-trump.  The Complaint incorporates it by reference (*e.g.*, ¶362), and it is a matter of public record not subject to reasonable dispute.  As Defendants note in their RJN, "the Court [has] previously t[aken] judicial notice [of] matter[s] of public record" not subject to reasonable dispute.  RJN at 3-4 (citing MTD Order at 14-15, 18).

- **Exhibit B** is the Federal Trade Commission's July 24, 2019 complaint against Facebook, available at https://www.ftc.gov/enforcement/cases-proceedings/092-3184/facebook-inc.  The Complaint incorporates it by reference (*e.g.*, ¶64), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.

- **Exhibit C** is a transcript of an interview of Roger McNamee titled, "From Mentor to Activist: Facebook Through the Eyes of Roger McNamee," by Real Vision on April 28, 2018, available at: https://www.youtube.com/watch?v=jE3bokK42JI.  The transcript refers to Mr. McNamee's direct dealings with Defendants during the October 2016-February 2017 period, which are incorporated by reference in the Complaint (*e.g.*, ¶¶106, 147-149, 152).  The transcript reflects the text of the interview, which was in a video format.  It is a matter of public record not subject to reasonable dispute.  A court reporter prepared the transcript.

- **Exhibit D** is a series of internal Facebook emails or messages sent and received between September 29, 2015 and May 9, 2016, internally at Facebook.  The document was produced and filed publicly in redacted form in the litigation styled

---

[5]  All references to the "MTD Order" are to the Order Granting Defendants' Motion to Dismiss Consolidated Class Action Complaint ("ECF No. 118).

*District of Columbia v. Facebook, Inc.*, No. 2018 CA 008715-B.  It was filed as Exhibit 1 to the Joint Consent Motion Regarding Motion to Seal (D.C. Super. Ct. Aug. 29, 2019).  The Complaint incorporates the document by reference (*e.g.*, ¶¶137, 139, 179), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.  Plaintiffs have added page numbers to the document to facilitate references to it.

- **Exhibit E** is a transcript of a presentation given by the CEO of Cambridge Analytica, Alexander Nix, at the September 13, 2016 Concordia Summit, titled "Cambridge Analytica – The Power of Big Data & Psychographics," available at https://www.youtube.com/watch?v=n8Dd5aVXLCc.  The presentation is embedded and referenced in the October 27, 2016 *The Washington Post* article that the Complaint incorporates by reference (*e.g.*, ¶¶146, 278; Ex. J); the video also is referenced in the Complaint as the linked video "presentation by Cambridge Analytica's CEO."  ¶146.  The presentation also is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.  A court reporter prepared the transcript.

- **Exhibit F** is an image from the video identified in Exhibit E.

- **Exhibit G** is an excerpt from the June 8, 2018 Facebook response to Questions for the Record, submitted pursuant to the Facebook, Social Media Privacy, and the Use and Abuse of Data: Hearing before the Senate Committee on Commerce, Science and Transportation 115 Cong. (Apr. 10, 2018), available at https://www.commerce.senate.gov/services/files/ ED0185FB-615A-4FD5-818B-5CE050825A9B.  The Complaint incorporates the document by reference (¶¶339, 440), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.

- **Exhibit H** is a transcript of an interview titled "*CNN Exclusive: Zuckerberg Apologizes*," of March 22, 2018, available at https://www.cnn.com/videos/cnnmoney/2018/03/22/ facebook-zuckerberg-cambridge-analytica-long.cnnmoney.  The interview is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.  A court reporter prepared the transcript.

- **Exhibit I** is a letter with attachments from Rebecca Stimson, Head of Public Policy, Facebook UK, to Damian Collins, Chair, Digital, Culture, Media and Sport Committee, United Kingdom House of Commons (May 14, 2018), available at https://www.parliament.uk/documents/commons-committees/culture-media-and-sport/ 180514-Rebecca-Stimson-Facebook-to-Ctte-Chair-re-oral-ev-follow-up.pdf. The Complaint incorporates the document by reference (¶143), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.  Plaintiffs have added page numbers to the document to facilitate references to it.

- **Exhibit J** is an October 27, 2016 *The Washington Post* article titled, "Trump's plan for a comeback includes building a 'psychographic' profile of every voter," available

at https://www.washingtonpost.com/politics/trumps-plan-for-a-comeback-includes-building-a-psychographic-profile-of-every-voter/2016/10/27/9064a706-9611-11e6-9b7c-57290af48a49_story.html.  The Complaint incorporates the document by reference (¶146), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.

- **Exhibit K** is a March 16, 2018 Facebook Newsroom post titled, "Suspending Cambridge Analytica and SCL Group From Facebook," available at https://about.fb.com/news/2018/03/suspending-cambridge-analytica/.  The Complaint incorporates the document by reference (¶186), and it is a matter of public record not subject to reasonable dispute, similar to documents that Defendants ask the Court to notice.

### III.   CONCLUSION

Similar to the 30 documents that Defendants ask the Court to notice, Plaintiffs request that the Court take notice of the 11 documents identified above for the reasons set forth above.

DATED:  March 24, 2020

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
JASON C. DAVIS
KENNETH J. BLACK

              s/ Jason C. Davis
              JASON C. DAVIS

One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

Counsel for Amalgamated and Co-Lead Counsel for the Class

| | |
|---|---|
| 1 | |
| 2 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
| 3 | JOHN C. BROWNE<br>JEREMY P. ROBINSON |
| 4 | KATE AUFSES<br>1251 Avenue of the Americas |
| 5 | New York, NY  10020<br>Telephone:  212/554-1400 |
| 6 | 212/554-1444 (fax)<br>johnb@blbglaw.com |
| 7 | jeremy@blbglaw.com<br>kate.aufses@blbglaw.com |
| 8 | Counsel for Mississippi and Co-Lead Counsel for the Class |

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND RESPONSE TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE - 5:18-cv-01725-EJD                                                                    - 5 -
Cases\4817-0742-9048.v1-3/24/20

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 24, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

    s/ Jason C. Davis
JASON C. DAVIS
ROBBINS GELLER RUDMAN
       & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:  jdavis@rgrdlaw.com

Cases\4817-0742-9048.v1-3/24/20