Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,
Mark E. Zuckerberg, Sheryl K. Sandberg, and
David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl S. Sandberg, and David M. Wehner (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits 1 through 35 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith.

## I.   DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents on which the complaint "necessarily relies," the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.

The Court also may take judicial notice of matters that are not subject to reasonable dispute because they either are (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, publicly available news articles, *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**A.   Facebook's Earnings Call and Shareholder Meeting Transcripts (Exs. 1-2)**

Exhibit 1 is Facebook's First Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 25, 603, and 630 of the TAC. Exhibit 2 is Facebook's Second Quarter 2018 Results Conference Call Transcript, which is referenced and relied on in paragraphs 27, 422, and 423 of the TAC.

Because they are referenced and relied on in the TAC, the Court may consider Exhibits 1 and 2 under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038. Judicial notice of Exhibits 1 and 2 also is appropriate because they are publicly available documents and thus are matters of public record, the contents of which are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("[T]ranscripts of conference earnings calls are judicially noticeable because they are matters of public record."); *Fadia v. FireEye, Inc.*, 2016 WL 6679806, at *3 (N.D. Cal. Nov. 14, 2016) (Davila, J.) (taking judicial notice of "transcripts from earnings calls"); *Kuehbeck v. Genesis Microchip Inc.*, 2005 WL 1787426, at *4 (N.D. Cal. July 27, 2005) (taking judicial notice of conference call transcripts).

The Court previously took judicial notice of Exhibits 1 and 2 because "these exhibits are publicly available documents and are thus matters of public record not subject to reasonable dispute." ECF No. 137 (the "2020 Order") at 27. The Court should take judicial notice of these exhibits again here for the same reasons.

**B.    Parliamentary Testimony and Parliamentary Report (Exs. 3-5, 35)**

Exhibit 3 is a transcript of a November 27, 2018 witness examination before the Digital, Culture, Media and Sport Committee of the House of Commons of the United Kingdom, which is referenced and relied on in paragraphs 323, 324, and 325 of the TAC. Exhibit 4 is a February 18, 2019 report from the Information Commissioner's Office of the Parliament of the United Kingdom entitled "Disinformation and 'fake news': Final Report," which is referenced and relied on in paragraphs 223, 318, and 487 of the TAC. Exhibit 5 is a May 14, 2018 letter with attachments from Rebecca Stimson, Head of Public Policy, Facebook UK, to Damian Collins, Chair, Digital, Culture, Media and Sport Committee, United Kingdom House of Commons, which is referenced and relied on in paragraphs 146, 193, 194, 197, 201, 213, 214, and 270 of the TAC. The Court therefore may consider Exhibits 3 through 5 as incorporated by reference. *See Coto*, 593 F.3d at 1038.

Exhibit 35 is an October 2, 2020 letter from the Information Commissioner's Office of the Parliament of the United Kingdom, to Julian Knight, Chair, Digital, Culture and Media and Sport Committee, United Kingdom House of Commons. Judicial notice of Exhibit 35, along with Exhibits 3 through 5, is appropriate because they are matters of public record, the contents of which are not

subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999; *see, e.g.*, *Or. State Bar Pro. Liab. Fund v. U.S. Dep't of Health & Human Servs.*, 2012 WL 1071127, at *3 (D. Or. Mar. 29, 2012) (taking judicial notice of testimony before government body); *Mullins v. Wells Fargo Bank, N.A.*, 2013 WL 2318879, at *3 (E.D. Cal. May 28, 2013) (taking judicial notice of "official documents from government agencies"); *Saldaña v. Occidental Petroleum Corp.*, 2012 WL 12884907, at *1 n.1 (C.D. Cal. Feb. 13, 2012), *aff'd sub nom. Saldana v. Occidental Petroleum Corp.*, 774 F.3d 544 (9th Cir. 2014) (taking judicial notice of report authored by government agency).  The Court previously took judicial notice of Exhibits 3 and 4 for this reason.  2020 Order at 28.  The Court should do so again, and for the same reason take judicial notice of Exhibits 5 and 35.

C.     **Court Filings (Exs. 6-8)**

Exhibit 6 is a May 31, 2019 Memorandum Opinion issued by Vice Chancellor Slights from the Delaware Court of Chancery in the case *In re Facebook, Inc. Section 220 Litigation*, C.A. No. 2018-0661-JRS (Del. Ch.).  Exhibit 6 is referenced and relied on in paragraphs 481 through 485 of the TAC.  Exhibit 7 is the complaint from the case *SEC v. Facebook, Inc.*, No. 3:19-cv-04241 (N.D. Cal.), dated July 24, 2019.  Exhibit 7 is referenced and relied on in paragraphs 14, 106, 130, 169, 179, 232, 263, 268, 285, 293, and 445 through 454 of the TAC.  Exhibit 8 is the complaint from the case *United States v. Facebook, Inc.*, No. 1:19-cv-2184 (D.D.C.), dated July 24, 2019.  Exhibit 8 is referenced and relied on in paragraphs 16, 61 through 65, 83, 89, 91 through 93, 96, 284, 315 through 317, 445, 461 through 467, 516, 521, 560, 572, and 573 of the TAC.  Because these documents form the basis of Plaintiffs' allegations in the TAC, they may be considered under the incorporation by reference doctrine.

Additionally, judicial notice of Exhibits 6 through 8 is appropriate because they are matters of public record, the contents of which are not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b). "Materials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds*; *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records … from other court proceedings.").  The Court previously took judicial notice of Exhibits 6 through 8 for this reason. 2020 Order at 28-29.  Accordingly, the Court

should take judicial notice of Exhibits 6 through 8, and also should deem Exhibits 6 through 8 incorporated by reference.

D.   **News Articles (Exs. 9-24)**

Exhibits 9, 11, 12, 13, 15, 17, 18, and 20 through 24 are documents referenced and necessarily relied on in the TAC, and they are thus properly incorporated by reference. Specifically:

- Exhibit 9, a December 11, 2015 article published by *The Guardian*, is referenced and relied on in paragraphs 5, 152, 164, 174, 285, 306, and 342 of the TAC;

- Exhibit 11, an October 27, 2016 article published by *Bloomberg*, is referenced and relied on in paragraphs 241, 271, 273, and 280 of the TAC;

- Exhibit 12, an October 27, 2016 article published by *Reuters*, is referenced and relied on in paragraph 273 of the TAC;

- Exhibit 13, a November 19, 2016 article published by *The New York Times*, is referenced and relied on in paragraphs 276 and 280 of the TAC;

- Exhibit 15, a January 28, 2017 article published by *Vice*, is referenced and relied on in paragraphs 259, 261, 287, 289, and 293 through 295 of the TAC;

- Exhibit 17, a March 4, 2017 article published by *The Guardian*, is referenced and relied on in paragraphs 298, 299, and 537 of the TAC;

- Exhibit 18, a March 30, 2017 article published by *The Intercept*, is referenced and relied on in paragraphs 305 through 308 of the TAC;

- Exhibit 20, a November 19, 2017 article published by *The New York Times*, is referenced and relied on in paragraphs 431, 436, and 437 of the TAC;

- Exhibit 21, a March 17, 2018 article published by *The Guardian*, is referenced and relied on in paragraph 21 of the TAC;

- Exhibit 22, a March 17, 2018 article published by *The New York Times*, is referenced and relied on in paragraphs 21, 110, 121, and 691 of the TAC;

- Exhibit 23, a March 20, 2018 article published by *The Guardian*, is referenced and relied on in paragraphs 49, 435, 436, 696, and 700 of the TAC; and

- Exhibit 24, a January 17, 2020 article published by *TechCrunch*, is referenced and relied on in paragraphs 176, 177, and 200 through 202 of the TAC.

These news articles are incorporated by reference because Plaintiffs cite to and quote from these documents as the basis of their allegations in the TAC. *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking notice of documents that "Plaintiffs expressly cite and quote from … in the [complaint]").

1          Exhibits 10, 14, 16, and 19 are, respectively, articles published by *The New York Times* (Dec. 15, 2015), *The Boston Globe* (Nov. 30, 2016), *Medium* (Feb. 12, 2017), and *The New York Review* (June 8, 2017). These articles—along with the rest of Exhibits 9 through 24—are publicly available documents, available on publicly accessible websites, and the contents are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and thus are subject to judicial notice. Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at 999; *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (Davila, J.) ("Publicly accessible websites and news articles are proper subjects of judicial notice."). Judicial notice of these news articles is appropriate to show that the market was aware of the information contained in the articles. *See In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (Davila, J.) (granting judicial notice of four news articles).

           The Court previously took judicial notice of Exhibits 9, 18, and 20 through 23 because they "are publicly available documents, available on publicly accessible websites" and "are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and are thus subject to judicial notice." 2020 Order at 28. The Court should do so again, and for the same reasons take judicial notice of Exhibits 10 through 17, 19, and 24.

**E.     Facebook's Data Policy (Ex. 25)**

           Exhibit 25 is a version of Facebook's Data Policy (previously referred to as the "Data Use Policy" and the "Privacy Policy") in effect during the time period covered by Plaintiffs' allegations in the TAC. Facebook's Data Policy is referenced and necessarily relied on in the TAC, and Exhibit 25 thus is properly incorporated by reference. *See, e.g.*, ¶¶ 16-17, 52, 67, 89-96, 98, 101-103, 107, 140, 158, 176-179, 292, 300-301, 322-324, 342, 345, 361, 407, 409, 437, 451, 454, 476-477, 479, 489, 507, 514, 518, 520, 523, 527, 529, 545-547, 550, 556-559, 562, 571, 575, 609, 625, 638-647, 650-651, 657 & ns. 36, 105, 122, 319, 322, 407, 411, 737, 754-756; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (incorporation by reference proper where "the plaintiff refers extensively to the document"). Plaintiffs' claims rely on Facebook's Data Policy in place at the time Cambridge Analytica harvested the Facebook data at issue (Exhibit 25), which allowed users to consent to share certain data about their

friends with app developers. *See Coto*, 593 F.3d at 1038 (9th Cir. 2010) (documents are incorporated by reference where "the contents of the document are alleged").

The Data Policy also is subject to judicial notice because it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). It is common for courts to take judicial notice of a company's historical privacy policies. *See, e.g.*, *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (taking judicial notice of multiple versions of Google's privacy policy, including archived versions); *Oracle Am., Inc. v. CedarCrestone, Inc.*, 938 F. Supp. 2d 895, 901 (N.D. Cal. 2013) (taking judicial notice of Oracle's software technical support policies); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (sua sponte taking judicial notice of Yahoo's privacy policy and terms of service). Here, Exhibit 25 was obtained from the "Internet Archive's Wayback Machine," from which "district courts in this circuit have routinely taken judicial notice." *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd sub nom. United States ex rel. Juan Hong v. Newport Sensors, Inc,* 713 F. App'x 724 (9th Cir. 2018), *and aff'd sub nom. United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660 (9th Cir. 2018).

The Court previously took judicial notice of Exhibit 25 because it was "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned," 2020 Order at 28, and "[i]t is common for courts to take judicial notice of a company's historical privacy policies," *id.* (citing *Matera*, 2016 WL 8200619, at *5; *Oracle*, 938 F. Supp. 2d at 901). The Court should once again take judicial notice of Exhibit 25 for the same reasons, as well as deem it incorporated by reference.

**F.    McNamee Transcript (Ex. 26)**

Exhibit 26 is a court-reporter-prepared transcript of an April 28, 2018 interview of Roger McNamee entitled "From Mentor to Activist: Facebook Through the Eyes of Roger McNamee," which is referenced and relied on in paragraphs 277-79 and 281 of the TAC. Because it is referenced and relied on in the TAC, the Court may consider Exhibit 26 under the incorporation by reference doctrine. *See Coto*, 593 F.3d at 1038. And because Exhibit 26 is a transcript of a publicly available video, which is capable of accurate and ready determination from sources whose accuracy cannot reasonably be

questioned, it also is subject to judicial notice. Fed. R. Evid. 201(b). The Court previously took judicial notice of Exhibit 26 because it is a "matter[] of public record" and thus "suitable for judicial notice." 2020 Order at 29. The Court should do so again here and also deem the document incorporated by reference.

### G.     Facebook's Stock Price (Ex. 27)

Exhibit 27 is a Bloomberg stock table showing the historical stock prices of Facebook from January 2, 2018 to December 11, 2018. The Court may take judicial notice of Facebook's stock prices. *See Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan 12, 2012) (collecting cases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice."). The Court previously took judicial notice of Exhibit 27 for these reasons and should do so again here. 2020 Order at 29 (citing *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d at 864).

### H.     Facebook Help Center Page (Ex. 28)

Exhibit 28 is a page from Facebook's Help Center entitled "What is public information on Facebook?", available at https://www.facebook.com/help/203805466323736. Because Exhibit 28 is a publicly available document, available on a publicly accessible website, it is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice. Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at 999; *Diaz*, 2018 WL 2215790, at *3 (Davila, J.) ("Publically accessible websites and news articles are proper subjects of judicial notice."); *Orshan v. Apple Inc.*, 2018 WL 1510202, at *3 (N.D. Cal. Mar. 27, 2018) (Davila, J.) (taking judicial notice of a number of webpages hosted by defendant). Further, the Court previously took judicial notice of a Facebook blog post because it was a "publicly available document, available on a publicly accessible website" and "is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." 2020 Order at 29. Accordingly, the Court should similarly take judicial notice of Exhibit 28.

## I.     Facebook's SEC Filings (Exs. 29-34)

Exhibit 29 is Facebook's 2018 Proxy Statement, which is referenced and relied on in paragraphs 400 and 401 of the TAC.  Exhibit 30 is Facebook's September 4, 2012 Current Report on Form 8-K.  Exhibit 31 is Facebook's December 1, 2015 Current Report on Form 8-K, which is referenced and relied on in paragraphs 670 and 671 of the TAC.  Exhibits 32-34 are compilations of Forms 4 filed by Facebook with the Securities and Exchange Commission ("SEC").

Judicial notice of these Exhibits is appropriate because they are public filings made by Facebook with SEC and, therefore, are matters of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (Davila, J.) (taking judicial notice of SEC filings); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan.").

Because Exhibits 29-34 are "public filings made by Facebook with the SEC" and "therefore matters of public record not subject to reasonable dispute," the Court previously took judicial notice of these Exhibits.  2020 Order at 27.  The Court should take judicial notice of these exhibits again for the same reasons.  The Court also should deem Exhibits 29 and 31 incorporated by reference.

## II. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court take judicial notice of Exhibits 1 through 35 to the Lutz Declaration to the extent they are relied on in Facebook's Motion to Dismiss, and consider Exhibits 1-9, 11-13, 15, 17-18, 20-26, 29, and 31 as incorporated by reference.

Dated: December 18, 2020

GIBSON, DUNN & CRUTCHER LLP

By:     */s/ Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

Brian M. Lutz
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
blutz@gibsondunn.com

Paul J. Collins
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: 650.849.5300
Fax: 650.849.5333
pcollins@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*