Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8217
Facsimile: 202.530.9614

Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Paul J. Collins (SBN 187709)
  pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,*
*Mark E. Zuckerberg, Sheryl K. Sandberg, and*
*David M. Wehner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF MATTHEW CAIN AND REFERENCES THERETO IN THE THIRD AMENDED COMPLAINT**<br><br>Date:      June 10, 2021<br>Time:     9:00 a.m.<br>Location:  Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila<br><br>Date First Action Filed:  March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on June 10, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the U.S. District Court for the Northern District of California, San Jose Courthouse, Courtroom 4, located at 280 South 1st Street, San Jose, CA 95113, Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner (together, "Defendants"), through their undersigned counsel, will, and hereby do, move to strike the expert declaration of Matthew D. Cain ("Cain") attached to the Third Amended Complaint ("TAC") and those portions of the TAC that cite or rely on Cain's opinions.  This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully submit this Memorandum of Points and Authorities in support of their Motion to Strike the Declaration of Matthew Cain and References Thereto in the Third Amended Complaint.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should strike Cain's expert declaration because it is not a written instrument under Federal Rule of Civil Procedure 10(c).

2.      Whether the Court should strike or disregard portions of the TAC that cite or rely on Cain's opinions because they are not factual allegations.

## I.      INTRODUCTION

This Court should follow the great weight of authority and strike the expert declaration Plaintiffs attach to their TAC because it is not a written instrument under FRCP 10(c) and contains no facts, only unsupported opinions.  Plaintiffs attach to the TAC a declaration from Matthew D. Cain, a retained economist who offers made-for-litigation opinions on why stock prices drop.  *See* Ex. C to TAC ("Cain Decl."), ECF No. 142.  Cain's declaration contains his opinions on the materiality of alleged omissions in the TAC and the "proximate[] cause[]" of declines in Facebook's stock price in March and July 2018.  *See* TAC ¶¶ 722-724; *see also* Cain Decl. ¶¶ 7, 11, 36, 37.  The Court should strike this expert opinion and disregard any portions of the TAC that cite or rely on Cain's opinions.

1    Although a document attached as an exhibit to a complaint may be considered part of the

2  pleading under Rule 10(c), "an expert affidavit does not meet the definition of a 'written document'

3  under Federal Rule of Civil Procedure 10(c)."  *In re Rigel Pharms., Inc. Sec. Litig.*, 2010 WL 8816155,

4  at *1 n.1 (N.D. Cal. Aug. 24, 2010) (citation omitted).  Cain's declaration, therefore, is not part of

5  Plaintiffs' pleading and may not be considered on a motion to dismiss.  In addition, Cain's expert

6  declaration should not be considered on the motion to dismiss because it contains only opinions, and a

7  retained expert's "opinions cannot substitute for facts" under the Private Securities Litigation Reform

8  Act of 1995 ("PSLRA").  *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2013 WL 2156358,

9  at *7 (N.D. Cal. May 17, 2013) (declining to consider, in the context of a Rule 12(b)(6) motion, an

10  expert declaration and those portions of the complaint alleging the expert's opinions).  For these

11  reasons, the Court should strike Cain's declaration and not consider the (unsupported) opinions

12  contained therein on the pending motion to dismiss.

13    ## II.    BACKGROUND

14    In its order granting Defendants' motion to dismiss Plaintiffs' prior complaint—the Second

15  Amended Complaint ("SAC")—the Court concluded that Plaintiffs had failed to plead loss causation.

16  ECF No. 137 ("2020 Order") at 65-66.  Specifically, the Court concluded that  Plaintiffs' "only viable

17  theory" of securities fraud was based on Facebook's alleged whitelisting practices, which were

18  disclosed to the market in June 2018.  *Id.* at 65.  But because "Plaintiffs allege[d] *no* facts from which

19  the Court [could] infer the stock price fell in June 2018," Plaintiffs failed to plead loss causation.  *Id*.

20  (emphasis in original).  The Court granted leave to amend, noting that Plaintiffs could try to cure their

21  failure to plead loss causation "by alleging more facts about the stock price following the June 3, 2018

22  whitelisting revelation."  *Id.* at 66.

23    Rather than do what the Court suggested and plead more facts connecting Facebook's stock

24  price movement to the disclosure of whitelisting practices, Plaintiffs implausibly suggest that the

25  whitelisting disclosure in June 2018 was both new information and, yet, was not sufficiently distinct

26  from the March 2018 Cambridge Analytica disclosures to have any price impact in June—a leap

27  entirely at odds with their reliance on the fraud-on-the-market doctrine and the efficient capital market

28  hypothesis on which that doctrine is based.  Plaintiffs then introduce an expert declaration containing

2

MOTION TO STRIKE THE CAIN DECLARATION AND REFERENCES THERETO IN THE THIRD AMENDED
COMPLAINT
CASE NO. 5:18-CV-01725-EJD

a wildly implausible opinion, not facts, that the revelation of Facebook's "data privacy" practices (presumably intended to include the June 2018 whitelisting disclosures) had no further negative impact on Facebook's stock price until July 2018, more than seven weeks after the whitelisting disclosure. *See* Cain Decl. ¶ 36 ("The market did not appear to understand the full breadth and impact of Facebook's data privacy weaknesses … until after Facebook's July 25, 2018 disclosure.").   As Defendants explain in their motion to dismiss, filed concurrently with this Motion, Plaintiffs have failed once again to plead loss causation—either with or without Cain's improperly submitted expert opinion. But the Court should not even consider Cain's declaration and the TAC's references thereto because it is not part of the pleading.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotations omitted).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotations omitted). Expert declarations and conclusory opinions included in a complaint are "the proper subject of a motion to strike" under Rule 12(f).  *In re Ashworth, Inc. Sec. Litig.*, 2001 WL 37119391, at *3 (S.D. Cal. Dec. 3, 2001).

### IV.   ARGUMENT

The inclusion of Cain's declaration and opinions in the TAC is misguided and procedurally improper.   To salvage their previously dismissed loss causation allegations, Plaintiffs have now resorted to pleading by expert witness.  By attaching Cain's declaration to the TAC, Plaintiffs attempt to circumvent both the PSLRA's heightened pleading requirement and the rule requiring exclusion of matters outside the pleadings on a motion to dismiss for failure to state a claim.  As such, Cain's declaration, and those allegations in the TAC copied from Cain's declaration, should be stricken under Federal Rule of Civil Procedure 12(f) and not considered by the Court in ruling on Defendants' motion to dismiss the TAC.

Expert declarations have no bearing on pleadings and are routinely stricken from complaints and disregarded on motions to dismiss. *See In re Ashworth*, 2001 WL 37119391, at *3 (striking a declaration from an expert in the fields of statistics and applied mathematics as well as his legal conclusions cited in the complaint); *Royal Oak*, 2013 WL 2156358, at *7 (disregarding expert declaration attached to the complaint and the expert's "opinions" copied into the complaint). This is because attaching declarations or affidavits to a complaint "needlessly complicates challenges to the sufficiency of pleadings." *Montgomery v. Buege*, 2009 WL 1034518, at *4 (E.D. Cal. Apr. 16, 2009).

A. **The Court Should Strike Cain's Declaration.**

Cain's declaration should be stricken because it is not part of the TAC and thus it cannot be considered in the context of a motion to dismiss. District courts "normally may not consider evidence outside the pleadings when addressing a motion to dismiss under Rule 12(b)(6)." *Royal Oak*, 2013 WL 2156358, at *6 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2002)). The Ninth Circuit has held that "[a]ffidavits and declarations … are not allowed as pleading exhibits unless they form the basis of the complaint." *Ritchie*, 342 F.3d at 908. Accordingly, "[m]ost district courts within the circuit have concluded that it is inappropriate to consider an expert affidavit on a motion to dismiss under Rule 12(b)(6), whether or not the affidavit is attached to the complaint." *Royal Oak*, 2013 WL 2156358, at *7 (collecting cases). This is because "an expert affidavit does not meet the definition of a 'written document' under Federal Rule of Civil Procedure 10(c)." *In re Rigel Pharms.*, 2010 WL 8816155, at *1 n. 1 (citation omitted).

Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A "written instrument" for purposes of Rule 10(c) is "a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001). "The documents that satisfy this definition consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." *Id.* (internal quotation marks and citation omitted).

In contrast, made-for-litigation expert declarations such as Cain's, are not "written instruments" within the meaning of Rule 10(c). *See Stuart v. Cadbury Adams USA, LLC*, 2010 WL 1407303, at *4

4

(C.D. Cal. Apr. 5, 2010), *aff'd*, 458 F. App'x 689 (9th Cir. 2011) (finding that an expert report "generated for the purposes of … litigation, does not fall within [the 'written instrument'] definition" under Rule 10(c)); *In re Herbalife, Ltd. Sec. Litig.*, 2015 WL 12734014, at *1 (C.D. Cal. July 28, 2015) (striking expert reports that "appear to have been generated for purposes of prosecuting this litigation" because they "do not constitute 'written instrument[s]' under Rule 10(c)"); *DeMarco*, 149 F. Supp. 2d at 1219-20 (finding that a retained expert's affidavit providing testimony regarding (1) "the medical community and FDA's interpretation and evaluation of data generated by new drug clinical trials" and (2) the materiality of the "[d]efendants' alleged misrepresentations" was not a written instrument within the meaning of Rule 10(c)); *In re Ashworth*, 2001 WL 37119391, at *3 (relying on *DeMarco* to strike a declaration from an expert in the fields of statistics and applied mathematics submitted in support of a securities fraud complaint).

Put differently, Plaintiffs attach this opinion from their paid expert in an effort to cure their inability to plead actual ***facts*** that, if true, would establish loss causation. But Cain's declaration cannot form the basis for Plaintiffs' claims because "it is merely a piece of evidentiary matter that does not exist independently of the complaint." *DeMarco*, 149 F. Supp. 2d at 1220. And because Cain's declaration "does not form the basis of the complaint, but rather provides a purported expert's conclusions based on certain facts alleged" in the TAC, the Court should not consider it in ruling on Defendants' motion to dismiss for failure to state a claim. *Thaut v. Hsieh*, 2016 WL 3058235, at *10 (E.D. Cal. May 31, 2016), *report and recommendation adopted*, 2016 WL 10672012 (E.D. Cal. Aug. 11, 2016), *aff'd sub nom. Edwards v. Hsieh*, 745 F. App'x 6 (9th Cir. 2018).

**B.    The Court Should Strike Portions of the TAC That Cite or Rely on Cain's Opinions.**

Because Cain's expert opinions manufacture ***conclusions*** rather than introducing ***facts***, the Court should disregard the TAC's references to those opinions. Proper pleading requires facts, not analysis, opinions, or conclusions. And the pleading bar is even higher in securities fraud claims subject to the PSLRA. *See* 15 U.S.C. § 78u-4. This is why "[an expert's] opinions cannot substitute for facts under the PSLRA." *Royal Oak*, 2013 WL 2156358, at *7 (quoting *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). Plaintiffs cannot cure the fatal deficiencies in their TAC by quoting made-for-litigation expert opinions of Cain.

MOTION TO STRIKE THE CAIN DECLARATION AND REFERENCES THERETO IN THE THIRD AMENDED
COMPLAINT
CASE NO. 5:18-CV-01725-EJD

1    "To survive a motion to dismiss, a complaint must contain sufficient **factual matter**, accepted

2    as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

3    (2009) (citation omitted) (emphasis added).  The TAC's references to Cain's declaration, however,

4    attempt to substitute Cain's opinions and conclusions for facts.  This is clear from the TAC itself:  "Dr.

5    Cain opined …," TAC ¶ 723, "Dr. Cain further opined …," *id.* ¶¶ 723, 724, "Dr. Cain's loss causation

6    opinions further support …," *id.* ¶ 725.  Cain concludes, for example, that based on his "analysis,"

7    certain information revealed to the market "would be expected to carry importance in the investing

8    decisions of a reasonable investor."  *Id.* ¶ 723; Cain Decl. ¶ 11.   Cain then ventures into legal

9    conclusions, declaring that the price declines in Facebook's common stock on March 19, 2018, March

10   20, 2018, March 27, 2018 and July 25, 2018 "were proximately caused by the revelation of the truth

11   concerning Defendants' alleged misrepresentations and/or omissions."  TAC ¶ 724; Cain Decl. ¶ 11.

12   Although Cain frames his conclusory opinions as "from an economic perspective" (TAC ¶¶ 722, 724;

13   Cain Decl. ¶¶ 7, 11, 37), they are nothing more than arguments.  Plaintiffs paid Cain to parrot their own

14   conclusory allegations.

15       But Plaintiffs cannot save their poorly pleaded allegations of loss causation by merely

16   attributing them to a retained expert.  *See Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *3 (N.D.

17   Cal. Dec. 13, 2012) (striking from the complaint "conclusory assertions" from an expert report); *see*

18   *also Royal Oak*, 2013 WL 2156358, at *7 (striking expert opinions "copied into the [complaint] itself");

19   *In re Ashworth*, 2001 WL 37119391, at *3 (striking expert's "legal conclusions" from complaint).

20   Thus, all references to and quotes from Cain's declaration should be stricken from the TAC or

21   disregarded because they relay Cain's expert **opinions** and **conclusions**, not statements of **fact**.

22

23

24

25

26

27

28

MOTION TO STRIKE THE CAIN DECLARATION AND REFERENCES THERETO IN THE THIRD AMENDED
COMPLAINT
CASE NO. 5:18-CV-01725-EJD

1

## V.     CONCLUSION

2      For the reasons stated above, the Court should strike Cain's declaration and disregard any

3   portions of the TAC that cite or rely on those opinions.

4

5   DATED:  December 18, 2020          GIBSON, DUNN & CRUTCHER LLP

6

7                                                By:  _____/s/ Orin Snyder_____
                                                      Orin Snyder
8                                                     200 Park Avenue
                                                      New York, N.Y. 10166-0193
9                                                     Tel: 212.351.4000
                                                      Fax: 212.351.4035
10                                                    osnyder@gibsondunn.com

11                                                    Joshua S. Lipshutz
                                                      1050 Connecticut Avenue, N.W.
12                                                    Washington, D.C. 20036-5306
                                                      Tel:  202.955.8500
13                                                    Fax:  202.467.0539
                                                      jlipshutz@gibsondunn.com

14                                                    Brian M. Lutz
                                                      555 Mission Street
15                                                    Suite 3000
                                                      San Francisco, CA 94105-0921
16                                                    Tel: 415.393.8200
                                                      Fax: 415.374.8306
17                                                    blutz@gibsondunn.com

18                                                    Paul J. Collins
                                                      1881 Page Mill Road
19                                                    Palo Alto, CA 94304-1211
                                                      Tel:  650.849.5300
20                                                    Fax:  650.849.5333
                                                      pcollins@gibsondunn.com
21
                                                      *Attorneys for Defendants Facebook, Inc.,*
22                                                    *Mark E. Zuckerberg, Sheryl K. Sandberg,*
                                                      *and David M. Wehner*
23

24

25

26

27

28