BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
JOHN C. BROWNE
JEREMY P. ROBINSON
ALEXANDER T. PAYNE
1251 Avenue of the Americas
New York, NY  10020
Telephone: 212/554-1400
212/554-1444 (fax)
johnb@blbglaw.com
jeremy@blbglaw.com
alex.payne@blbglaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

Co-Lead Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | ) Master File No. 5:18-cv-01725-EJD )<br>) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) **LEAD PLAINTIFFS' OPPOSITION TO**<br>) **DEFENDANTS' REQUEST FOR JUDICIAL**<br>) **NOTICE**<br>)<br>) DATE:        JUNE 10, 2021<br>) TIME:        9:00 A.M.<br>) LOCATION: COURTROOM 4, 5TH FLOOR<br>) JUDGE:       HON. EDWARD J. DAVILA |

## I. INTRODUCTION

Plaintiffs[1] oppose Defendants'[2] request ("RJN") (ECF No. 147) that this Court take judicial notice of Exhibits 1-35 to the Declaration of Brian M. Lutz (the "Lutz Declaration," ECF No. 146) only on the ground, and to the extent, that Defendants seek to introduce these documents for the truth of the matters asserted in them in order to inject Defendants' own version of the facts alleged in the Complaint and to persuade the Court to accept disputed facts. Both the Ninth Circuit and trial courts in this District have rejected this "improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (denying requests for judicial notice and noting "Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint").

## II. ARGUMENT

In *Khoja*, the Ninth Circuit cautioned that "the overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results" and that the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." 899 F.3d at 998. The Ninth Circuit further observed "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id*. at 999. Regarding incorporated documents, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. at 1003. With regard to

---

[1] Plaintiffs are Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated"), and the Public Employees' Retirement System of Mississippi ("Mississippi," and together with Amalgamated, "Lead Plaintiffs").

[2] Defendants are Facebook Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner ("Defendants").

submitting documents not referenced in the pleadings, the Ninth Circuit criticized the approach as "another way of disputing the factual allegations in the complaint" and creating "newly-expanded version of the complaint . . . [which] can easily topple otherwise cognizable claims." *Id*.

Here, Defendants attach transcripts of Facebook's earnings calls (Exs. 1-2), Parliamentary testimony and reports (Exs. 3-5, 35), court filings (Exs. 6-8), news articles (Exs. 9-24), Facebook's data policy (Ex. 25), a transcript of a 2018 interview of Roger McNamee (Ex. 26), a Bloomberg stock table (Ex. 27), a webpage from Facebook's Help Center (Ex. 28), and Facebook's SEC filings (Exs. 29-34) in an attempt to cast the factual allegations of the Complaint as their own preferred version of the facts. Applying *Khoja*, the Court previously declined to judicially notice stock indices showing the historical stock prices of other companies not party to this litigation and noted "[t]he question at this stage is not are there other explanations for Facebook's stock price falling but whether Plaintiffs adequately stated a claim for securities fraud." ECF No. 118, at 18. Similarly, the Court previously held that judicial notice of Defendants' SEC Form 4s was "limited to showing only that a Rule 10b5-1 plan existed and that stock sales were made pursuant to that plan, not that this plan confined Defendants' trading discretion." *Id.* at 16.

Defendants now try a similar gambit by attaching several news articles by *The New York Times*, *The Boston Globe*, and *The New York Review*—as Exhibits 10, 14, 16, and 19—that are not referenced in the Complaint—"to show that the market was aware of the information contained in the articles." RJN at 5. Using the substance of these articles to make assertions about what information was disclosed to the public is an inappropriate use of judicial notice. *See Eastman v. Apple*, *Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019) (denying request for judicial notice of patents and patent application because "[defendant] does not simply ask the Court to take judicial notice of the *fact* that the documents were in the public realm. Rather, [defendant] asks the Court to judicially notice the documents' *contents* as disclosing . . . claimed inventions") (emphasis in original). The Court should not indulge Defendants' entreaties to consider these documents, nor any of the other documents attached as Exhibits, in order to contest well-pleaded allegations.

### III. CONCLUSION

Plaintiffs respectfully request that the Court take judicial notice of the existence of Exhibits 1-35, attached to the Lutz Declaration, but not take judicial notice of the truth of the facts contained within those documents in order to resolve disputed facts in Defendants' favor.

DATED: February 19, 2021          Respectfully submitted,

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
JOHN C. BROWNE
JEREMY P. ROBINSON
ALEXANDER T. PAYNE

     /s/ John C. Browne
JOHN C. BROWNE

1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
johnb@blbglaw.com
jeremy@blbglaw.com
alex.payne@blbglaw.com

Counsel for Mississippi and Co-Lead Counsel for the Class

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
JASON C. DAVIS
KENNETH J. BLACK

**/s/   Jason C. Davis
JASON C. DAVIS

One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

Counsel for Amalgamated and Co-Lead Counsel for the Class

|     |                                                                                                  |
| --- | ------------------------------------------------------------------------------------------------ |
| 1   | ** Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory |
| 2   |                                                                                                  |
| 3   | PIERCE BAINBRIDGE BECK PRICE  & HECHT LLP                                                        |
| 4   | CLAIBORNE R. HANE  20 West 23rd Street, Fifth Floor  New York, NY 10010                          |
| 5   | Telephone: 213/262-9333                                                                          |
| 6   | Counsel for Helms and Additional Counsel for the Class                                           |
| 7   |                                                                                                  |
| 8   | POMERANTZ LLP  JEREMEY A. LIEBERMAN  J. ALEXANDER HOOD II                                        |
| 9   | 600 Third Avenue, 20th Floor  New York, NY 10016                                                 |
| 10  | Telephone: 212/661-1100  212/661-8665 (fax)                                                      |
| 11  |                                                                                                  |
| 12  | Counsel for Kacouris and Additional Counsel for the Class                                        |

CERTIFICATE OF SERVICE

I, John C. Browne, declare as follows:

I am employed in the County of New York, State of New York, I am over the age of eighteen years and am not a party to this action; my business address is 1251 Avenue of the Americas, 44th Floor, New York, New York 10020, in said County and State.

I hereby certify that on February 19, 2021, the foregoing LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

/s/ John C. Browne
JOHN C. BROWNE

1251 Avenue of the Americas
New York, NY  10020
Telephone: 212/554-1400
212/554-1444 (fax)
johnb@blbglaw.com