| | |
|---|---|
| Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 | Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |
| Brian M. Lutz (SBN 255976)<br>blutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | Paul J. Collins (SBN 187709)<br>pcollins@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333 |

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF MATTHEW CAIN AND REFERENCES THERETO IN THE THIRD AMENDED COMPLAINT**<br><br>Date First Action Filed: March 20, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl S. Sandberg, and David M. Wehner (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits 36 through 39 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Defendants' Reply in Support of Their Motion to Dismiss Plaintiffs' Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws and Defendants' Reply in Support of Their Motion to Strike the Declaration of Matthew Cain and References thereto in the Third Amended Complaint, filed concurrently herewith.

**I.    DISCUSSION**

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents on which the complaint "necessarily relies," the authenticity and relevance of which are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688-89.

The Court also may take judicial notice of matters that are not subject to reasonable dispute because they either are (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, publicly available news articles, *see Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999), and publicly available websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**Exhibit 36** is Facebook's February 3, 2017 Annual Report on Form 10-K for the fiscal year ended December 31, 2016, which is referenced and relied on in paragraphs 336, 449, 525, 528, 530, 533, 564, 576, and 648 of the Third Amended Complaint (the "TAC"). Because it is referenced and relied on in the TAC, the Court may consider Exhibit 36 under the incorporation by reference doctrine.

*See Coto*, 593 F.3d at 1038.  Judicial notice of this Exhibit also is appropriate because it is a public filing made by Facebook with the United States Securities and Exchange Commission ("SEC"), and therefore is a matter of public record not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (Davila, J.) (taking judicial notice of SEC filings); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same).

The Court previously took judicial notice of Exhibit 36 because "it is a public filing made by Facebook  with the SEC and is thus a matter of public record, not subject to reasonable dispute."  ECF No. 137 ("2020 Order") at 29.  The Court should take judicial notice of this exhibit again here for the same reason and also deem the document incorporated by reference.

**Exhibit 37** is an October 27, 2016 article published in *The Washington Post*, which is referenced and relied on in paragraphs 267, 268, 269, and 271 of the TAC.  Because it is referenced and relied on in the TAC, the Court may consider Exhibit 37 under the incorporation by reference doctrine.  *See Coto*, 593 F.3d at 1038.  This news article is incorporated by reference because Plaintiffs cite to and quote from this document as the basis for their allegations in the TAC.  *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking notice of documents that "Plaintiffs expressly cite and quote from . . . in the [complaint]").

The Court previously took judicial notice of Exhibit 37 because it is a publicly available "news article[]" and thus suitable for judicial notice.  2020 Order at 29.  The Court should take judicial notice of this exhibit again here for the same reason and also deem the document incorporated by reference.

**Exhibit 38** is a court reporter-prepared transcript of a September 27, 2016 presentation by Alexander Nix entitled "Cambridge Analytica – The Power of Big Data & Psychographics," which is referenced and relied on in paragraphs 251, 254, 261, 263, 266, 274, 275, and 294.  Because it is referenced and relied on in the TAC, the Court may consider Exhibit 38 under the incorporation by reference doctrine.  *See Coto*, 593 F.3d at 1038.  And because Exhibit 38 is a transcript of a publicly available video, which is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, it is also subject to judicial notice.  Fed. R. Evid. 201(b).

The Court previously took judicial notice of Exhibit 38 because it is a "matter[] of public record" and thus "suitable for judicial notice." 2020 Order at 29. The Court should take judicial notice of this exhibit again here for the same reason and also deem the document incorporated by reference

**Exhibit 39** is an expert report from the case *Sanchez v. Bay Area Rapid Transit Dist.*, No. 4:13-cv-01885-YGR, 2013 WL 4764485 (N.D. Cal. Sept. 5, 2013), ECF No. 14-3. Judicial notice of Exhibit 39 is appropriate because it is a matter of public record, the contents of which are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). "Materials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds*; *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records … from other court proceedings."). Accordingly, the Court should take judicial notice of Exhibit 39.

## II.     CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court take judicial notice of Exhibits 36 through 39 and deem Exhibits 36 through 38 incorporated by reference in the TAC.

Dated: April 5, 2021

GIBSON, DUNN & CRUTCHER LLP

By:     */s/ Orin Snyder*
Orin Snyder
200 Park Avenue
New York, N.Y. 10166-0193
Tel: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

Brian M. Lutz
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel: 415.393.8200
Fax: 415.374.8306
blutz@gibsondunn.com

| | |
|---|---|
| 1 | |
| 2 | Paul J. Collins |
| 3 | 1881 Page Mill Road |
| | Palo Alto, CA 94304-1211 |
| 4 | Tel:  650.849.5300 |
| | Fax:  650.849.5333 |
| 5 | pcollins@gibsondunn.com |

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28