| | |
|---|---|
| Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 | Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |
| Brian M. Lutz (SBN 255976)<br>blutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | Paul J. Collins (SBN 187709)<br>pcollins@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333 |

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

## I.     INTRODUCTION

There is no serious dispute that Defendants' request for judicial notice ("RJN," ECF No. 147) should be granted.  This Court previously took judicial notice of almost all of the documents for which Defendants now seek judicial notice.  *See generally* RJN.  There is no reason to revisit this Court's rulings, and Plaintiffs do not argue otherwise.  *See* ECF No. 156 ("Opp. to RJN").  And for the handful of documents that this Court has not previously ruled on, they should be judicially noticed and/or deemed incorporated by reference because they are just like the documents that the Court already ruled were proper subjects of judicial notice or incorporation by reference.  *See generally* RJN.

## II.     ARGUMENT

Plaintiffs make two arguments in opposition to Defendants' RJN, neither of which are persuasive.  First, Plaintiffs argue that Exhibits 10, 14, 16, and 19—publicly available news articles introduced to show that the market was aware of the information contained in the articles—are not proper subjects of judicial notice because "[u]sing the substance of these articles to make assertions about what information was disclosed to the public is an inappropriate use of judicial notice." *See* Opp. to RJN at 2.  Plaintiffs are wrong.  The Court has already taken judicial notice of news articles for this purpose because it is well-settled that "a court may take judicial notice . . . that the market was aware of information contained in news articles." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020); *see also In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (Davila, J.) ("Judicial notice of news articles may be appropriate in securities fraud cases to show 'that the market was aware of the information contained in news articles.'") (citation omitted); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015) (judicial notice permitted "in securities cases for the purpose of showing that particular information was available to the stock market"); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213 (C.D. Cal. 2015) ("judicial notice of news reports and press releases is appropriate to show that the market was aware of the information contained in news articles.").  In response to the avalanche of authority holding that judicial notice of news articles is proper, Plaintiffs tellingly cite just a single non-securities fraud case about judicially noticing a patent application.  Opp. to RJN at 2 (citing *Eastman v. Apple, Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019)).  But *Eastman* is

inapposite because there, the contents of the patent application were being used to create a factual dispute about whether the application "disclos[ed] all of Eastman's claimed inventions." 2019 WL 3934805, at *5.  The case law is clear that this Court's previous rulings are correct, and judicial notice may be taken of Exhibits 10, 14, 16, and 19 to show what information was disclosed to the market.

Second, Plaintiffs vaguely argue that Defendants are using their exhibits as an improper "attempt to cast the factual allegations of the Complaint as their own preferred version of the facts." Opp. to RJN at 2.  However, Plaintiffs neither explain nor offer any support for this argument.  They merely refer the Court to the Ninth Circuit's cautionary language about judicial notice and incorporation by reference in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). *Id.* at 1-2.  But Plaintiffs do not explain whether or how *Khoja* applies to Defendants' exhibits here.  And to the extent Plaintiffs are suggesting that exhibits cannot be used to contradict conclusory or incomplete allegations in a complaint, they are wrong.  As this Court recently held, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations" or the Court "from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (Davila, J.) (emphasis in original).  To the extent Defendants' exhibits even contradict Plaintiffs' allegations (and Plaintiffs never explain if or how they do), they do so in a way that is permitted under clear Ninth Circuit law.  Defendants' RJN should be granted.

### III.   CONCLUSION

For the foregoing reasons, and the reasons set forth in the RJN, the Court should take judicial notice of Exhibits 1 through 35 to the Declaration of Brian M. Lutz (ECF No. 146) to the extent they are relied on in Defendants' Motion to Dismiss (ECF No. 145), and consider Exhibits 1-9, 11-13, 15, 17-18, 20-26, 29, and 31 as incorporated by reference.

Dated: April 5, 2021　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP

　　　　　　　　　　　　　　　　　　　　　　　　By:   */s/ Orin Snyder*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Orin Snyder

1  200 Park Avenue
2  New York, N.Y. 10166-0193
Tel: 212.351.4000
3  Fax: 212.351.4035
osnyder@gibsondunn.com
4
5  Joshua S. Lipshutz
1050 Connecticut Avenue, N.W.
6  Washington, D.C. 20036-5306
Tel:  202.955.8500
7  Fax:  202.467.0539
jlipshutz@gibsondunn.com
8
9  Brian M. Lutz
555 Mission Street
10  Suite 3000
San Francisco, CA 94105-0921
11  Tel: 415.393.8200
Fax: 415.374.8306
12  blutz@gibsondunn.com

13  Paul J. Collins
1881 Page Mill Road
14  Palo Alto, CA 94304-1211
Tel:  650.849.5300
15  Fax:  650.849.5333
16  pcollins@gibsondunn.com

17  *Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg,*
18  *and David M. Wehner*

19

20

21

22

23

24

25

26

27

28