Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.955.8217
Facsimile: 202.530.9614

Brian M. Lutz (SBN 255976)
 blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Paul J. Collins (SBN 187709)
 pcollins@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants Facebook, Inc.,*
*Mark E. Zuckerberg, Sheryl K. Sandberg, and*
*David M. Wehner*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF MATTHEW CAIN AND REFERENCES THERETO IN THE THIRD AMENDED COMPLAINT**<br><br>Date:      June 10, 2021<br>Time:      9:00 a.m.<br>Location:  Courtroom 4, 5th Floor<br>Judge:     Hon. Edward J. Davila<br><br>Date First Action Filed: March 20, 2018 |

1

## I.      INTRODUCTION

2          Plaintiffs acknowledge in their opposition to Defendants' Motion to Strike that their expert

3   declaration submitted with their motion to dismiss "does not contain new facts or evidence."  ECF No.

4   157 ("Opp.") at 5.  That ends the analysis.  None of Plaintiffs' arguments raised in their opposition

5   brief alter the fact that Cain's declaration offers no facts or evidence and therefore is not proper for

6   consideration on a motion to dismiss.  For this reason alone, the Court should strike the Cain declaration

7   and decline to consider any of his opinions in deciding Defendants' Motion to Dismiss.

8          Additionally, Cain's declaration is not properly attached to the Third Amended Complaint

9   ("TAC") under Federal Rule of Civil Procedure 10(c) because it does not form the basis for Plaintiffs'

10  claims.  In the Ninth Circuit, affidavits and declarations are "not allowed as pleading exhibits unless

11  they form the basis of the complaint."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

12  Cain's declaration does not form the basis for Plaintiffs' claims because, as Plaintiffs admit, it only

13  "relies on the facts pleaded in the [TAC]."  *See* Opp. at 5.

14         Plaintiffs' befuddling argument that "Cain's conclusions are non-conclusory," *id.* at 7—

15  whatever that means—does not alter the fact that his opinions do not introduce facts separate from

16  those alleged in the TAC.  Under the Private Securities Litigation Reform Act ("PSLRA"), "opinions

17  cannot substitute for facts."  *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2013 WL 2156358,

18  at *7 (N.D. Cal. May 17, 2013) (quoting *Fin. Acquisition Partners L.P. v. Blackwell*, 440 F.3d 278,

19  286 (5th Cir. 2006)).  Plaintiffs cannot avoid this black letter law by arguing that the expert declaration

20  "corroborates" or "supplements" Plaintiffs' pleading.  Opp. at 2, 5.  No matter how Plaintiffs

21  characterize it, Cain's expert declaration contains no facts, just expert conclusions, and therefore is not

22  properly part of Plaintiffs' pleading.  The Court should strike the Cain declaration and the references

23  to it in the TAC.

24

## II.      ARGUMENT

25  **A.      The Cain Declaration Is Not Part of the TAC.**

26         A "written instrument," in the context of Rule 10(c), includes "documentary evidence,

27  specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based."  *In*

28  *re Herbalife, Ltd. Sec. Litig.*, 2015 WL 12734014, at *1 (C.D. Cal. July 28, 2015) (quoting *Rose v.*

*Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989)).  The Ninth Circuit prohibits plaintiffs from relying in their pleading on affidavits and declarations "unless they form the basis of the complaint."  *Ritchie*, 342 F.3d at 908.  Following *Ritchie*, "multiple courts have determined that an expert report attached to a complaint is not a 'written instrument' under Rule 10(c)."  *In re Herbalife*, 2015 WL 12734014, at *1 (citing *Stuart v. Cadbury Adams USA, LLC*, 2010 WL 1407303, at *4 (C.D. Cal. Apr. 5, 2010); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1222 (S.D. Cal. 2001)).  That is because an expert report generated for the purpose of litigation, like Cain's declaration, "is merely a piece of evidentiary matter that does not exist independently of the complaint" and therefore "clearly does not form the basis" of Plaintiffs' claims.  *DeMarco*, 149 F. Supp. 2d at 1220.

Plaintiffs do not even try in their opposition to address or distinguish the many cases cited in Defendants' motion to strike brief that are directly on point, and where courts struck or declined to consider expert declarations submitted in connection with securities class action complaints.  *See Royal Oak*, 2013 WL 2156358, at *7 (declining to consider an expert report on a motion to dismiss because "expert affidavits are not appropriate exhibits to complaints" within the meaning of Rule 10(c)); *In re Rigel Pharms., Inc. Sec. Litig.*, 2010 WL 8816155, at *1 n. 1 (N.D. Cal. Aug. 24, 2010), *aff'd*, 697 F.3d 869 (9th Cir. 2012) (granting motion to strike and finding that "an expert affidavit does not meet the definition of a 'written document' under Federal Rule of Civil Procedure 10(c)"); *In re Herbalife*, 2015 WL 12734014, at *1 (striking three expert reports that "appear to have been generated for purposes of prosecuting this litigation" because they "do not constitute 'written instrument[s]' under Rule 10(c)"); *DeMarco*, 149 F. Supp. 2d at 1219-20 (finding that a retained expert's affidavit was not a written instrument within the meaning of Rule 10(c)); *In re Ashworth, Inc. Sec. Litig.*, 2001 WL 37119391, at *3 (S.D. Cal. Dec. 3, 2001) (striking expert declaration submitted in support of a securities fraud complaint).

Plaintiffs have no serious argument that these cases do not require striking the Cain declaration, so they make no attempt to address them.  Instead, Plaintiffs rely on cases that are easily distinguishable because the court denied motions to strike without finding that the report had any bearing on the motion to dismiss.  *See* Opp. at 5-6.  The expert report in *MannKind*, for example, was "not essential" to the court's finding that the complaint survived a motion to dismiss because plaintiffs had "other evidence

1    demonstrating falsity" and the expert report was "not determinative as to the strength of [scienter]

2    allegations." *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011).  Similarly, in

3    *Cole*, an excessive force case brought under 42 U.S.C. § 1983, the court denied a motion to strike,

4    noting "that it would reach the same decision it reaches today without the expert reports."  *Cole v.*

5    *Hunter,* 2014 WL 266501, at *4 (N.D. Tex. Jan. 24, 2014).

6         Plaintiffs' remaining cases are distinguishable for other reasons.  In *Sanchez*, the expert report

7    allowed by the court included *facts* that *formed the basis for the complaint* based on the expert's visit

8    to the site of a slip and fall accident, including measurements and photos.  *Sanchez v. Bay Area Rapid*

9    *Transit Dist.*, 2013 WL 4764485, at *9 (N.D. Cal. Sept. 5, 2013); Reply Declaration of Brian Lutz, Ex.

10   39.  In *In re: Enzymotec Securities Litigation*, 2015 WL 8784065, at *19 (D.N.J. Dec. 15, 2015),

11   defendants did not even move to strike the expert declaration, so Rule 10(c) was not at issue in that

12   case.  And *In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation*, 694 F. Supp. 2d

13   1192, 1210 (W.D. Wash. 2009), did not even involve a motion to strike.

14        Plaintiffs' reliance on *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226,

15   1234 (9th Cir. 2004), is likewise misplaced.  *See* Opp. at 6.  *Nursing Home* did not address the relevant

16   issue here—whether an expert report is a written instrument under Rule 10(c).  Instead, in *Nursing*

17   *Home*, the Ninth Circuit noted offhand that a "statistical expert" had calculated the total amount of

18   money covered by certain internal memos, resulting in a number that was suspiciously close to a drop

19   in defendant's revenue reported in its SEC filings.  *Id.* at 1233-34.  The court found it was "reasonable

20   to infer" that the drop in defendant's revenue was due to "improper revenue adjustment," as alleged in

21   the complaint.  *Id.* at 1234.  Thus, the expert in *Nursing Home* had proffered a fact—*i.e.*, calculations—

22   and the Ninth Circuit, not the expert, drew an inference from that fact.  Here, Cain does not offer any

23   facts, only conclusions and opinions.  Opp. at 5 ("The Cain Report itself does not contain new facts or

24   evidence.").

25        While an expert's "nonconclusory assertions" may be included in a complaint, *see, e.g.*,

26   *DeMarco*, 149 F. Supp. 2d at 1222, courts routinely strike or decline to consider an expert's conclusions

27   and opinions from a complaint.  *See, e.g.*, *Royal Oak*, 2013 WL 2156358, at *7; *In re Ashworth*, 2001

28   WL 37119391, at *3; *Koehler v. Litehouse, Inc.*, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012).

At bottom, "opinions cannot substitute for facts under the PSLRA," *Royal Oak*, 2013 WL 2156358, at *7, and as Plaintiffs admit, Cain offers only opinions, not facts, Opp. at 5. That is fatal to Plaintiffs' position that the Court should consider the expert opinions as part of the TAC. The overwhelming weight of on-point authority conclusively demonstrates that the Cain declaration is not a written instrument under Rule 10(c), and thus Plaintiffs may not rely on it in support of their pleading.

**B.      Cain's Declaration Does Not Salvage Plaintiffs' Inadequately-Pled Loss Causation Allegations.**

In their opposition, Plaintiffs repeat their deficient loss causation theory concerning the stock price declines in March and July 2018. Opp. at 2-4. Plaintiffs then argue that Cain's declaration "corroborates" those loss causation allegations. *Id.* at 5. Not so. Cain simply *repeats* in his declaration Plaintiffs' unsupported and conclusory allegations that "new information" was disclosed to the market, and he then purports to offer a "scientifically recognized event study" showing, unremarkably, that Facebook's stock price declined in March and July 2018. *See* Opp. at 2, 5 (citing Cain Decl. ¶¶ 11, 14-35). Cain offers his own conclusion that these declines "were proximately caused by the revelation of the truth concerning Defendants' alleged misrepresentations and/or omissions." TAC ¶ 724; Cain Decl. ¶ 11.

Once again, Cain provides *no facts*—other than repeating the allegations from the TAC—in his declaration to support this conclusion. Nor does he offer any facts to cure the pleading deficiency identified in the Court's prior motion to dismiss ruling—namely, that Plaintiffs potentially could get closer to stating a claim "by alleging more *facts* about the stock price *following the June 3, 2018 whitelisting revelation*." ECF No. 137 at 66 (emphases added).

**III.      CONCLUSION**

For these reasons and those set forth in Defendants' opening brief, the Court should strike Cain's declaration and disregard any portions of the TAC that cite or rely on Cain's opinions.

1    DATED:  April 5, 2021                    GIBSON, DUNN & CRUTCHER LLP

2
                                             By:  _____/s/ *Orin Snyder*_____
3                                                 Orin Snyder
                                                  200 Park Avenue
4                                                 New York, N.Y. 10166-0193
                                                  Tel: 212.351.4000
5                                                 Fax: 212.351.4035
                                                  osnyder@gibsondunn.com
6
                                                  Joshua S. Lipshutz
7                                                 1050 Connecticut Avenue, N.W.
                                                  Washington, D.C. 20036-5306
8                                                 Tel:  202.955.8500
                                                  Fax:  202.467.0539
9                                                 jlipshutz@gibsondunn.com

10                                                Brian M. Lutz
11                                                555 Mission Street
                                                  Suite 3000
12                                                San Francisco, CA 94105-0921
                                                  Tel: 415.393.8200
13                                                Fax: 415.374.8306
                                                  blutz@gibsondunn.com
14
15                                                Paul J. Collins
                                                  1881 Page Mill Road
16                                                Palo Alto, CA 94304-1211
                                                  Tel:  650.849.5300
17                                                Fax:  650.849.5333
                                                  pcollins@gibsondunn.com
18
19                                                *Attorneys for Defendants Facebook, Inc.,*
                                                  *Mark E. Zuckerberg, Sheryl K. Sandberg,*
20                                                *and David M. Wehner*

21

22

23

24

25

26

27

28

5

REPLY IN SUPPORT OF MOTION TO STRIKE CAIN'S DECLARATION
CASE NO. 5:18-CV-01725-EJD