UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAN YUAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>    Defendants. | Case No.  5:18-cv-01725-EJD<br><br>**ORDER GRANTING MOTION TO STRIKE THE DECLARATION OF MATTHEW CAIN AND REFERENCES THERETO IN THE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 148 |

This is a putative securities fraud class action suit. Plaintiffs filed a Third Amended Complaint ("TAC") on October 16, 2020. Dkt. No. 142. Exhibit C to the TAC is the Expert Declaration of Matthew D. Cain, Ph.D., dated October 15, 2020 ("Cain Declaration"). *Id*. at 304-31. Pending before the Court is Defendants' Motion to Strike the Declaration of Matthew Cain and References thereto in the Third Amended Complaint ("Mot."). Dkt. No. 148. Defendants contend that the Cain Declaration should be stricken because it is not a written instrument under Federal Rule of Civil Procedure 10(c), and therefore is not part of the pleading and may not be considered on Defendants' motion to dismiss.[1] Mot. at 1-2. Defendants also contend that the Cain Declaration and references thereto in the TAC should be stricken because they are opinions, not facts. Plaintiffs filed an opposition ("Opp'n," Dkt. No. 157), and Defendants filed a reply ("Reply," Dkt. No. 162). For the reasons stated below, the Motion to Strike is GRANTED.

---

[1] Defendants' motion to dismiss the TAC remains under submission.

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE

1

## I. BACKGROUND

In the Court's order granting Defendants' motion to dismiss Plaintiffs' prior complaint—the Second Amended Complaint—the Court concluded that Plaintiffs had failed to plead loss causation. Order Granting Defendants' Mot. to Dismiss with Leave to Amend, Dkt. No. 137. In an attempt to address the pleading deficiency, Plaintiffs attached the Cain Declaration as Exhibit C to the TAC and added, among other things, the following allegations to the TAC:

> **C. Dr. Cain's Expert Analysis Confirms Lead Plaintiffs' Loss Causation Allegations**
>
> 721. In addition, Lead Counsel retained an expert economist, Matthew D. Cain, Ph.D., to opine on loss causation issues for pleading purposes. Dr. Cain is a Senior Fellow at the Berkeley Center for Law and Business and a Senior Visiting Scholar at Berkeley Law School, University of California. He has a Ph.D. in Finance from Purdue University and has published research in leading finance, accounting, law, and economics journals, including the Journal of Financial Economics, the Journal of Law and Economics, the Journal of Accounting and Economics, the Journal of Empirical Studies, and the Journal of Financial and Quantitative Analysis. From 2014 to 2018, Dr. Cain worked at the SEC, where he provided economic analysis and expert witness testimony on behalf of the SEC in a wide variety of enforcement investigations, settlement negotiations and litigation. He also served as an advisor to SEC Commissioner Robert J. Jackson, Jr. and was awarded the Chairman's Award for Economic Research. Prior to working at the SEC, Dr. Cain was an Assistant Professor of Finance at the University of Notre Dame.
>
> 722. In particular, Lead Counsel retained Dr. Cain to provide opinions on: (1) whether the alleged misstatements and/or omissions would be expected to impact the investing decisions of a reasonable investor; and (2) whether price declines in Facebook's common stock in March 2018 and on July 26, 2018 following corrective disclosures were statistically significant and were, from an economic perspective, proximately caused by the revelation of the truth concerning Defendants' alleged prior misstatements and/or omissions (i.e., loss causation) and whether the price increase on April 26, 2018 was due to artificial inflation created by Defendants' alleged misrepresentations and/or omissions.
>
> 723. Based on his analysis, Dr. Cain opined that, on each of the alleged corrective disclosures discussed in his declaration, "new information was revealed to the market concerning the continued misuse of user data by Cambridge Analytica, the extent and scope of Facebook's data privacy issues, and the lack of user control over data provided to Facebook. This information would be expected to carry importance in the investing decisions of a reasonable investor." Dr.

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE
2

United States District Court
Northern District of California

> Cain further opined that these alleged corrective disclosures "significantly altered the information environment available to investors in Facebook securities" and "would be expected to have an impact on the investing decisions of a reasonable investor."
>
> 724. Dr. Cain also opined that: "the price declines in Facebook's common stock on March 19, 2018, March 20, 2018, March 27, 2018 and July 25, 2018 were statistically significant" and were "economically sizeable, representing many billions of dollars of shareholder losses." Dr. Cain further opined that: "from an economic perspective, these declines were proximately caused by the revelation of the truth concerning Defendants' alleged misrepresentations and/or omissions."

TAC ¶¶ 721-24.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotations omitted).

## III. DISCUSSION

### A. Cain Declaration

The inclusion of Dr. Cain's Declaration and opinions in the TAC is procedurally improper. Affidavits and declarations "are not allowed as pleading exhibits unless they form the basis of the complaint." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). And specifically in the context of securities fraud litigation, courts have stricken expert declarations that are attached to a complaint. *See In re Ashworth, Inc. Sec. Litig.*, No. 99CV0121-L(JAH), 2001 WL 37119391, at *3 (S.D. Cal. Dec. 3, 2001) (striking a declaration from an expert in the fields of statistics and applied mathematics as well as his legal conclusions cited in the complaint); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2013 WL 2156358, at *7 (N.D. Cal May 17, 2013) (disregarding expert declaration attached to the complaint and the expert's "opinions" copied into the complaint).

Although Federal Rule of Civil Procedure 10(c) permits the Court to treat a "written

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE

3

instrument that is an exhibit to a pleading" as part of the pleading for all purposes, an expert affidavit such as the Cain Declaration does not qualify as a "written instrument." *In re Rigel Pharms.*, No. C 09-00546 JSW, 2010 WL 8816155, at *1 n. 1 (N.D. Cal. Aug. 24, 2010) (citing *DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (A "written instrument" within the meaning of Rule 10(c) is "a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.")).  An expert affidavit such as the Cain Declaration "is merely a piece of evidentiary matter that does not exist independently of the complaint," and not a "written instrument" within the meaning of Rule 10(c).  *DeMarco*, 149 F. Supp. 2d at 1220; *see also Stuart v. Cadbury Adams USA, LLC*, No. CV 09-6295 AHM (CWX), 2010 WL 1407303, at *4 (C.D. Cal. Apr. 5, 2010), *aff'd*, 458 F. App'x 689 (9th Cir. 2011) (finding that an expert report in the complaint generated for the purposes of litigation is not a "written instrument" under Rule 10(c)); *In re Herbalife, Ltd. Sec. Litig.*, No. CV142850DSFJCGX, 2015 WL 12734014, at *1 (C.D. Cal. July 28, 2015) (striking expert reports that "appear to have been generated for purposes of prosecuting this litigation" because they "do not constitute 'written instrument[s]' under Rule 10(c)"); *Thaut v. Hsieh*, 2016 WL 3058235, at *10 (E.D. Cal. May 31, 2016), report and recommendation adopted, 2016 WL 10672012 (E.D. Cal. Aug. 11, 2016), *aff'd sub nom*. *Edwards v. Hsieh*, 745 F. App'x 6 (9th Cir. 2018) (striking expert declaration attached to complaint and disregarding same for purposes of considering motions to dismiss).

     Plaintiffs do not address or distinguish many of the cases cited above.  Instead, Plaintiffs rely on other cases, none of which the Court finds particularly helpful.  In *MannKind*, the court denied a motion to strike the expert report, reasoning that there exists "no inflexible rule" governing the sort of "written instruments" that may be attached to a pleading and that the expert report served merely to buttress Plaintiffs' contentions.  *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011).  In *Cole*, the court similarly denied the defendants' motion to strike expert reports attached to the complaint, reasoning that the reports merely served to buttress the plaintiffs' allegations of excessive force.  *Cole v. Hunter*, No. 3:13-CV-02719-O, 2014 WL

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE
4

266501, at *4 (N.D. Tex. Jan. 24, 2014). To the extent *MannKind* and *Cole* suggest that expert reports are "written instruments" under Rule 10(c), the Court finds *Ashworth*, *Royal Oak*, and the other cases cited above to be more persuasive.[2] Furthermore, in *In re Enzymotec Sec. Litig.*, 2015 WL 8784065, at *19 (D.N.J. Dec. 15, 2015), the defendants did not move to strike the expert declaration, and so the opinion does not mention, much less analyze, Rule 10(c). Similarly, in *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 694 F. Supp. 2d 1192, 1210 (W.D. Wash. 2009), as well as in *Nursing Home Pension Fund, Loc. 144 v. Oracle Corp.*, 380 F.3d 1226, 1234 (9th Cir. 2004), the defendants did not raise any challenge to the experts. *Wash. Mut.* and *Nursing Home* are also distinguishable from the present case in terms of the type of expert information being proffered. In *Wash Mut.* and *Nursing Home*, the courts considered calculations prepared by the experts—data analysis regarding the home appraisal process in the former, and financial calculations in the latter. In contrast, Plaintiffs in this case retained Dr. Cain to render opinions beyond merely data analysis. Specifically, Plaintiffs rely on Dr. Cain to render opinions as to (1) whether the alleged misstatements and/or omissions would be expected to impact the investing decisions of a reasonable investor; and (2) proximate cause.

### B. Portions of TAC That Cite or Rely on Dr. Cain's Opinions

Plaintiffs acknowledge in their Opposition that Dr. Cain's Declaration "does not contain new facts or evidence," and implicitly concede that it consists of opinions. Opp'n at 5. Dr. Cain's opinions "cannot substitute for facts under the PSLRA" in the TAC. *City of Royal Oak Retirement System*, 2013 WL 2156358, at *7 (quoting *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)); *see also Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) (striking from the complaint "conclusory assertions" from an expert report); *In re Ashworth, Inc. Securities Litigation*, 2001 WL 37119391, at *3

---

[2] Plaintiffs also rely on *Sanchez v. Bay Area Rapid Transit Dist.*, No. 13-CV-1885 YGR, 2013 WL 4764485, at *9 (N.D. Cal. Sept. 5, 2013). In *Sanchez*, the court denied the defendants' motion to strike a putative expert report and photographs attached to the complaint. Inasmuch as *Sanchez* relied on *MannKind*, the Court finds the *Sanchez* decision unpersuasive as well.

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE
5

(striking expert's "legal conclusions" from complaint).  Therefore, when deciding Defendants' motion to dismiss, the Court will not consider Dr. Cain's opinions as set forth in paragraphs 722 through 724 of the TAC and any other portions of the TAC that rely on those opinions.

## IV. CONCLUSION

Defendants' Motion to Strike is GRANTED.

**IT IS SO ORDERED.**

Dated: September 30, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01725-EJD
ORDER GRANTING MOTION TO STRIKE
6