UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION | Case No.  5:18-cv-01725-EJD<br><br>**ORDER RE CASE SCHEDULING** |

This case is now nearly seven years old. In those seven years, very much has happened in this case. There have been four complaints, three motions to dismiss, an appeal to the Ninth Circuit, a petition for panel rehearing and rehearing en banc before the Circuit, a petition for certiorari to the Supreme Court, a grant of certiorari, and argument before the Supreme Court. ECF Nos. 1, 86, 118, 123, 137, 142, 168, 170, 175, 178. Most recently, the case has returned to this Court after the Supreme Court dismissed the writ of certiorari as improvidently granted. ECF No. 179.

At the same time, very little has happened. The extensive litigation history that the Court just recounted all occurred at the pleading stage—not a single document has been produced in discovery due to the automatic discovery stay imposed by the Private Securities Litigation Reform Act (PSLRA). *See* 15 U.S.C. § 78u-4(b)(3)(B). Yet, Defendants now signal that they intend to file a *fourth* motion to dismiss. ECF No. 191. And they propose a briefing schedule extending into August 2025, meaning that, in all likelihood, the pleadings would not be resolved until 2026 at the earliest. *Id.* This despite the fact that the Ninth Circuit held Plaintiffs here have stated a claim as to some of their challenged statements, and the Supreme Court declined to disturb that holding. ECF Nos. 175, 179.

Case No.: 5:18-cv-01725-EJD
ORDER RE CASE SCHEDULING   1

The Ninth Circuit has spoken; Plaintiffs have stated a claim. Seven years is more than long enough to wait, and it is high time for discovery to begin. Therefore, the Court will not entertain a fourth motion to dismiss. To the extent Defendants would like to rehash arguments raised in their earlier motions to dismiss, the Ninth Circuit has already reviewed the Court's orders on those motions. This Court cannot revisit issues that the Ninth Circuit has already decided. *United States v. Thrasher*, 483 F.3d 977, 981–82 (9th Cir. 2007). To the extent Defendants intend to raise new arguments for failure to state a claim that they did not raise earlier, the Rules of Civil Procedure prohibit them from doing so. A party "*must* not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion" except as Rules 12(h)(2) or (3) allow. Fed. R. Civ. P. 12(g)(2) (emphasis added). In turn, Rule 12(h)(2) permits Defendants to raise new failure-to-state-a-claim arguments only in a pleading, a motion for judgment on the pleadings under Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017). Together, Rules 12(g) and 12(h) provide that parties may only file one pre-answer motion for failure to state a claim per complaint; any further failure-to-state-a-claim arguments made after that motion must be raised in the answer and post-answer process. *In re Apple*, 846 F.3d at 318.

Normally, the pre- and post-answer distinction is a purely procedural technicality that has no practical impact on the litigation. *Id.* at 318–19. But the distinction is significant in federal securities cases because the PSLRA stays discovery "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). By its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c). This makes good sense. One of the purposes of the PSLRA stay is "to prevent plaintiffs from filing frivolous lawsuits and using [them as vehicles] 'in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint.'" *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1104 (C.D. Cal. 2007) (quoting S. Rep. No. 104-98, at 14 (1998)). Now that the Ninth Circuit has found some claims to be properly stated, discovery would no longer act as a fishing expedition to salvage a deficient complaint.

1    In short, the Court will not allow Defendants to file a fourth motion to dismiss. They have the right to file a motion for judgment on the pleadings under Rule 12(c), but they cannot further delay answering the operative complaint and conducting discovery. The parties shall meet and confer ahead of the upcoming status conference on a schedule contemplating Rule 12(c) briefing and discovery in parallel. They shall submit a joint status report memorializing their progress on those discussions by **noon on February 26, 2025**, and they should be prepared to discuss scheduling issues at the status conference.

**IT IS SO ORDERED.**

Dated:  February 19, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-01725-EJD
ORDER RE CASE SCHEDULING          3