ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kblack@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com

Co-Lead Counsel for the Class
[Additional counsel appear on signature page.]

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (SBN 255976)
  blutz@gibsondunn.com
MICHAEL J. KAHN (SBN 303289)
  mjkahn@gibsondunn.com
MARTIE KUTSCHER (SBN 302650)
  mkutscherclark@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8217
Facsimile: 202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 5:18-cv-01725-EJD<br><br>CLASS ACTION<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED SCHEDULE PURSUANT TO THE COURT'S FEBRUARY 27, 2025 ORDER |

Plaintiffs Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated") and the Public Employees' Retirement System of Mississippi ("Mississippi" and, together with Amalgamated, "Plaintiffs") and Defendants Facebook, Inc. (now Meta Platforms, Inc.) ("Facebook"), Mark E. Zuckerberg, David M. Wehner, and Sheryl K. Sandberg (collectively, the "Individual Defendants" and together with Facebook, "Defendants") (together, the "Parties"), by and through their respective counsel of record, hereby respectfully submit the following Joint Case Management Statement and Proposed Schedule Progress and Status Report pursuant to the Court's February 27, 2025 Order. ECF No. 201.

## I.    JURISDICTION & SERVICE

Service has been accepted for all Defendants. *See* ECF No. 77. Plaintiffs bring claims under §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "1934 Act" or "Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5(a)–(c) promulgated thereunder (17 C.F.R. §240.10b-5). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 78aa (Section 27) of the 1934 Act.

## II.    FACTS

Plaintiffs allege, and Defendants dispute, that during the putative Class Period (February 3, 2017 and July 25, 2018), Facebook and certain of its officers made materially misleading statements about (i) the risk of misappropriation and misuse of Facebook user data by third parties (including third parties involved in the Cambridge Analytica scandal), and (ii) the ability of users to control their data on Facebook's platform. The Parties dispute numerous factual issues.

## III.    LEGAL ISSUES

The principal legal issues in dispute include: whether Defendants violated §§10(b) and/or 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, and

whether Defendant Mark Zuckerberg violated §20A of the Exchange Act; the appropriate measure of damages, if any; and whether this action may be maintained as a class action.

## IV. MOTIONS

### A. Prior Motions

On March 20, 2018, Fan Yuan filed the initial complaint in this action on behalf of a purported class consisting of purchasers of common shares of Facebook. ECF No. 1. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on October 16, 2020, Amalgamated and Mississippi filed competing motions to be appointed as lead plaintiff, appointment of lead counsel, and consolidation. ECF Nos. 28, 39. On August 1, 2018, Amalgamated and Mississippi stipulated to resolve their competing motions and sought, with the Court's approval, to serve jointly as lead plaintiff. ECF No. 55. On August 3, 2018, the Court approved their stipulation. ECF No. 56.

#### 1. Motions to Dismiss

Plaintiffs filed a consolidated complaint in this action on October 15, 2018, asserting claims under the Exchange Act against Defendants. ECF No. 86. On December 14, 2018, Defendants filed a motion to dismiss the consolidated complaint. ECF No. 93. On September 25, 2019, the Court dismissed the consolidated complaint in full for failure to state a claim, and granted Plaintiffs leave to amend. ECF No. 118. On November 15, 2019, Plaintiffs filed a second amended complaint. ECF No. 123. On January 15, 2020, Defendants moved to dismiss, ECF No. 126, and on August 7, 2020, the Court again granted the motion to dismiss with leave to amend. ECF No. 137. Plaintiffs filed their third amended complaint on October 16, 2020. ECF No. 142. On December 18, 2020, Defendants filed a motion to dismiss the third amended complaint. ECF No. 145. On December 20, 2021, the Court granted Defendants' motion to dismiss the complaint with prejudice. ECF No. 168.

Plaintiffs appealed the Court's dismissal order to the Ninth Circuit. ECF No. 170. On appeal, Plaintiffs challenged three issues: (1) "whether the [Court] properly dismissed Plaintiffs' claims regarding Defendants' risk statements for failure to adequately plead falsity"; (2) "whether the [Court] properly dismissed Plaintiffs' claims regarding Defendants' user-control statements for failure to adequately plead loss causation"; and (3) "whether the [Court] properly dismissed Plaintiffs' claims regarding Defendants' statements about Facebook's investigation into the Cambridge Analytica data breach for failure to adequately plead scienter and falsity." *Amalgamated Bank v. Facebook, Inc*., No. 22-15077 (9th Cir.), ECF No. 14 at 1. On October 18, 2023, the Ninth Circuit affirmed in part and reversed in part this Court's order. ECF No. 174. On November 1, 2023, Facebook filed a petition for panel rehearing and rehearing en banc. The Ninth Circuit issued an amended opinion on December 4, 2023. ECF No. 175. In its amended opinion the Ninth Circuit concluded:

> We affirm in part and reverse in part as to dismissal based on the risk statements and user control statements, and we affirm as to dismissal on the Cambridge Analytica investigation statements. Specifically, we affirm the dismissal of the statements in ¶¶ 503–05, 530, 533, and 537–38 of the Third Amended Complaint, reverse the district court's dismissal of the statements in ¶¶ 501–02, 507–14, 519, and 525, and remand for further proceedings.

*Id*. at 39.

Defendants filed a petition for a writ of certiorari on March 4, 2024, which presented two questions: 1. "Are risk disclosures false or misleading when they do not disclose that a risk has materialized in the past, even if that past event presents no known risk of ongoing or future business harm?" 2. "Does Federal Rule 8 or Rule 9(b) supply the proper pleading standard for loss causation in a private securities-fraud action?" On June 10, 2024, the Supreme Court granted the petition limited to Question 1 only. ECF No. 178. On November 22, 2024, after full briefing and oral argument, the Supreme Court dismissed the writ of certiorari as improvidently granted. ECF No.

179. The Ninth Circuit issued its mandate on January 24, 2025, returning jurisdiction of the case to this Court. ECF No. 180.

### B.  Pending Motions

There are no pending motions at this time.

### C.  Anticipated Motions

Defendants intend to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs intend to file a motion for class certification. Otherwise, the Parties believe that it is too early to determine whether and when any additional motions will be filed.

## V.  AMENDMENT OF PLEADINGS

The Parties reserve all rights under the Federal Rules to amend or oppose any amendment of the pleadings.

## VI.  EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"). *See also* ECF No. 77 (September 13, 2018 Joint Case Management Statement and Rule 26(f) Report)(noting same). The parties are also aware of the evidence preservation obligations under the PSLRA during the pendency of Defendants' motions to dismiss. The parties reserve all rights relating to these obligations, including to raise any issues with compliance at any time.

## VII.  DISCLOSURES

Pursuant to Rule 26(a)(1)(C) and the Parties' agreement, the Parties will exchange initial disclosures by April 10, 2025.

## VIII. DISCOVERY

### A. Discovery Taken to Date

Pursuant to the PSLRA, discovery in this action was stayed during the anticipation of, and then the pendency of, Defendants' motions to dismiss. 15 U.S.C. §78u-4(b)(3)(B); ECF No. 77. On February 21, 2025, Plaintiffs delivered their first document requests to Defendants (the "First RFPs"). The Parties agreed that the First RFPs were deemed "served" on February 28, 2025.[1] The parties have agreed that Defendants will begin rolling productions in response to the First RFPs on April 11, 2025 and substantially complete such productions by May 30, 2025, subject to any ongoing disputes and negotiations regarding the productions..

Contemporaneous with the filing of this status report, the parties have filed a proposed stipulated protective order. Pending entry of a protective order by the Court, all document productions will be deemed to have been produced on an "attorneys-eyes only" basis under the protective order issued in the related multidistrict litigation on August 10, 2018. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, Case No. 18-md-02843-VC, Dkt. No. 122. After the Court enters a protective order, that order will govern all document productions.

### B. The Scope of Anticipated Discovery

As discussed with the Court during the February 27, 2025 status conference, Plaintiffs have served requests for documents and transcripts of testimony from seven related actions. Facebook has agreed to begin producing these materials by April 11 and to complete those productions by May 30 without withholding any documents on relevance grounds, pending any outstanding negotiations or disputes regarding the productions at that time. The parties are hopeful that the majority of topics on which Plaintiffs seek discovery will be covered by these productions save for targeted, narrow additional discovery (if any) but reserve all rights.

---

[1] Plaintiffs subsequently commenced noticing certain third-party discovery.

Plaintiffs anticipate serving discovery requests related to topics relevant to this case to the extent not covered by the reproductions.  Plaintiffs also anticipate serving Rule 45 document subpoenas on various third parties and conducting party and third-party depositions.  Defendants intend to serve discovery requests on and to depose Plaintiffs and third parties.

## IX.    CLASS ACTION

Plaintiffs seek to maintain this action as a class action pursuant to Rule 23(a) and (b)(3). Plaintiffs bring these federal securities law claims individually and on behalf of the putative Class. Excluded from the putative Class are Defendants; members of the immediate families of the Individual Defendants; Facebook's subsidiaries and affiliates; any person who was an officer or director of Facebook during the Class Period; any entity in which any defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Plaintiffs believe that maintenance as a class action is appropriate because Plaintiffs believe, and Defendants dispute, that all four requirements of Rule 23(a) are met:  the class is sufficiently numerous that joinder is impracticable; there are questions of law or fact that are common to the class;  Plaintiffs' claims are typical of absent class members' claims; and  Plaintiffs will adequately and fairly represent the class.  *See* Fed. R. Civ. P. 23(a).  Plaintiffs believe, and Defendants dispute, that this action also satisfies Rule 23(b)(3) in that common questions of law and fact predominate over individual questions – that is, that issues applicable to the class predominate over any issues subject to only individualized proof – and a class action is the superior method of adjudicating this dispute as opposed to many distinct separate actions.  Plaintiffs and additional proposed class representatives, if any, will move for class certification in accordance with the schedule set forth in §16, below.

All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**X.    RELATED CASES**

There have been a number of matters related to the Cambridge Analytica events, as discussed above (*supra* Section VIII.B.), but there are no related matters falling within Local Rule 3-12.

**XI.    RELIEF**

Plaintiffs seek damages, if any, caused by Defendants' alleged wrongdoing, as well as pre- and post-judgment interest, fees, costs, and such other relief as this Court may deem appropriate.

Defendants deny that Plaintiffs are entitled to any relief.

**XII.    SETTLEMENT AND ADR**

The Parties have not engaged in settlement discussions. In the event they do so in the future, the Parties expect to utilize a private mediator.

**XIII.    CONSENT TO MAGISTRATE**

The parties have declined to proceed before a Magistrate Judge. *See also* ECF No. 77 (same).

**XIV.    OTHER REFERENCES**

At this time, the Parties do not believe that this case is suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

Defendants intend to file a 12(c) motion for judgment on the pleadings, which, if granted, they believe would narrow the case. Plaintiffs disagree with the premise of Defendants' anticipated motion, which they will address in their opposition brief.

**XVI.    SCHEDULING**

The Parties have stipulated to the schedule outlined below. Accordingly, the Parties request that the Court enter the following schedule:

| Event | Proposed Date |
|---|---|
| Exchange Initial Disclosures | April 10, 2025 |

| Event | Proposed Date |
|---|---|
| Defendants' deadline to start rolling production of documents in response to Plaintiffs' First RFPs[2] | April 11, 2025 |
| Deadline for Defendants to substantially complete document productions in response to Plaintiffs' First RFPs without withholding any documents on relevance grounds, subject to any ongoing disputes/negotiations regarding the productions | May 30, 2025 |
| Deadline for Defendants to answer the Third Amended Complaint | May 30, 2025 |
| Deadline for Defendants' motion for judgment on the pleadings | May 30, 2025 |
| Deadline for Plaintiffs to oppose Defendants' motion for judgment on the pleadings | July 9, 2025 |
| Deadline for Defendants to file their reply in support of their motion for judgment on the pleadings | August 8, 2025 |
| Deadline for Plaintiffs to file a class certification motion and serve class certification expert report(s)[3] | October 1, 2025 |
| Deadline for completion of deposition of Plaintiffs' class certification expert | November 5, 2025 |
| Deadline to file an opposition to Plaintiffs' class certification motion and serve rebuttal class certification expert report(s) | November 19, 2025 |
| Deadline for substantial completion of document productions | November 21, 2025 |
| Deadline for completion of deposition of Defendants' class certification expert | December 8, 2025 |

---

[2] Contemporaneous with the filing of this status report, the parties have filed a proposed stipulated protective order. Pending entry of a protective order by the Court, all document productions will be deemed to have been produced on an "attorneys-eyes only" basis under the protective order issued in the related multidistrict litigation on August 10, 2018. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, Case No. 18-md-02843-VC, Dkt. No. 122. After the Court enters a protective order, that order will govern all document productions.

[3] The proposed deadlines regarding class certification assume that the Court rules on Defendants' motion for judgment on the pleadings before the due date for Plaintiffs' motion for class certification. If the Court does not rule by that time, the parties will meet and confer in good faith to discuss modification of the class certification briefing schedule.

| Event | Proposed Date |
|---|---|
| Deadline to file a reply in support of Plaintiffs' class certification motion and serve reply class certification expert report(s) | December 22, 2025 |
| Deadline for completion of fact discovery | March 6, 2026 |
| Deadline for the identification and production of affirmative expert witness reports | March 27, 2026 |
| Deadline for the identification and production of rebuttal expert witness reports | May 8, 2026 |
| Deadline for completion of expert discovery | June 19, 2026 |
| Deadline to file dispositive and/or *Daubert* motions | July 31, 2026 |
| Deadline to file any responses to dispositive and/or *Daubert* motions | September 11, 2026 |
| Deadline to file any replies to dispositive and/or *Daubert* motions | October 9, 2026 |
| Final Pre-Trial Conference | October 15, 2026 (subject to the Court's schedule) |
| Trial | November 1, 2026 (subject to the Court's schedule)[4] |

## XVII. TRIAL

A jury trial is demanded. Given the current posture of the case, the Parties believe it is premature to estimate the length of any trial.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed their Certifications of Interested Entities or Persons as required by Civil L.R. 3-15.

---

[4] At the February 27, 2025 status conference, the Court asked whether trial in 2026 was possible. Defendants believe that depends, in part, on whether the Court will have sufficient time to rule on the parties' motions for summary judgment sufficiently in advance of trial. To account for resolution of those motions, Defendants propose trial in early 2027. Plaintiffs propose dates in late 2026; should the Court adopt a 2026 trial date and motions for summary judgment remain pending at that time, Defendants request that the Court continue the trial date to a date that allows for resolution of those motions sufficiently in advance of trial.

Plaintiffs reaffirm as follows: Lead Plaintiff Amalgamated filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on May 21, 2018. ECF No. 30. Amalgamated is a publicly held non-governmental corporation that has no parent corporation. BlackRock, Inc. and ARK Investment Management LLC have reported beneficial ownership of over 10% of Amalgamated. Pursuant to Civil L.R. 3-15, Amalgamated's counsel certifies that as of this date, there is no conflict or interest (other than the named parties) to report. Lead Plaintiff Public Employees' Retirement System of Mississippi (MPERS) is a public retirement system that serves the state of Mississippi, which was established by legislation in 1952 and has no parent corporation and no publicly held corporation holds 10 percent or more of MPERS. MPERS is a governmental defined benefit pension plan that provides retirement benefits for non-federal public employees working in Mississippi's state government as well as Mississippi's public schools, universities, community colleges, municipalities, counties, legislature, highway patrol, and other public entities. Pursuant to Civil L.R. 3-15, MPERS's counsel certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

Defendants reaffirm that Meta Platforms, Inc. (f/k/a Facebook, Inc.) is a publicly held non-governmental corporation that has no parent corporation. No other entity has an ownership interest of 10% or more in Meta Platforms, Inc. Pursuant to Civil L.R. 3-15, Defendants' counsel certifies that as of this date, there is no conflict or interest (other than the named Parties) to report.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER

The Parties have nothing to add at this time.

| | | |
|---|---|---|
| 1 | DATED: March 13, 2025 | ROBBINS GELLER RUDMAN |
| 2 | |   & DOWD LLP |
| | | JASON C. DAVIS |
| 3 | | KENNETH J. BLACK |

                                                          /s/ *Jason C. Davis*

One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kblack@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS (212802)
DARRYL J. ALVARADO (253213)
HILLARY B. STAKEM (286152)
J. MARCO JANOSKI GRAY (306547)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

Counsel for Amalgamated and Co-Lead Counsel for the Class

DATED:  March 13, 2025

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
TIMOTHY G. FLEMING
THOMAS Z. SPERBER

                                                          /s/ *Jeremy P. Robinson*

|   |   |
|---|---|
|   | 1251 Avenue of the Americas |
|   | New York, NY  10020 |
|   | Telephone:  212/554-1400 |
|   | 212/554-1444 (fax) |
|   | salvatore@blbglaw.com |
|   | jeremy@blbglaw.com |
|   | timothy.fleming@blbglaw.com |
|   | thomas.sperber@blbglaw.com |
|   |   |
|   | Counsel for Mississippi and Co-Lead Counsel for the Class |
| DATED:  March 13, 2025 | GIBSON, DUNN & CRUTCHER LLP |
|   | BRIAN M. LUTZ |
|   |   |
|   | /s/ Brian M. Lutz |
|   |   |
|   | One Embarcadero Center, Suite 2600 |
|   | San Francisco, CA  94111-3715 |
|   | Telephone:  415/393-8200 |
|   | 415/374-8306 (fax) |
|   | blutz@gibsondunn.com |
|   |   |
|   | Counsel for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner |

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: March 13, 2025

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Brian M. Lutz*
Brian M. Lutz