1

2

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date First Action Filed:  March 20, 2018 |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this litigation (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained to represent or advise a Party to this action, and any attorney outside the United States advising a Party regarding this action who has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information learned, copied, or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information:

        (a)    any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or another court's protective order, including becoming part of the public record through trial or otherwise; and

        (b)    any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party, to the extent practicable, must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order. In situations where it is not practicable to designate only

those parts of material, documents, items, or oral or written communications that qualify for protection

under this Order, the Designating Party is not relieved from the obligation under Section 5.2 (as

qualified by Section 5.2(a)) to designate before disclosure or production of the material, documents,

items, or oral or written communications that portions of those qualify for protection under this Order.

Absent such a designation, the Receiving Party shall have no obligation to treat the disclosed material,

documents, items, or oral or written communications as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until notified pursuant to Section 5.3 of

an inadvertent failure to designate.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to

be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

or retard the case development process or to impose unnecessary expenses and burdens on other parties)

expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection, that Designating Party must promptly notify all other Parties

that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,

e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

Discovery Material that qualifies for protection under this Order must be clearly so designated before

the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" to each page that contains protected material. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-

Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. For testimony given in deposition, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" information.

5.3.     Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. Counsel for any Producing Party shall have the right to exclude

Gibson, Dunn &
Crutcher LLP

from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(a)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4.    <u>Inadvertent Failures to Designate</u>.    An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to timely secure protection under this Order for such material.

In the event that any document, material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Producing Party that inadvertently produced the document shall give written notice of such inadvertent production, together with a further copy of the subject document, material, or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, material, or testimony shall promptly destroy the inadvertently produced document, material, or testimony and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such documents, material, or testimony to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents, material, or testimony. Should the Receiving Party choose to destroy such inadvertently produced document, material, or testimony, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of written notice of the inadvertent production.

This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-CV-01725-EJD

Gibson, Dunn & Crutcher LLP

the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

(a)    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Data Security of Protected Material. Any Receiving Party or any person in possession of or transmitting another Party's Protected Material must maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material.  Reasonable administrative, technical, and physical safeguards may include, by way of example and without

imposing any specific obligations or requirements on any party: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to or stored by the Receiving Party; an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; access rights management; physical space and device access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

7.3    To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-CV-01725-EJD

Gibson, Dunn &
Crutcher LLP

Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any closed LLM or AI platforms where the Producing Party's Protected Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. Before the Receiving Party transfers any of the Producing party's Protected Material to a closed LLM or AI platform, the Receiving Party shall make reasonably sure that it can delete all such Protected Material from the platform at the final disposition of this action, as defined in paragraph 4. The Receiving Party will be responsible for destroying such produced information from such tools at the end of the Matter.

7.4    <u>Export Control and Foreign Discovery</u>. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America unless reasonably necessary in connection with the prosecution of the litigation, including for example obtaining discovery or taking depositions or examinations in a foreign country or any procedures required to effect such discovery, depositions or examinations. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited unless reasonably necessary in connection with the prosecution of the litigation, including for example obtaining discovery or taking depositions or examinations in a foreign country or any procedures required to effect such discovery, depositions or examinations. Any Receiving Party who anticipates a potential need for Protected Material to leave or be viewed outside of the territorial boundaries of the United States of America in connection with the prosecution of the litigation, including for example obtaining discovery or taking depositions or examinations in a foreign country, will give the Designating Party at least thirty (30) days advance notice and the Parties will meet and confer. Any unresolved dispute will be raised with the Court in

1    a timely manner.  The restrictions contained within this paragraph may be amended through the

2    express written consent of the Producing Party to the extent that such agreed to procedures conform

3    with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove

4    any obligation that may otherwise exist to produce documents currently located in a foreign country

5    or restrict in any way the parties' ability to take discovery from or in any foreign country.

6         7.5    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by

7    the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

8    information or item designated "CONFIDENTIAL" only to:

9         (a)    the Receiving Party's Outside Counsel;

10        (b)    the officers, directors, and employees (including House Counsel) of the Receiving

11   Party and, with respect to the Public Employees' Retirement System of Mississippi, the

12   Attorney General of the State of Mississippi and any attorneys or employees therefrom directly

13   involved in supervising the oversight of this litigation to whom disclosure is reasonably

14   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

15   Bound" (Exhibit A);

16        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

17   reasonably necessary for this litigation and who have signed the "Acknowledgment and

18   Agreement to Be Bound" (Exhibit A);

19        (d)    the court and its personnel;

20        (e)    court reporters and their staff, professional jury or trial consultants, mock jurors,

21   and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

22   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23        (f)    during their depositions, witnesses in the action who have signed the

24   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

25   Designating Party or ordered by the court.  If a witness refuses to sign, the noticing party has the

26   right to adjourn the deposition and raise the matter with the court.  Pages of transcribed

27   deposition testimony or exhibits to depositions that reveal Protected Material may not be

28   disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)    any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.6    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record;

(b)    up to three (3) designated representatives from each of the Lead Plaintiffs, all of whom must have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)    an Expert of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Receiving Party's House Counsel and the paralegal, clerical, secretarial, or e-Discovery personnel who work for House Counsel to whom disclosure is reasonably necessary for this litigation;

(e)    the Court and its personnel;

(f)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the named individual defendants in the action;

(h)    during their depositions, witnesses in the action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless a specific objection is raised by the Designating Party at least ten (10) days before the deposition and the parties cannot resolve the dispute.  If a witness refuses to sign, the noticing party has the right to adjourn the deposition and raise the matter with the court.  Pages of transcribed deposition

testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)    any mediator who is assigned to hear this matter, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party, including a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this

Gibson, Dunn &
Crutcher LLP

13

action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)    notify in writing the Designating Party of the unauthorized disclosures;

(b)    use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)    inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d)    request such person or persons to execute the "Acknowledgment and Agreement to

Be Bound" that is attached hereto as Exhibit A.

**11. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

11.1    <u>Purpose</u>.  Pursuant to Federal Rules of Evidence 502(d) and 502(e), the production or disclosure of any attorney-client privileged or work-product-protected Documents in this litigation shall not result in the waiver of, or an estoppel as to, any claim of attorney-client privilege or attorney work product protection associated with such Documents as to the Receiving Party or any third parties in this or in any other state or federal proceeding, regardless of the circumstances of such production or disclosure.  This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Documents. The parties agree that, unless expressly provided for herein, Fed. R. Evid. 502(b) shall not apply to any disputes regarding privileged or work-product-protected Documents that are produced in this litigation; instead, this Section shall provide protection for, apply to any disputes regarding, and govern the handling of privileged or work-product-protected Documents that are produced in this litigation.

11.2    Notwithstanding the foregoing, this Stipulation does not preclude a party from intentionally waiving a claim of privilege or work-product protection through affirmative use of Documents subject to such privilege or protection to support such party's claims or defenses in this action or in any other state or federal proceeding.  Defendants reserve all rights with respect to Documents produced under compulsion or pursuant to a non-waiver order in this action or in any other state or federal proceeding.  When a party has intentionally waived the privilege or protection as to certain Documents, whether the waiver extends to other, undisclosed Documents will be determined under Fed. R. Evid. 502(a).

11.3    <u>Clawback Notice</u>.  In the event that a Producing Party discovers that it produced a Document subject to a claim of attorney-client privilege or work-product protection, it shall, within 30 calendar days of discovering the inadvertent production of the Document, provide written notice of the claim to the Receiving Party (a "Clawback Notice"), identifying the subject Document(s). The Clawback Notice shall include the Bates range of (or, in the event the Document is not Bates-numbered, information sufficient to identify) each Document the Producing Party seeks to clawback and specify the factual basis for the privilege or protection asserted in sufficient detail to permit the

Receiving Party to assess the claim. As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or work-product-protected material, a new copy of the document utilizing the same Bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or work-product-protected, a slip sheet utilizing the same Bates number(s) as the original noting that the document has been withheld. Any document that is the subject of a Clawback Notice shall be included on a privilege log if and as required by the privilege logging procedures agreed to by the parties or ordered by the Court (including, without limitation, the procedures governing the format of the privilege log and the timing of privilege-log production).

11.4    Procedures Following Clawback Notice.  Immediately upon receipt of a Clawback Notice, the Receiving Party shall: (i) sequester the Document(s) identified in the Clawback Notice, all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege or protection is claimed; and (ii) refrain from making any use of the Document(s) identified in the Clawback Notice.

11.5    If the Receiving Party does not challenge a claim that a Document specified in a Clawback Notice is privileged or work-product protected, within fifteen calendar days of receipt of the Clawback Notice, the Receiving Party must: (i) return and/or certify destruction of the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; and (ii) notify the Producing Party in writing when this is complete. Thereafter, the Receiving Party may not use the Documents for any purpose in this action, in any other action or proceeding, or otherwise.

11.6    If a Receiving Party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the Receiving Party shall notify the Producing Party of its challenge (and the reasons therefor) within fifteen calendar days of receiving the Clawback Notice asserting the claim.[1] The Receiving Party shall sequester the challenged Document(s) as described in Paragraph 3.A until its challenge has been resolved. Within four business days of the

---

[1] The parties agree to meet and confer in good faith about extending this deadline in the event a Producing Party seeks to clawback more than 50 documents within a 14-calendar-day period.

Gibson, Dunn &
Crutcher LLP

Producing Party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, the parties shall present their dispute to the Court as a discovery dispute.

11.7    Either party may submit the issue to the Court for a determination. The parties' briefs shall focus on the legal arguments for why the Document(s) are or are not privileged, and shall not otherwise discuss the substance of the Document(s) but the parties may describe the general nature of the Document(s) in support of their arguments so long as the parties do not disclose legal advice, requests for legal advice, or attorney work-product in describing the Document(s). Simultaneously with the filing of the parties' briefs, the Producing Party shall submit the Document(s) at issue for *in camera* review by delivering the Document(s) in a sealed envelope to the undersigned Judge's chambers.

11.8    Except as provided for herein, the Document(s) listed in the Clawback Notice shall not be used or disclosed by the Receiving Party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. The Producing Party shall bear the burden of establishing the privileged or protected nature of the Document(s).

11.9    If the Court determines that the challenged documents are privileged and/or work-product protected, within four business days after that determination, the Receiving Party must: (i) return and/or certify destruction of the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; and (ii) notify the Producing Party in writing when this is complete. Thereafter, the Receiving Party may not use the Documents for any purpose in this action, any other action or proceeding, or otherwise.

11.10    Procedures During Depositions And Hearings.  If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the Producing Party may, in its sole discretion, do one or more of the following: (a) allow the document to be used during the deposition without waiver of any claim of privilege or other

protection; (b) allow questioning about the document but instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition, in which case no questions may be asked and no testimony may be given relating to the document or the privileged or work-product-protected portion of the document until the matter has been resolved by agreement or by the Court. In all events, once the document is no longer in use at the deposition, the Receiving Party shall promptly sequester all copies of the document under Paragraph 3.A. As to any testimony subject to a claim of privilege or work-product protection, the Producing Party shall serve a Clawback Notice by no later than four business days after the final transcript becomes available, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

11.11   If a Receiving Party uses discovery materials in a brief, as part of an expert report, or at a hearing, and the Producing Party has not served a Clawback Notice in advance of the briefing event, service of an expert report, or hearing, the Producing Party shall serve a Clawback Notice within fifteen (15) calendar days of the briefing event, service of expert report, or hearing. Thereafter, the procedures set forth above shall apply

11.12   <u>Prohibition On Use Of Privileged Information</u>.  In the event that a Receiving Party discovers that a Producing Party has included information or Document(s) that are or may be subject to a claim of attorney-client privilege or work-product protection in its productions and were or may have been inadvertently produced, the Receiving Party shall promptly (i) sequester the documents under Paragraph 3.A and (ii) serve on the Producing Party a written notice of the possible inadvertent production by identifying the Bates range(s) of (or, in the event the Document is not Bates-numbered, information sufficient to identify) the Document(s) the Receiving Party believes are or may be privileged or work-product protected, and were or may have been inadvertently produced (an "Inadvertent Production Notice").

Gibson, Dunn &
Crutcher LLP

11.13   Upon the Producing Party's receiving an Inadvertent Production Notice, if the Producing Party determines that the subject Documents are privileged or work-product-protected, the Producing Party shall provide the Receiving Party with a Clawback Notice within 30 calendar days of the date of the Inadvertent Production Notice. If the Producing Party determines that the subject Documents are not privileged or work-product-protected, the Producing Party shall, within fifteen calendar days of the date of the Inadvertent Production Notice, inform the Receiving Party in writing that the subject Documents are not privileged or protected and may be released from sequestration.

11.14   <u>Privilege Review</u>.  Nothing in this Stipulation is intended to excuse a Producing Party from conducting a privilege review prior to the production of Documents in this matter. It is the intent of the parties that each side conduct a privilege review prior to the production of Documents to the other.

11.15   <u>Reservation Of Rights</u>.  A Producing Party may not rely solely on its own production or disclosure of privileged or work product materials as a basis to seek disqualification of a Receiving Party's counsel. Nothing in this Stipulation modifies any party's right to seek disqualification of a Receiving Party's counsel based on misuse of privileged or work-product-protected materials.

11.16   In the event a Producing Party serves a Clawback Notice any later than fifteen calendar days after the parties' exchange of initial trial exhibit lists (or, in the event that any Document subject to a Clawback Notice is included for the first time on a supplemental trial exhibit list, fifteen calendar days after service of such supplemental trial exhibit list), the Receiving Party reserves its rights to challenge the Producing Party's clawback under Fed. R. Evid. 502(b).

**12. <u>MISCELLANEOUS</u>**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>March 13, 2025</u>          <u>/s/ Jeremy P. Robinson</u>

Attorney for Plaintiffs

DATED: <u>March 13, 2025</u>          <u>/s/ Brian M. Lutz</u>

Attorney for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   March 21, 2025          _____

United                                    Judge

GRANTED

Judge Nathanael M. Cousins

STIPULATED PROTECTIVE ORDER
CASE NO. 5:18-CV-01725-EJD

Gibson, Dunn &
Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *In re Facebook, Inc. Securities Litigation*, Case No. 5-18-CV-01725-EJD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

Gibson, Dunn & Crutcher LLP

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: March 13, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

_/s/ Brian M. Lutz_
Brian M. Lutz