GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:    202.955.8217
Facsimile:    202.530.9614

*Attorneys for Defendants Facebook, Inc.,
Mark E. Zuckerberg, Sheryl K. Sandberg, and
David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' STATEMENT OF NON-OPPOSITION AND [PROPOSED] ORDER REGARDING LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND UNDER FEDERAL RULE 15**<br><br>Date:         TBD<br>Time:         TBD<br>Location:     Courtroom 4, 5th Floor<br>Judge:        Hon. Edward J. Davila<br><br>Date First Action Filed:  March 20, 2018 |

Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner (collectively, "Defendants"), hereby notify the Court that they do not oppose the filing of the proposed fourth amended complaint, ECF No. 217-2 ("FAC"), appended to Plaintiffs' motion for leave to amend. ECF No. 217 ("Motion" or "Mot."). If the Court grants Plaintiffs' Motion, Defendants will move to dismiss the FAC, including because most of the new allegations reflect an improper attempt to revive claims rejected by or waived before the Ninth Circuit.[1] As a result, "all discovery and other proceedings shall be stayed during the pendency of [Defendants'] motion to dismiss" under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4(b)(3)(B); *see also Eisner v. Meta Platforms, Inc.*, 2024 WL 2749433, at *3-4 (N.D. Cal. May 28, 2024) (holding that PSLRA discovery stay applies "by operation of law" "where a motion to dismiss is 'anticipated' but not yet filed" and "Defendants have made clear that they intend to file a motion to dismiss"). For the Court's convenience, Defendants have submitted a proposed order with a briefing schedule for Defendants' motion to dismiss that would follow the filing of any FAC.[2]

Defendants' position is based solely on the content of the proposed FAC attached to Plaintiffs' Motion. If the Court grants Plaintiffs' Motion, under no circumstances should Plaintiffs be permitted to *add* new allegations to any forthcoming complaint, as Plaintiffs say they might in a footnote in their FAC. *See* ECF No. 217-2 at 1 n.1. Thus, if the Court grants Plaintiffs' Motion, it should make clear that the FAC filed by Plaintiffs can only *delete* allegations and claims from the proposed FAC, not *add*

---

[1] If the Court grants Plaintiffs' motion for leave to amend, Defendants are entitled to file a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(3); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"); *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 950 (N.D. Cal. 2024) (rejecting plaintiffs' assertion that it was improper to file a motion to dismiss an amended complaint that asserted no new causes of action including because "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent" (quoting *Ramirez*, 806 F.3d at 1008)).

[2] On June 5, 2025, Defendants informed Plaintiffs that Defendants did not oppose the filing of the proposed amended complaint and intended to move to dismiss should the Court grant Plaintiffs' Motion. Defendants provided Plaintiffs with the proposed briefing schedule set forth in the proposed order filed concurrently herewith. The parties agree on the briefing schedule, but were unable to submit a stipulation because Plaintiffs insisted on including a provision that discovery should continue notwithstanding the PSLRA's mandatory discovery stay. As discussed in detail below, *infra* 4-7, the PSLRA stay applies in connection with *any* motion to dismiss and courts have repeatedly held it applies in this exact scenario. Accordingly, Defendants respectfully submit that the Court should enter their proposed order.

1
STATEMENT OF NON-OPPOSITION
CASE NO. 5:18-CV-01725-EJD

new ones.

A. **Defendants Intend to Move to Dismiss Rather than Oppose Amendment.**

Most of the Plaintiffs' proposed amendments in their FAC are improper because they seek to revive claims that are no longer part of this case and cannot be revived. For example, Plaintiffs seek to revive their claims as to statements about Facebook's investigation into Cambridge Analytica, *see* Mot. 11-12, which this Court dismissed with prejudice, ECF No. 168 at 12 ("2021 Order"), and the Ninth Circuit affirmed, *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 952-53 (9th Cir. 2023). Plaintiffs also seek to revive claims based on Defendants' purported knowledge that Cambridge Analytica continued to possess and misuse user data after it told Facebook it deleted that data, *see* Mot. 6-7, which this Court dismissed with prejudice, 2021 Order at 12, and Plaintiffs expressly abandoned on appeal, *see, e.g.*, Reply Br. at 3 n.1, *In re Facebook, Inc. Sec. Litig.*, No. 22-15077 (9th Cir. Oct. 12, 2022).[3] These amendments are wholly improper and will be a subject of Defendants' motion to dismiss. The parties have spent the last seven years litigating this case through three motions to dismiss and a subsequent appeal to the Supreme Court. It would be highly prejudicial to Defendants—not to mention a waste of this Court's, the Ninth Circuit's, and the Supreme Court's resources—were Plaintiffs allowed to ignore prior rulings dismissing Plaintiffs' claims and their own actions in affirmatively waiving their right to appeal certain claims dismissed with prejudice and relitigate these dismissed or abandoned claims. *See, e.g.*, *The Hemmer Grp. v. Sw. Water Co.*, 663 F. App'x 496, 497 (9th Cir. 2016) (affirming "district court's order denying leave to amend [the] complaint to reopen claims . . . under Section 10(b) and Section 20(a) of the Exchange Act of 1934" where the Ninth Circuit "previously affirmed the district court's decision to dismiss the Section 10(b) claim with prejudice"); *see also Sec. Inv. Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) (a party "cannot revisit

---

[3] Plaintiffs' repeated assertion that the Ninth Circuit "endorsed," "credited," and "sustained" these claims, *see, e.g.*, Mot. 3-4, 13, is false. This is part of a pattern of Plaintiffs' mischaracterizing the record. For example, Plaintiffs continue to mischaracterize the investigation statements as relating to alleged misuse beyond the Trump and Brexit campaigns, notwithstanding this Court's express "cautio[n]" to Plaintiffs to stop "misrepresenting the context" of the investigation statements, which were "confined to Facebook's investigation of data misuse by Cambridge Analytica during the Trump and Brexit campaigns." *Compare id.* at 11-12, *with* ECF No. 137 at 44 n.8. Plaintiffs also mischaracterize the spoliation order related to Defendant Sheryl Sandberg, claiming that the order found that Sandberg "had deleted sensitive and relevant emails" despite acknowledging in the very next sentence that the court made no specific finding about what could have been deleted. Mot. 18.

theories that it raises but abandons" on appeal); *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017) ("an issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand" (internal quotation marks and citation omitted)), *aff'd*, 749 F. App'x 557 (9th Cir. 2019).

At the same time, some of the proposed amendments in the FAC appear to contain allegations regarding claims that are still live—specifically, Plaintiffs' (nonsensical) claim that Defendants committed fraud by concealing publicly-reported facts that Cambridge Analytica misused user data in support of Ted Cruz's presidential campaign. *See, e.g.*, Mot. 10-11. To avoid burdening the Court in a piecemeal exercise of culling proper from improper proposed additions to the pleading, Defendants believe that the most efficient path forward is for Plaintiffs to file the FAC and Defendants to file their motion to dismiss.

Defendants' motion to dismiss (if granted) would substantially streamline this litigation for class certification, summary judgment, and trial. Defendants' proposed motion to dismiss will not just cut from this case Plaintiffs' claims that were dismissed and waived during the seven years of this litigation, but also will dismiss Plaintiffs' Cambridge Analytica claim in full on scienter grounds. The Ninth Circuit held that Plaintiffs adequately pleaded falsity for this claim, but "le[ft] to the district court on remand whether the shareholders can satisfy the other elements of the claims with respect to risk statements"—including scienter. *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 952 (9th Cir. 2023). As Judge Bumatay observed, in light of Plaintiffs' theory of falsity, it is "difficult to see how [Plaintiffs] can ever satisfy the scienter requirement" and "doubtful this standard can be met." *Id.* at 960 n.2 (Bumatay, J., concurring in part and dissenting in part). Far from pleading a "strong inference" of scienter that is "cogent" and "compelling," *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007), Plaintiffs' contention that Defendants intended to deceive investors by withholding information regarding Cambridge Analytica that was publicly available makes no sense and is unsupported by any particularized facts, as required under the PSLRA and FRCP 9(b).

Dismissal of the Cambridge Analytica fraud claim—as well as the deficient claims long ago dismissed and abandoned—would significantly streamline this case. It would eliminate from this case

the risk factor statements, the March 2018 stock drop, and the theory that the July 2018 stock drop was proximately caused by this alleged fraud. All that would remain is Plaintiffs' whitelisting fraud claim and its supposed connection to the July 2018 stock drop. Defendants are prepared to litigate the merits of the whitelisting claim—but the rest of this case should be dismissed on the pleadings for the reasons summarized above and that will be explained in more detail in Defendants' forthcoming motion to dismiss.

**B.     Defendants' Forthcoming Motion to Dismiss Automatically Stays Discovery and Other Proceedings Under the PSLRA.**

Defendants' motion to dismiss automatically triggers a discovery stay. The PSLRA mandates that "all discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (emphases added). The PSLRA discovery stay is mandatory, not discretionary. The Supreme Court and the Ninth Circuit have recognized that this provision "permits defendants to obtain *automatic* stays of discovery." *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014) (emphasis added); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (same). Additionally, the Ninth Circuit's "decision in *SG Cowen* makes clear that no discovery may proceed until the court has sustained the legal sufficiency of a complaint." *Petrie*, 761 F.3d at 968 (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 912-13 (9th Cir. 1999)). Courts in this district applying *SG Cowen* have concluded that the PSLRA's discovery stay applies "by operation of law" "where a motion to dismiss is 'anticipated' but not yet filed" so long as Defendants "ma[k]e clear that they intend to file a motion to dismiss." *Eisner*, 2024 WL 2749433, at *3-4; *accord In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("Courts, including the Ninth Circuit, treat the stay as automatically in place even before the filing of a motion to dismiss."). Put simply, Congress has spoken on this issue, and "all discovery and other proceedings shall be stayed" until the Court rules on Defendants' forthcoming motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

The fact that discovery already commenced does not change this conclusion. Congress did not carve out this scenario from the PSLRA discovery stay. *See* 15 U.S.C. § 78u-4(b)(3)(B). Indeed, the Ninth Circuit has recognized that even "[w]hen an amended complaint is filed after an earlier complaint

has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery." *Petrie*, 761 F.3d at 968; *accord In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) (finding that *Petrie*'s reasoning required application of the PSLRA's discovery stay "notwithstanding a prior filing of a motion to dismiss"); *Karri v. Oclaro Inc.*, No. 3:18-cv-03435-JD (N.D Cal. Nov. 2, 2021), ECF No. 112 (citing *Petrie* for the rule that "[o]ur circuit has held that the PSLRA discovery stay is triggered by motions to dismiss amended complaints which are 'filed after an earlier complaint has been upheld (at least in part)'"); *see also McGuire v. Dendreon Corp.*, 2009 WL 666863, at *1 (W.D. Wash. Mar. 11, 2009) (maintaining discovery stay after court granted in part defendant's motion to dismiss first amended complaint, plaintiffs filed second amended complaint, and defendant moved to dismiss second amended complaint because the "PSLRA clearly requires that discovery shall be stayed when *any* motion to dismiss is pending" (emphasis in original)); *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (denying plaintiff's motion to lift discovery stay even where defendant did "not challenge the sufficiency of a portion of the section 10(b) claim" because the pendency of the motion to dismiss plaintiffs' other claims "still trigger[ed] the PSLRA's discovery stay provisions"); *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) ("[I]t is proper to impose the stay of discovery pending the decision on the motion to dismiss the Second Amended Complaint, notwithstanding that the parties engaged in discovery prior to its filing."). Courts from other circuits have stayed discovery under similar circumstances. *See, e.g.*, *Shash v. Biogen*, 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024) (staying discovery on remand after the court of appeals partially reversed dismissal but left open whether other claims survived); *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *1 (S.D.N.Y. Apr. 25, 2012) (enforcing discovery stay after discovery had already commenced where plaintiffs subsequently filed fourth amended complaint and motion to dismiss briefing was underway); *Selbst v. McDonald's Corp.*, 2006 WL 566450, at *1-2 (N.D. Ill. Mar. 1, 2006) (finding PLSRA discovery stay applied to motion to dismiss amended complaint even though the court had denied motion to dismiss prior complaint); *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *2-3 (S.D.N.Y. Oct. 14, 2005) (applying PSLRA

discovery stay "where at least some claims against the defendants have survived" because defendants stated their intent to move to dismiss a subsequent amended complaint).

Staying discovery until the Court rules on Defendants' forthcoming motion to dismiss is also consistent with the purpose of the PSLRA—namely, "to prevent unnecessary imposition of discovery costs on defendants." *SG Cowen Sec. Corp.*, 189 F.3d at 911 (9th Cir. 1999); *accord Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) (the PSLRA's discovery stay "allows the court to evaluate the plaintiffs' claims before imposing any unreasonable burden on the defendant"). As noted above, granting Defendants' forthcoming motion to dismiss would significantly streamline the case by removing previously dismissed and meritless claims from the case. If the Court grants the motion, staying discovery in the meantime will ensure that any subsequent discovery will be appropriately tailored to the remaining claims and issues in the case—*i.e.*, Plaintiffs' allegations regarding whitelisting and the July 2018 stock drop. In that case, consistent with the purpose of the PSLRA, the parties will be able to conduct more efficient and expeditious discovery to properly tee up class certification and, if necessary, summary judgment, without needing to engage in unnecessary and burdensome discovery on claims and issues that will be dismissed from the case.

Plaintiffs made a strategic choice when they decided to seek leave to amend to try to improve claims that they anticipated would be subject to dismissal under a Rule 12 motion. But that decision has clear, statutorily imposed implications for the prosecution of their case: it results in a mandatory stay of "all discovery and other proceedings" until the Court resolves Defendants' forthcoming motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).[4] Any claim of prejudice is irrelevant under the statute and also belied by the fact that Defendants have already produced *over one million documents*—virtually the entire evidentiary record (including document productions, deposition testimony, and written

---

[4] The automatic discovery stay under the PSLRA would apply even if Defendants were to file a motion for judgment on the pleadings under Rule 12(c). *See In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) (holding that defendants' motion for judgment on the pleadings under Rule 12(c) "trigger[ed] the PSLRA automatic stay of discovery"); *Shash v. Biogen*, 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024) (enforcing discovery stay on remand after the court of appeals partially reversed dismissal but left open whether other claims survived and defendants filed motion for judgment on the pleadings); *In re Coinbase Glob., Inc. Sec. Litig.*, Case No. 2:22-cv-04915-BRN-LDW (D.N.J.), ECF No. 128 at 2 (collecting authority).

discovery) from six related proceedings about Cambridge Analytica and/or whitelisting.[5] Plaintiffs can and should use their time during the stay of proceedings to analyze that enormous record, so that—once the stay is lifted—they are prepared to engage in targeted discovery aimed at filling any limited gaps between the evidentiary record in those related cases and what they may still need from Defendants that is unique to this action.

\* \* \*

The Court should permit Plaintiffs to file a fourth amended complaint with the changes (and no more than those changes) reflected in the proposed complaint attached to their Motion. The Court should then set the proposed schedule for briefing Defendants' forthcoming motion to dismiss and stay all other proceedings in the case as required by the PSRLA, as set forth in the proposed order filed concurrently herewith.

DATED: June 13, 2025          GIBSON, DUNN & CRUTCHER LLP

By: /s/ Brian M. Lutz
GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
Martie Kutscher (SBN 302650)
Michael J. Kahn (SBN 303289)
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
blutz@gibsondunn.com
mkutscherclark@gibsondunn.com
mjkahn@gibsondunn.com

---

[5] This fact belies Plaintiffs' attempt to create the impression that they amended their complaint based on a limited factual record by describing discovery to date as "initial" and "just started." Mot. 1; FAC 1 n.1. Defendants have completed their production of documents in response to plaintiffs' first set of document requests with the exception of certain materials produced under compulsion in a related case, which Defendants intend to produce pursuant to a 502(d) stipulation that the parties are currently negotiating, and materials over which third parties have asserted confidentiality over in connection with protective orders, which are also subject to ongoing negotiations between the parties.

Joshua S. Lipshutz (SBN 242557)
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:  202.955.8217
Facsimile:  202.530.9614
jlipshutz@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*