ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
1251 Avenue of the Americas
New York, NY  10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com

*Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | ) Master File No. 5:18-cv-01725-EJD |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: | ) **LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF NON-OPPOSITION** |
| ALL ACTIONS. | ) |

While styled as a "Statement of Non-Opposition," Defendants' June 13, 2025 submission (ECF No. 222) represents their latest attempt to halt discovery and further delay this litigation, even though this Court and the Ninth Circuit (and even the Supreme Court) have confirmed that the action should go forward.

Plaintiffs accept that Defendants should have an opportunity to challenge limited aspects of the Fourth Amended Complaint—whether by opposing Plaintiffs' Motion for Leave to Amend, a Rule 12(c) motion, or another 12(b) motion. But Defendants should not be permitted to stay discovery, up-end the Court-ordered schedule, which already allowed for a Rule 12(c) motion without staying discovery, and further delay this seven-year-old litigation. To that end, Plaintiffs respectfully submit a proposed order that they already shared with Defendants prior to their "Non-Opposition," which sets forth a briefing schedule that allows Defendants to bring another pleadings motion on the timeline that they proposed while ongoing discovery continues.[1]

### A. The Court Should Reject Defendants' Latest Attempt To Halt Discovery of Plaintiffs' Meritorious Claims.

Defendants claim that they do not oppose Plaintiffs' amendment, but instead they want to file a Rule 12(b) motion to dismiss to challenge the amendment while staying all proceedings. *E.g.*, ECF No. 222-1 (Defendants' draft order, which asks the Court to immediately order that "[a]ll discovery and other proceedings" in this case are stayed). Defendants' request to stay discovery and gut the Court-ordered schedule should be rejected.

**First**, this Court has held repeatedly that discovery should proceed. *E.g.*, ECF No. 194 (THE COURT: Defendants "cannot further delay answering the operative complaint and conducting discovery"); ECF No. 216 (THE COURT: "If Plaintiffs file a motion to amend their complaint … discovery will remain open absent further order of the Court").

According to their submission, Defendants believe that Plaintiffs' amendment is futile and

---

[1] In an effort to try to reach agreement on this issue without requiring the Court's intervention, Plaintiffs proposed to Defendants essentially the same schedule as the attached proposed order in the form of a draft stipulation, which is attached as **Exhibit 1**.

would be prejudicial to them. *E.g.*, ECF No. 222 at 2 (DEFENDANTS: "Most of the Plaintiffs' proposed amendments … seek to revive claims that are no longer part of this case and cannot be revived … It would be highly prejudicial to Defendants" to allow such an amendment). These are factors in the Rule 15 analysis, and each is addressed in Plaintiffs' Motion for Leave to Amend. ECF No. 218-3 at 13-19. Indeed, it is well established that the Rule 15 futility test is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Droesch v. Wells Fargo Bank, N.A.*, No. 20-CV-06751-JSC, 2021 WL 5771132, at *3 (N.D. Cal. Dec. 6, 2021); *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 WL 913031, at *8 (N.D. Cal. Feb. 27, 2015). But rather than respond to Plaintiffs' pending motion by opposing amendment (the most efficient approach here),[2] Defendants want to file yet another motion to dismiss so they can seek a discovery stay. Defendants' transparent gamesmanship should be rejected.

**Second**, Defendants' proposed discovery stay would unduly prejudice Plaintiffs, inflicting yet another delay in pursuing their claims, which have already been ruled to be meritorious. Under the PSLRA, the stay can be lifted if "necessary to … prevent undue prejudice" to a party. 15 U.S.C. § 78u-4(b)(3)(B). Whether to lift the stay under these circumstances is committed to the Court's "judicial discretion." *In re FirstEnergy S'holder Derivative Litig.*, 219 F.R.D. 584, 587 (N.D. Ohio 2004). Under the PSLRA, "undue prejudice" means "improper or unfair detriment," which is less than "irreparable harm." *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D.Cal.1996); *Lernout*, 214 F.Supp.2d at 107; *Lichtenstein*, 917 F. Supp. at 720–21 ("Using an 'undue prejudice' standard in applying the exception to the statutory discovery stay appropriately attempts to balance the competing concerns of maintaining truth and integrity in the marketplace while curbing meritless litigation."). In these circumstances, Plaintiffs respectfully submit that this Court's discretion should be exercised in favor of not staying discovery and allowing this action to proceed.

---

[2] After all, Plaintiffs' motion for leave to amend was filed pursuant to the Court-ordered deadline to seek amendment until Federal Rule 15. ECF No. 207 *as modified by* ECF No. 216 (setting May 30, 2025 as "the deadline to join parties or otherwise amend the pleadings" under Rule 15).

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF NON-OPPOSITION
5:18-cv-01725-EJD

2

Defendants' request to stay discovery is unfair and unduly prejudicial to Plaintiff. To start, it represents procedural gamesmanship designed to procure a stay, as explained above, which wastes the Court's and Plaintiffs' resources spent on the already-pending Motion for Leave to Amend. Also, a stay would arbitrarily halt the prosecution of Plaintiffs' meritorious claims while not serving the purposes of the PSLRA. Indeed, in its February 19, 2025 Order, this Court explained that another stay would not serve the PSLRA's purpose of preventing "frivolous lawsuits," because "the Ninth Circuit has found some claims to be properly stated [and, thus] discovery would no longer act as a fishing expedition to salvage a deficient complaint." ECF No. 194 at 2; *see also id.* (THE COURT: "The Ninth Circuit has spoken; Plaintiffs have stated a claim."). The Court concluded that "[s]even years is more than long enough to wait, and it is high time for discovery to begin." *Id.* In the same order, the Court rejected Defendants' prior request to file another motion to dismiss. *Id.*

Defendants openly acknowledge that their proposed motion to dismiss would not encompass the entire complaint, telling the Court they plan to "litigate the merits of the whitelisting claim." ECF 222 at 4.[3] Defendants also indicate that they intend to even challenge "claims that are still live." ECF 222 at 3. This exposes Defendants' gambit as an effort to both manufacture a discovery stay and re-ligate claims that were already sustained by the Ninth Circuit. To be sure, Defendants admit as much by invoking the dissenting opinion in the Ninth Circuit. *Id*. at 3:19-21. Defendants' wish to re-litigate issues that they lost at the Ninth Circuit cannot justify a stay—and it is unduly prejudicial to impose one in these circumstances.

Other courts have either lifted or refused to apply the PSLRA stay in whole or in part under similar circumstances. For example, in *Seippel v. Sidley, Austin, Brown & Wood LLP*, in language

---

[3] Plaintiffs note that facts regarding "whitelisting" and "Cambridge Analytica" do not constitute separate "claims" as Defendants suggest; rather, these facts support the falsity, scienter, and loss causation elements of plaintiffs' claims. As discussed below, the Ninth Circuit ruled, for example, that Facebook's conduct relating to whitelisting and Cambridge Analytica support the same core theory that Facebook users did not have control over their data, which third parties could and did obtain by several means including via "whitelisting" and via third-party misappropriation.

reminiscent of this Court's February order, the court determined that because it had "already assessed the sufficiency" of some of the plaintiffs' claims, "the concerns underlying the PSLRA stay" did not apply and, since discovery would proceed "in due course regardless," there was no prejudice to the defendants in it proceeding "sooner rather than later." 2005 WL 388561, at *3-4 (S.D.N.Y. Feb. 17, 2005). Similarly, courts have found that "[t]here is no reason under the statute's language or its purpose to countenance further delay by preventing discovery from proceeding as to [defendant], against whom this case is now clearly going forward." *In re Global Crossing, Ltd. Sec. Litig.,* 322 F. Supp. 2d 319, 352-53 (S.D.N.Y. 2004); *see also Latham v. Stein,* 2010 WL 3294722, at *3 (D.S.C. 2010) ("[T]he purpose of the statutory stay has been served in this case, and discovery should proceed as to [certain] defendants . . . . The complaint in this case was filed nearly two years ago [and the] court's September 4, 2009, order found the plaintiffs' complaint is legally sufficient as to [those] defendants."); *In re Lernout & Hauspie Sec. Litig.,* 214 F. Supp. 2d 100, 105 (D. Mass. 2002) (PSLRA did not require staying of discovery against defendants whose motions to dismiss had been denied, during pendency of other defendants' motions to dismiss); *Basile v. Valeant Pharm. Int'l, Inc.,* No. 8:14-cv-2004-DOC-KES (C.D. Cal. July 6, 2016), ECF No. 171 (ordering that motion to dismiss be heard alongside discovery-related issues).[4]

Plaintiffs' discovery requests are also particularized. Plaintiffs requested—and Defendants

---

[4] Defendants' cited authority is not to the contrary. In *Petrie v. Elec. Game Card, Inc.*, the Ninth Circuit explained that discovery should not proceed until the district court has "sustained the legal sufficiency of the complaint," 761 F.3d 959, 969 (9th Cir. 2014), but that has already occurred in this case, as some of Lead Plaintiffs' claims will continue regardless of the outcome of any further pleading motion. Their other cases involve instances where the first motion to dismiss had not yet been filed (*Eisner v. Meta Platforms, Inc.,* 2024 WL 2749433 (N.D. Cal. May 28, 2024); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.,* 2016 WL 11796891 (N.D. Cal. June 23, 2016)), or else Defendants sought to have the complaint dismissed in its entirety. The one exception involved a case where one Defendant, but not others, conceded the viability of the portion of the claim, and the court quoted case law noting that it could not "be assured that plaintiffs will not attempt to use the discovery materials" to challenge an initial motion to dismiss. *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003). Here, claims will proceed against all Defendants regardless.

agreed—that Defendants produce the discovery materials provided in other overlapping actions. Plaintiffs have issued follow-up requests for production to fill "gaps" in Defendants' productions, and commenced meeting-and-conferring with Defendants about filling such "gaps" in their productions. Courts "regularly find that specific requests for already-produced discovery satisfy the particularity requirement of the exception to a PSRLA discovery stay." *In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *4 (S.D. Ohio June 14, 2021); *see also N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.,* 2015 WL 1565462, at *3 (E.D. Mich. Apr. 8, 2015) ("The discovery NYSTRS seeks is particularized. It is limited to materials that have been produced already and which will be produced in the MDL Litigation."). As to the documents from overlapping actions that Defendants were supposed to produce before May 30, 2025, as Defendants acknowledge, they have not completed that production. ECF No. 222 at 7 n.5. Instead, although the documents at issue previously have been produced in other litigations, Defendants have withheld certain documents on privilege grounds pending a stipulation which has not yet been finalized.

**Third**, Defendants' proposed order would also up-end the schedule already negotiated by the parties and ordered by this Court. ECF No. 207. The Court's Case Management Order called for all dispositive motions to be fully briefed by October 9, 2026, and a Joint Trial Setting Conference Statement to be filed by January 23, 2026. *Id.* at 2-3. At the February status conference, the Court explained that the case was "a bit long in the tooth and it should move forward now" and directed the parties to push toward a trial in 2026. *E.g.,* Feb. 27, 2025 Hearing Tr. at 11:25-12:1; 14:22-23. Defendants' proposed discovery stay would make a 2026 trial impossible. For example, according to Defendants' schedule, their motion to dismiss would not be fully briefed until the end of 2025, with the case in limbo until the Court is able to review the parties' arguments and decide the motion. This is clearly at odds with how the Court has indicated, on multiple occasions, that this action should proceed, even when a Rule 12(c) motion was anticipated. Plaintiffs respectfully submit that the Court should keep the case on track and refuse to stay discovery or the other case deadlines.

Defendants' request is a transparent delay tactic. As this Court has already held, Plaintiffs'

case is not a "fishing expedition"—it is based on meritorious claims credited by the Ninth Circuit that have only been strengthened by the discovery produced thus far. The action should proceed.

**B.  The FAC Advances Existing Claims And Theories That Lead Plaintiffs Have Consistently Pursued And Reserved Rights To Continue To Advance**

Trying to justify their request for a discovery stay, Defendants accuse Plaintiffs of "mischaracterizing the record" and claim that Plaintiffs "waived" or "abandoned" certain claims concerning Cambridge Analytica. ECF No. 222 at 2 n.3. Defendants are incorrect.

To start, the only motion pending before the Court is Plaintiffs' Motion for Leave to Amend. The sufficiency of Plaintiffs' allegations and whether Plaintiffs "waived" or "abandoned" claims are not live issues currently briefed before the Court. Defendants' substantive arguments were improperly mentioned in passing in a purported non-opposition—and they should be disregarded. To the extent Defendants re-raise these spurious arguments in a later motion, Plaintiffs will address them at that time based on a full record.

In any event, Plaintiffs will briefly note that Defendants' waiver and abandonment arguments are wrong. Plaintiffs did not waive anything. At the Ninth Circuit, Plaintiffs argued that Cambridge Analytica's "initial misuse" of the Facebook user data was sufficient to establish falsity for the risk statements—and that was all the Ninth Circuit needed to sustain these claims even though the misuse continued thereafter. The Ninth Circuit agreed.

Moreover, the Ninth Circuit's opinion credited facts establishing that Defendants knew about Cambridge Analytica's continued misuse of the misappropriated Facebook user data. For example, the Ninth Circuit expressly endorsed Plaintiffs' allegation that "after Facebook learned in June 2016 that Cambridge Analytica lied in December 2015 about deleting the data … Cambridge Analytica's chief executive refused to certify that the data had actually been deleted," which "more than support[s] the claim that Facebook was aware of Cambridge Analytica's misconduct before February 2017." *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 949 (9th Cir. 2023) ("*Facebook*"), *cert. granted in part sub nom. Facebook, Inc. v. Amalgamated Bank*, 144 S. Ct. 2629 (2024), *and cert. dismissed as improvidently granted*, 604 U.S. 4 (Nov. 22, 2024).

Further, the Ninth Circuit expressly held that Plaintiffs "pleaded with particularity *that Facebook knew Cambridge Analytica did not delete all the data it had improperly accessed*." *Id.* at 957. Thus, far from waiver, the Ninth Circuit endorsed Plaintiffs' factual allegations regarding Cambridge Analytica's continued misuse and Defendants' knowledge of the same. There is no question that this theory of falsity remains "live." Indeed, it was advanced in Plaintiffs' prior complaint, and it is now advanced in Plaintiffs' amended complaint, which was filed by the Court-ordered deadline to move to amend under Rule 15.[5] Among other things, an amended complaint supersedes the prior complaint, and a plaintiff has every right to re-allege even dismissed claims in a subsequent amended pleading, including based on discovery.

Defendants also argue that they should be permitted to move to dismiss to purportedly "eliminate from this case the risk factor statements, the March 2018 stock drop, and the theory that the July 2018 stock drop was proximately caused by this alleged fraud." ECF No. 222 at 3-4. But these are the exact issues that the Ninth Circuit sustained. *See Facebook*, 87 F.4th at 949 ("The shareholders here adequately pleaded falsity as to the statements in Facebook's 2016 10-K that represented the risk of third parties improperly accessing and using Facebook users' data as purely hypothetical."); *id.* at 954 ("The shareholders adequately pleaded that the March 2018 revelation about Cambridge Analytica was the first time Facebook investors were alerted that Facebook users did not have complete control over their own data."); *id.* at 956 ("The shareholders adequately pleaded that the Cambridge Analytica and whitelisting revelations, not any other factor, caused the July 2018 stock price drop."). Again, Defendants' transparent effort to re-litigate issues they lost at the Ninth Circuit cannot justify their effort to halt discovery and stop this case in its tracks after years of undue delay.

---

[5] Defendants' cited cases, both of which concerned arguments that were never advanced *at the district court level*, do not say otherwise. *See Sec. Investor Protection Corp. v. Vigman*, 74 F.3d 932, 938 (Ninth Cir. 1996) (adopting district court finding that plaintiff "*never pursued in any court*" the theory deemed "abandoned"); *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 779 (N.D. Cal. 2017) (deeming argument "*never raised, either before this Court or before the Ninth Circuit on appeal*" waived).

\*               \*               \*

Plaintiffs respectfully submit that the Court should order the briefing schedule submitted herewith, which includes the same deadlines set forth in the briefing schedule that Defendants submitted, but does not provide for any stay of discovery or other pretrial deadlines.

DATED: June 16, 2025                        Respectfully submitted,

                                                    /s/ Jeremy P. Robinson
                                                         Jeremy P. Robinson
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
TIMOTHY G. FLEMING
THOMAS SPERBER
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com

*Counsel for Mississippi and Co-Lead Counsel for the Class*

and

                         /s/ Jason C. Davis
                            Jason C. Davis

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
KENNETH J. BLACK
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kblack@rgrdlaw.com


LUKE O. BROOKS (212802)
DARRYL J. ALVARADO (253213)
HILLARY B. STAKEM (286152)
J. MARCO JANOSKI GRAY (306547)

LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF NON-OPPOSITION                                                                                                  8
5:18-cv-01725-EJD

JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

*Counsel for Amalgamated and Co-Lead Counsel for the Class*