UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION | Case No.  5:18-cv-01725-EJD<br><br>**ORDER GRANTING LEAVE TO AMEND; ADDRESSING DISCOVERY AND SCHEDULING**<br><br>Re: ECF No. 217 |

Before the Court are Lead Plaintiffs' motion for leave to amend (ECF No. 217) and disputes over discovery and case scheduling. The Court **GRANTS** the motion for leave to amend and tentatively resolves the discovery and scheduling disputes as follows.

***Leave to Amend.*** On May 30, 2025, Lead Plaintiffs filed their motion for leave to amend. ECF No. 217. In their motion, Lead Plaintiffs indicated that they sought to amend their complaint to include new facts learned through discovery, and they attached a proposed amended complaint. ECF No. 217-2. Defendants do not oppose amendment to the extent it is limited to the proposed amended complaint. ECF No. 222 at 1. Given Defendants' non-opposition, the Court **GRANTS** the motion to amend. *See* Fed. R. Civ. P. 15(a)(2) (a party may amend her complaint with the opposing party's written consent). Since Defendants' non-opposition to amendment is limited to the proposed amended complaint, when Lead Plaintiffs file their amended complaint, they are limited to the allegations in the proposed amended complaint. Lead Plaintiffs may not add new allegations beyond that absent leave of Court.

***Discovery Stay.*** Although the parties are largely in agreement on the propriety of amendment, they disagree on whether discovery should be stayed. Defendants represent that they intend to file a motion to dismiss, so the automatic discovery stay of the Private Securities

Case No.: 5:18-cv-01725-EJD
ORDER RE AMEND., DISC. & SCHEDULE   1

Litigation Reform Act (PSLRA) should apply. Lead Plaintiffs contend that discovery should remain open to avoid further delay.

Defendants are correct that the PSLRA automatically stays discovery "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) (the PSLRA stay is automatic). The stay triggers even when Defendants' motion to dismiss is anticipated but not yet filed. *In re Volkswagen*, 2016 WL 11796891, at *2 (collecting cases). And on the face of the PSLRA's text, this stay applies when *any* motion to dismiss is pending or anticipated, whether or not courts have previously found that some claims were sufficiently pled. *See also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery.").[1] Therefore, the Court's order granting leave to amend, coupled with Defendants' express intention to file a motion to dismiss, triggers the stay in this case.

That is not the end of the story, though. Upon motion, courts may lift the automatic PSLRA stay when "particularized discovery is necessary . . . to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The Court construes Lead Plaintiffs' reply as a motion to lift the stay. *See* ECF No. 223. And although Defendants have not yet had the chance to respond to that so-construed motion, in the interest of efficiency, the Court provides a tentative ruling: In the unique circumstances here, the Court is likely to find that it would be prejudicial to Lead Plaintiffs to stay discovery and will likely lift the stay.

For one, the Ninth Circuit has already held that Lead Plaintiffs "have stated a claim as to some of their challenged statements, and the Supreme Court declined to disturb that holding." Order re Case Scheduling at 1, ECF No. 194. While a decision upholding part of a complaint does not usually justify lifting the stay, *Petrie*, 761 F.3d at 968, the situation here is unlike the typical

---

[1] It is not clear whether this is *Petrie*'s holding on this matter or if *Petrie* is describing district courts' consensus without adopting that consensus. Even if this is not *Petrie*'s holding, this Court finds the district courts' consensus to be persuasive and joins those courts.

Case No.: 5:18-cv-01725-EJD
ORDER RE AMEND., DISC. & SCHEDULE   2

one where a plaintiff immediately seeks to amend after a district court partially upholds the complaint. Rather, the pleadings here have been extensively tested across three rounds of motion briefing as well as on appeal. ECF Nos. 118, 137, 168, 175.

Additionally, this case was filed more than seven years ago, and the events underlying this case occurred even earlier. While the parties vigorously litigated the pleadings during that period, little other litigation activity occurred. On top of that, the parties' proposed briefing schedule for the anticipated motion to dismiss make clear that maintaining the stay will add at least another half-a-year of discovery delay, and likely much more. *See* ECF Nos. 222-1, 223-2 (proposing a 165-day briefing schedule). Further delay would be a great disservice and prejudice to the putative class, and the public generally, given their strong interest in the "effective enforcement of the federal securities laws." *Arcturus Therapeutics Ltd. v. Payne*, No. 18-cv-766, 2018 WL 2316790, at *9 (S.D. Cal. May 22, 2018) (quoting *Taseko Mines Ltd. v. Raging River Cap.*, 185 F. Supp. 3d 87, 94 (D.D.C. 2016)).

The unusual confluence of these two factors—the especially vigorous testing of Lead Plaintiffs' claims up through appeal, and the extraordinary period of time that has passed without discovery[2]—is reason to lift the PSLRA stay. The Court therefore **TENTATIVELY LIFTS** the PSLRA's discovery stay. Since Defendants have not had the opportunity to respond to Lead Plaintiffs' motion to lift the stay, they may file a brief in opposition within **ten (10) days** of this Order, not to exceed **five (5) pages**. If Defendants file an opposition, the Court will proceed to consider their brief before issuing a final decision. If Defendants do not file an opposition, this tentative ruling shall automatically convert to a final order on the issue after the deadline to file passes.

*Case Schedule.* Since the Court is tentatively lifting the discovery stay, it intends to maintain all discovery deadlines in its case management order (ECF No. 207). However, the Court **VACATES** all briefing deadlines in the case management order, other than those related to

---

[2] There have only been a brief few months of discovery since this case returned from the Supreme Court.

Case No.: 5:18-cv-01725-EJD
ORDER RE AMEND., DISC. & SCHEDULE   3

discovery motions. It is best to settle the pleadings before briefing class certification or dispositive motions.

The Court also adopts the parties' proposed schedule for the anticipated motion to dismiss:

- Lead Plaintiffs shall file their amended complaint within **fourteen (14) days** of this Order.
- Defendants shall file their anticipated motion to dismiss within **sixty (60) days** of the filing of Lead Plaintiffs' amended complaint.
- Any opposition shall be due within **sixty (60) days** of the filing of Defendants' motion to dismiss.
- Any reply shall be due within **forty-five (45) days** of the filing of any opposition.

**IT IS SO ORDERED.**

Dated: June 17, 2025

EDWARD J. DAVILA
United States District Judge