GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:	415.393.8200
Facsimile:	415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:	202.955.8217
Facsimile:	202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date First Action Filed:    March 20, 2018 |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-01725-EJD

## I.     INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Facebook, Inc. ("Facebook"), Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner (collectively, "Defendants") submit this response to Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. 218. On May 30, 2025, Plaintiffs filed their Motion for Leave to Amend under Federal Rule 15 ("Motion"), which attached as Exhibits A and B Plaintiffs' proposed Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Law ("FAC") and a redline of the FAC against the Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Redline"). Dkt. 217. Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to Local Rule 7-11 and 79-5(f) (the "Administrative Motion"), seeking to file certain portions of the Motion, FAC, and Redline under seal. Dkt. 218. Specifically, Plaintiffs' Administrative Motion seeks to seal portions of the Motion, FAC, and Redline derived from materials produced to Plaintiffs, which were designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Defendants pursuant to the Stipulated Protective Order entered by the Court (the "Protective Order"), Dkt. 211. *See* Declaration of Brian M. Lutz in Response to Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Lutz Decl.") ¶¶ 2–4.

The confidential materials quoted or otherwise referenced in the Motion, FAC, and Redline include sensitive information about Facebook's enforcement of its privacy and platform policies, business strategies, and internal policies and practices regarding recruitment and hiring. Public disclosure of this information could, among other things, arm would-be bad actors with information on how to evade Facebook's enforcement mechanisms, hinder Facebook's efforts to monitor and prevent unwanted activity on its platform, provide competitors with insights into Facebook's internal business strategies and hiring practices, and expose Facebook and its users to security and privacy risks.

Plaintiffs have represented that they take no position regarding the confidentiality of the redacted portions in the Motion, FAC, and Redline. Dkt. 218 at 1. Defendants submit their own proposed redactions with this response to ensure that the redactions to the Motion, FAC, and Redline are consistent and narrowly tailored. Because publication would harm Facebook and its users, and

because the redacted confidential information would not assist the public in its understanding of the judicial process, Defendants respectfully request that the Court seal the Motion, FAC, and Redline at Docket 217 in their entirety, and adopt the redacted version of the Motion, FAC, and Redline in Exhibits 1–3 to the Lutz Declaration.

## II.   LEGAL STANDARD

Although there is a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), "access to judicial records is not absolute," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (collecting cases). "Compelling reasons" exist "when such 'court files might have become a vehicle for improper purposes,'" including the use of records to release confidential business information. *Kamakana*, 447 F.3d. at 1179; *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 791 (N.D. Cal. 2019).

## III.   ARGUMENT

The Motion, FAC, and Redline quote or summarize in detail documents produced by Defendants in this action that contain non-public, highly sensitive, and confidential information relating to Facebook's enforcement of its privacy and platform policies, business strategies, and internal policies and practices regarding recruitment and hiring. Defendants designated these documents as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered by the Court in this case. Lutz Decl. ¶¶ 2–3. Revealing this sensitive and confidential information could, among other things, provide would-be bad actors with a roadmap on evading Facebook's investigative and enforcement processes and expose Facebook and its users to privacy and security risks. As explained further below, there are compelling reasons to seal the redacted information, and Facebook's request is narrowly tailored.

**A.    There Are Compelling Reasons to Seal the Information Relating to Facebook's Confidential Business Strategies, Practices, and Operations.**

Defendants seek to seal certain limited portions of the Motion, FAC, and Redline that reference highly sensitive and proprietary information about Facebook's confidential business strategies and practices, relating to (1) Facebook's enforcement of its privacy and platform policies, (2) Facebook's business strategies, and (3) Facebook's internal recruitment practices and personnel files. There are compelling reasons to seal this information.

***Confidential information regarding Facebook's privacy and platform policy enforcement practices.*** The Motion, FAC, and Redline quote and summarize highly sensitive information about Facebook's strategies, practices, operations regarding enforcement of its privacy and platform policies, including Facebook's investigative processes and procedures and the identities of the employees responsible for overseeing and executing such investigative and enforcement efforts. Lutz Decl. ¶7. This information should be kept confidential because disclosure would harm Facebook, hamper Facebook's efforts to prevent and combat future bad actors on its platform and implicate privacy interests of current and former employees who are not parties to this litigation. *Id.*

*First*, Facebook has developed and maintains processes and technologies to monitor third party developers who create apps for the Facebook platform and ensure compliance with the terms of Facebook's privacy and platform policies. Public disclosure of details concerning these processes and technologies could allow competitors to gain insight into these practices and use those strategies to Facebook's competitive disadvantage. Lutz Decl. ¶7. Courts in this district routinely seal materials that would expose the details of a company's internal strategies, policies, and processes for efforts to avoid unwanted activities on its platform for this reason under the compelling reasons standard. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing materials that contained information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to invalid activity on its platforms); *Cowan v. GE Cap. Retail Bank*, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents that "describe[d] internal procedures for addressing" fraud, "as well as risk management and legal compliance investigating fraud."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897 at *2–3 (N.D. Cal.

Jan. 3, 2018) (sealing materials related to "technology Yahoo uses to provide services and security to its users"). Indeed, courts in this district have sealed similar information regarding Facebook's "techniques used to detect and filter out" unwanted activities on its platform for this very reason. *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) (finding that disclosure of information regarding "details of how and why Meta has designed its filtration systems" would cause "competitive harm because competitors would gain unfair insight into how Meta's systems operate"); *cf. DotStrategy Co. v. Meta Platforms, Inc.*, 2021 WL 5978328, at *2 (N.D. Cal. Nov. 18, 2021) (finding that disclosure of information regarding data that Facebook uses to "combat fake accounts" would harm "Facebook's competitive standing").

*Second*, if details concerning Facebook's enforcement of its privacy and platform policies as to third party developers were made public, would-be bad actors could use this information to circumvent Facebook's investigative and enforcement mechanisms and attempt to misappropriate user data or conduct other unwanted activity on Facebook's platform. Because the redacted portions of the Motion, FAC, and Redline include details about Facebook's investigative processes, controls, and monitoring strategies, including the identities of the employees involved, public disclosure presents real privacy and security risks to Facebook and its users, as well as current and former employees who are not parties to this litigation. Lutz Decl. ¶7. Courts in this Circuit routinely seal materials that would expose the details of a company's internal investigative processes and procedures to combat bad actors. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information relating to Google's security systems because "Google's ability to combat spammers, hackers, and others who propagate these unwanted or harmful materials would be impaired if those individuals had visibility into Google's defenses."); *In re Bank of Am. California Unemployment Benefits Litig.*, 2024 WL 4820704 at *4 (S.D. Cal. Nov. 12, 2024) (finding compelling reasons to seal materials regarding "internal investigative processes and procedures in addressing fraud"); *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede

Defendant's ability to combat future fraud"); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (finding compelling reasons to redact employee names because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information"). Courts in this district have also granted Facebook's requests to seal similar materials in other cases for this reason. *See, e.g.*, *Doe*, 2022 WL 17970394, at *2 ("Courts in this district have found that compelling reasons support sealing material that could hinder efforts to avoid unwanted materials or activity."); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019) (disclosure of information regarding Facebook's policies and methods used to "identify and monitor fraud … might allow a third party to exploit these processes and undermine Facebook's protections against fraud, in turn causing harm to both Facebook and its users").

***Confidential information regarding Facebook's internal strategies and research on business programs.*** The Motion, FAC, and Redline also quote and summarize highly sensitive information reflecting Facebook's business strategies and related internal research. Lutz Decl. ¶8. Public disclosure of confidential discussions regarding Facebook's potential business decisions and strategies could allow Facebook's competitors to copy these proposed strategies, or use the ideas developed by Facebook at its own expense, to Facebook's competitive disadvantage. *Id.* Courts in this Circuit routinely find this justification to seal compelling. *See, e.g.*, *Bohannon*, 2019 WL 188671, at *6 (finding compelling reasons to seal information regarding Facebook's internal study conducted to improve efficiency in "refund processing and data collection on Facebook's systems"); *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (finding compelling reasons to seal information providing insight into "business strategies and internal decisionmaking"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal portions of the pleadings and briefing to "prevent competitors from gaining insight into the parties' business model and strategy"); *McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) (finding compelling reasons to seal information related to internal research that the company "has conducted in connection with its products").

***Confidential information regarding Facebook's recruitment and personnel files.*** The FAC and Redline also quote and summarize sensitive information from Facebook's internal recruitment files regarding specific employees, including personal information Facebook relied on in making hiring decisions. Lutz Decl. ¶9. Disclosure of this information could reveal Facebook's internal policies and strategies regarding recruitment and hiring and cause competitive harm to Facebook by undercutting its future recruitment efforts. *Id.* Disclosure of this information could also reveal personal information about employees, which would cause harm to employees as well as Facebook. For these reasons, courts have routinely found compelling reasons to seal confidential information relating to recruitment and personnel files. *See Frost v. LG Elecs. Inc.*, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) (finding compelling reasons to seal portions of a complaint that "contain sensitive and proprietary information regarding LG Defendants' internal human resources policies and practices"); *Koninklijike Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *1–2 (N.D. Cal. Feb. 10, 2015) (finding compelling reasons for sealing information about "recruitment efforts"); *United States ex rel. Cheongsiatmoy v. Univ. of S. Cal.*, 2024 WL 447227, at *2 (C.D. Cal. July 23, 2024) ("[C]ourts have found compelling reasons that justify sealing where unsealed records would implicate a 'third party's privacy' interest or cause defendant to 'suffer competitive harm.'"); *Masimo Corp. v. Apple Inc.*, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022) (finding compelling reasons standard satisfied for "information relating to proprietary technical information and strategies, human resources policies and strategies, and employee or potential employee personal information").

**B.    A Less Restrictive Alternative to Sealing Is Not Sufficient.**

Defendants have submitted their own version of the redacted Motion, FAC and Redline to ensure that the redactions are narrowly tailored. *See* Lutz Decl. ¶10; *id.*, Exs. 1–3. Defendants propose minimal additional redactions to ensure that sensitive and detailed non-public information that is properly redacted in certain portions of the FAC and the Redline is redacted consistently throughout. Defendants also propose that certain portions of the Motion, FAC, and Redline be unredacted, as Defendants request to seal only the most sensitive and detailed non-public information. Because the unredacted portions of the Motion, FAC, and Redline as proposed by Defendants will provide sufficient

notice of the general nature of the redacted material, releasing the confidential redacted information would not assist the public in its understanding of the judicial process. *In re Zillow Grp., Inc. S'holder Deriv. Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (sealing information in a complaint because the redactions "would not impair the public's ability to understand the nature or basis of Plaintiffs' claims"). In contrast, revealing this information to the public jeopardizes Facebook's competitive standing and poses security and privacy risks to Facebook and its users.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, seal the Motion, FAC and Redline at Docket 217 in their entirety, and adopt the limited redactions identified in Exhibits 1–3 to the Lutz Declaration.

Dated: June 20, 2025                                            Respectfully submitted,

                                                                GIBSON, DUNN & CRUTCHER LLP

                                                                By:  */s/ Brian M. Lutz*

                                                                GIBSON, DUNN & CRUTCHER LLP
                                                                Brian M. Lutz (SBN 255976)
                                                                Martie Kutscher (SBN 302650)
                                                                Michael J. Kahn (SBN 303289)
                                                                One Embarcadero Center, Suite 2600
                                                                San Francisco, CA 94111-3715
                                                                Telephone: 415.393.8200
                                                                Facsimile: 415.393.8306
                                                                blutz@gibsondunn.com
                                                                mkutscherclark@gibsondunn.com
                                                                mjkahn@gibsondunn.com

                                                                Joshua S. Lipshutz (SBN 242557)
                                                                1700 M Street, N.W.
                                                                Washington, DC 20036-4504
                                                                Telephone: 202.955.8217
                                                                Facsimile: 202.530.9614
                                                                jlipshutz@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*