GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:    202.955.8217
Facsimile:    202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO LIFT PSLRA DISCOVERY STAY**<br><br>Date First Action Filed:    March 20, 2018 |
|---|---|

After Plaintiffs spent approximately six years trying to properly plead their claims, the Ninth Circuit sustained Plaintiffs' third amended complaint only in limited part, and on March 14, 2025, this Court entered a scheduling order with a May 30, 2025 deadline for Defendants to substantially complete their production of documents and testimony from six other cases involving issues that overlap with this one. *See* ECF No. 207 at 2. In accordance with that schedule, Defendants produced over *one million documents totaling more than five million pages* in less than three months, with the most recent production of 34,137 documents totaling 383,161 pages made on May 27, 2025.

Last month, seven years into this litigation, Plaintiffs decided to ask this Court for leave to file a fourth amended complaint, rather than stand on their existing pleading. That decision had clear statutory and procedural consequences: Defendants now have the right to file a motion to dismiss the new complaint, *see* Fed. R. Civ. P. 15(a)(3), which triggers a mandatory stay of "all discovery and other proceedings" until the resolution of the motion. 15 U.S.C. § 78u-4(b)(3)(B). Notwithstanding the stay, Plaintiffs will not be forced to sit idly by while the parties litigate Defendants' motion. Plaintiffs undoubtedly still are working their way through Defendants' massive production—and surely will continue to do so for many months. Staying discovery until the pleadings are set will permit Plaintiffs to review these documents and allow the parties to tailor any remaining discovery to claims that survive a motion to dismiss, without wasting significant time and resources on fact and expert discovery concerning claims that may be dismissed from the case—namely, Plaintiffs' Cambridge Analytica claim and statements and theories previously dismissed with prejudice by this Court and affirmed by (or waived before) the Ninth Circuit on appeal. *See In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *2 (N.D. Cal. June 12, 2023) ("[T]he purpose for the PSLRA automatic stay is to solidify sufficient pleadings before engaging in costly discovery."); *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 601 (7th Cir. 2019) (the PSLRA discovery stay "allows the court to evaluate the plaintiffs' claims before imposing any unreasonable burden on the defendant").

Discovery in this case should be stayed, as required by the PSLRA, until after Defendants' forthcoming motion to dismiss is decided.

A.  **The Court Should Not Lift the Discovery Stay Because Plaintiffs Have Not Demonstrated that Particularized Discovery Is Necessary to Prevent Undue Prejudice**

"Under the PSLRA, the district court 'must stay all discovery pending a ruling on a motion to dismiss, unless exceptional circumstances exist where particularized discovery is necessary . . . to prevent undue prejudice to a party.'" *In re Meta Platforms, Inc., Sec. Litig.*, 2024 WL 923770, at *1 (N.D. Cal. Mar. 4, 2024) (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911–12 (9th Cir. 1999)). "To satisfy the requirement of 'particularized' discovery, Plaintiff must 'adequately specify the target of the requested discovery and the types of information needed to relieve that burden.'" *Eisner v. Meta Platforms, Inc.*, 2024 WL 2749433, at *5 (N.D. Cal. May 28, 2024). "Undue prejudice" requires a showing of "improper or unfair treatment." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016). "[G]eneralized '[p]rejudice caused by the delay inherent in the PSLRA's discovery stay cannot be "undue" prejudice because it is prejudice which is neither improper nor unfair.'" *Selbst v. McDonald's Corp.*, 2006 WL 566450, at *3 (N.D. Ill. Mar. 1, 2006) (internal citations omitted).

1.  **There Is No Risk of Undue Prejudice Because Defendants Already Have Produced More than One Million Documents in Discovery**

Plaintiffs have offered no serious claim of prejudice—let alone undue prejudice—that would result from application of the mandatory PSLRA discovery stay during the pendency of a motion to dismiss. The parties agreed upon—and the court entered—a case schedule that sequenced document discovery in phases, allowing Defendants first to reproduce document productions from various related cases followed by targeted discovery to fill "gaps" in the prior productions tailored to the issues unique to this case. Defendants substantially completed phase one on time, producing more than one million documents—totaling over five million pages—and will produce an additional 380,000 documents totaling approximately two million pages once the parties complete negotiations on a 502(d) order.[1] These documents comprise the discovery record from six matters, including all documents produced by Defendants and all deposition transcripts and exhibits generated in connection with a multi-district consumer class action, SEC and FTC matters, a lawsuit filed by the D.C. Attorney General, and a

---

[1] Plaintiffs' suggestion that Defendants are "withholding" documents from this production is incorrect. The only other documents not yet produced are materials over which third parties have raised confidentiality objections that Defendants cannot unilaterally waive.

shareholder derivative action. Each of these matters involved issues that overlap with the claims and allegations in this case. Given this massive production of documents in phase one, there is no risk of undue prejudice with a stay of discovery.

Lifting the stay also is unwarranted given Plaintiffs' failure to identify *any* "particularized discovery" required to avoid undue prejudice. *See In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (refusing to lift discovery stay because plaintiffs failed to identify "specific categories or types of documents sought or [show] how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case"). The only "particularized" discovery requests Plaintiffs identify concern "discovery materials provided in other overlapping actions."[2] ECF No. 223 at 4–5. But Plaintiffs already received those documents, and they can use the stay period to review these materials to identify any narrow "gap-filling" discovery that may need to be conducted on the issues that remain in this case following resolution of Defendants' motion to dismiss.

### 2. Any "Delay" Due to the PSLRA Stay Does Not Constitute Undue Prejudice

Any "delay" in discovery during the pendency of any motion to dismiss is mandated by the PSLRA and cannot serve as "undue prejudice" warranting lifting the stay. *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *4 (D. Nev. Nov. 20, 2012). "[A]ny prejudice caused by the delay inherent in the statutorily imposed discovery stay cannot be undue prejudice"—whether to Plaintiffs, the putative class, or the public generally—"because it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence." *Id.* Congress enacted the PSLRA "in response to several perceived abuses in securities litigation," including "the abuse of the discovery process to coerce settlement." *SG Cowen*, 189 F.3d at 911. The mandatory discovery stay was specifically "intended to prevent unnecessary imposition of discovery costs on defendants" "pending a ruling on a motion to dismiss." *Id.* Therefore, "[t]he prohibition against plaintiffs conducting discovery while a motion to dismiss is pending reflects the balance that Congress chose to strike between the rights of defendants and plaintiffs in securities actions," *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d

---

[2] Plaintiffs claim to "have issued follow-up requests for production to fill 'gaps' in Defendants' productions." ECF No. 223 at 5. That is incorrect. Plaintiffs have not issued requests for production or other written discovery to Defendants that is focused on gap-filling.

286, 287 (S.D.N.Y. 2002), taking into account the public's "strong interest" in the "effective enforcement of the federal securities laws." ECF No. 224 at 3. "Congress could not have intended that the delay that it approved could, by itself, qualify as undue prejudice," and moving forward with discovery now, while a motion to dismiss is pending, would squander resources on claims that may not survive a motion to dismiss. *See In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d at 287.

In addition, the fact that some portion of the case will proceed, without more, does not mean that Plaintiffs will be unduly prejudiced by a reinstatement of the stay. *See* ECF No. 224 at 2 (acknowledging "a decision upholding part of a complaint does not usually justify lifting the stay" and citing *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014)). Courts in similar circumstances have declined to lift the discovery stay. In *In re Smith Barney Transfer Agent Litigation*, for example, discovery did not commence until nearly six years into the litigation. 2012 WL 1438241, at *1 (S.D.N.Y. Apr. 25, 2012). In that case, just like here, an appellate court partially reversed a district court decision granting a motion to dismiss, discovery then commenced, and plaintiffs filed a fourth amended complaint. The district court—over plaintiffs' objection—stayed discovery, finding that the PSLRA's "expansive language" *required* the court to stay discovery "pending all motions to dismiss." *Id.* at *2. Despite "compelling policy arguments for permitting discovery to resume after some claims have survived an earlier motion to dismiss," the court was "not at liberty to rewrite the statute to reflect a meaning [it] deem[s] more desirable." *Id.* The court rejected plaintiffs' undue prejudice argument, finding that "the discovery stay will subject Plaintiffs to no possible prejudice beyond delay," which "is an inherent part of every stay of discovery required by the PSLRA." *Id.*

Similarly, in *Shash v. Biogen Inc.*, the First Circuit affirmed the district court's dismissal of plaintiffs' second amended complaint except as to one challenged statement. 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024). After the case returned to the district court, the defendants filed a motion for judgment on the pleadings under Rule 12(c), and simultaneously moved to enforce the PSLRA discovery stay. *Id.* Plaintiffs argued a stay was not warranted "because of the procedural posture of this case," which had been pending for more than three years. *Id.* The court rejected plaintiffs' argument, holding that the PSLRA's discovery stay was "mandatory, not discretionary" and stayed discovery pending resolution of the motion. *Id.* at *1–2.

Here, discovery was stayed while the parties "vigorously litigated the pleadings." ECF No. 224 at 3. That stay was mandated by the PSLRA, and Congress could not have intended that delay resulting from a plaintiff's inability to properly plead claims could be used to claim "undue prejudice." *See Petrie*, 761 F.3d at 966 ("We held that the 'failure to muster facts sufficient to meet the Act's pleading requirements cannot constitute the requisite "undue prejudice" to the plaintiff justifying a lift of the discovery stay.'"). Plaintiffs' decision to file *yet another* pleading—more than seven years into this litigation, and after discovery had commenced—had clear statutory and procedural consequences: Defendants are now entitled to file a motion to dismiss, and the mandatory PSLRA discovery stay kicks back in. The only "prejudice" Plaintiffs identify "is the interruption in the discovery process that results from the filing of the [Fourth] Amended Complaint and the motion to dismiss in response thereto. This type of prejudice does not justify lifting the PSLRA stay." *Fosbre*, 2012 WL 5879783, at *4.

**B.      If the Court Determines that Particularized Discovery Is Necessary, It Should Be Limited to the July 2018 Earnings Announcement**

For the reasons explained above, particularized discovery beyond the millions of pages Defendants have produced is not necessary to prevent undue prejudice. In the event the Court determines that particularized discovery is necessary to prevent undue prejudice while Defendants' motion to dismiss is pending, such discovery should be limited to the parties' documents relating to the July 2018 earnings announcement—an event that has not been central to the six prior actions. Permitting this limited discovery would preserve the mandatory discovery stay on claims and issues that will be subject to Defendants' motion to dismiss, while permitting Plaintiffs to take targeted party document discovery on an issue that will remain in the case post-motion to dismiss. This approach also would streamline the issues and claims remaining in this case so that subsequent discovery, including third-party discovery, depositions, and expert discovery, can be focused only on the issues that survive Defendants' motion to dismiss.

*      *      *

The Court should reject Plaintiffs' request to lift the PSLRA discovery stay and maintain the mandatory PSLRA discovery stay until resolution of the Defendants' forthcoming motion to dismiss.

| | |
|---|---|
| Dated: June 27, 2025 | Respectfully submitted, |
| | By: */s/ Brian M. Lutz* |
| | GIBSON, DUNN & CRUTCHER LLP |
| | Brian M. Lutz (SBN 255976)<br>Martie Kutscher (SBN 302650)<br>Michael J. Kahn (SBN 303289)<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br>blutz@gibsondunn.com<br>mkutscherclark@gibsondunn.com<br>mjkahn@gibsondunn.com |
| | Joshua S. Lipshutz (SBN 242557)<br>1700 M Street, N.W.<br>Washington, DC 20036-4504<br>Telephone: 202.955.8217<br>Facsimile: 202.530.9614<br>jlipshutz@gibsondunn.com |
| | *Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner* |