GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:     415.393.8200
Facsimile:     415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:     202.955.8217
Facsimile:     202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark
E. Zuckerberg, Sheryl K. Sandberg, and David
M. Wehner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date First Action Filed:    March 20, 2018 |

Gibson, Dunn &
Crutcher LLP

## I.     INTRODUCTION

Pursuant to Civil L.R. 7-11 and 79-5, Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner ("Defendants") submit this response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Motion").  Dkt. 227.  On July 1, 2025, Plaintiffs filed their Fourth Amended Consolidated Class Action Complaint ("FAC").  Dkt. 228.  Attached to the FAC as Exhibit A is a redline of the FAC against the Third Amended Consolidated Class Action Complaint ("Redline").  Dkt. 228-1.  The Motion seeks to seal portions of the FAC and Redline derived from materials designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Defendants pursuant to the Stipulated Protective Order entered by the Court (the "Protective Order"), Dkt. 211.  *See* Declaration of Brian M. Lutz ("Lutz Decl.") ¶¶ 2–4.

The confidential materials quoted or otherwise referenced in the FAC and Redline include sensitive information about Facebook's enforcement of its privacy and platform policies, business strategies, and internal policies and practices regarding recruitment and hiring.  Public disclosure of this information could, among other things, arm would-be bad actors with information on how to evade Facebook's enforcement mechanisms, provide competitors with insights into Facebook's internal business strategies and hiring practices, and expose Facebook and its users to security and privacy risks.  Plaintiffs have represented that they take no position regarding the confidentiality of the redacted portions in the FAC and Redline.  Dkt. 227.  Because publication would harm Facebook and its users, and because the redacted confidential information would not assist the public in its understanding of the judicial process, Defendants respectfully request that the Court seal the FAC and Redline at Docket Number 228 in their entirety, and adopt the redacted versions in Exhibits 1–2 to the Lutz Declaration.

## II.     LEGAL STANDARD

Although there is a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), "access to judicial records is not absolute," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal.

1

DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-01725-EJD

Oct. 19, 2016) (collecting cases). "Compelling reasons" exist "when such 'court files might have become a vehicle for improper purposes,'" including the use of records to release confidential business information. *Kamakana*, 447 F.3d. at 1179; *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 791 (N.D. Cal. 2019).

### III.    ARGUMENT

The FAC and Redline quote or summarize in detail documents produced by Defendants in this action that contain non-public, highly sensitive, and confidential information relating to Facebook's enforcement of its privacy and platform policies, business strategies, and internal policies and practices regarding recruitment and hiring. Defendants designated these documents as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order in this case. Lutz Decl. ¶¶ 2–4. Revealing this sensitive and confidential information could, among other things, provide would-be bad actors with a roadmap on evading Facebook's investigative and enforcement processes and expose Facebook and its users to privacy and security risks. As explained further below, there are compelling reasons to seal the redacted information, and Defendants' request is narrowly tailored.

**A.    There Are Compelling Reasons to Seal the Information Relating to Facebook's Confidential Business Strategies, Practices, and Operations.**

Defendants seek to seal limited portions of the FAC and Redline that reference non-public and highly sensitive information about Facebook's confidential business strategies and practices relating to (1) enforcement of Facebook's privacy and platform policies, (2) internal business strategies, and (3) recruitment practices and personnel files. There are compelling reasons to seal this information.

***Facebook's enforcement practices.*** The FAC and Redline quote and summarize highly sensitive information about Facebook's enforcement of its privacy and platform policies, including Facebook's investigative processes and procedures and the identities of the employees responsible for overseeing such efforts. Lutz Decl. ¶ 7. This information should be kept confidential because disclosure would harm Facebook, hamper Facebook's efforts to combat bad actors on its platform, and implicate privacy interests of current and former employees who are not parties to this litigation. *Id.*

Facebook has developed processes and technologies to monitor third parties' compliance with Facebook's privacy and platform policies. Public disclosure of these processes and technologies could

allow competitors to gain insight into these practices and use those strategies to Facebook's competitive disadvantage. *Id.* Courts in this district routinely find compelling reasons to seal materials that would reveal a company's internal processes to avoid unwanted activities on its platform. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to invalid activity on its platforms); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897 at *2–3 (N.D. Cal. Jan. 3, 2018) (sealing materials related to "technology Yahoo uses to provide services and security to its users"). Indeed, courts in this district have sealed similar information regarding Facebook's "techniques used to detect and filter out" unwanted activities on its platform. *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) (sealing "details of how and why Meta has designed its filtration systems" because disclosure would cause "competitive harm" by giving competitors "unfair insight into how Meta's systems operate").

*Second*, if details concerning Facebook's enforcement of its privacy and platform policies as to third party developers were made public, would-be bad actors could use this information to circumvent Facebook's investigative and enforcement mechanisms and attempt to misappropriate user data or conduct other unwanted activity on Facebook's platform. Because the redacted portions of the FAC and Redline include details about Facebook's investigative processes and controls, including the identities of the employees involved, public disclosure presents real privacy and security risks to Facebook and its users, as well as current and former employees who are not parties to this litigation. Lutz Decl. ¶ 7. Courts in this Circuit routinely seal materials that would expose the details of a company's internal processes and procedures to combat bad actors. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information relating to Google's security systems because "Google's ability to combat spammers, hackers, and others who propagate these unwanted or harmful materials would be impaired if those individuals had visibility into Google's defenses."); *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this

information could impede Defendant's ability to combat future fraud"); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (finding compelling reasons to redact employee names because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information"). Courts in this district have also granted Facebook's requests to seal similar materials in other cases for this reason. *See, e.g.*, *Doe*, 2022 WL 17970394, at *2 ("Courts in this district have found that compelling reasons support sealing material that could hinder efforts to avoid unwanted materials or activity."); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019) (disclosure of information regarding Facebook's policies and methods used to "identify and monitor fraud … might allow a third party to exploit these processes and undermine Facebook's protections against fraud, in turn causing harm to both Facebook and its users").

*Facebook's internal strategies and research.* The FAC and Redline also quote and summarize highly sensitive information reflecting Facebook's business strategies and related internal research. Lutz Decl. ¶ 8. Public disclosure of confidential discussions regarding Facebook's potential business decisions and strategies could allow Facebook's competitors to copy these proposed strategies or use them to Facebook's competitive disadvantage. *Id.* Courts in this Circuit routinely find this justification to seal compelling. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (sealing information providing insight into "business strategies and internal decisionmaking"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing pleadings to "prevent competitors from gaining insight into the parties' business model and strategy"); *McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) (sealing information related to internal research that the company "has conducted in connection with its products").

*Facebook's recruitment and personnel files.* The FAC and Redline also quote and summarize sensitive information from Facebook's internal recruitment files regarding specific employees, including personal information Facebook relied on in making hiring decisions. Lutz Decl. ¶ 9. Disclosure of this information could reveal Facebook's internal policies and strategies regarding recruitment and hiring and cause competitive harm to Facebook by undercutting its future recruitment efforts. *Id.* Disclosure of this information could also reveal personal information about employees.

For these reasons, courts have routinely found compelling reasons to seal confidential information relating to recruitment and personnel files. *See Frost v. LG Elecs. Inc.*, 2017 WL 6044067, at *2 (N.D. Cal. Nov. 28, 2017) (sealing portions of complaint containing "sensitive and proprietary information regarding LG Defendants' internal human resources policies and practices"); *United States ex rel. Cheongsiatmoy v. Univ. of S. Cal.*, 2024 WL 447227, at *2 (C.D. Cal. July 23, 2024) ("[C]ourts have found compelling reasons that justify sealing where unsealed records would implicate a 'third party's privacy' interest or cause defendant to 'suffer competitive harm.'"); *Masimo Corp. v. Apple Inc.*, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022) (sealing information relating to "human resources policies and strategies" and "employee or potential employee personal information").

**B.      A Less Restrictive Alternative to Sealing Is Not Sufficient.**

Defendants have submitted their own version of the redacted FAC and Redline to ensure that the redactions are narrowly tailored. *See* Lutz Decl. ¶10; *id.*, Exs. 1–2. Defendants propose minimal additional redactions to ensure that sensitive and detailed non-public information that is properly redacted in certain portions of the FAC and the Redline is redacted consistently throughout. Defendants also propose that certain portions of the FAC and Redline be unredacted, as Defendants request to seal only the most sensitive and detailed non-public information. Because the unredacted portions of the FAC and Redline as proposed by Defendants will provide sufficient notice of the general nature of the redacted material, keeping narrowly tailored portions of confidential information under seal would not impair the public in its understanding of this case. *In re Zillow Grp., Inc. S'holder Deriv. Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (sealing information in a complaint because the redactions "would not impair the public's ability to understand the nature or basis of Plaintiffs' claims"). In contrast, revealing this information to the public jeopardizes Facebook's competitive standing and poses security and privacy risks to Facebook and its users.

## IV.      CONCLUSION

Defendants respectfully request that the Court grant Plaintiffs' Motion, seal the FAC and Redline at Docket 228, and adopt the limited redactions identified in Exhibits 1–2 to the Lutz Declaration.

5

DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-01725-EJD

1

2    Dated: July 8, 2025                    Respectfully submitted,

3

4                                           GIBSON, DUNN & CRUTCHER LLP

5                                           By:  /s/ Brian M. Lutz

6                                           GIBSON, DUNN & CRUTCHER LLP
                                            Brian M. Lutz (SBN 255976)
7                                           Martie Kutscher (SBN 302650)
                                            Michael J. Kahn (SBN 303289)
8                                           One Embarcadero Center, Suite 2600
                                            San Francisco, CA  94111-3715
9                                           Telephone:  415.393.8200
10                                          Facsimile:  415.393.8306
                                            blutz@gibsondunn.com
11                                          mkutscherclark@gibsondunn.com
                                            mjkahn@gibsondunn.com
12
13                                          Joshua S. Lipshutz (SBN 242557)
                                            1700 M Street, N.W.
14                                          Washington, DC  20036-4504
                                            Telephone:  202.955.8217
15                                          Facsimile:  202.530.9614
                                            jlipshutz@gibsondunn.com
16
17                                          *Attorneys for Defendants Facebook, Inc.,*
                                            *Mark E. Zuckerberg, Sheryl K. Sandberg,*
18                                          *and David M. Wehner*

19

20

21

22

23

24

25

26

27

28