UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION | Case No.   5:18-cv-01725-EJD<br><br>**ORDER DENYING MOTION TO LIFT DISCOVERY STAY**<br><br>Re:  ECF No. 223 |

Earlier this month, Plaintiffs filed their Fourth Amended Complaint. As the Court previously held over Plaintiffs' objection, Defendants' intent to file a motion to dismiss that new complaint triggers the automatic discovery stay of the Private Securities Litigation Reform Act (PSLRA) should apply. ECF No. 224. However, the Court construed Plaintiffs' objection as a motion to lift the discovery stay. *Id.* The Court also tentatively indicated that it was inclined to lift the stay but allowed Defendants time to file a responsive brief ahead of making a final decision. *Id.* With the benefit of Defendants' brief, the Court finds that it is not appropriate at present to lift the stay.

The PSLRA authorizes courts to lift the automatic discovery stay when "particularized discovery is necessary . . . to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). A plaintiff seeking to lift the stay must therefore (1) demonstrate prejudice, and (2) propose particularized discovery that it seeks to alleviate that prejudice.

In its tentative ruling, the Court indicated that it believed that the unusually long life of this case (seven years without any discovery), combined with the extensive testing of the complaint's sufficiency (three motions and an appeal), justified lifting the stay. ECF No. 224. To allow further delay would prejudice the putative class and the public by further postponing the prospect

Case No.: 5:18-cv-01725-EJD
ORDER DEN. MOT. TO LIFT STAY         1

of any enforcement of the securities law on this matter. *Id.* (citing *Arcturus Therapeutics Ltd. v. Payne*, No. 18-cv-766, 2018 WL 2316790, at *9 (S.D. Cal. May 22, 2018)). But as Defendants point out, under the current circumstances, the discovery stay will not halt litigation progress. Defendants have produced over one million documents totaling more than five million pages. ECF No. 226 at 2. Defendants also represent that they intend to produce 380,000 more documents totaling two million additional pages upon negotiation of a Federal Rule of Evidence 502(d) order. During the pendency of Defendants' anticipated motion to dismiss, Plaintiffs will be able to advance the litigation by reviewing these voluminous productions.

The Court therefore concludes that Plaintiffs have not shown sufficient prejudice to justify lifting the stay, the Court **DENIES** Plaintiffs' motion. Nothing in this Order prevents Plaintiffs from later moving to lift the stay as to particular discovery requests if the need arises. Moreover, nothing in this Order should be construed as halting the parties' negotiations over a 502(d) order, and the Court expects Defendants to honor its representation that it will produce those additional 380,000 documents upon completion of such negotiation notwithstanding the stay. The Court **VACATES** all discovery deadlines.

**IT IS SO ORDERED.**

Dated: July 9, 2025

EDWARD J. DAVILA
United States District Judge