**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**<br><br>Date First Action Filed:  March 20, 2018 |

1  WHEREAS, on February 28, 2025, Plaintiffs Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated") and the Public Employees' Retirement System of Mississippi's ("Mississippi" and, together with Amalgamated, "Plaintiffs") served their First Set of Document Requests (the "First RFPs") on Defendants Facebook, Inc. (now Meta Platforms, Inc.) ("Facebook"), Mark E. Zuckerberg, David M. Wehner, and Sheryl K. Sandberg (collectively, the "Individual Defendants" and together with Facebook, "Defendants," and together with Plaintiffs, the "Parties");

WHEREAS, Defendants agreed to produce documents produced in other litigations in response to Plaintiffs' First RFPs in this litigation;

WHEREAS, Defendants assert that certain materials that were produced under compulsion in other litigations (the "Compelled Materials") are still subject to a claim of privilege and/or work product protection, including in this litigation;

WHEREAS, under Federal Rule of Evidence 502(d), the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, or any other immunity from discovery (collectively, "privilege or protection"), and accompanying metadata, does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such documents as to the receiving party or any third parties in this or in any other state or federal proceeding, regardless of the circumstances of the disclosure;

WHEREAS, Plaintiffs are willing to agree to this 502(d) Order to expedite production of the Compelled Materials;

WHEREAS, Plaintiffs do not concede, and in fact dispute, that any privilege, immunity, or protection from disclosure applies to the Compelled Materials; and

WHEREAS, Plaintiffs do not waive any right concerning the Compelled Materials.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, by and through their undersigned counsel, and subject to the approval of the Court, that:

1. This 502(d) Order and the Stipulated Protective Order entered by the Court in this action on March 21, 2025, Dkt. 211 (the "Protective Order"), shall govern Defendants' production of the Compelled Materials in this matter.

2. This 502(d) Order provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to the Compelled Materials.

3. This 502(d) Order does not supersede, and is intended to be read in conjunction with, the Protective Order. Dkt. 211.

4. When producing Compelled Materials pursuant and subject to the provisions of this 502(d) Order, Defendants will mark the Compelled Materials "Non-Waiver" by stamping that language on the Compelled Materials.

5. Pursuant to Federal Rule of Evidence 502(d), Defendants' production, disclosure, or use of the Compelled Materials pursuant and subject to the provisions of this 502(d) Order shall not constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or protection that may exist, including in this litigation or any other proceeding with respect to any documents or information, including the Compelled Materials and their subject matter.

6. Defendants' production of the Compelled Materials pursuant to this 502(d) Order does not obligate them to produce or disclose the Compelled Materials in any other matter or litigation.

7. Defendants and Plaintiffs may agree that Defendants can produce other privileged materials subject to this 502(d) Order and hereby incorporate the terms of this Order in any such agreement.

8. Nothing herein otherwise modifies any party's right to assert a valid claim of privilege, immunity, or protection from disclosure of any documents not disclosed or produced in this action.

9. Except as expressly stated herein, nothing in this 502(d) Order shall modify any prior agreements among the parties, including the Protective Order.

10. Nothing in this 502(d) Order confers or creates any privilege, immunity, or protection from disclosure over any document, including the Compelled Materials, and it may not be relied upon

1  in this litigation to support any claim of privilege, immunity, or protection from disclosure except as
2  to support a claim of non-waiver including under Federal Rule of Evidence 502(d).

3        11.    Nothing in this 502(d) Order shall be construed to limit Plaintiffs' ability to use the
4  Compelled Materials in this litigation on the basis of a claim that the Compelled Materials are
5  protected from disclosure by the attorney-client privilege, work product doctrine, or any other
6  immunity from discovery.  Plaintiffs may use the Compelled Materials in this litigation and solely for
7  the purposes of this litigation in the same manner as any other materials that are not subject to any
8  such privilege, immunity or protection in this litigation—including in discovery, trial, filings, and
9  appeal—subject to the Protective Order (Dkt. 211).  Notwithstanding the foregoing, Defendants may
10 not claw back any Compelled Materials in this litigation on the basis that they are subject to any
11 claim of attorney-client privilege, work product protection or any other privilege, immunity, or
12 protection.  The parties otherwise reserve all rights and expressly preserve all other objections to any
13 other party's use of any documents designated "Non-Waiver."

15 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17 DATED: July 25, 2025            /s/ Jeremy P. Robinson
18                                  Attorney for Plaintiffs

20 DATED: July 25, 2025            /s/ Brian M. Lutz
21                                  Attorney for Defendants

24 PURSUANT TO STIPULATION, IT IS SO ORDERED.

26 DATED:      August 8, 2025
27                                  United States Magistrate Judge Nathanael M. Cousins

*GRANTED*