GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:    202.955.8217
Facsimile:    202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date First Action Filed:    March 20, 2018 |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-01725-EJD

## I. INTRODUCTION

Pursuant to Civil L.R. 7-11 and 79-5, Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner ("Defendants") submit this response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Motion"). Dkt. 242. On November 3, 2025, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Law (the "MTD Opp.") and their Opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "RJN Opp."). Dkts. 243, 244. The Motion seeks to seal portions of the MTD Opp. and RJN Opp. derived from materials designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Defendants pursuant to the Stipulated Protective Order entered by the Court (the "Protective Order"), Dkt. 211. *See* Declaration of Brian M. Lutz ("Lutz Decl.") ¶¶ 2–4.

The confidential materials quoted or otherwise referenced in the MTD Opp. and the RJN Opp. include sensitive information about Facebook's enforcement of its privacy and platform policies and business strategies. This Court previously granted motions to seal the same information, finding that the highly sensitive information about Facebook's privacy and platform policy enforcement practices and business practices identified by Defendants met the "compelling reasons" standard to seal. *See* Dkts. 233, 234. The Court should do so again here, as public disclosure of this information could, among other things, arm would-be bad actors with information on how to evade Facebook's enforcement mechanisms, provide competitors with insights into Facebook's internal business strategies, and expose Facebook and its users to security and privacy risks. Plaintiffs have represented that they take no position regarding the confidentiality of the redacted portions in the MTD Opp. and RJN Opp. Dkt. 242. Because publication would harm Facebook and its users, and because the redacted confidential information would not assist the public in its understanding of the judicial process, Defendants respectfully request that the Court seal the MTD Opp. (at Docket Number 242-3) and the RJN Opp. (at Docket Number 242-4) in their entirety, and adopt the limited redactions identified in Exhibits 1–2 to the Lutz Declaration.

## II. LEGAL STANDARD

Although there is a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), "access to judicial records is not absolute," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (collecting cases). "Compelling reasons" exist "when such 'court files might have become a vehicle for improper purposes,'" including the use of records to release confidential business information. *Kamakana*, 447 F.3d. at 1179; *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 791 (N.D. Cal. 2019).

## III. ARGUMENT

The MTD Opp. and RJN Opp. quote or summarize in detail documents produced by Defendants in this action that contain non-public, highly sensitive, and confidential information relating to Facebook's enforcement of its privacy and platform policies and business strategies. Defendants designated these documents as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order in this case. Lutz Decl. ¶¶ 2–4. Revealing this sensitive and confidential information could, among other things, provide would-be bad actors with a roadmap on evading Facebook's investigative and enforcement processes and expose Facebook and its users to privacy and security risks. As explained further below, there are compelling reasons to seal the redacted information, and Defendants' request is narrowly tailored. This Court has previously granted motions to seal the same information and should do so again here for the same reasons. *See* Dkts. 233, 234.

**A.   There Are Compelling Reasons to Seal the Information Relating to Facebook's Confidential Business Strategies, Practices, and Operations.**

Defendants seek to seal limited portions of the MTD Opp. and RJN Opp. that reference non-public and highly sensitive information about Facebook's confidential business strategies and practices

relating to enforcement of Facebook's privacy and platform policies and internal business strategies. There are compelling reasons to seal this information.

***Facebook's enforcement practices.*** The MTD Opp. and RJN Opp. quote and summarize highly sensitive information about Facebook's enforcement of its privacy and platform policies, including Facebook's investigative processes and procedures and the identities of the employees responsible for overseeing such efforts. Lutz Decl. ¶ 7. This information should be kept confidential because disclosure would harm Facebook, hamper Facebook's efforts to combat bad actors on its platform, and implicate privacy interests of current and former employees who are not parties to this litigation. *Id.*

Facebook has developed processes and technologies to monitor third parties' compliance with Facebook's privacy and platform policies. Public disclosure of these processes and technologies could allow competitors to gain insight into these practices and use those strategies to Facebook's competitive disadvantage. *Id.* Courts in this district routinely find compelling reasons to seal materials that would reveal a company's internal processes to avoid unwanted activities on its platform. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (sealing information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to invalid activity on its platforms); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897 at *2–3 (N.D. Cal. Jan. 3, 2018) (sealing materials related to "technology Yahoo uses to provide services and security to its users"). Indeed, courts in this district have sealed similar information regarding Facebook's "techniques used to detect and filter out" unwanted activities on its platform. *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) (sealing "details of how and why Meta has designed its filtration systems" because disclosure would cause "competitive harm" by giving competitors "unfair insight into how Meta's systems operate").

*Second*, if details concerning Facebook's enforcement of its privacy and platform policies as to third party developers were made public, would-be bad actors could use this information to circumvent Facebook's investigative and enforcement mechanisms and attempt to misappropriate user data or conduct other unwanted activity on Facebook's platform. Because the redacted portions of the MTD

Opp. and RJN Opp. include details about Facebook's investigative processes and controls, including the identities of the employees involved, public disclosure presents real privacy and security risks to Facebook and its users, as well as current and former employees who are not parties to this litigation. Lutz Decl. ¶ 7. Courts in this Circuit routinely seal materials that would expose the details of a company's internal processes and procedures to combat bad actors. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information relating to Google's security systems because "Google's ability to combat spammers, hackers, and others who propagate these unwanted or harmful materials would be impaired if those individuals had visibility into Google's defenses."); *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (finding compelling reasons to redact employee names because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information"). Courts in this district have also granted Facebook's requests to seal similar materials in other cases for this reason. *See, e.g.*, *Doe*, 2022 WL 17970394, at *2 ("Courts in this district have found that compelling reasons support sealing material that could hinder efforts to avoid unwanted materials or activity."); *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019) (disclosure of information regarding Facebook's policies and methods used to "identify and monitor fraud … might allow a third party to exploit these processes and undermine Facebook's protections against fraud, in turn causing harm to both Facebook and its users").

*Facebook's internal strategies and research.* The MTD Opp. and RJN Opp. also quote and summarize highly sensitive information reflecting Facebook's business strategies and related internal research. Lutz Decl. ¶ 8. Public disclosure of confidential discussions regarding Facebook's potential business decisions and strategies could allow Facebook's competitors to copy these proposed strategies or use them to Facebook's competitive disadvantage. *Id.* Courts in this Circuit routinely find this justification to seal compelling. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D.

Cal. Sept. 5, 2018) (sealing information providing insight into "business strategies and internal decisionmaking"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing pleadings to "prevent competitors from gaining insight into the parties' business model and strategy"); *McMorrow v. Mondelez Int'l, Inc.*, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) (sealing information related to internal research that the company "has conducted in connection with its products").

### B.   A Less Restrictive Alternative to Sealing Is Not Sufficient.

Defendants have submitted their own version of the redacted MTD Opp. and RJN Opp. to ensure that the redactions are narrowly tailored. *See* Lutz Decl. ¶ 9; *id.*, Exs. 1–2. Defendants propose that certain portions of the MTD Opp. and RJN Opp. be unredacted, as Defendants request to seal only the most sensitive and detailed non-public information. Because the unredacted portions of the MTD Opp. and RJN Opp. as proposed by Defendants will provide sufficient notice of the general nature of the redacted material, keeping narrowly tailored portions of confidential information under seal would not impair the public in its understanding of this case. *In re Zillow Grp., Inc. S'holder Deriv. Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (sealing information in a complaint because the redactions "would not impair the public's ability to understand the nature or basis of Plaintiffs' claims"). In contrast, revealing this information to the public jeopardizes Facebook's competitive standing and poses security and privacy risks to Facebook and its users.

### IV.   CONCLUSION

Defendants respectfully request that the Court grant Plaintiffs' Motion, seal the MTD Opp. (at Docket Number 242-3) and the RJN Opp. (at Docket Number 242-4) in their entirety, and adopt the limited redactions identified in Exhibits 1–2 to the Lutz Declaration.

Dated: November 10, 2025                                      Respectfully submitted,

                                                              GIBSON, DUNN & CRUTCHER LLP

                                                              By: */s/ Brian M. Lutz*

GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
Martie Kutscher (SBN 302650)
Michael J. Kahn (SBN 303289)
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
blutz@gibsondunn.com
mkutscherclark@gibsondunn.com
mjkahn@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8217
Facsimile: 202.530.9614
jlipshutz@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*