GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
  mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8217
Facsimile: 202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 5:18-CV-01725-EJD<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS FOURTH AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date First Action Filed: March 20, 2018 |

I.  INTRODUCTION

Plaintiffs' opposition to Defendants' request for judicial notice is puzzling.[1] The Court previously granted requests to take judicial notice of many of Defendants' exhibits, and Plaintiffs never appealed those rulings, which are binding and the law of the case. RJN at 2. Nor are the Court's prior rulings surprising, as they concern documents, like news articles, over which courts routinely grant judicial notice, and a transcript that *Plaintiffs* introduced in opposing Defendants' motion to dismiss the Second Amended Complaint and surely do not dispute is authentic (Ex. 4; *see* ECF Nos. 130-4, 131 at 2 (seeking judicial notice of McNamee transcript)). Regardless, Plaintiffs cannot challenge the Court's prior rulings taking judicial notice of these materials because a party may not "re-raise issues" that "were previously resolved and were not raised on appeal . . . absent a motion for leave to file a motion for reconsideration." *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019). Because the remaining exhibits are substantially the same as the exhibits the Court previously judicially noticed, they should be treated the same. Plaintiffs provide no basis to find otherwise.

Plaintiffs' chief complaint is not even about Defendants' request for judicial notice. Instead, Plaintiffs use their opposition as a vehicle to ask the Court to strike the statement chart Defendants provided for the Court's convenience. *See* Opp'n to RJN at 4 (claiming that "[c]ourts routinely strike such extraneous materials"). Even putting to the side that Plaintiffs did not file a motion to strike, the Court should reject Plaintiffs' arguments. Organizational aids like Defendants' chart are regularly considered by courts in this Circuit to track alleged misstatements and the corresponding arguments made by parties in securities cases. Defendants' chart is merely a condensed reference sheet listing in shorthand the bases for dismissal discussed in the Motion, and—unlike Plaintiffs' responsive chart—

---

[1] ECF No. 238-20 (the "RJN"), and ECF No. 242-4 (the "Opp'n to RJN"). Unless otherwise noted, citations to "Exhibit[s]" or "Ex[s]." refer to the Exhibits to the Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Law.

it does not contain any additional arguments outside of their brief. If the Court finds it helpful (as Defendants intended), then it is free to consider it notwithstanding Plaintiffs' complaints. If the Court is not inclined to consider Defendants' chart, as Plaintiffs request, the Court should similarly disregard Plaintiffs' chart.

## II.   ARGUMENT

### A.   This Court Has Already Ruled on Many of the Exhibits Plaintiffs Now Challenge

This Court has already taken judicial notice of Exhibits 1-5, 9, 14, 16, and 17.

- Exhibits 1-3 are compilations of Facebook's Forms 4, "public filings made by Facebook with the SEC" and "therefore [are] matters of public record not subject to reasonable dispute." *See* ECF No. 137 ("2020 Order") at 27-28; ECF No. 118 ("2019 Order") at 16.

- Exhibit 4 is a court-reporter-prepared transcript that *Plaintiffs* previously submitted for this Court's consideration and accordingly cannot challenge is authentic. *See* ECF No. 130-4.

- Exhibits 5, 9, 14, 16, and 17 are news articles, and as the Court explained previously, "are publicly available documents, available on publicly accessible websites" and "are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." 2020 Order at 28 (Exhibits 5, 14, and 17); 2019 Order at 15 (Exhibits 5, 9, 16, 17).

Plaintiffs cannot relitigate the Court's prior rulings taking judicial notice of these materials, which are the law of the case. They did not appeal these rulings to the Ninth Circuit, so they are foreclosed from challenging them now. *See Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 950 (C.D. Cal. 1996) (explaining that a party's waiver of an issue on appeal becomes the law of the case); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (holding that the prior decision on the same issue by the same court in the same case would remain the law of the case).

Plaintiffs attempt to get around the law of the case doctrine by arguing that the Ninth Circuit's decision warrants a different result. Opp'n to RJN at 5-6. Not so. The Ninth Circuit never said anything about the Court's judicial notice rulings, let alone held this Court was wrong to take judicial notice of these specific documents. To the contrary, the Ninth Circuit expressly considered the news articles that this Court judicially noticed and even attached two of them to its opinion. *See* Order and

Amended Opinion, *In re Facebook Inc. Sec. Litig.*, No. 22-15077 (9th Cir. Dec. 4, 2023), ECF No. 51-2 at PDF p. 8 (attaching Ex. 5), 33 (attaching Ex. 14). Where the Ninth Circuit parted ways with this Court was the *import* of these articles. This Court held that "[b]ased on the content of these articles, and the credibility and wide circulation of the respective sources, . . . the market was aware of Cambridge Analytica's data misuse" such that Defendants rebutted the presumption of reliance. 2020 Order at 64. The Ninth Circuit reversed that ruling, holding this defense was not available at the pleadings stage because Defendants did not prove the facts about Cambridge Analytica were "'transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression.'" *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 950 (9th Cir. 2023) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996)). That is not a ruling on judicial notice.

The Court's prior rulings regarding Exhibits 1-5, 9, 14, 16, and 17 are the law of the case, and Plaintiffs provide no basis to depart from them. *See* RJN at 1-2 (citing 2019 Order at 14-15 (granting Defendants' request for judicial notice of exhibits in support of their motion to dismiss) and 2020 Order at 26-27, 29 (same)).

**B.     The Remaining Exhibits Are Appropriate for Judicial Notice and/or Incorporation By Reference For the Same Reasons**

The Court's prior rulings on Exhibits 1-5, 9, 14, 16, and 17 apply equally to the remaining exhibits offered for the Court's consideration (Exhibits 6-8, 10-13, 15, and 18). These exhibits are widely disseminated public documents cited to show information was publicly available—proper subjects of judicial notice. RJN at 1. Specifically, Exhibits 6-8, 10-13, and 15 are news reports on Cambridge Analytica from publicly available websites, and Exhibit 18 is a letter from the Information Commissioner's Office of the Parliament of the United Kingdom. As "news articles" and "matters of public record," the contents of which are not subject to reasonable dispute, these exhibits may be judicially noticed. *See* 2020 Order at 28 (taking judicial notice of news articles and matters of public record); *see also* Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001-02 (9th Cir. 2018). The Court previously took judicial notice of similar exhibits for this reason and should similarly do so for Exhibits 6-8, 10-13, 15, and 18.

### C. Plaintiffs Do Not Dispute That Many Exhibits Are Incorporated by Reference

Plaintiffs do not dispute that several of Defendants' exhibits (Exhibits 4-5, 7-9, 11, 14, and 17) are independently appropriate for the Court's consideration at the pleading stage because they are incorporated by reference in the 4AC. *See Khoja*, 899 F.3d at 1004-05 (affirming finding that online news articles underlying plaintiffs' claims were incorporated into complaint); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (taking notice of documents that "Plaintiffs expressly cite and quote from . . . in the [complaint]"). Having not argued otherwise, Plaintiffs appear to concede that the Court may consider those exhibits.

### D. Courts Regularly Consider Charts Like the One Provided By Defendants

Even though Defendants' chart of challenged statements (ECF No. 238) was not the subject of their RJN, Plaintiffs spend most of their opposition arguing why the Court should not consider that chart. But Defendants' chart is merely an organizational aid for the Court that lists the statements that are alleged to be false and misleading, references the corresponding theory of fraud, and provides a shorthand summary of the dismissal bases articulated in Defendants' Motion to Dismiss. It does not contain any new argument, and the Court does not need to consider it at all to rule on Defendants' Motion. Defendants provided it solely because they thought Court might find it to be a helpful reference; if the Court does not find it helpful, then the Court of course does not need to consider it.

Plaintiffs are wrong that this chart is improper. Opp'n to RJN at 3-4. Providing a chart like this is a well-established practice in securities cases in this Circuit. In fact, a number of judges in this district *require* parties to submit charts similar to the one submitted by Defendants. *See* Standing Order in Civil Cases, Judge Hon. Yvonne Gonzalez Rogers, at § 14 (March 17, 2025) (requiring plaintiffs to file chart with their complaint identifying false and misleading statements, the reasons why the statements are false or misleading, and the facts supporting scienter for each alleged misstatement); Civil Standing Order – General, Judge Hon. Edward M. Chen, at § 10 (Dec. 1, 2022) (same); Standing Order for Civil Cases Before District Judge Hon. Araceli Martinez-Olguin, at § J (Nov. 14, 2025) (same); Standing Order for Civil Cases Before Judge Hon. Rita F. Lin, at p. 11 (Nov. 5, 2025) (same); *see also Lucid Alternative Fund, LP v. Aehr Test Sys., Inc.*, 2025 WL 880251, at *5 (N.D. Cal. Mar. 19, 2025) (requesting chart of statement-by-statement fraud allegations, "[p]ursuant to the PSLRA and

Gibson, Dunn & Crutcher LLP

the Federal Rules of Civil Procedure—as well as for the sake of clarity and efficient case management"); *Michel v. Sumo Logic, Inc.*, 779 F. Supp. 3d 1038, 1059 (N.D. Cal. 2025) (same); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *9 (N.D. Cal. July 2, 2024) (same).

Further, courts can take judicial notice of charts like this (to the extent that is even necessary). *See Tadros v. Celladon Corp.*, 2016 WL 5870002, at *8 (S.D. Cal. Oct. 7, 2016) (taking judicial notice of defendant-created chart compiling the alleged misstatements without argument, explaining the statements were unaltered and "simply presented in an organized, easy to use format."), *aff'd,* 738 F. App'x 448 (9th Cir. 2018); *see also In re Cutera, Inc. Sec. Litig.*, 2025 WL 2782916, at *5 (N.D. Cal. Sept. 30, 2025) (relying on numbering in defendants' statement chart to explain decision); *In re Fastly, Inc. Sec. Litig.*, 2025 WL 2721693, at *6 (N.D. Cal. Sept. 24, 2025) (same). It is thus unsurprising that courts have rejected the very same objections to such charts that are made by Plaintiffs here. *See, e.g.*, *Studen v. Funko, Inc.*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024) (rejecting argument that defendants' statement chart was "argumentative and an improper attempt to bypass applicable word limits" and declining to strike it, explaining that it comprised "organizational work that the Court would otherwise have to take upon itself").

Plaintiffs' cases do not say otherwise. *See* Opp'n to RJN at 4. First, they are not securities cases at the motion to dismiss stage, where charts like Defendants' are routinely submitted (and often required). *See, e.g.*, *Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (summary judgment stage); *Bissoon-Dath v. Sony Computer Ent. Am., Inc.*, 694 F. Supp. 2d 1071, 1081 (N.D. Cal. 2010), *aff'd sub nom*. *Dath v. Sony Computer Ent. Am., Inc.*, 653 F.3d 898 (9th Cir. 2011) (summary judgment stage chart that included additional argument). Second, the appendices in Plaintiffs' cases were stricken or otherwise disregarded because, unlike here, they contained additional argument outside of the briefs. *See, e.g.*, *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 (N.D. Cal. Sept. 30, 2016) (disapproving of chart that contained argument virtually absent from brief); *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking chart that "extend[ed]" argument by "presenting additional arguments against falsity" that "could not fit" in text of brief); *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (finding that chart would permit party to make *further* argument). Third, the courts

in those cases did not say that summary charts like Defendants' are per se improper; they said that parties may not use charts "for the purposes of argument" to supplement their briefing. *See, e.g.*, *Bissoon-Dath*, 694 F. Supp. 2d at 1081; *cf. In re Dexcom, Inc. Class Action Sec. Litig.*, 2025 WL 2606620, at *5 (S.D. Cal. Sept. 9, 2025) (finding it "unnecessary" to consider appendices and "therefore declin[ing] to do so"). Indeed, in *Bissoon-Dath*, the court cautioned that it did "not intend to disapprove generally of the use of charts in briefing where such use would be helpful and appropriate" and that "[a] well-designed chart can be extremely helpful in clarifying the relationships among complex issues, and attorneys should not be discouraged from including such." 694 F. Supp. 2d at 1081, fn. 5. Fourth, while Plaintiffs claim that Defendants' chart "mischaracterizes" the 4AC and the Ninth Circuit's decision, conspicuously absent from their brief is any explanation of how anything in the chart is wrong. *See* Opp'n to RJN at 3-4.

Defendants' chart was provided for the Court to consider to the extent the Court finds it useful. It does not contain any arguments that are not made in the Motion to Dismiss, and the Court does not need to reference it to decide that Motion.[2] The Court is free to use the chart as it sees fit.

### III.   CONCLUSION

For these reasons, as well as the reasons stated in Defendants' Request for Judicial Notice in support of their Motion to Dismiss, Defendants respectfully request that the Court consider Defendants' statement chart, take judicial notice of Exhibits 1 through 18 to the Lutz Declaration, and consider Exhibits 4, 5, 7, 8, 9, 11, 14, and 17 to the Lutz Declaration as incorporated by reference in the 4AC.

//

//

---

[2] By contrast, Plaintiffs' chart is argumentative. *See, e.g.*, Opp'n to RJN at PDF p. 14-36 (providing 23 pages of two charts including column titled "Examples of Court Rulings and/or Facts Alleged in the 4AC that Doom Defendants' Limitation Arguments to Failure"); *see also id.* at PDF p. 18 (purporting to represent statements "that Indisputably Remain in the Case but Defendants Improperly Seek to Limit to Whitelisting Facts, Contrary to Ninth Circuit's Rulings and the Facts in the 4AC").

| | |
|---|---|
| Dated: December 18, 2025 | By: /s/ Brian M. Lutz |
| | GIBSON, DUNN & CRUTCHER LLP |
| | Brian M. Lutz (SBN 255976) |
| | Martie Kutscher (SBN 302650) |
| | Michael J. Kahn (SBN 303289) |
| | One Embarcadero Center, Suite 2600 |
| | San Francisco, CA 94111-3715 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |
| | blutz@gibsondunn.com |
| | mkutscherclark@gibsondunn.com |
| | mjkahn@gibsondunn.com |
| | |
| | Joshua S. Lipshutz (SBN 242557) |
| | 1700 M Street, N.W. |
| | Washington, DC 20036-4504 |
| | Telephone: 202.955.8217 |
| | Facsimile: 202.530.9614 |
| | jlipshutz@gibsondunn.com |
| | |
| | *Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner* |