| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>JASON C. DAVIS (253370)<br>KENNETH J. BLACK (291871)<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>jdavis@rgrdlaw.com<br>kblack@rgrdlaw.com<br><br>BERNSTEIN LITOWITZ BERGER<br>  & GROSSMANN LLP<br>SALVATORE J. GRAZIANO<br>JEREMY P. ROBINSON<br>1251 Avenue of the Americas<br>New York, NY  10020<br>Telephone:  212/554-1400<br>212/554-1444 (fax)<br>salvatore@blbglaw.com<br>jeremy@blbglaw.com<br><br>Co-Lead Counsel for the Class<br>[Additional counsel appear on signature page.] | GIBSON, DUNN & CRUTCHER LLP<br>BRIAN M. LUTZ (SBN 255976)<br>   blutz@gibsondunn.com<br>MICHAEL J. KAHN (SBN 303289)<br>   mjkahn@gibsondunn.com<br>MARTIE KUTSCHER (SBN 302650)<br>   mkutscherclark@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA  94111-3715<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>GIBSON, DUNN & CRUTCHER LLP<br>JOSHUA S. LIPSHUTZ (SBN 242557)<br>   jlipshutz@gibsondunn.com<br>1700 M Street, N.W.<br>Washington, DC  20036-4504<br>Telephone: 202.955.8217<br>Facsimile:   202.530.9614<br><br>*Attorneys for Defendants Facebook, Inc.,*<br>*Mark E. Zuckerberg, Sheryl K. Sandberg,*<br>*and David M. Wehner* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. 5:18-cv-01725-EJD<br><br><u>CLASS ACTION</u><br><br>JOINT TRIAL SETTING CONFERENCE STATEMENT |

Plaintiffs Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund ("Amalgamated") and the Public Employees' Retirement System of Mississippi ("Mississippi" and, together with Amalgamated, "Plaintiffs") and Defendants Facebook, Inc. (now Meta Platforms, Inc.) ("Facebook"), Mark E. Zuckerberg, David M. Wehner, and Sheryl K. Sandberg (collectively, the "Individual Defendants" and together with Facebook, "Defendants") (together, the "Parties"), by and through their respective counsel of record, hereby respectfully submit the following Joint Trial Setting Conference Statement pursuant to the Court's February 2, 2026 Order. ECF No. 255.

## I. JURISDICTION

Plaintiffs bring claims under §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "1934 Act" or "Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5(a)–(c) promulgated thereunder (17 C.F.R. §240.10b-5). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 78aa (Section 27) of the 1934 Act.

## II. SUBSTANCE OF THE ACTION

Plaintiffs allege, and Defendants dispute, that during the putative Class Period (February 3, 2017 through July 25, 2018), Facebook and certain of its officers made materially misleading statements about (i) the risk of misappropriation and misuse of Facebook user data by third parties, (ii) the ability of users to control their data on Facebook's platform, and (iii) whether Defendants' investigation into Cambridge Analytica uncovered any wrongdoing. The Parties dispute numerous factual issues.

- 1 -
JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No. 5:18-cv-01725-EJD

Plaintiffs seek damages, if any, caused by Defendants' alleged wrongdoing, as well as pre- and post-judgment interest, fees, costs, and such other relief as this Court may deem appropriate. Defendants deny that Plaintiffs are entitled to any relief.

### III.    LEGAL ISSUES

The principal legal issues in dispute include: whether Defendants violated §§10(b) and/or 20(a) of the Exchange Act and SEC Rule 10b-5, and whether Defendant Mark Zuckerberg violated §20A of the Exchange Act; the appropriate measure of damages, if any; and whether this action may be maintained as a class action.

### IV.    MOTIONS

####    A.    Prior Motions

On March 20, 2018, Fan Yuan filed the initial complaint in this action on behalf of a purported class consisting of purchasers of common shares of Facebook.  ECF No. 1.  Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on October 16, 2020, Amalgamated and Mississippi filed competing motions to be appointed as lead plaintiff, appointment of lead counsel, and consolidation.  ECF Nos. 28, 39.  On August 1, 2018, Amalgamated and Mississippi stipulated to resolve their competing motions and sought, with the Court's approval, to serve jointly as lead plaintiff.  ECF No. 55.  On August 3, 2018, the Court approved their stipulation.  ECF No. 56.

#####        1.    Motions to Dismiss

Plaintiffs filed a consolidated complaint in this action on October 15, 2018, asserting claims under the Exchange Act against Defendants.  ECF No. 86.  On December 14, 2018, Defendants filed a motion to dismiss the consolidated complaint.  ECF No. 93.  On September 25, 2019, the Court dismissed the consolidated complaint in full for failure to state a claim, and granted Plaintiffs leave to amend.  ECF No. 118.  On November 15, 2019, Plaintiffs filed a second amended complaint.  ECF No. 123.  On January 15, 2020, Defendants moved to dismiss, ECF No. 126, and

JOINT TRIAL SETTING CONFERENCE STATEMENT
Case No. 5:18-cv-01725-EJD

on August 7, 2020, the Court again granted the motion to dismiss with leave to amend. ECF No. 137. Plaintiffs filed their third amended complaint on October 16, 2020. ECF No. 142. On December 18, 2020, Defendants filed a motion to dismiss the third amended complaint. ECF No. 145. On December 20, 2021, the Court granted Defendants' motion to dismiss the complaint with prejudice. ECF No. 168.

Plaintiffs appealed the Court's dismissal order to the Ninth Circuit. ECF No. 170. The Ninth Circuit affirmed in part and reversed in part this Court's order. ECF Nos. 174, 175.

Defendants filed a petition for a writ of certiorari on March 4, 2024. The Supreme Court granted the petition but ultimately dismissed the writ of certiorari as improvidently granted. ECF Nos. 178, 179. The Ninth Circuit issued its mandate on January 24, 2025, returning jurisdiction of the case to this Court. ECF No. 180.

On May 30, 2025, Plaintiffs moved to file their fourth amended complaint. Defendants did not oppose amendment but said they would move to dismiss. ECF No. 222. On June 17, 2025, the Court granted Plaintiffs' motion for leave to file the fourth amended complaint and set a briefing schedule for Defendants' motion to dismiss. ECF No. 224.

**B.     Pending Motions**

On July 1, 2025, Plaintiffs filed their fourth amended complaint. ECF Nos. 227, 228. On September 2, 2025, Defendants filed a motion to dismiss the fourth amended complaint. ECF No. 238. The Court took the motion under submission on January 15, 2026. ECF No. 250.

**C.     Anticipated Motions**

Plaintiffs intend to file a motion for class certification. Otherwise, the Parties believe that it is too early to determine whether and when any additional motions will be filed.

## V. DISCOVERY

### A. Discovery Taken to Date

Before discovery was stayed on July 9, 2025 (ECF No. 235), Plaintiffs and Defendants both served document requests.[1] Plaintiffs' requests sought, among other things, all documents and transcripts of testimony from seven actions that, like this action, asserted claims related to Cambridge Analytica and whitelisting. In response, Defendants produced over 1.4 million documents (the "Reproductions").[2]

Due to the discovery stay, Plaintiffs have not yet produced documents in response to Defendants' requests for production, and Defendants have not produced further documents in response to Plaintiffs' requests for documents beyond the Reproductions.

### B. The Scope of Anticipated Discovery

Once the discovery stay is lifted, Plaintiffs anticipate Defendants will produce documents pursuant to Plaintiffs' outstanding document requests. Plaintiffs reserve the right to seek additional documents and discovery from Defendants. Defendants reserve all rights regarding previously-served discovery. Defendants anticipate that any additional discovery requests from Plaintiffs will be targeted to topics relevant to this case that are not covered by the substantial Reproductions Defendants already made given the Parties' prior representation to the Court that "Plaintiffs anticipate serving discovery requests relevant to this case to the extent not covered by the reproductions." ECF No. 205 at 7. Plaintiffs also anticipate serving Rule 45 document subpoenas on various third parties and conducting party and third-party depositions. Defendants

---

[1] Plaintiffs also served third-party subpoenas.

[2] Defendants produced approximately one million documents by May 30, 2025, and an additional approximately 400,000 documents pursuant to a Rule 502(d) order in July 2025.

intend to serve discovery requests on Plaintiffs and Rule 45 document subpoenas on third parties. Defendants also anticipate deposing Plaintiffs and third parties.

## VI. SETTLEMENT AND ADR

On March 21, 2025, the Parties agreed to engage a private mediator on or before October 9, 2026.  ECF No. 210.

## VII. BIFURCATION AND SEPARATE TRIAL OF ISSUES

The Parties believe it is premature to discuss issues related to a trial prior to completion of fact discovery and resolution of Plaintiffs' anticipated motion for class certification.

## VIII. TRIAL

A jury trial is demanded.  The Parties are unable to meaningfully prepare for trial until discovery has been completed and therefore believe it is premature to estimate the length of any trial.

## IX. SCHEDULING

There currently is no schedule in place because the Court vacated the deadlines in the prior schedule.  ECF Nos. 224, 235.  The Parties will submit a proposed case schedule for the Court's approval within 14 days of the Court's ruling on Defendants' motion to dismiss.

## X. OTHER MATTERS

The Parties have nothing to add at this time.

DATED:  February 25, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
KENNETH J. BLACK

*/s/ Jason C. Davis*

|   |   |
|---|---|
|   | One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>Telephone: 415/288-4545<br>415/288-4534 (fax)<br>jdavis@rgrdlaw.com<br>kblack@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>LUKE O. BROOKS (212802)<br>DARRYL J. ALVARADO (253213)<br>HILLARY B. STAKEM (286152)<br>J. MARCO JANOSKI GRAY (306547)<br>JESSICA E. ROBERTSON (352207)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>lukeb@rgrdlaw.com<br>dalvarado@rgrdlaw.com<br>hstakem@rgrdlaw.com<br>mjanoski@rgrdlaw.com<br>jrobertson@rgrdlaw.com<br><br>Counsel for Amalgamated and Co-Lead Counsel for the Class |
| DATED: February 25, 2026 | BERNSTEIN LITOWITZ BERGER &<br>  GROSSMANN LLP<br>SALVATORE J. GRAZIANO<br>JEREMY P. ROBINSON<br>TIMOTHY G. FLEMING<br>THOMAS Z. SPERBER<br><br>            /s/ Jeremy P. Robinson<br>_____<br><br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212/554-1400<br>212/554-1444 (fax)<br>salvatore@blbglaw.com<br>jeremy@blbglaw.com<br>timothy.fleming@blbglaw.com<br>thomas.sperber@blbglaw.com<br><br>Counsel for Mississippi and Co-Lead Counsel for the Class |

| | |
|---|---|
| DATED: February 25, 2026 | GIBSON, DUNN & CRUTCHER LLP<br>BRIAN M. LUTZ<br><br>            */s/ Brian M. Lutz*<br>―――――――――――――――――――――<br><br>One Embarcadero Center, Suite 2600<br>San Francisco, CA  94111-3715<br>Telephone:  415/393-8200<br>415/374-8306 (fax)<br>blutz@gibsondunn.com<br><br>Counsel for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner |

| | |
|---|---|
| 1 | **ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))** |

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: February 25, 2026                    **GIBSON, DUNN & CRUTCHER LLP**

                                            */s/ Brian M. Lutz*
                                            BRIAN M. LUTZ