ROBBINS GELLER RUDMAN
& DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com

Co-Lead Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | Master File No. 5:18-cv-01725-EJD |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | STIPULATED [PROPOSED] PRIVILEGE LOG PROTOCOL |

## I. PURPOSE AND LIMITATIONS

For good cause shown, the Court hereby enters the following Privilege Log Protocol and order governing the production of privilege logs in this proceeding.[1] Unless otherwise stated, all defined terms herein are the same as set forth in the Stipulated Protective Order (Dkt. No. 211).

## II. CLAIMS OF PRIVILEGE

**Production of Privilege Logs.** Except as provided otherwise below, for any document withheld in whole or redacted, the Producing Party will produce privilege logs in MS Excel format. A privilege log for documents withheld or redacted resulting from search parameters (*i.e.* search terms and custodians) agreed to by the Parties before August 12, 2026 shall be produced no later than September 29, 2026. For documents reviewed from search parameters agreed to by the Parties after August 12, 2026, privilege logs shall be provided 30 days after any production from which documents were withheld or redacted.

(a) Exclusions from Logging Documents Reflecting Privileged Communications or Work Product: Communications or work product between the Parties and their Outside Counsel of Record (*i.e.*, Robbins Geller Rudman & Dowd LLP, Bernstein Litowitz Berger & Grossmann LLP, and Gibson, Dunn & Crutcher LLP) or solely among Outside Counsel of Record, concerning this litigation that post-date the filing of the initial complaint (Dkt. No. 1) need not be placed on a privilege log.

(b) Metadata Log: Each Party's Privilege Log must provide the objective metadata listed below (to the extent it is reasonably available and does not reflect privileged or protected information), the privilege or protection being asserted (e.g., attorney-client; attorney work product; joint defense and/or common interest, etc.), and a description of the nature of the withheld or redacted Last-in-Time Emails and other

[1] For the avoidance of doubt, the provisions of this Privilege Log Protocol shall not apply to privilege log entries created for purposes of other cases or investigations and re-produced in this case. To the extent such log entries are re-produced, they may be provided in the same format in which they were originally produced.

documents in a manner that, without revealing information itself privileged or protected, will enable the Receiving Party to assess the claim. Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

1. Objective metadata includes the following fields, as defined in this Agreement (to the extent these fields are available for a particular document), though it does not have to be in the order set forth below:

(1) BEGBATES
(2) ENDBATES
(3) BEGATTACH
(4) ENDATTACH
(5) FILENAME
(6) EMAIL SUBJECT
(7) AUTHOR
(8) TO
(9) FROM
(10) CC
(11) BCC
(12) DATE SENT
(13) DATE RECEIVED
(14) DATE CREATED
(15) ALLCUSTODIAN(S)
(16) DATE LAST MODIFIED
(17) ALLFILEPATH(S)
(18) THREADID

(c) Attorneys. Each privilege log shall include a denotation for attorneys (such as * or ^) or alternatively be accompanied by a list of all attorneys identified in the log

to support a claim of privilege, along with information for each attorney sufficient to determine: (i) the employer (law firm or other organization) with whom they are affiliated; and (ii) the manner in which they are identified in the log (e.g., by email address or by name).

(d) Email. The Parties agree to provide a description of the nature of the withheld or redacted documents on a log only for the Last In Time Emails in a thread so long as the description is sufficient to understand the privilege asserted and to assess the claim of privilege for all of the withheld emails in the chain. For Last In Time Emails included on the privilege log with respect to which less inclusive email messages or "thread members" are also within the Parties' collections, the Parties agree to provide a metadata-only log along with information sufficient to understand the relationship between the thread members (*i.e.*, ThreadID). The metadata-only log shall include the metadata fields listed in subsection (b) above for each document. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

(e) Challenges to Privilege Claims: Following the receipt of a privilege log or documents that have been redacted for privilege, any Party may dispute a claim of privilege. Prior to seeking intervention by the Court, the Receiving Party disputing a claim of privilege shall provide in writing the identity of the documents for which it questions the claim of privilege (by Bates/unique ID) and the reasons for its assertion that the documents are not privileged. For a challenge of up to 50 documents, within 10 business days of receiving a written dispute, the Producing Party seeking to support the claim of privilege shall provide a written response. If more than 50 documents are challenged within a 10-business-day period, the Parties will meet and confer on a schedule for the Producing Party to respond. The Parties will then meet and confer in good faith as to the claims of privilege. If an agreement

cannot be reached within 7 days of the written response, or if the Parties have reached an impasse, then the Receiving Party may seek relief from the Court in accordance with the Parties' Stipulation Regarding Procedures for Discovery Disputes (Dkt. No. 268).

(f) <u>Changes to Redactions or Privilege Designations</u>: Where a Producing Party changes, in whole or in part, the redaction or privilege designation of a document, the updated document shall be produced with an overlay and load file indicating the document being replaced. The replacement document shall bear the same Bates numbers whenever possible.

(g) Nothing in this Privilege Log Protocol shall be interpreted to require disclosure of nonresponsive or responsive information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Nothing in this Protocol nor the accompanying order waives any applicable privilege or other legal basis under which information may not be subject to production.

(h) The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

(i) Nothing in this Protocol shall preclude or impair any and all protections provided by any Protective Order(s) or 502(d) Order agreed and entered into by the Parties, including the clawback provisions described in Section 11 of the Parties' Stipulated Protective Order (Dkt. No. 211).

**III. MODIFICATION**

This Privilege Log Protocol may be modified by a written agreement of the Parties or by the Court for good cause shown.

DATED: September 11, 2026

ROBBINS GELLER RUDMAN & DOWD LLP
LUKE O. BROOKS (212802)
DARRYL J. ALVARADO (253213)
HILLARY B. STAKEM (286152)
J. MARCO JANOSKI GRAY (306547)
JESSICA E. ROBERTSON (352207)

*s/ J. Marco Janoski Gray*
J. MARCO JANOSKI GRAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON C. DAVIS
KENNETH J. BLACK
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kblack@rgrdlaw.com

Counsel for Amalgamated and Co-Lead Counsel for the Class

DATED: September 11, 2026

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
TIMOTHY G. FLEMING
THOMAS Z. SPERBER

*s/ Jeremy P. Robinson*
JEREMY P. ROBINSON

1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com

Counsel for Mississippi and Co-Lead Counsel for the Class

DATED: September 11, 2026

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ

*s/ Brian M. Lutz*
BRIAN M. LUTZ

One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415/393-8200
415/374-8306 (fax)
blutz@gibsondunn.com

Counsel for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner

**CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Brian M. Lutz, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: September 11, 2026

*s/ Brian M. Lutz*
BRIAN M. LUTZ