GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
Michael J. Kahn (SBN 303289)
mjkahn@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8217
Facsimile: 202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE FACEBOOK, INC. SECURITIES LITIGATION

This Document Relates To:

ALL ACTIONS

CASE NO. 5:18-CV-01725-EJD

**DECLARATION OF BRIAN M. LUTZ IN RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Date First Action Filed: March 20, 2018

I, Brian M. Lutz, declare as follows:

1. I am an attorney duly licensed by the State Bars of California and New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP and am counsel of record for Defendants in this action. I make this declaration in response to Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. 277. I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would testify competently thereto.

2. In response to Plaintiffs' requests for production, Defendants produced certain documents to Plaintiffs that Defendants designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered by the Court on March 21, 2025 (the "Protective Order"). Dkt. 211.

3. On August 21, 2026, Lead Plaintiffs ("Plaintiffs") filed their Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel (the "Class Certification Motion"); the Expert Report of Jonah B. Gelbach ("Gelbach Report"); and exhibits thereto. Dkt. 278. The Class Certification Motion and the Gelbach Report quote, reference, and attach as exhibits materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants. Pursuant to the Protective Order and Civil Local Rule 79-5(f), Plaintiffs filed public redacted versions of the Class Certification Motion and Gelbach Report that redacted quotes from and references to material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants and filed under seal all exhibits designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants.

4. On August 21, 2026, Plaintiffs also filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed pursuant to Local Rules 7-11 and 79-5(f) (the "Administrative Motion"). Dkt. 277. Attached to the Administrative Motion are unredacted versions of the Class Certification Motion, Gelbach Report, and exhibits thereto which constitute and/or include quotes from and references to material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants and were filed under seal by Plaintiffs. Dkts. 277-2 through 277-20.

5. Defendants do not seek to seal the Class Certification Motion, the Gelbach Report, or Exhibits 9–10, 14, and 22. Accordingly, and to ensure that their request to seal is narrowly tailored, Defendants agree that those materials may be filed publicly in unredacted form under Civil Local Rule 79-5.

6. Defendants respectfully request that the Court maintain under seal the unredacted versions of Exhibits 7–8, 11–13, and 15–21 filed at Dkts. 277-5 through 277-6, 277-9 through 277-11, and 277-13 through 277-19, and adopt the limited redactions identified in Exhibits A through L attached hereto.

7. There are compelling reasons to seal the redacted material identified in Exhibits 7 and 20. This Court has previously granted motions to seal the same and/or similar information and should do so again here for the same reasons. *See* Dkts. 233, 234, 247.

8. Exhibits 7 and 20 contain highly sensitive information about Facebook's strategies, practices, and operations, including internal data and discussions regarding the enforcement of Facebook's privacy and platform policies. If details concerning Facebook's enforcement of its privacy and platform policies were made public, bad actors could attempt to use this information to circumvent those protections and misappropriate user data or conduct other unwanted activity on Facebook's platform. *See Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019). Because the redacted portions of Exhibits 7 and 20 include details about Facebook's investigative processes, controls, and monitoring technologies, public disclosure presents real privacy and security risks to Facebook and its users.

9. Exhibits 7 and 20 also contain highly sensitive information reflecting Facebook's confidential business strategies and related internal research. Public disclosure of confidential discussions regarding Facebook's potential business model and strategies could allow Facebook's competitors to copy these proposed strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. *See Bohannon*, 2019 WL 188671, at *6–7.

10. There are compelling reasons to seal the redacted material identified in Exhibits 8, 11–13, 15–19, and 21. Exhibits 8, 11–13, 15–19, and 21 contain current Meta employees' contact information, including email addresses. Disclosure of Meta employees' contact information, including

email addresses, could cause Meta employees to be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations and cause Meta competitive harm. Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, internal information to gain a competitive advantage.

11. Defendants have identified portions of Exhibits 7–8, 11–13, and 15–21 that do not require sealing. Accordingly, and to ensure that their request to seal is narrowly tailored, Exhibits A through L do not redact the following portions originally sealed in full by Plaintiffs:

a. Portions of FB-CA-SECURITIES-4917118 in Exhibit 7, from which Plaintiffs quote a portion of a single bullet point;

b. All of Exhibit 8 besides portions containing current Meta employee contact information;

c. All of Exhibit 11 besides a portion containing current Meta employee contact information;

d. All of Exhibit 12 besides portions containing current Meta employee contact information;

e. All of Exhibit 13 besides portions containing current Meta employee contact information;

f. All of Exhibit 15 besides portions containing current Meta employee contact information;

g. All of Exhibit 16 besides a portion containing current Meta employee contact information;

h. All of Exhibit 17 besides portions containing current Meta employee contact information;

i. All of Exhibit 18 besides portions containing current Meta employee contact information;

j. All of Exhibit 19 besides a portion containing current Meta employee contact information;

k. FB-CA-SECURITIES-4741240; and -1243 through -1245 in Exhibit 20, which Plaintiffs reference in the Gelbach Report; and

l. All of Exhibit 21 besides a portion containing current Meta employee contact information.

12. The chart below identifies the confidential material in the exhibits attached to the Class Certification Motion and Gelbach Report that Defendants request the Court permanently seal.

| **Document(s)** | **Portions to be Sealed** | **Subject Matter** |
|---|---|---|
| Exhibit 7 | FB-CA-SECURITIES-4916987 through -7117;<br>Portions of FB-CA-SECURITIES-4917118;<br>FB-CA-SECURITIES-4917119 through -7121 | Highly sensitive information about Facebook's privacy and platform policy enforcement practices; highly sensitive information about Facebook's business strategies and related internal research |
| Exhibit 8 | Portions of FB-CA-SECURITIES-NON-WAIVER-6496808 through -6809:<br>• 12/15/2015 email at 6:18 PM, "From" line, "CC" line;<br>• 12/15/2015 email at 12:21 PM, "To" line, "CC" line;<br>• 12/15/2015 email at 10:44 AM, "From" line;<br>• 12/15/2015 email at 7:31 AM, "To" line | Contact information for current Meta employees |
| Exhibit 11 | Portion of FB-CA-SECURITIES-0133161:<br>• 12/16/2015 email at 7:06 AM, sender email address | Contact information for current Meta employees |
| Exhibit 12 | Portions of FB-CA-SECURITIES-2186858 through -6864:<br>• 7/20/2017 email at 6:23 AM, cell phone number in signature;<br>• 7/20/2017 email at 9:22 AM, "To" line;<br>• 7/20/2017 email at 9:16 AM, "From" line, "To" line, cell phone number in signature;<br>• 7/10/2017 email at 12:54 PM, "To" line;<br>• 2/11/2017 email at 2:34 PM, "To" line, "CC" line;<br>• 2/9/2017 email at 10:48 PM, "To" line, "CC" line; | Contact information for current Meta employees |

| Document(s) | Portions to be Sealed | Subject Matter |
|---|---|---|
| | • 2/9/2017 email at 6:05 PM, "To" line, "CC" line;<br>• 2/9/2017 email at 12:27 PM, "To" line, "CC" line;<br>• 2/9/2017 email at 1:28 PM, "To" line, "CC" line;<br>• 1/30/2017 email at 8:50 PM, "To" line, "CC" line;<br>• 1/30/2017 email at 10:26 AM, "From" line, "To" line;<br>• 1/30/2017 email at 10:20 AM, "From" line, "To" line;<br>• 1/30/2017 email at 9:42 AM, "To" line;<br>• 1/30/2017 email at 9:06 AM, "To" line | |
| Exhibit 13 | Portions of FB-CA-SECURITIES-0058880 through -8881:<br>• 9/18/2017 email at 5:31 PM, "To" line;<br>• 9/18/2017 email at 4:17 PM, "From" line, "To" line;<br>Portions of FB-CA-SECURITIES-0058884 through -8886:<br>• 9/16/2017 email at 4:35 PM, "To" line;<br>• 9/16/2017 email at 1:59 PM, "From" line, "To" line | Contact information for current Meta employees |
| Exhibit 15 | Portions of FB-CA-SECURITIES-3033623:<br>• 7/11/2018 email at 10:58 AM, "To" line;<br>• 7/2/2018 email at 1:20 PM, "To" line | Contact information for current Meta employees |
| Exhibit 16 | Portion of FB-CA-SECURITIES-0165557:<br>• 11/19/2012 email at 9:09 PM, "To" line | Contact information for current Meta employees |
| Exhibit 17 | Portions of FB-CA-SECURITIES-3393025 through -3028:<br>• 11/20/2012 email at 6:32 PM, "From" line, "To" line;<br>• 11/20/2012 email at 18:25, "From" line, "To" line;<br>• 11/20/2012 email at 6:22 PM, "To" line, "CC" line; | Contact information for current Meta employees |

| Document(s) | Portions to be Sealed | Subject Matter |
|---|---|---|
| | • 11/20/2012 email at 18:20, "To" line, "CC" line;<br>• 11/20/2012 email at 3:27 PM, "CC" line;<br>• 11/20/2012 email at 10:21 AM, "CC" line;<br>• 11/20/2012 email at 07:07, "From" line;<br>• 11/20/2012 email at 6:41 AM, "CC" line | |
| Exhibit 18 | Portions of FB-CA-SECURITIES-1809403 through -9405:<br>• 1/22/2018 email at 7:22 PM, "To" line, "CC" line;<br>• 1/22/2018 email at 1:58 PM, "To" line, "CC" line;<br>• 1/18/2018 email at 10:04 AM, "From" line;<br>• 1/18/2018 email at 9:54 AM, "To" line;<br>• 1/18/2018 email at 9:09 AM, "From" line;<br>• 1/18/2018 email at 7:30 AM, "CC" line;<br>• 1/12/2018 email at 1:52 PM, "To" line | Contact information for current Meta employees |
| Exhibit 19 | Portion of FB-CA-SECURITIES-4358708:<br>• 7/26/2018 email at 7:38 AM, "To" line | Contact information for current Meta employees |
| Exhibit 20 | FB-CA-SECURITIES-4741241 through -1242;<br>FB-CA-SECURITIES-4741246 through -1252 | Highly sensitive information about Facebook's privacy and platform policy enforcement practices; highly sensitive information about Facebook's business strategies and related internal research |
| Exhibit 21 | Portion of FB-CA-SECURITIES-5244292:<br>• 7/19/2018 email at 8:33 PM, "To" line, "CC" line | Contact information for current Meta employees |

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 11th day of September, 2026, at San Francisco, California.

*/s/ Brian M. Lutz*
Brian M. Lutz