**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Preethi Krishnamurthy (*pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: 212/554-1400
Facsimile: 212/554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
preethi@blbglaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Jason C. Davis (253370)
Kenneth J. Black (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

*Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | | |
|---|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | ) | Master File No. 5:18-cv-01725-EJD |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | **LEAD PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| ALL ACTIONS. | ) | |
| | | JUDGE: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 79-5(f), Lead Plaintiffs respectfully submit this reply to Defendants' Response to Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 291, the "Response") and the Declaration of Jeremy P. Robinson attached hereto.[1] On August 21, 2026, Lead Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Sealing Motion"), Dkt. No. 277, in connection with their Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel (the "Class Cert Motion"), Dkt. No. 278, and certain exhibits (the "Exhibits") to the Declaration of Jeremy Robinson in support thereof, Dkt. No. 278-1, including the Expert Report of Jonah B. Gelbach (the "Gelbach Report"), Dkt. No. 278-2. Consistent with their reasonable and measured approach throughout, Plaintiffs do not oppose Defendants' request to seal "employee contact information." Defendants' Response thus reduces this dispute from eighteen documents to only two, conceding that sixteen—nearly 90%—warrant no substantive sealing. That concession confirms that it is Defendants who should exercise restraint in designating documents confidential, not Plaintiffs in selecting evidence to support their motion. As to the two remaining documents, Plaintiffs oppose Defendants' overbroad sealing request, which asks this Court to seal non-confidential information for which there is no valid basis to block public access.

**<u>First</u>,** Defendants' blanket assertion that Exhibits 7 and 20 contain "highly sensitive information" fails. Response at 3. To start, Defendants' vague conclusions about the supposed confidentiality of these documents cannot suffice to meet their burden under the applicable "compelling reasons" standard. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("A party seeking to seal a judicial record . . . must articulate[] ***compelling reasons*** supported by ***specific factual findings*** that outweigh the general history of access and the

---

[1] References to "Ex. __" are to the exhibits attached to the accompanying Declaration of Jeremy P. Robinson. References to the "Lutz Decl." are to the Declaration of Brian M. Lutz, Dkt. No. 291-1. Unless otherwise noted: (i) all emphasis is added; (ii) all internal citations, quotations and original emphasis have been omitted; and (iii) all original alterations are incorporated.

public policies favoring disclosure."). Indeed, Defendants provide only generic, unsupported assertions that Exhibits 7 and 20 contain "highly sensitive information" concerning "Facebook's enforcement of its privacy and platform policies" and "Facebook's business strategies and related internal research," and that disclosing this information "could allow competitors to copy those strategies." Response at 3. But courts in this District routinely find that generic assertions like these fail to provide the "articulable facts," *Kamakana*, 447 F. 3d. at 1181, necessary to demonstrate that disclosure would cause competitive harm. *E.g.*, *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *11 (N.D. Cal. Jan. 15, 2023) (denying sealing request involving similarly generic arguments); *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023 WL 6237986, at *3 (N.D. Cal. Sept. 22, 2013) ("vague boilerplate language or nebulous assertions of potential harm" do not "explain with particularity why any document . . . remains sealable"); *Tevra Brands LLC v. Bayer HealthCare LLC*, 2020 WL 1245352, at *3 (N.D. Cal. Mar. 16, 2020) ("blanket claims that [Bayer's] 'competitive standing[s] could be significantly harmed' by disclosure are not only conclusory and vague, they also generalize across all the information sought to be sealed").

Defendants' authorities are inapposite because, unlike here, they involved specific explanations supported by detailed facts justifying sealing. For example, *In re Google Inc. Gmail Litigation* concerned "specific descriptions of how Gmail operates" that could allow competitors "to duplicate features of Gmail." 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013). *Hadley v. Kellogg Sales Company* concerned "confidential information about Kellogg's finances" and "the sales" and "formulation" "of its products." 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018). And *In re Qualcomm Litigation* concerned "licensing terms, royalties paid or owed under license agreements, financial terms, [and] details of confidential licensing negotiations." 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Defendants fail to provide the requisite detail here.

Moreover, the only support that Defendants offer for their generic assertions is a declaration by counsel. *See* Lutz Decl. But an attorney's declaration "that disclosure of the materials would injure [defendant]'s business … is entitled to no weight" where, as here, counsel does not "explain how he has personal knowledge of [defendant]'s business operations." *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, 2013 WL 12244287, at *3 (C.D. Cal. May 14, 2013).

**Second**, even if Exhibits 7 and 20 truly did at some point contain information that might have been "highly sensitive," that information dates from between 2007 and 2018—***eight or more years ago***—and provides no insight into Facebook's ***current*** "processes," "procedures," "strategies," or "internal decisionmaking." Response at 2. It is well-established that even highly confidential documents "los[e their] character as commercially sensitive due to the passage of time." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 40 (C.D. Cal. 1984); *see Ramirez v. Trans Union, LLC*, 2017 WL 1549330, at *3-4 (N.D. Cal. May 1, 2017) (declining to seal information from "six to seven years ago"); *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, 2023 WL 9187547, at *3 (N.D. Cal. Dec. 15, 2023) (sealing denied).

Defendants fail to explain how they are harmed by disclosure of information that is ***8 to 19 years old***. *See Clifton v. Pearson Educ., Inc.*, 2012 WL 1669362, at *2 (N.D. Cal. May 11, 2012) ("[T]he court doubts [defendant's] competitors, armed with print run information that is in many cases years old, can use this information to divine [defendant's] current sales strategies."). To cite only one reason this information is stale: in 2019, the Federal Trade Commission forced Facebook to overhaul its privacy practices and institute new privacy, certification, and data-deletion policies. *See* Stipulated Order at 4, *U.S. v. Facebook, Inc.*, No. 1:19-cv-02184 (D.D.C. July 24, 2019), Dkt. No. 2-1. The outdated information in Exhibits 7 and 20 should not be sealed.

**Third**, Defendants omit the fact that information about Facebook's "enforcement of its privacy and platform policies" and its "investigative processes and procedures" is currently being publicly disclosed in detail in connection with the highly publicized trial in *State of New Mexico v. Meta Platforms, Inc., f/k/a Facebook Inc.*, No. D-101-CV-2021-00132. For example, last week, a former Facebook employee whose work responsibilities included "investigations on data misuse" with the "App Developer Investigations unit … led by Gibson Dunn" testified about Facebook's data misuse investigations, including that she was warned "to not pursue investigating Cambridge Analytica specifically" because "it would be career suicide." Ex. A at 1-4. Additionally, in a videotaped deposition played at trial, Facebook's corporate representative testified at length about the App Developer Investigation that took place after the Cambridge Analytica scandal first broke in the spring of 2018. Ex. B. For example, Facebook's representative testified about how Facebook

and its attorneys at Gibson Dunn involved in the App Developer Investigation "define[d] data misuse and suspicious activity," (*id.* at 16:8-18), "things that we would look and we did look for in the scope of the App Developer Investigation" (*id.* at 31:5-9), and the "$130 million plus in external OpEx [operating expenses] that we spent … going through the investigative process" (*id.* at 38:19-24). Facebook's designee also testified about a Gibson Dunn-authored document setting forth "lessons learned … from the investigation" including that Cambridge Analytica was an instance of "confirmed data misuse" involving a sale of data. *Id.* at 42:9-46:20. Defendants should not be permitted to seal information that has already been made public. Indeed, the Protective Order excludes information that "becomes part of the public domain" including "through trial." Dkt. No. 211, Section 3(a). Further, "[b]oth the Ninth Circuit and [courts in this District] have held that material that has been publicly disclosed cannot be protected." *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014); *In re Qualcomm Litig.*, 2019 WL 1598928, at *3 (S.D. Cal. Apr. 15, 2019) (denying motion to seal).

**Fourth**, Defendants contend that Plaintiffs "do not rely upon" the portions of Exhibits 7 and 20 that Defendants seek to redact. This is wrong. Plaintiffs cite Exhibit 7 (*see* Class Cert Motion at 5) as evidence of Facebook's knowledge of the conduct at issue, which is further shown by the discussion throughout the rest of the document. *E.g.*, Lutz Decl., Ex. A at -6987-7084, -7090-7121. And Plaintiffs' expert cites to the ***entire*** Exhibit 20 (*see* Gelbach Report at 56 n.152) for what it shows, cumulatively, about Facebook's awareness of the consequences of disclosure to the public of elements of the conduct at issue here. *See* Lutz Decl., Ex. K at -1240-1252.

**Fifth**, Defendants' request to seal most of Exhibit 7 (134 of 135 pages) and Exhibit 20 (9 of 13 pages) also contravenes Local Civil Rule 79-5. That rule requires parties to "avoid wherever possible sealing entire documents" and specifies that "overly broad requests to seal may result in the denial of the motion." Civ. L. R. 79-5(a), (f)(6). Defendants' own authorities expose their request as overbroad. *E.g.*, *In re Meta Pixel Tax Filing Cases*, 826 F. Supp. 3d 1217, 1238 (N.D. Cal. 2026) (denying requests to "fully redact most pages" of exhibits for "overbreadth"); *Hadley*, 2018 WL 7814785, at *3-4 (denying overbroad "requests to seal many entire documents").

**<u>Sixth</u>**, Defendants' assertion that the Court has previously sealed the "precise information" at issue is incorrect. The Court has never previously sealed any version of Exhibits 7 or 20. The prior sealing motions filed in this case sought only to seal unredacted versions of pleadings or briefs (*see* Dkt Nos. 218, 227, 242), none of which cited or quoted the documents attached as Exhibits 7 and 20. In the Fourth Amended Complaint ("4AC," Dkt. No. 228), Plaintiffs cited to a different document for certain language also included in Exhibit 7 (*see* Response at 1; 4AC ¶146 & n.137), but that document was never the subject of a sealing motion in this litigation.

**<u>Finally</u>**, Defendants ask this Court to impose arbitrary and improper limits on the record by "instruct[ing]" Plaintiffs to exercise "restraint" in choosing evidence. Response at 4. Defendants' request is contrary to the fundamental principles of our adversarial system. A party "is entitled to prove its case by evidence of its own choice." *Old Chief v. U.S.*, 519 U.S. 172, 186 (1997). As discussed above, Plaintiffs carefully selected the documents they offered because those documents support the Class Cert Motion and reveal Defendants' knowledge of conduct central to this case and the effects of public disclosure. Defendants cite no authority supporting their assertion that Plaintiffs must choose different evidence.

Further, Defendants' self-serving wish to avoid the introduction of adverse documents cannot justify withholding that information from public access. Defendants' baseless speculation that Plaintiffs chose documents "to embarrass their authors" is untrue. Rather, as explained above, the documents in question undercut Defendants' litigation positions in this action. The law is clear that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d. at 1178-79. And Defendants bely their call for "restraint" by conceding that 16 of 18—nearly ***90%***—of the documents at issue warrant no substantive sealing.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request to seal Exhibits 7 and 20 and decline Defendants' improper and baseless invitation to artificially limit the record by instructing Plaintiffs to exercise "restraint" in choosing evidence to submit in this litigation.

DATED: September 22, 2026

Respectfully submitted,


*/s/ Jeremy P. Robinson*
Jeremy P. Robinson (*pro hac vice*)

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Preethi Krishnamurthy (*pro hac vice*)
Timothy G. Fleming (*pro hac vice*)
Thomas Z. Sperber (*pro hac vice*)
Matthew S. Goldstein (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
preethi@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Lead Plaintiff MissPERS and Co-Lead Counsel for the Class*

and

*/s/ Jason C. Davis***
Jason C. Davis
**ROBBINS GELLER RUDMAN & DOWD LLP**
Jason C. Davis (253370)
Kenneth J. Black (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
jdavis@rgrdlaw.com
kblack@rgrdlaw.com

Luke O. Brooks (212802)
Darryl J. Alvarado (253213)
Hillary B. Stakem (286152)
J. Marco Janoski Gray (306547)
Jessica E. Robertson (352207)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com

hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

*Counsel for Lead Plaintiff Amalgamated and Co-Lead Counsel for the Class*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.