ROBBINS GELLER RUDMAN
& DOWD LLP
JASON C. DAVIS (253370)
KENNETH J. BLACK (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com

Co-Lead Counsel for the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | ) | Master File No. 5:18-cv-01725-EJD |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) | JOINT STATEMENT REGARDING LEAD PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF NEW MEXICO ACTION DISCOVERY MATERIALS |
| ALL ACTIONS. | ) | |

**PLAINTIFFS' POSITION:** Defendants should be compelled to produce highly relevant discovery from *State of New Mexico ex rel. Torrez v. Facebook, Inc.*, No. D-101-cv-2021-00132 (the "New Mexico Action") regarding, *inter alia*, Facebook's misrepresentations about the Cambridge Analytica scandal and user data control. Conceding relevance, Defendants agreed to produce these materials but conditioned that agreement on Plaintiffs' waiver of any argument that the productions are untimely. Plaintiffs rejected that condition because the productions *are* untimely (the substantial completion deadline was August 12, 2026), and Defendants may not condition compliance with their discovery obligations on concessions meant to sanitize their failure to produce responsive documents. Further, waiving the timeliness objection could impact Plaintiffs' ability to request relief from the Court based on Defendants' delay, *i.e.*, if the production reveals the need for additional discovery requests or identifies witnesses that may have relevant information. Because Defendants continue to withhold these materials—to the ongoing prejudice of Plaintiffs—Plaintiffs are now forced to move to compel production. Plaintiffs also move to set a deadline for Defendants' production of these materials. Plaintiffs respectfully request that Defendants produce these documents within 14 days.

***The Federal Rules Require Production of the Withheld Documents***. Federal Rule 26(e)(1)(A) requires a party to timely supplement its discovery responses when it learns they are incomplete, "without the need for a request from opposing counsel or an order from the Court." *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 679 (N.D. Cal. 2015). Defendants cannot withhold relevant discovery to extract a waiver sanitizing their failure to comply with Rule 26. *See Addison v. Monarch & Assoc.'s, Inc.*, 2016 WL 11530423, at *2 (C.D. Cal. Apr. 18, 2016) (rejecting attempt to condition production "on [plaintiffs'] agreement" not to bring further motion practice regarding other discovery material as not "reasonable or acceptable").

***Defendants Should Produce Relevant Discovery from the New Mexico Action***. Facebook recently lost a high-profile jury trial in the New Mexico Action, which involved facts and claims that overlap with this Action. The New Mexico Action concerned Defendants' misrepresentations about the Cambridge Analytica scandal, user data control, improper misuse of Facebook user data, and Defendants' efforts to clean up their improper data practices. The trial record confirms that the New Mexico Action's discovery record is directly relevant to this Action. Before returning a verdict against Facebook, the jury heard Defendant Zuckerberg's deposition testimony confirming that he was internally warned that his statements about Facebook users' ability to control their information were misleading given the Company's actual privacy practices. Day 3 Tr. at 989-92. Jurors also heard Defendant Sandberg's deposition testimony acknowledging that Facebook never publicly disclosed that user data had been breached prior to March 2018. Day 5 Tr. at 1667 (Q. "You know many other companies have announced to people when their data was breached, but before March 17th of 2018, when the article in The Guardian newspaper and The New York Times, Facebook had never announced that to anyone, had it?" A. "I don't believe so…"). Sandberg's deposition testimony contradicts Defendants' oft-repeated truth-on-the-market arguments and underscores why this Court and the Ninth Circuit correctly rejected them. Dkt. No. 258 at 23-24 (finding news articles pre-dating March 2018 disclosures did not reveal the truth about the Cambridge Analytica scandal to the market, noting that "Facebook did not simultaneously disclose the initial misuse" prior to March 2018); *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 954 (9th Cir. 2023) ("[T]he 2015 and 2016 articles in *The Guardian* and *The Washington Post* did not reveal that Cambridge Analytica had misused Facebook users' data. Facebook's public response to the *Guardian* article in 2015 was that it was 'carefully investigating' Cambridge Analytica."). Despite

these law-of-the-case rulings, Defendants, including Sandberg, continue to press the same argument in opposing class certification (Dkt. No. 301) and even denied Plaintiffs' request to admit that Defendants "never publicly disclosed that SCL or Cambridge Analytica had obtained access to user data in violation of Facebook's Platform Policies." Defs.' Resp. to RFA No. 19. Sandberg's New Mexico deposition testimony contradicts that denial.

Jurors also heard testimony from other witnesses bearing directly on issues in this Action. For example, a former Facebook data-misuse investigator testified that, before the March 2018 disclosures at issue here, she was instructed "to not pursue investigating Cambridge Analytica," warned that doing so "would be career suicide," and told "don't even say Cambridge Analytica." Day 6 Tr. at 2313-14. Facebook's Rule 30(b)(6) designee on ADI (Facebook's internal App Developer Investigation process) testified that Facebook was not able to confirm whether third party developers misused user data without "engagement from the developer" because Facebook lacked proper records and only the developers "would have the information about whether they misused data or not." *Id.* at 2290.[1]

Plaintiffs' discovery requests encompass relevant discovery from the New Mexico Action. For example, Request No. 15 of Plaintiffs' Third Set of Requests for Production of Documents requires production of "[a]ll documents provided to or received from any governmental entity or regulator in the United States … in response to any formal or informal inquiry or investigation relating to whether Users' Content and Information was accessed or obtained by any Third Parties without proper consent or authorization, including but not limited to all inquiries or investigations regarding Cambridge Analytica." To state the obvious, the State of New Mexico, through its Attorney General, is a "governmental entity," and the New Mexico Action concerned precisely those issues enumerated in Request No. 15. These materials are also responsive to several other document requests, including Plaintiffs' Request Nos. 4 (requiring production of material concerning Cambridge Analytica and associated persons and entities), 9 (requiring production of material "relating to any investigation Facebook conducted regarding Cambridge Analytica's" misuse of user data), and 28 (requiring production of material concerning misuse of user data).

Defendants conceded relevance by agreeing to produce these materials (albeit with improper conditions attached). They also conceded relevance by producing two transcripts and a few documents from the New Mexico Action. Yet Defendants continue to withhold most of these materials. *Heartland Payment Sys's, Inc. v. Mercury Payments Sys.'s LLC*, 2015 WL 4776339, at *1-2 (N.D. Cal. Aug. 13, 2015) (ordering production of "litigation materials" produced by defendants in related case that plaintiffs argued defendants "improperly with[eld]").

In sum, Defendants conceded production is required, the documents are indisputably relevant, and there is no burden as the documents were already collected and produced in the New Mexico Action. But Defendants refuse to produce them here absent a waiver immunizing their conduct. Plaintiffs will not waive any arguments, nor should they have to for Defendants to comply with their discovery obligations. Plaintiffs respectfully request an order requiring Defendants to produce all discovery, including testimony, from the New Mexico Action responsive to Plaintiffs' document requests. Because these materials have been withheld for far too long already, Plaintiffs also respectfully ask that Defendants be required to make this production within 14 days.

[1] While the New Mexico Action involves other claims not at issue here, Defendants cannot withhold discovery materials from that action that *are* relevant and responsive to this Action.

**DEFENDANTS' POSITION:** There is nothing to compel. Plaintiffs never specifically sought materials from the New Mexico Action. They knew how to make such a request, having served requests for reproductions from seven other matters at the start of discovery. The requests Plaintiffs now invoke (RFP Nos. 4, 9, 15, and 28) were copied verbatim from RFPs served in those same matters, whose productions Defendants had already reproduced. Defendants objected to those requests, and the parties resolved them through a negotiated custodian and search term protocol in which Plaintiffs never mentioned the New Mexico Action.

Plaintiffs first asked for New Mexico materials on September 17, 2026, more than a month after the substantial completion deadline. Eight days later, Defendants offered to voluntarily produce the relevant materials, as long as that production would resolve the issue rather than hold open yet another dispute about whether a production offered within days of being requested was somehow untimely. Plaintiffs refused and filed this motion instead. But Plaintiffs do not need an order to obtain the documents, which Defendants have already agreed to produce. What they seek is an order they can later characterize as a finding that the documents were "withheld" and "untimely" produced. Rule 37 does not authorize that relief, and the Court should deny the motion.

***Background.*** At the start of discovery, Plaintiffs served requests for all documents produced in seven other matters. Such "cloned discovery" is disfavored because "compelling a responding party to do duplicate searches," one for documents responsive to the requests and another for everything produced in other litigation, "is definitionally unduly burdensome." *Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019). Defendants objected but agreed to the reproductions if further document discovery would be "discrete and targeted to issues not covered by the reproductions." First Set R&Os at 6-7; *see* Dkt. No. 205 at 5-6. Defendants completed those reproductions, totaling about seven million pages, over a year ago.

On July 8, 2025, during a PSLRA discovery stay, Plaintiffs served their Third Set of RFPs, which copied 52 RFPs from the matters whose productions Defendants had already reproduced. Defendants objected to that set in full as the problem identified in *Goro* in reverse. Having obtained productions from seven other matters, Plaintiffs were asking Defendants to re-collect, re-review, and re-produce the same documents. Among the copied requests was RFP No. 15, copied from the related consumer MDL, which sought documents produced to any U.S. or U.K. government entity in any formal or informal inquiry or investigation about third-party access to user data. Defendants objected to this request as duplicative, overbroad, unduly burdensome, not proportional, and untethered to the claims, and offered to meet and confer.

Defendants served objections to those RFPs on March 30, 2026. In the six months since, Plaintiffs never moved on them or asked to narrow RFP No. 15 to documents from any specific matter. Instead, before and after serving the Third Set, Plaintiffs told Defendants they wanted to resolve the full set through "gap-filling" custodians and search terms not run in the other matters. *E.g.*, July 2, 2026 Email from J. Robertson. The parties spent nearly six months doing that, resulting in Defendants reviewing hundreds of thousands of documents. After the substantial completion deadline passed, Defendants agreed to review still more in response to additional "gap-filling" searches from Plaintiffs, conditioned on Plaintiffs' confirmation that they had "no specific intention to request additional custodians or search terms." Sept. 2, 2026 Email from M. Janoski.

Throughout these negotiations Plaintiffs never mentioned the New Mexico case. That action was filed publicly in 2021, and Plaintiffs have known about it for at least 16 months because

transcripts from that case (concerning personal jurisdiction over Facebook in New Mexico) were part of the reproductions from other matters, as Plaintiffs acknowledge.

Last month, a jury trial in the New Mexico Action drew news coverage, and Plaintiffs claimed for the first time on September 17, 2026, that RFP No. 15 sought the New Mexico materials and that they had been wrongfully withheld. Eight days later, Defendants offered to produce relevant New Mexico materials as they were produced in that action, noting that materials produced in New Mexico on a non-waiver basis would be produced under this case's Rule 502(d) order. Defendants proposed a meet and confer on timing and relevance. Defendants stated, however, that if they were going to voluntarily produce materials that no formal request specifically sought, and which were only informally requested a month after the substantial completion deadline, Plaintiffs could not take the documents and continue to argue they were wrongfully withheld and untimely produced—production needed to fully resolve the matter. This condition reflected the course of this case. The reproductions Defendants volunteered became the basis for 52 copied RFPs and seriatim demands to change the format and metadata of decade-old documents, and the agreement that resolved those RFPs led to still more requests. Plaintiffs rejected Defendants' voluntary production and filed this motion three weeks later.

***No request covers the New Mexico Action, so there is nothing to compel or supplement.*** A Rule 37 motion to compel lies when a party "fails to produce documents . . . as requested under Rule 34." Plaintiffs rely on RFP No. 15, a copied request from the related consumer MDL, for materials produced to regulators in "inquir[ies] or investigation[s]." That language does not naturally describe documents produced in a lawsuit. But whatever its reach, Defendants objected to it in full, and the entire set of RFPs was resolved through a search protocol without any discussion of RFP No. 15 or New Mexico. Nor do the RFPs Plaintiffs cite even arguably reach the written discovery responses and deposition testimony Plaintiffs demand. Defendants agreed to produce those materials anyway, to the extent relevant to this case.

Rule 26(e) does not change the analysis. The duty to supplement arises only where a party has been served with a specific request and has had "the opportunity to respond to the request, either through objections or through negotiations to clarify the exact scope of the request." *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022). Here, Defendants objected to Plaintiffs' entire Third Set of RFPs as duplicative and lodged additional specific objections to RFP No. 15. The parties then resolved the entire set through a search term and custodian protocol, and RFP No. 15 was never discussed, nor did Plaintiffs ever challenge Defendants' objections to it.

Nor did Defendants have an ongoing obligation to review documents produced in another case for anything arguably responsive to a request to which they objected and that the parties resolved. Plaintiffs' interpretation would require a party to compare every document it produces in any matter against the requests in every lawsuit it litigates, without end, and re-produce whatever is relevant, independent of any negotiated search protocol. That is the duplicate search *Goro* describes as unduly burdensome. Plaintiffs' authorities involved documents the producing party was obligated to produce. *See Addison*, 2016 WL 11530423, at *2 (subpoena objections waived); *Heartland*, 2015 WL 4776339, at *1 (requests specifically sought another action's materials).

***There is no prejudice to cure.*** Fact discovery is open through February 18, 2027, and Defendants met the August 12, 2026 substantial completion deadline, having produced

approximately eight million pages, including the reproductions and gap-filling productions. That production was timely, and anything produced now will be nominal by comparison. Plaintiffs also already have most of what was produced in New Mexico. That action, like this one, began with reproductions from several of the same matters, followed by gap-filling searches, so the vast majority of relevant New Mexico documents are reproductions Plaintiffs already have. Indeed, **nearly 92%** of the documents produced in New Mexico are exact duplicates of documents already produced here. And **under 2%** of documents produced in New Mexico are within the agreed relevant time period in this case and not exact duplicates of documents that were already produced. Even within that small universe, many will not be relevant, because the New Mexico Action encompassed two decades of statements about data privacy, advertising, and content moderation practices that are unrelated to this case. Plaintiffs would have learned this at the meet and confer Defendants proposed. Finally, the testimony Plaintiffs cite to argue that Defendants submitted false RFA responses is misleadingly truncated. Ms. Sandberg's single quoted answer is cut off mid-sentence, and the testimony immediately before and after it is that she did not remember. Day 5 Tr. at 1666:22-1667:22.

***Proposed resolution.*** Defendants will produce, within 30 days of the Court's ruling, Facebook's relevant written discovery responses, deposition transcripts, and productions from the relevant time period of this case, in the form in which they were provided in New Mexico. Privileged materials produced in New Mexico on a non-waiver basis will be produced either (i) under this case's Rule 502(d) order upon Plaintiffs' agreement or (ii) at the Court's direction. Because this production is outside any request and the parties' agreed search protocol, any order should state that these materials were first requested on September 17, 2026, offered on September 25, 2026, and are timely produced, and the motion to compel should be denied.

**PLAINTIFFS' REPLY:** Defendants agree to produce discovery materials from the New Mexico Action, which resulted in a $25 billion civil penalty against Facebook. The only remaining dispute concerns Defendants' insistence on an agreement or ruling that their production is "timely." But it is not timely. Defendants' claim that "no request covers" the New Mexico Action fails. RFP No. 15 seeks documents provided to "any governmental entity" in any "formal or informal inquiry or investigation" regarding third-party access to user data, including Cambridge Analytica. New Mexico is a "governmental entity," and the documents it received were the fruit of its "inquiry or investigation." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014) ("[D]iscovery is an investigatory tool."). RFP Nos. 4, 9, and 28 also request these materials. Defendants' objections did not state (or even hint) that they were withholding these materials. On the contrary, those objections contemplated further productions of "non-privileged documents … relevant to the claims." So Defendants *did* have the opportunity to object and did not exempt these materials. Defendants seek a ruling allowing them to knowingly withhold relevant, responsive documents until Plaintiffs catch them doing so, which is not how discovery works under the Federal Rules. Defendants' burden arguments strike against them. They say most of these materials are produced and what remains is "nominal." If true, there is no reason to wait 30 days. Further, in a final, good faith attempt to avoid motion practice, Plaintiffs proposed the following compromise: **Defendants agree to produce the requested discovery materials from the New Mexico action by November 20, 2026, subject to Plaintiffs' right to follow up on or challenge anything withheld or redacted, and both sides reserve all rights regarding the timeliness of this production.** Defendants refused, continued to insist on their timeliness condition, and forced this motion to be filed. Plaintiffs' motion should be granted.

DATED: October 21, 2026

ROBBINS GELLER RUDMAN & DOWD LLP
LUKE O. BROOKS (212802)
DARRYL J. ALVARADO (253213)
HILLARY B. STAKEM (286152)
J. MARCO JANOSKI GRAY (306547)
JESSICA E. ROBERTSON (352207)

*/s/ J. Marco Janoski Gray*
J. MARCO JANOSKI GRAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
JASON C. DAVIS
KENNETH J. BLACK
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

*Counsel for Amalgamated and Co-Lead Counsel for the Class*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

DATED: October 21, 2026

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
SALVATORE J. GRAZIANO
JEREMY P. ROBINSON
PREETHI KRISHNAMURTHY
TIMOTHY G. FLEMING
THOMAS Z. SPERBER
MATTHEW S. GOLDSTEIN

*/s/ Jeremy P. Robinson*
JEREMY P. ROBINSON

1251 Avenue of the Americas
New York, NY 10020
Telephone: 212/554-1400
212/554-1444 (fax)
salvatore@blbglaw.com
jeremy@blbglaw.com
preethi@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Mississippi and Co-Lead Counsel for the Class*

DATED: October 21, 2026

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ

*/s/ Brian M. Lutz*

One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415/393-8200
415/393-8306 (fax)
blutz@gibsondunn.com

*Counsel for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.