**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Preethi Krishnamurthy (*pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: 212/554-1400
Facsimile: 212/554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
preethi@blbglaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Jason C. Davis (253370)
Kenneth J. Black (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com
kennyb@rgrdlaw.com

*Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | Master File No. 5:18-cv-01725-EJD |
| | CLASS ACTION |
| This Document Relates To: | **LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| ALL ACTIONS. | |
| | JUDGE: Hon. Edward J. Davila |

Pursuant to Civil Local Rule ("L.R.") 79-5(f), Lead Plaintiffs respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Administrative Motion") to provisionally file under seal unredacted versions of: (a) Lead Plaintiffs' Reply in Support of Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel (the "Class Cert Reply"); and (b) Exhibits 27 and 38-47 to the declaration in support thereof.[1]

Under the Stipulated Protective Order (Dkt. No. 211) (the "Protective Order"), a party "may not file in the public record in this action any Protected Material" that has been designated by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" absent written permission or court order. Protective Order, ¶¶2.14, 12.3. A party "that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5," and "Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." Protective Order, ¶12.3.

Portions of the Class Cert Reply and Exhibit 27 to the declaration in support thereof (the Expert Reply Report of Jonah B. Gelbach (the "Gelbach Reply")) reference or quote materials that Defendants or non-party Harding Loevner LP ("Harding") have designated as "Protected Material." Moreover, Exhibit 47 to the declaration in support of the Class Cert Reply ("Exhibit 47") includes material that Defendants have designated "Protected Material," and the entirety of Exhibits 38-46 to the declaration in support of the Class Cert Reply have been designated by Defendants as "Protected Material." Thus, pursuant to L.R. 79-5(f) and the Protective Order, Lead Plaintiffs provisionally filed public redacted versions of the Class Cert Reply, the Gelbach Reply, and Exhibit 47, provisionally filed under seal unredacted versions of the Class Cert Reply, the

[1] "Lead Plaintiffs" are Amalgamated Bank, as Trustee for the Long View LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund, and Public Employees' Retirement System of Mississippi.

Gelbach Reply, and Exhibit 47 with redacted references highlighted, and provisionally filed under seal the entirety of Exhibits 38-46 to the declaration in support of the Class Cert Reply.

**Defendants' Protected Material**. As to materials designated "Protected Material" by Defendants, and references to such materials, Lead Plaintiffs do not believe grounds exist to overcome the Ninth Circuit's "'strong presumption in favor of [public] access'" to these court filings.[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[3] To overcome this "strong presumption," a party seeking to maintain documents under seal must articulate, for ***each*** document sought to be kept from public view, "'***compelling reasons*** supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This "compelling reasons" standard applies to all motions that are "more than tangentially related to the merits," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1103 (9th Cir. 2016), which includes motions for class certification. *See A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("This Court follows numerous other district courts within the Ninth Circuit in concluding that the compelling reasons standard applies to motions to seal documents relating to class certification.").

Under these circumstances, while the Protective Order requires Lead Plaintiffs to make the instant motion, the burden is on the Defendants to demonstrate "compelling reasons" for the documents at issue to remain under seal. L.R. 79-5(c), (f). As the designating party, Defendants must establish: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1). Lead Plaintiffs respectfully submit that Defendants will not be able to carry this

---

[2] Lead Plaintiffs do not challenge the confidentiality designation in Exhibit 47, which includes only an email address. *See* Dkt. No. 291.

[3] All internal citations are omitted and emphasis is added unless otherwise indicated.

heavy burden, and reserve the right to oppose any subsequent filing by Defendants pursuant to L.R. 79-5(f)(3) or later seek public access to these materials.

**Non-Party Harding's Protected Material**. Lead Plaintiffs take no position as to the confidentiality of materials designated "Protected Material" by non-party Harding. Pursuant to L.R. 79-5(f)(2), Lead Plaintiffs served this Administrative Motion on counsel for Harding via email on November 10, 2026, because Harding is not an ECF user in this case.

* * *

As set forth above, Lead Plaintiffs respectfully request that the Court consider this Administrative Motion and any further filing made by the parties or non-party Harding pursuant to L.R. 79-5(f)(3)-(4).

DATED: November 10, 2026

Respectfully submitted,

*/s/ Jeremy P. Robinson*
Jeremy P. Robinson (*pro hac vice*)

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Preethi Krishnamurthy (*pro hac vice*)
Timothy G. Fleming (*pro hac vice*)
Thomas Z. Sperber (*pro hac vice*)
Matthew S. Goldstein (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
jeremy@blbglaw.com
preethi@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com
matthew.goldstein@blbglaw.com

*Counsel for Lead Plaintiff MissPERS and Co-Lead Counsel for the Class*

and

*/s/ Jason C. Davis***

Jason C. Davis
**ROBBINS GELLER RUDMAN & DOWD LLP**
Jason C. Davis (253370)
Kenneth J. Black (291871)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
jdavis@rgrdlaw.com
kblack@rgrdlaw.com

Luke O. Brooks (212802)
Darryl J. Alvarado (253213)
Hillary B. Stakem (286152)
J. Marco Janoski Gray (306547)
Jessica E. Robertson (352207)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
lukeb@rgrdlaw.com
dalvarado@rgrdlaw.com
hstakem@rgrdlaw.com
mjanoski@rgrdlaw.com
jrobertson@rgrdlaw.com

*Counsel for Lead Plaintiff Amalgamated and Co-Lead Counsel for the Class*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.