# EXHIBIT 30

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (SBN 255976)
blutz@gibsondunn.com
MICHAEL J. KAHN (SBN 303289)
mjkahn@gibsondunn.com
MARTIE KUTSCHER (SBN 302650)
mkutscherclark@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ (SBN 242557)
jlipshutz@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.955.8217
Facsimile: 202.530.9614

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FACEBOOK, INC. SECURITIES LITIGATION | Master File No. 5:18-cv-01725-EJD |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS | **DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO ALL DEFENDANTS** |

**PROPOUNDING PARTY:** Lead Plaintiffs

**RESPONDING PARTY:** Defendants

**SET:** One

Defendants Facebook, Inc. (now Meta Platforms, Inc.) ("Facebook" or the "Company"), Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner (the "Individual Defendants," and collectively with Facebook, "Defendants"), by and through the undersigned attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Civil Rules of the U.S. District Court for the Northern District of California ("Local Rules"), and the Court's orders in this action, hereby provide the following amended responses and objections to Lead Plaintiffs' ("Plaintiffs") First Set of Requests for Admission (each a "Request," and in reference to Lead Plaintiffs' First Set of Requests in its entirety, the "Requests"), deemed served September 3, 2026, as follows:

**PRELIMINARY STATEMENT**

1. Defendants' Amended Responses and Objections reflect the current state of Defendants' knowledge and information regarding the information Plaintiffs have requested. Defendants provide these Responses and Objections without intending to waive, and expressly reserve, the right at any time to supplement, further amend, revise, correct, and/or clarify these Amended Responses and Objections. Moreover, should Defendants at any time supplement or further amend these Amended Responses and Objections, by agreement or otherwise, Defendants expressly reserve the right to assert any applicable objection, privilege, or other protection in connection with such supplement or further amendment.

2. Defendants' amended responses to the Requests are made solely for the purpose of the above-captioned action. All objections are reserved and may be interposed at any time.

3. Nothing contained in these Amended Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, admissibility, existence, or nonexistence of any alleged facts or information referenced in any Request.

4. Defendants interpret these Requests as seeking solely information that is not protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense and common interest privilege, or any other applicable privilege, doctrine, or protection. Defendants have made

every effort to exclude privileged and protected information from their responses. Inadvertent production of any information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information.

5. Defendants incorporate by reference each and every General Objection, Objection to Definitions, and Objection to Instructions set forth below into each and every specific response. The failure to include any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that response.

6. Where these Amended Responses and Objections refer to public filings by Defendants with the Securities and Exchange Commission ("SEC"), the reference is to the filing as publicly available on the SEC's EDGAR system.

7. Defendants remain willing to meet and confer with Plaintiffs regarding these Amended Responses and Objections.

## GENERAL OBJECTIONS

1. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties. Defendants will construe and respond to the Requests in accordance with the requirements of the Federal Rules and other applicable rules or laws.

2. Each response herein is made on the basis of a reasonable inquiry into information known or readily obtainable by Defendants as of the date of these Responses and Objections. Where Defendants state that they lack sufficient information to admit or deny a matter, Defendants so state after having made reasonable inquiry.

3. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that they seek information that is not relevant to the claims or defenses remaining in this action. The scope of discovery must be "based on the actual claims or defenses surviving [dismissal]" and cannot go "beyond the claims that withstood [a] motion to dismiss." *In re Ashworth, Inc. Sec.*

*Litig.*, 2002 WL 33009225, at *4 (S.D. Cal. May 10, 2002); *Brown v. Stroud*, 2010 WL 3339524, at *2–4 (N.D. Cal. Aug. 24, 2010) (denying plaintiff's request for "discovery beyond th[e] scope" of the claims as "indicated" in the court's order on the motion to dismiss); Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment. "[C]onclusory relevance arguments are not enough to justify an order allowing plaintiff to rummage through . . . years' worth of" corporate records. *Shuckett v. Dialamerica Mktg.*, 2018 WL 4350123, at *6 (S.D. Cal. Sept. 10, 2018). Nor may a plaintiff "bootstrap" broad discovery onto narrow allegations. *OMG Fid. Inc. v. Sirius Tech.*, 2007 WL 1994230, at *1 (N.D. Cal. July 5, 2007). In particular, the Court's February 27, 2026 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Dkt. No. 258) limits the scope of this case to two categories of statements under two theories of fraud. Defendants will not admit or deny information relevant only to dismissed statements, claims, or theories of relief.

4. Defendants object to each Request to the extent it is overly broad, unduly burdensome, and not proportional to the needs of the case, taking into account the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

5. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent they purport to request the admission of any information protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s). Defendants hereby assert all such applicable privileges and protections, and exclude privileged and protected information from their responses to each Request. *See generally* Fed. R. Evid. 502. The production of any information that is privileged or otherwise immune from discovery and any subsequent use and/or clawback of such information or documents is governed by the parties' stipulated protective order, entered by the Court on March 21, 2025, in this case. *See* Dkt. No. 211.

6. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that the information sought is more appropriately pursued through another means of discovery, such as responses to interrogatories.

7. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that they seek information outside of Defendants' possession, custody, or control.

8. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that they seek information already in Plaintiffs' possession or available in the public domain. Such information is equally available to Plaintiffs.

9. Defendants generally object to the Requests, including the Definitions and Instructions, to the extent that production of such information demanded therein would violate the privacy and confidentiality rights of third parties under the applicable laws of any relevant jurisdiction, or that such production is otherwise prohibited by law, or is subject to legal requirements for notification of third parties.

10. Defendants object to the extent that any Request improperly purports to require Defendants to disclose the results of expert and/or legal analysis, investigation, and evaluation that cannot be completed at this stage of discovery. Discovery in this action is ongoing, and Defendants have not yet had the opportunity to complete their investigation of the facts, review all relevant documents, take all relevant depositions, or consult with all necessary experts. Defendants will disclose their expert reports in accordance with the Court's scheduling order and reserve the right to supplement their responses at the close of discovery, consistent with Federal Rule of Civil Procedure 26(e).

11. Defendants object to each Request to the extent it seeks information or contentions regarding claims that have been dismissed by the Court.

12. The Individual Defendants object that the Requests are overbroad and unduly burdensome because they are all generally directed at matters more appropriately within the knowledge, possession, custody, and control of Facebook, as the corporate entity, rather than any Individual Defendant. To the extent any Request seeks information within the Company's institutional or corporate knowledge, the Individual Defendants object that the Request is more appropriately directed to the Company, and rely upon the Company's investigation of its records.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendants object to the definitions of the terms "All," "any," "each," "Including," the connectives "and" and "or," and singular/plural (Definitions Nos. 1, 6, 16, and 17) to the extent that

they purport to expand the scope of any Request beyond its plain terms or to impose obligations beyond those imposed or authorized by the Federal Rules, the Local Rules, the Court's standing orders, and any agreements between the parties. Defendants will construe each Request in accordance with its ordinary meaning and the requirements of Rule 36.

2. Defendants object to the definitions of the terms "Bid-ask spread," "Market capitalization," "Public float," and "Trading volume" (Definitions Nos. 2, 7, 10, and 13) to the extent they purport to assign legal or economic significance to terms that are the proper subject of expert testimony, and to the extent they seek admissions on the ultimate legal question of market efficiency reserved for the Court. Defendants further object to these definitions to the extent they prescribe, or fail to prescribe, a data source, time of measurement, or methodology of calculation, and to the extent they differ from ordinary market usage. For example, the definition of "Bid-ask spread" does not specify whether the spread is to be measured at the close, at a point in time, or as a time-weighted average, or whether it is to be measured in absolute or relative terms. The definition of "Public float" refers to a "percentage" without specifying how "insiders and affiliated entities" are to be identified. The definition of "Market capitalization" does not specify whether it refers to Class A common stock alone or to all classes of Facebook common stock. Defendants will interpret these terms in accordance with their understanding of ordinary market usage.

3. Defendants object to the definition of the term "Class Period" (Definition No. 3) as premature and improper because no class has been certified under Rule 23 in this action. Defendants will interpret "Class Period" to mean the putative class period of February 3, 2017 through July 25, 2018. Defendants' use of the term herein is for convenience only and is not an admission that any class period is appropriate or that a class may be certified.

4. Defendants object to the definition of the term "Efficient market" (Definition No. 5) as vague and ambiguous and to the extent it incorporates a legal standard by reference to three Supreme Court decisions—*Basic Inc. v. Levinson*, 485 U.S. 224 (1988), *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455 (2013), and *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014)—that do not supply a single operative definition, and on the ground that, as used in the Requests, the term calls for a legal conclusion concerning the availability of a rebuttable presumption

of reliance at class certification. Defendants will interpret "Efficient market" to refer to a market in which the price of a security reflects all publicly available information, *see Basic Inc. v. Levinson*, 485 U.S. 224 (1988), *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455 (2013), *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014), and their progeny, without conceding that any particular market for any security was efficient.

5. Defendants object to the definitions of the terms "Risk Factor Statements" and "User Control Statements" (Definitions Nos. 11 and 14) on the ground that they embed the characterization that the referenced statements were "false and misleading," which Defendants deny, and, as to "Risk Factor Statements," the characterization that the statements described third-party misuse as a risk that only "could" or "may" occur. Defendants further object to these definitions to the extent they encompass any statement, portion of a statement, or theory of falsity that the Court dismissed in its February 27, 2026 Order (Dkt. No. 258), including the theory that the risk factor statements were false or misleading because of Facebook's alleged whitelisting practices. Dkt. No. 258 at 30–33. Defendants will interpret "Risk Factor Statements" to refer to the statements identified as Statement Nos. 22, 23, and 24 in the Order (Dkt. No. 258 at 10–11), and "User Control Statements" to refer to the statements identified as Statement Nos. 1, 2, and 7 through 21 in the Order (Dkt. No. 258 at 8–10). Nothing in Defendants' responses concedes that any such statement was false, misleading, or material.

6. Defendants object to the definition of the term "SCL" (Definition No. 12) as overly broad and unduly burdensome to the extent it includes "any of its respective employees, agents, representatives, attorneys, and/or any other person acting under its direction or control." Defendants will interpret "SCL" to refer to Strategic Communication Laboratories.

7. Defendants object to the definitions of "You" and "Your" (Definition No. 15) as overbroad and unduly burdensome on the ground that they purport to include not only "the person or entity responding to these requests" but also "each of your respective employees, agents, representatives, attorneys, accountants, and/or any other person acting under the respondent's direction or control." Defendants will interpret "You" and "Your" to refer to Defendants and Facebook as defined in Defendants' Responses and Objections herein.

8. Defendants object to the Requests to the extent they employ terms that Plaintiffs have not defined and that are vague and ambiguous as used, including but not limited to "Platform Policies," "controlled the disposition," "followed," "responded to," "new, Company-specific information," "publicly disclosed," "obtained access to user data," "pledged," "transfer," "worth of Facebook stock," and "made publicly." Defendants will interpret each such term in accordance with its ordinary meaning and will identify in each response the construction on which the response is based. Nothing in Defendants' responses concedes the applicability, accuracy, or propriety of any such term.

9. Defendants object to the Instructions to the extent they seek to impose obligations on Defendants greater than or different from those imposed or authorized by the Federal Rules, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Facebook Class A common stock had an average daily trading volume that exceeded 9 million shares per day throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request on the ground that it does not identify the data source or methodology on which the stated figure is based. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that publicly

available consolidated trading data indicate that the average daily trading volume of Facebook Class A common stock, computed over the putative Class Period as a whole, exceeded 9 million shares. Defendants deny that reported trading volume exceeded 9 million shares on each trading day during the putative Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Facebook Class A common stock had an average weekly trading volume that exceeded 40 million shares each week throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous as to the phrase "average weekly trading volume that exceeded 40 million shares each week," which conflates a period-wide average with a week-by-week threshold, and as to whether a "week" means, for example, a calendar week or a rolling five-day trading period. Defendants further object to this Request on the ground that it does not identify the data source or methodology on which the stated figure is based. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that publicly available consolidated trading data indicate that the average weekly trading volume of Facebook Class A common stock, computed over the putative Class Period as a whole, exceeded 40 million shares, and that reported trading volume exceeded 40 million shares in each full trading week of the putative Class Period. Defendants deny that reported trading volume exceeded 40 million shares in the partial trading week with which the putative Class Period begins. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that there were more than 2.3 billion shares of Facebook Class A common stock outstanding as of each of January 30, 2017, January 29, 2018, and January 28, 2019, respectively.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request to the extent it seeks an admission concerning a date, January 28, 2019, that falls outside the putative Class Period and is not relevant to any claim or defense remaining in this action. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that the cover pages of Facebook's Annual Reports on Form 10-K for the fiscal years ended December 31, 2016, December 31, 2017, and December 31, 2018, filed with the SEC on February 3, 2017, February 1, 2018, and January 31, 2019, respectively, reported more than 2.3 billion shares of Facebook Class A common stock outstanding as of January 30, 2017, January 29, 2018, and January 28, 2019.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the average weekly trading volume for Facebook Class A common stock exceeded 4% of total outstanding shares throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request as vague and ambiguous as to the phrase "total outstanding shares," which does not indicate whether it refers to

outstanding shares of Class A common stock alone or to all classes of Facebook common stock, or the date or dates on which outstanding shares are to be measured. Defendants further object to this Request on the ground that it does not identify the data source or methodology on which the stated figure is based. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that the average weekly trading volume over the putative Class Period measured against Class A shares outstanding using figures reported on Facebook's Forms 10-K for fiscal years 2016 and 2017 was 4.17% and 4.1%, respectively.

**REQUEST FOR ADMISSION NO. 5:**

Admit that more than 60 firms each had one or more analysts who followed and regularly published research reports on Facebook throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the terms "followed," "regularly published," and "research reports" are vague, ambiguous, and undefined, and do not identify the frequency, type, or source of publication intended. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request to the extent it seeks an admission concerning the internal practices of third-party firms, which are outside Defendants' knowledge and control. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more

appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that Facebook was the subject of research coverage by securities analysts at many firms during the putative Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that more than 10,000 media articles and press releases were published about Facebook throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the terms "media articles," "press releases," and "about Facebook" are vague, ambiguous, and undefined, and do not identify the publications, databases, languages, or subject-matter criteria on which the stated count is based. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request on the ground that the number of third-party publications concerning Facebook is not information Defendants maintain in the ordinary course of business and cannot be determined without a search methodology that the Request does not specify. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that Facebook was the subject of media coverage during the putative Class Period and that Facebook issued press releases during the putative Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Facebook Class A common stock traded on the NASDAQ, under the ticker symbol "FB" throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request to the extent it seeks information equally available to Plaintiffs from public sources. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that Facebook Class A common stock was listed and traded on the NASDAQ Global Select Market under the ticker symbol "FB" during the putative Class Period.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, as a NASDAQ-listed company, shares of Facebook Class A common stock had access to a highly developed network of brokers and market makers throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrases "had access to" and "highly developed network of brokers and market makers" are vague, ambiguous, and undefined, and state a characterization rather than a fact. Defendants further object to this Request to the extent it calls for a legal conclusion concerning a factor courts consider in assessing market efficiency. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as

the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that throughout the putative Class Period, Facebook Class A common stock was listed on the NASDAQ Global Select Market, and that registered broker-dealers and market makers could transact in Facebook Class A common stock on that exchange. Defendants deny the characterization that the stock "had access to a highly developed network," which is not a fact but an undefined conclusion. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Facebook was eligible to file a Form S-3 Registration Statement throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request because it calls for legal analysis concerning eligibility under the General Instructions to Form S-3, and on that basis, Defendants cannot admit or deny this Request. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Facebook Class A common stock responded to new, Company-specific information throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the terms "responded to" and "new, Company-specific information" are

vague, ambiguous, and undefined, and do not identify any information, any price movement, any time interval, or any measure of "response." Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Defendants state that they lack information sufficient to admit or deny this Request, because it seeks an admission of a cause-and-effect relationship between information and price that calls for a legal conclusion. Defendants further object to this Request on the ground that, to the extent it seeks Defendants' opinion on whether and how the price of Facebook Class A common stock responded to particular information, it seeks the disclosure of Defendants' expert opinion in advance of the date set by the Court's scheduling order for Defendants' class-certification expert disclosures under Rule 26(a)(2), and such opinion depends on an analysis that Defendants will present through their expert. Defendants reserve the right to supplement their response at or after the close of fact and expert discovery, consistent with Federal Rule of Civil Procedure 26(e).

**REQUEST FOR ADMISSION NO. 11:**

Admit that Facebook Class A common stock had a market capitalization of more than $308 billion throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous because it does not provide the share count and price to be used in the calculation of market capitalization. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other

interval within it. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that publicly available data indicate that the market capitalization of outstanding Facebook Class A common stock, calculated as the closing price multiplied by the number of Class A shares outstanding as reported on the cover pages of Facebook's Forms 10-K, exceeded $308 billion on each trading day during the putative Class Period. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Facebook Class A common stock had a bid-ask spread of less than 0.11% throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous because neither the Request nor the Definition of "Bid-ask spread" specifies the time of measurement, the quote source, or the method of measuring the spread. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request on the ground that it requires the calculation of data not maintained by Defendants in the ordinary course of business and the computation the Request requires depends on methodological choices the Request does not provide. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Defendants state that they lack information sufficient to admit or deny this Request, because the answer depends on a measurement methodology the Request does not specify and on intraday quotation data that Defendants do not maintain.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Facebook Class A common stock had a public float of 98% or more throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous because the Definition of "Public float" refers to shares "held by the public, rather than insiders and affiliated entities" without identifying how "insiders" and "affiliated entities" are to be determined or as of what date. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request on the ground that "public float," as defined, is not a statistic Facebook maintained in the ordinary course of business. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that the cover pages of Facebook's Annual Reports on Form 10-K for the fiscal years ended December 31, 2016, and December 31, 2017, reported that the aggregate market value of Facebook's voting and non-voting stock held by non-affiliates was $274 billion as of June 30, 2016, and $372 billion as of June 30, 2017, based on the closing price on the NASDAQ Global Select Market on those dates. *See* Facebook, Inc., Annual Report (Form 10-K), at cover page (Feb. 3, 2017) (SEC Accession No. 0001326801-17-

000007); Facebook, Inc., Annual Report (Form 10-K), at cover page (Feb. 1, 2018) (SEC Accession No. 0001326801-18-000009). Defendants further admit that Facebook's definitive proxy statements reported that all of Facebook's executive officers and directors as a group beneficially owned 35,569,204 shares of Class A common stock, or approximately 1.5% of the 2,364,340,210 shares of Class A common stock outstanding as of March 31, 2017, and 26,776,602 shares of Class A common stock, or approximately 1.1% of the 2,405,931,900 shares of Class A common stock outstanding as of March 31, 2018, such that approximately 98.5% and 98.9%, respectively, of outstanding Class A common stock was held by persons other than Facebook's executive officers and directors as of those dates. Defendants deny that the percentage of Class A common stock held by persons other than "insiders and affiliated entities," a phrase the Request does not define, can be determined for each day of the putative Class Period from information Defendants maintain, and Defendants otherwise deny this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Facebook Class A common stock traded in an efficient market throughout the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that it calls for a legal conclusion: whether a security "traded in an efficient market" within the meaning of *Basic Inc. v. Levinson* and its progeny is for the court to decide in determining whether a plaintiff may invoke the presumption of reliance at class certification. Defendants further object to the Definition of "Efficient market" for the reasons stated above. Defendants further object to this Request on the ground that it calls for expert opinion, not information within the personal knowledge of Defendants. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as

the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants deny this Request as phrased. Defendants refer Plaintiffs to Defendants' responses to Request Nos. 1 through 13 for the trading facts Defendants have admitted, and state that the legal significance of those facts will be addressed at class certification.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that it calls for a legal conclusion: whether a security "traded in an efficient market" within the meaning of *Basic Inc. v. Levinson* and its progeny is for the court to decide in determining whether a plaintiff may invoke the presumption of reliance at class certification. Defendants further object to the Definition of "Efficient market" for the reasons stated above. Defendants further object to this Request on the ground that it calls for expert opinion, not information within the personal knowledge of Defendants. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to an average computed over the entire putative Class Period or to each day, week, or other interval within it. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, and after a reasonable inquiry, Defendants admit they are not disputing Plaintiffs' market-efficiency argument; however, Defendants lack information sufficient to admit or deny this Request, including because Defendants only could respond to this Request if they engaged an expert to analyze whether Facebook Class A common stock traded in an efficient market throughout the Class Period, which Defendants have not done and are not obligated to do. Defendants refer Plaintiffs to Defendants' responses to Request Nos. 1 through 13 for the trading facts Defendants have admitted, and state that the legal significance of those facts will be

addressed at class certification.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, throughout the Class Period, Facebook's website contained a set of terms, which Facebook referred to as its "Platform Policies," that app developers were required to agree to in order to use the Facebook platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrases "a set of terms," "Facebook's website," and "the Facebook platform" are vague, ambiguous, and undefined, and to the extent the Request suggests or assumes as a factual matter that a single, unchanging document titled "Platform Policies" existed throughout the putative Class Period. Defendants further object to Plaintiffs' use of "Platform Policies" to the extent it is vague and ambiguous regarding which version of the policies is at issue, as the Platform Policies were amended and updated multiple times during the relevant period.

Defendants further object to this Request as compound, in that it asks Defendants to admit (i) that terms existed, (ii) that Facebook referred to them by a particular name, and (iii) that developers were required to agree to them. Defendants further object to this Request to the extent it seeks information relevant only to statements, claims, and theories that were dismissed by the Court's February 27, 2026 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint. Dkt. No. 258. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants admit that throughout the putative Class Period, Facebook published policies governing developers' use of Facebook's developer platform, and that developers were required to agree to those policies as a condition of using the

platform. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Exhibit A, attached hereto, is a true and correct copy of an article titled "Suspending Cambridge Analytica and SCL Group From Facebook" that Facebook published on its website on March 16, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request as vague and ambiguous as to the phrase "true and correct copy." The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, Defendants deny that Exhibit A is a true and correct copy of the article as it appeared on Facebook's website on March 16, 2018, on the ground that Exhibit A is not, on its face, a copy of the article as published on March 16, 2018. Exhibit A is a printout of a Meta Newsroom webpage that (i) bears a "Meta" masthead and a "© 2026 Meta" footer, (ii) contains an "Update on March 17, 2018, 9:50 AM PT" that post-dates the original publication, and (iii) includes a "Recent News" and "Related News" sidebar listing items dated as late as February 19, 2026.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the article attached hereto as Exhibit A stated that, in 2015, Facebook learned that Dr. Aleksandr Kogan violated Facebook's "Platform Policies by passing data from an app that was using Facebook Login to SCL/Cambridge Analytica, a firm that does political, government and military work around the globe."

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this

Request to the extent it paraphrases, and thereby alters, the text of Exhibit A. Exhibit A speaks for itself. Defendants further object to this Request to the extent it seeks an admission that the paraphrased portion of the sentence is accurate or complete; in particular, the Request omits words that appear in the sentence it quotes.

Subject to and without waiving the foregoing objections, Defendants admit that the text reproduced in Exhibit A includes the following sentence: "In 2015, we learned that a psychology professor at the University of Cambridge named Dr. Aleksandr Kogan lied to us and violated our Platform Policies by passing data from an app that was using Facebook Login to SCL/Cambridge Analytica, a firm that does political, government and military work around the globe." Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the article attached hereto as Exhibit A stated that Dr. Aleksandr Kogan violated Facebook's "Platform Policies by passing data from an app that was using Facebook Login to SCL/Cambridge Analytica, a firm that does political, government and military work around the globe."

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request to the extent it paraphrases, and thereby alters, the text of Exhibit A, and on the ground that it is duplicative of Request No. 17. Exhibit A speaks for itself.

Subject to and without waiving the foregoing objections, Defendants admit that the text reproduced in Exhibit A includes the sentence quoted in full in Defendants' Response to Request No. 17. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, prior to March 16, 2018, Defendants Facebook, Zuckerberg, Sandberg, and/or Wehner never publicly disclosed that SCL or Cambridge Analytica had obtained access to user data in violation of Facebook's Platform Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections

to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrases "publicly disclosed," "obtained access to user data," and "in violation of Facebook's Platform Policies" are vague, ambiguous, and undefined. Defendants further object to Plaintiffs' use of "Platform Policies" to the extent it is vague and ambiguous regarding which version of the policies is at issue, as the Platform Policies were amended and updated multiple times during the relevant period. Defendants further object to this Request as compound, in that it seeks a single admission concerning the conduct of four separate Defendants. Defendants further object to this Request to the extent it suggests or assumes as a factual matter that SCL or Cambridge Analytica "obtained access to user data" directly from Facebook rather than receiving data from a third-party application developer, and to the extent it calls for a legal conclusion as to what conduct constituted a "violation" of Facebook's policies.

Subject to and without waiving the foregoing objections, Defendants deny this Request. The December 11, 2015 article in *The Guardian* titled "Ted Cruz Using Firm that Harvested Data on Millions of Unwitting Facebook Users" contained quotes from a Facebook spokesperson stating that the company was "carefully investigating this situation" and that "[m]isleading people or misusing their information is a direct violation of our policies and we will take swift action against companies that do, including banning those companies from Facebook and requiring them to destroy all improperly collected data." *See* Fourth Amended Complaint ¶¶ 5 n.3, 167 (quoting the December 11, 2015 *Guardian* report); Answer ¶ 167 (Dkt. No. 261); Dkt. No. 258 at 2–3, 24. That is what Facebook did, as reported in the March 30, 2017 article in *The Intercept* titled "Facebook Failed to Protect 30 Million Users From Having Their Data Harvested by Trump Campaign Affiliate." Specifically, that article reported that "[s]hortly after The Guardian published its 2015 article, Facebook contacted Global Science Research and requested that it delete the data it had taken from Facebook users. Facebook's policies give Facebook the right to delete data gathered by any app deemed to be 'negatively impacting the Platform.' The company believes that Kogan and SCL complied with the request, which was made during the Republican primary, before Cambridge Analytica switched over from Ted Cruz's campaign to Donald Trump's."

**REQUEST FOR ADMISSION NO. 20:**

Admit that, prior to February 3, 2017, Defendant Zuckerberg and his wife created an entity called the Chan Zuckerberg Initiative.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "created an entity called the Chan Zuckerberg Initiative" is vague and ambiguous and does not identify the legal entity intended. Defendants further object to this Request to the extent it seeks information concerning matters outside the putative Class Period that are not relevant to any remaining claim or defense. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Ms. Sandberg and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Zuckerberg rather than to them.

Subject to and without waiving the foregoing objections, Mr. Zuckerberg admits that, prior to February 3, 2017, he established Chan Zuckerberg Initiative, LLC. Defendants admit that Facebook disclosed the establishment of that entity in a Current Report on Form 8-K filed with the SEC on December 1, 2015. *See* Facebook, Inc., Current Report (Form 8-K), Item 8.01 (Dec. 1, 2015) (SEC Accession No. 0001326801-15-000035). Ms. Sandberg and Mr. Wehner admit this Request on information and belief based on that Form 8-K. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that, prior to February 3, 2017, Defendant Zuckerberg and his wife pledged to transfer 99% of their shares of Facebook stock to the Chan Zuckerberg Initiative.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the terms "pledged" and "transfer" are vague, ambiguous, and undefined,

and to the extent the Request mischaracterizes the terms of the public announcement made by Mr. Zuckerberg and Dr. Chan. Defendants further object to this Request to the extent it seeks information concerning matters outside the putative Class Period that are not relevant to any remaining claim or defense. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Ms. Sandberg, and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Zuckerberg rather than to them.

Subject to and without waiving the foregoing objections, Defendants admit that Facebook's Form 8-K filed December 1, 2015, states that Mr. Zuckerberg "will gift or otherwise direct substantially all of his shares of Facebook stock, or the net after-tax proceeds from sales of such shares, to further the mission of advancing human potential and promoting equality by means of philanthropic, public advocacy, and other activities for the public good." *See* Facebook, Inc., Current Report (Form 8-K), Item 8.01 (Dec. 1, 2015) (SEC Accession No. 0001326801-15-000035). Mr. Zuckerberg further admits that his Annual Statement of Changes in Beneficial Ownership on Form 5 filed with the SEC on February 12, 2016, reports that in December 2015 he contributed shares of Facebook stock to Chan Zuckerberg Initiative, LLC. *See* Mark Zuckerberg, Annual Statement of Changes in Beneficial Ownership (Form 5), Table I & nn.5–6 (Feb. 12, 2016) (SEC Accession No. 0000899243-16-013233). Defendants admit that on December 1, 2015, Mr. Zuckerberg posted a public letter stating "[w]e will give 99% of our Facebook shares—currently about $45 billion—during our lives to advance this mission [to advance human potential and promote equality for all children in the next generation]." Defendants deny that the announcement constituted a "pledge[ ] to transfer" 99% of shares "to the Chan Zuckerberg Initiative" as an entity. Defendants Facebook, Ms. Sandberg, and Mr. Wehner respond on information and belief based on those filings. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Defendant Zuckerberg, either alone or with his wife, controlled the disposition of any Facebook shares held by the Chan Zuckerberg Initiative.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrases "controlled the disposition" and "any Facebook shares held by the Chan Zuckerberg Initiative" are vague, ambiguous, and undefined, and do not identify the entity, the shares, or the time period intended. Defendants further object to this Request to the extent it calls for a legal conclusion concerning "control" of securities. Defendants further object to this Request as unbounded in time. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Ms. Sandberg and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Zuckerberg rather than to them.

Subject to and without waiving the foregoing objections, and interpreting "the Chan Zuckerberg Initiative" to mean Chan Zuckerberg Initiative, LLC, and its subsidiary CZI Holdings, LLC, Defendants Facebook and Mr. Zuckerberg admit that Facebook's Form 8-K filed December 1, 2015, stated that he "will control the voting and disposition of any shares held by such entity," and that his reports filed with the SEC under Section 16(a) of the Securities Exchange Act of 1934 during the putative Class Period stated that the Mark Zuckerberg Trust dated July 7, 2006, of which he is the sole trustee, is the sole member of CZI Holdings, LLC, and that on that basis, he is therefore deemed to have sole voting and investment power over the securities held by CZI Holdings, LLC. *See* Facebook, Inc., Current Report (Form 8-K), Item 8.01 (Dec. 1, 2015) (SEC Accession No. 0001326801-15-000035); Mark Zuckerberg, Statement of Changes in Beneficial Ownership (Form 4), n.1 (May 18, 2017) (SEC Accession No. 0001127602-17-018715); Mark Zuckerberg, Statement of Changes in Beneficial Ownership (Form 4) (Nov. 7, 2017) (SEC Accession No. 0001127602-17-031540); Mark Zuckerberg, Statement of Changes in Beneficial Ownership (Form 4) (Dec. 11, 2017) (SEC Accession No. 0001127602-17-034430). Ms. Sandberg and Mr. Wehner admit this Request on information and belief based on those filings. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Chan Zuckerberg Initiative sold $5.3 billion worth of Facebook stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$5.3 billion worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards, and on the ground that "the Chan Zuckerberg Initiative" does not identify a particular entity. Defendants further object to this Request to the extent it seeks information concerning the transactions of non-parties. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Ms. Sandberg, and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Zuckerberg rather than to them.

Subject to and without waiving the foregoing objections, Mr. Zuckerberg admits that, during the putative Class Period, Forms 4 filed by him with the SEC reported sales of Facebook Class A common stock by CZI Holdings, LLC, and by the Chan Zuckerberg Foundation, and that those Forms 4 further reported sales during the putative Class Period by certain grantor retained annuity trusts of which he is trustee and by Chan Zuckerberg Advocacy, such that the aggregate gross proceeds of all sales reported on those Forms 4 during the putative Class Period were approximately $5.3 billion. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by Mark Zuckerberg with the SEC between March 1, 2017, and July 25, 2018 (SEC Accession Nos. 0001127602-17-009389 through 0001127602-18-023871). Mr. Zuckerberg further states that, as disclosed in those Forms 4, substantially all sales were effected pursuant to Rule 10b5-1 trading plans, including as part of his

previously announced plan to gift or otherwise direct substantially all of his Facebook shares, or the net after-tax proceeds from sales of such shares, to philanthropic and public-advocacy purposes. Defendants deny that "the Chan Zuckerberg Initiative" sold $5.3 billion of Facebook stock during the putative Class Period. Defendants Facebook, Ms. Sandberg, and Mr. Wehner respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$5.3 billion worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards, and on the ground that "the Chan Zuckerberg Initiative" does not identify a particular entity. Defendants further object to this Request to the extent it seeks information concerning the transactions of non-parties. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Ms. Sandberg, and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Zuckerberg rather than to them.

Subject to and without waiving the foregoing objections, Mr. Zuckerberg admits that, during the putative Class Period, Forms 4 filed by him with the SEC reported sales of Facebook Class A common stock by CZI Holdings, LLC, and by the Chan Zuckerberg Foundation, and that those Forms 4 further reported sales during the putative Class Period by certain grantor retained annuity trusts of which he is trustee and by Chan Zuckerberg Advocacy, such that the aggregate gross proceeds of all sales reported on those Forms 4 during the putative Class Period were approximately $5.3 billion, and that each of those Forms 4 is accurate. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by Mark Zuckerberg with the SEC between March 1, 2017, and July 25, 2018 (SEC Accession

Nos. 0001127602-17-009389 through 0001127602-18-023871). Mr. Zuckerberg further states that, as disclosed in those Forms 4, substantially all sales were effected pursuant to Rule 10b5-1 trading plans, including as part of his previously announced plan to gift or otherwise direct substantially all of his Facebook shares, or the net after-tax proceeds from sales of such shares, to philanthropic and public-advocacy purposes. Defendants deny that "the Chan Zuckerberg Initiative" sold $5.3 billion of Facebook stock during the putative Class Period. Defendants Facebook, Ms. Sandberg, and Mr. Wehner respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Defendant Sandberg sold $389 million worth of Facebook stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$389 million worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Mr. Zuckerberg, and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Ms. Sandberg rather than to them.

Subject to and without waiving the foregoing objections, Ms. Sandberg admits that, during the putative Class Period, Forms 4 filed by her with the SEC between February 3, 2017, and July 25, 2018, reported open-market sales of Facebook Class A common stock, held of record by the Sheryl K. Sandberg Revocable Trust, with aggregate gross proceeds of approximately $389 million, and that each

of those Forms 4 disclosed that the sales were effected pursuant to a Rule 10b5-1 trading plan adopted by her. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by Sheryl Sandberg with the SEC between February 17, 2017, and July 23, 2018 (SEC Accession Nos. 0001127602-17-007071 through 0001127602-18-023732). Defendants Facebook, Mr. Zuckerberg, and Mr. Wehner respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$389 million worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Mr. Zuckerberg, and Mr. Wehner further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Ms. Sandberg rather than to them.

Subject to and without waiving the foregoing objections, Ms. Sandberg admits that, during the putative Class Period, Forms 4 filed by her with the SEC between February 3, 2017, and July 25, 2018, reported open-market sales of Facebook Class A common stock, held of record by the Sheryl K. Sandberg Revocable Trust, with aggregate gross proceeds of approximately $389 million; that each of those Forms 4 is accurate; and that each of those Forms 4 disclosed that the sales were effected pursuant to a Rule 10b5-1 trading plan adopted by her. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by Sheryl Sandberg with the SEC between February 17, 2017, and July 23, 2018 (SEC Accession Nos. 0001127602-17-007071 through 0001127602-18-023732). Defendants Facebook, Mr.

Zuckerberg, and Mr. Wehner respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendant Wehner sold $21 million worth of Facebook stock during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$21 million worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Mr. Zuckerberg, and Ms. Sandberg further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Wehner rather than to them.

Subject to and without waiving the foregoing objections, Mr. Wehner admits that, during the putative Class Period, Forms 4 filed by him with the SEC between February 3, 2017, and July 25, 2018, reported sales of Facebook securities with aggregate gross proceeds of approximately $21.4 million, and that each of those Forms 4 disclosed that the sales were effected pursuant to a Rule 10b5-1 trading plan adopted by him. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by David Wehner with the SEC between February 23, 2017, and June 22, 2018 (SEC Accession Nos. 0001127602-17-008021 through 0001127602-18-021799). Defendants Facebook, Mr. Zuckerberg, and Ms. Sandberg respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "$21 million worth of Facebook stock" is vague, ambiguous, and undefined, in that it does not indicate whether it refers to gross proceeds, net proceeds, or market value on some other date, or whether it includes shares withheld or sold to satisfy tax obligations upon the vesting of equity awards. Defendants further object to this Request to the extent that it suggests or assumes as a factual matter that any sale of Facebook stock was made on the basis of material non-public information, which Defendants deny. Defendants further object to this Request to the extent it seeks information already in Plaintiffs' possession, equally available to Plaintiffs, or available in the public domain. Defendants Facebook, Mr. Zuckerberg, and Ms. Sandberg further object to this Request to the extent that it seeks information regarding, and is therefore more appropriately directed to, Mr. Wehner rather than to them.

Subject to and without waiving the foregoing objections, Mr. Wehner admits that, during the putative Class Period, Forms 4 filed by him with the SEC between February 3, 2017, and July 25, 2018, reported sales of Facebook securities with aggregate gross proceeds of approximately $21.4 million; that each of those Forms 4 is accurate; and that each of those Forms 4 disclosed that the sales were effected pursuant to a Rule 10b5-1 trading plan adopted by him. *See* Statements of Changes in Beneficial Ownership (Forms 4) filed by David Wehner with the SEC between February 23, 2017, and June 22, 2018 (SEC Accession Nos. 0001127602-17-008021 through 0001127602-18-021799). Defendants Facebook, Mr. Zuckerberg, and Ms. Sandberg respond on information and belief based on those Forms 4. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that each of the Risk Factor Statements was made publicly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request to the extent it incorporates the Definition of "Risk Factor Statements," which characterizes

the referenced statements as "false and misleading," a characterization Defendants deny. *See* Answer ¶¶ 628–30 (Dkt. No. 261). Defendants further object to this Request on the ground that the phrase "made publicly" is vague, ambiguous, and undefined. Defendants further object to this Request to the extent the Definition encompasses any statement or portion of a statement dismissed by the Court's February 27, 2026 Order (Dkt. No. 258), including any statement to the extent it is alleged to be false under the whitelisting theory, which the Court dismissed as to the risk factor statements. Dkt. No. 258 at 30–33; *see also* Answer ¶¶ 442–44 (Dkt. No. 261). The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, and interpreting "Risk Factor Statements" to mean the statements identified as Statement Nos. 22, 23, and 24 in Dkt. No. 258 at 10–11, Defendants admit that each of those statements appeared in Facebook's Annual Report on Form 10-K for the fiscal year ended December 31, 2016, filed with the SEC on February 3, 2017, *see* Answer ¶ 628 (Dkt. No. 261), and that the same or substantially similar statements appeared in Facebook's Quarterly Reports on Form 10-Q filed with the SEC on May 4, 2017, July 27, 2017, and November 2, 2017, and in its Annual Report on Form 10-K for the fiscal year ended December 31, 2017, filed with the SEC on February 1, 2018, *see* Answer ¶¶ 442–44, 629, each of which was publicly available on the SEC's EDGAR system. *See* Facebook, Inc., Annual Report (Form 10-K), Item 1A (Feb. 3, 2017) (SEC Accession No. 0001326801-17-000007); Facebook, Inc., Quarterly Report (Form 10-Q), Part II, Item 1A (May 4, 2017) (SEC Accession No. 0001326801-17-000024); Facebook, Inc., Quarterly Report (Form 10-Q), Part II, Item 1A (July 27, 2017) (SEC Accession No. 0001326801-17-000038); Facebook, Inc., Quarterly Report (Form 10-Q), Part II, Item 1A (Nov. 2, 2017) (SEC Accession No. 0001326801-17-000053); Facebook, Inc., Annual Report (Form 10-K), Item 1A (Feb. 1, 2018) (SEC Accession No. 0001326801-18-000009). Defendants deny that any of those statements was false or misleading, and deny that this admission concedes materiality, scienter, reliance, or price impact. Except as expressly admitted, Defendants deny this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that each of the User Control Statements was made publicly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request to the extent it incorporates the Definition of "User Control Statements," which characterizes the referenced statements as "false and misleading," a characterization Defendants deny. Defendants further object to this Request on the ground that the phrase "made publicly" is vague, ambiguous, and undefined, and as compound, in that it seeks a single admission as to seventeen statements made by different speakers in different media on different dates. Defendants further object to this Request to the extent the Definition encompasses any statement or portion of a statement dismissed by the Court's February 27, 2026 Order (Dkt. No. 258). The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities.

Subject to and without waiving the foregoing objections, and interpreting "User Control Statements" to mean the statements identified as Statement Nos. 1, 2, and 7 through 21 in Dkt. No. 258 at 8–10, Defendants respond as follows. Defendants admit that Statement No. 1 appeared in Facebook's Statement of Rights and Responsibilities, which was available on Facebook's website, *see* Dkt. No. 258 at 8; Answer ¶ 608 (Dkt. No. 261); that Statement No. 2 was made by Ms. Sandberg in an interview with Axios on October 12, 2017, that Axios published, *see* Answer ¶ 609; that Statement No. 7 appeared in the article Facebook published on its Newsroom website on March 16, 2018, that is the subject of Request Nos. 16 through 18, *see* Answer ¶ 610; that Statement No. 8 was made by Mr. Zuckerberg during a question-and-answer session with members of the press on April 4, 2018, *see* Answer ¶ 611; that Statement No. 9 appeared in an article Facebook published on its Newsroom website on April 24, 2018, *see* Answer ¶ 612; that Statement Nos. 10 and 11 appeared in written responses Facebook submitted to the U.S. House of Representatives Committee on Energy and Commerce on June 29, 2018, which the Committee made publicly available, *see* Answer ¶¶ 613–14;

that Statement Nos. 12 through 16 were made by Mr. Zuckerberg in testimony at a public hearing before the U.S. Senate Committee on Commerce, Science, and Transportation and Committee on the Judiciary on April 10, 2018, *see* Answer ¶ 615; that Statement Nos. 17 through 19 were made by Mr. Zuckerberg in testimony at a public hearing before the U.S. House of Representatives Committee on Energy and Commerce on April 11, 2018, *see* Answer ¶ 616; that Statement No. 20 appeared in written responses Facebook submitted to the U.S. Senate Committee on the Judiciary on June 8, 2018, which the Committee made publicly available, *see* Answer ¶ 617; and that Statement No. 21 was made by Facebook to *The Washington Post* and was published by that newspaper on March 17, 2018, *see* Answer ¶ 622. Defendants deny that any of those statements was false or misleading, and deny that this admission concedes materiality, scienter, reliance, or price impact. Except as expressly admitted, Defendants deny this Request.

**<u>REQUEST FOR ADMISSION NO. 28:</u>**

Admit that, throughout the Class Period, Facebook's publicly available website included the following statement: "You own all of the content and information you post on Facebook, and you can control how it is shared through your privacy and application settings."

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 28:</u>**

Defendants restate and incorporate their Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. Defendants object to this Request on the ground that the phrase "Facebook's publicly available website" is vague, ambiguous, and undefined, and does not identify the page or document on which the quoted statement is said to appear. Defendants further object to this Request as vague and ambiguous as to the phrase "throughout the Class Period," which does not indicate whether the Request refers to the entire putative Class Period or to each day, week, or other interval within it. Defendants further object to this Request to the extent it suggests or assumes as a factual matter that the quoted sentence remained unchanged in the same document for the entire putative Class Period. The Individual Defendants further object to this Request to the extent that it seeks information that is primarily within the institutional knowledge, records, and control of Facebook as the corporate entity, and is more appropriately directed to the Company rather than to the Individual Defendants in their personal capacities. Defendants further object on the ground

that the Request is vague because it does not specify where on Facebook's publicly available website the statement was "included." Defendants interpret the Request to refer to Facebook's Statement of Rights and Responsibilities, which was available at the URL www.facebook.com/terms until it was replaced by Facebook's Terms of Service on April 19, 2018.

Subject to and without waiving the foregoing objections, Defendants deny this Request on the basis that Facebook's Statement of Rights and Responsibilities did not contain this language throughout the entire putative Class Period.

Dated: October 26, 2026

GIBSON, DUNN & CRUTCHER LLP

By: *_/s/ Brian M. Lutz_*

Brian M. Lutz
Michael J. Kahn
Martie Kutscher
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Tel: 415.393.8200
Fax: 415.393.8306
blutz@gibsondunn.com
mjkahn@gibsondunn.com
mkutscherclark@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Joshua S. Lipshutz
1700 M Street, N.W.
Washington, DC 20036-4504
Tel: 202.955.8217
Fax: 202.530.9614
jlipshutz@gibsondunn.com

*Attorneys for Defendants Facebook, Inc., Mark E. Zuckerberg, Sheryl K. Sandberg, and David M. Wehner*